1   Jeffrey A. Silvestri, Esq.
    Nevada Bar No. 5779
2   Josephine Binetti McPeak, Esq.
    Nevada Bar No. 7994
3   McDONALD CARANO WILSON LLP
    2300 West Sahara Avenue, Suite 1000
4   Las Vegas, NV 89102
    Telephone: (702) 873-4100
5   Facsimile: (702) 873-9966
    Email: jsilvestri@mcdonaldcarano.com
6          jmcpeak@mcdonaldcarano.com

7   David S. Bloch (*pro hac vice forms will be filed*)
    Jennifer Golinveaux (*pro hac vice forms will be filed*)
8   K. Joon Oh (*pro hac vice forms will be filed*)
    Beth A. Derby (*pro hac vice forms will be filed*)
9   WINSTON & STRAWN LLP
    101 California Street
10  San Francisco, CA  94111-5894
    Telephone:    (415) 591-1000
11  Facsimile:    (415) 591-1400
    Email: dbloch@winston.com
12         jgolinveaux@winston.com
           koh@winston.com
13         bderby@winston.com

14  *Attorneys for Plaintiff AEVOE CORP.*

15

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AE TECH CO., LTD., a Taiwan corporation,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

This action for patent infringement arises from defendant's infringement of plaintiff Aevoe Corp.'s ("Aevoe" or "Plaintiff") U.S. Patent No. 8,044,942 ("the '942 Patent") relating to a touch screen protector for a hand-held electronic device.  Aevoe seeks damages and injunctive relief.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• NO. 10. SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE· NO. 10, SUITE 1000 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over this action for infringement of a U.S. Patent under the provisions of 28 U.S.C. §§ 1331 and 1338(a).

2.      Defendant AE Tech Co., Ltd. ("AE Tech" or "Defendant") has transacted business in this judicial district by importing and offering to sell products as described and claimed in the '942 Patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

3.      Venue is proper under 28 U.S.C. § 1400(b) because Defendant is a corporation subject to personal jurisdiction in this District and is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District.  Venue is proper under 28 U.S.C. § 1391(d) because AE Tech is an alien and may be sued in any district.

## PARTIES

4.      Aevoe is a California corporation with its principal place of business in Sunnyvale, California.

5.      Aevoe believes, and therefore alleges, that AE Tech is a Taiwan corporation with a business address of 5F No.136, Sec.1, Neihu Rd., Neihu District, Taipei, Taiwan.  AE Tech conducts substantial business within this district, including without limitation by importing, marketing, and advertising infringing products in this District, including but not limited to at the 2012 Consumer Electronics Show in Las Vegas ("CES"), as described below.

## THE '942 PATENT

6.      The United States Patent Office issued the '942 Patent, entitled "Touch Screen Protector," to Michael Leonhard, Jonathan Lin, and Steven Huang (the "Inventors") on October 25, 2011.  **Exhibit A** is a copy of the '942 Patent.

7.      The Inventors assigned the '942 Patent to Aevoe.

8.      Aevoe markets and sells products embodying the '942 Patent throughout the United States.

2

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · NO. 10, SUITE 1000 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

1    9.    Defendant AE Tech manufactures, imports, advertises, sells, and offers for sale

2    products, including a touch-screen protector product called APlus Shield Anti-Glare, that

3    infringe the '942 Patent.

4    10.    On November 7, 2011, Aevoe's counsel notified AE Tech by letter (the "Aevoe

5    Letter") that the APlus Shield Anti-Glare product likely infringes the '942 Patent.  **Exhibit B** is

6    a copy of the Aevoe Letter.

7    11.    On December 7, 2011, Aevoe filed a patent infringement lawsuit against AE

8    Tech in the United States District Court for the Northern District of California, No. 11-CV-

9    06164, for infringing the '942 Patent.

10    12.    On December 13, 2011, Aevoe sent a request to AE Tech to waive service of

11    process.  As of the filing of this Complaint, AE Tech has not responded to that request.

12    13.    Furthermore, AE Tech never informed Aevoe that AE Tech would be in the

13    United States as an exhibitor at the CES tradeshow in Las Vegas, Nevada between January 10

14    and 13, 2012, and thereby subject to service of process.

## 2012 INTERNATIONAL CES

16    14.    On Wednesday, January 10, 2012, the 2012 CES tradeshow opened in Las

17    Vegas, Nevada.  CES is known as the world's largest consumer technology tradeshow.  CES

18    closes on Friday, January 13, 2012.

19    15.    Beginning on January 10, 2012, AE Tech exhibited its products, including

20    products infringing the '942 Patent, as part of AE Tech's exhibition at CES.  As part of its CES

21    exhibition, AE Tech imported, exhibited, and offered for sale products infringing upon the '942

22    Patent.

23    16.    **Exhibit C** is a copy of AE Tech's exhibitor information from the online CES

24    exhibitor directory.

25    17.    Aevoe learned that AE Tech was an exhibitor at CES on January 11, 2012, while

26    attending CES that same day.

27    18.    Aevoe now sues AE Tech in the U.S. District Court of Nevada because AE Tech

28    is currently in this District and therefore subject to both personal jurisdiction and service of

process. Additionally, Aevoe concurrently seeks an order to seize AE Tech's infringing products before AE Tech can flee this District with its infringing products.

**FIRST CAUSE OF ACTION**

**(AE TECH'S INFRINGEMENT OF THE '942 PATENT)**

19.    Aevoe incorporates all paragraphs above by reference.

20.    AE Tech has directly infringed and continues to infringe the '942 Patent by making, using, importing, offering to sell, and selling (directly or through intermediaries) touch screen protection products embodying one or more claims of the '942 Patent , including without limitation the APlus Shield Anti-Glare product, in the United States and specifically at CES.  35 U.S.C. § 271.

21.    Among other things, the APlus Shield Anti-Glare product has a front face that includes a touch screen portion and an outer perimeter; a plastic film having a transparent window and a spacer along the outer perimeter that spaces the plastic film near but not in contact with the touch screen; and an exposed adhesive for removably mounting the protector to form an enclosed air space between the transparent window of the plastic film, the spacer, and the device's touch screen.  AE Tech's manufacture, use, sale, importation, and offers to sell the APlus Shield Anti-Glare product are acts of direct infringement.

22.    Since at least November 7, 2011, when the Aevoe Letter gave AE Tech actual notice that its products infringed the '942 Patent, AE Tech's infringement has been willful.

23.    Aevoe believes, and therefore alleges, that AE Tech's infringement of the '942 Patent will continue unless permanently enjoined.

24.    Aevoe has suffered and will continue to suffer irreparable harm from AE Tech's infringement of the '942 Patent, including, *inter alia*, by injury to its business results, prospects, goodwill and market presence and through the erosion of Aevoe's statutory right to exclude others from practicing the claimed invention.

25.    Aevoe has suffered and will continue to suffer monetary damages from AE Tech's infringement of the '942 Patent.

4

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• NO. 10, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

26.     As a consequence of AE Tech's infringement, Aevoe is entitled to relief as set forth below.

## SECOND CAUSE OF ACTION

## (PRELIMINARY AND PERMANENT INJUNCTION)

27.     Aevoe incorporates all paragraphs above by reference.

28.     Immediate and irreparable injury will result to Aevoe unless this Court enters a Temporary Restraining Order and Injunction, pursuant to FRCP 65, enjoining AE Tech and its agents, servants, employees, attorneys, subsidiaries and any other individual or entity in active concert or participation with it who receives actual notice of the order, from infringing, inducing others to infringe, or contributing to the infringement of the '942 Patent, including the manufacture, use, sale, importation, and offer to sell the APlus Shield Anti-Glare product.

29.     Aevoe has a likelihood of success on the merits given that there is no dispute that AE Tech has directly infringed and continues to infringe the '942 Patent by making, using, importing, offering to sell, and selling (directly or through intermediaries) touch screen protection products embodying one or more claims of the '942 Patent, including without limitation the APlus Shield Anti-Glare product, in the United States and specifically at CES.

30.     In view of the fact that the damages Aevoe has sustained, and continues to sustain, as a result of AE Tech's unlawful activities, Aevoe has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Aevoe prays that the Court enter judgment as follows:

A.     Holding that AE Tech has infringed claims of the '942 Patent, literally and/or under the doctrine of equivalents;

B.     Preliminarily and permanently enjoining AE Tech and its respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '942 Patent;

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · NO. 10, SUITE 1000 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

McDONALD · CARANO · WILSON LLP<br>2300 WEST SAHARA AVENUE· NO. 10, SUITE 1000 · LAS VEGAS, NEVADA<br>PHONE (702)873-4100 · FAX (702) 873-9966

1     C.     Ordering AE Tech to account for and pay to Aevoe the damages to which Aevoe

2    is entitled as a consequence of AE Tech's infringement of the '942 Patent, in an amount to be

3    determined at trial;

4     D.     Ordering AE Tech to pay to Aevoe increased damages, pursuant to 35 U.S.C. §

5    284, for AE Tech's willful infringement of the '942 Patent;

6     E.     Awarding Aevoe prejudgment interest and post-judgment interest on any

7    damages awarded by reason of AE Tech's infringement of the '942 Patent;

8     F.     Finding that this case is "exceptional" under the meaning of 35 U.S.C. § 285;

9     G.     Awarding Aevoe its costs incurred in bringing and maintaining this action,

10   including reasonable attorney fees;

11     H.     Awarding such other and further relief as this Court may deem just, proper and

12   equitable.

### DEMAND FOR JURY TRIAL

Aevoe demands trial by jury of all issues triable by a jury.

RESPECTFULLY SUBMITTED this 11th day of January, 2012.

McDONALD CARANO WILSON LLP

By: _____
Jeffrey A. Silvestri, Esq. (# 5779)
Josephine Binetti McPeak, Esq. (#7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

WINSTON & STRAWN LLP
David S. Bloch
Jennifer Golinveaux
K. Joon Oh
Beth A. Derby

*Attorneys for Plaintiff AEVOE CORP.*

LVDOCS-#242030-v2