Jeffrey A. Silvestri, Esq.
Nevada Bar No. 5779
Josephine Binetti McPeak, Esq.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

David S. Bloch (*pro hac vice forms will be filed*)
Jennifer Golinveaux (*pro hac vice forms will be filed*)
K. Joon Oh (*pro hac vice forms will be filed*)
Beth A. Derby (*pro hac vice forms will be filed*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com
       bderby@winston.com

Attorneys for Plaintiff AEVOE CORP.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AE TECH CO., LTD., a Taiwan corporation,<br><br>Defendant. | Case No. 2:12-cv-00053<br><br>[ ] TEMPORARY RESTRAINING ORDER, SEIZURE, AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |

Plaintiff Aevoe Corp. has moved *ex parte* for a Temporary Restraining Order, Seizure and Impoundment Order, and an Order to Show Cause for a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65 and the Patent Act (35 U.S.C. § 283). Aevoe alleges that defendant AE Tech Co., Ltd., is importing and offering for sale goods that infringe Aevoe's

U.S. Patent 8,044,942 ("the '942 Patent"). The Court, having considered the Complaint, Memorandum of Law, Declaration and exhibits submitted herewith, finds and concludes as follows:

1.  Aevoe is likely to succeed in showing that AE Tech has infringed and is continuing to infringe the '942 Patent, and that AE Tech has imported and offered for sale goods infringing upon the '942 Patent, specifically the ACase and APlus Shield Anti-Glare products (collectively, "Infringing Goods").

2.  The importation, offer for sale, and/or sale of the Infringing Goods will result in immediate and irreparable injury to Aevoe in the form of loss of income, loss of goodwill, dilution and lessening of the value of the '942 Patent, and interference with Aevoe's ability to exploit its '942 Patent and exclude others from using its patent, if seizure of such Infringing Goods, as well as any related advertising and business records related thereto, is not ordered.

3.  The harm to Aevoe in denying the requested seizure order outweighs the harm to the legitimate interests of AE Tech from granting such an order.

4.  It appears to the Court that AE Tech is manufacturing, importing, offering for sale, and/or selling Infringing Goods and will continue to carry out such acts unless restrained by Order of the Court.

## **TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED THAT pending a hearing on Aevoe's application for a preliminary injunction, AE Tech, its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and hereby are, immediately and temporarily restrained from practicing or otherwise using U.S. Patent No. 8,044,942, or any reproduction, counterfeit, copy, or colorable imitation of the same; and transferring, moving, returning, destroying, or otherwise disposing of any Infringing Goods except pursuant to the below Seizure and Impoundment Order.

IT IS FURTHER ORDERED THAT security pursuant to Federal Rule of Civil Procedure 65.1 be posted no later than three business days after entry of this Order in the amount of $10,000.00.

### SEIZURE AND IMPOUNDMENT ORDER

IT IS FURTHER ORDERED THAT the United States Marshal for this District and all other Districts within the geographic confines of the United States of America, and/or any federal or state, county or local law enforcement authorities in this District and all other Districts within the geographic confines of the United States of America or its protectorates (the "Marshal"), assisted by one or more attorneys or representatives of Aevoe, is hereby authorized and directed to seize, impound, and deliver to Aevoe or its representatives any and all Infringing Goods, as well as advertising or marketing materials for the same and any means for making the same; the books and records (including computer tapes or disks) relating thereto; and the containers in which the same are held or transported, which AE Tech sells, attempts to sell, or holds for sale within the geographic confines of the United States, from the date this Order is signed until midnight on __January 23__, 2012.

IT IS FURTHER ORDERED THAT the Marshal, assisted by one or more attorneys or representatives of Aevoe, is hereby authorized to seize and impound all Infringing Goods, as well as advertising or marketing materials for the same and any means for making the same; the books and records (including computer tapes or disks) relating thereto; and the containers in which the same are held or transported in the possession or under the control of AE Tech, employing whatever reasonable force is necessary under the circumstances to carry out the seizure, including that necessary to enter premises owned, leased, or controlled by AE Tech, and/or such other location and things to be searched where such infringing merchandize and business records relating thereof may be found, and to inspect the contents of any rooms, vehicles, closets, cabinets, containers, cases, desks, computers, databases, and software or documents located in the areas and under the control of AE Tech.

IT IS FURTHER ORDERED THAT to enforce compliance with this Order, the attorneys for Aevoe or their designee shall accompany the Marshal and those persons working

under his supervision, and the Marshal shall inventory items so seized. Such items shall be in the constructive possession of the Marshal although they shall be released to the custody of the attorneys for Aevoe or storage at location(s) to be designated by the attorneys for Aevoe. All merchandise, means of making such merchandise, and other items seized shall be appropriately tagged to permit identification. AE Tech shall be given a receipt therefore. Such merchandise seized shall be made available for inventory or inspection by any party or its counsel during normal business hours.

IT IS FURTHER ORDERED THAT anyone interfering with the execution of this Order is subject to arrest by the Marshal or his representative.

IT IS FURTHER ORDERED THAT counsel for Aevoe, on whose behalf the Court issues this Order, will act as a substitute custodian of any and all property seized pursuant to this Order and shall hold harmless the Marshal from any and all claims asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendant's property, including any third party claims.

IT IS FURTHER ORDERED THAT Aevoe shall be responsible to the Marshal for all of his fees and charges, including all extraordinary expenses and overtime pay incurred in carrying out this Order.

IT IS FURTHER ORDERED THAT AE Tech, its agents, servants, employees, officers, attorneys, successors, and assigns, and all persons, firms, and corporations acting in concert or participation with AE Tech shall give to the Marshall or other law enforcement officers correct names, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ residential and business addresses, and phone numbers for all individuals in any way involved in the acts alleged above; and locations and places where the infringing items are or have been stored.

IT IS FURTHER ORDERED THAT, when executing the seizure and impoundment provisions of this Order, the Marshal shall serve only a copy of this Order, the Summons and Complaint, by leaving them at the usual place of business of AE Tech, or of any agent of AE Tech, or at the place where Infringing Goods are found, with any person of suitable age and

1  discretion, and that such service shall be deemed adequate and proper to give notice to AE Tech
2  of the terms of this Order and of the hearing on Aevoe's Request for a Preliminary Injunction.
3  Aevoe shall promptly provide copies of all documents filed in support of this Order to any party
4  or its attorney of record requesting such documents.

5  IT IS FURTHER ORDERED THAT Aevoe's attorneys or agents shall promptly inspect
6  all items seized, and if any items are found to be non-infringing products, such items shall be
7  returned to AE Tech within fifteen (15) business days after the date this Order is executed.

## ORDER TO SHOW CAUSE

9  THEREFORE, IT IS ORDERED THAT AE Tech show cause on the __23__ day of
10  __January__, 2012, at __8:30 am__ or as soon thereafter as counsel can be heard, in
11  Courtroom __7D__ of the United States District Court for the District of Nevada, Las Vegas, why
12  an Order pursuant to Federal Rule of Civil Procedure 65 should not be entered granting to
13  Aevoe a preliminary injunction enjoining and restraining AE Tech, its agents, servants,
14  employees, confederates, attorneys, and any persons acting in concert or participation with
15  them, or having knowledge of this Order by personal service or otherwise, immediately and
16  temporarily from practicing or otherwise using U.S. Patent No. 8,044,942, or any reproduction,
17  counterfeit, copy, or colorable imitation concerning the same, pending trial.

18  IT IS FURTHER ORDERED THAT AE Tech's answering papers, if any, shall be filed
19  with the Clerk of this Court and with chambers and served on the attorneys for Aevoe on or
20  before __5 pm__ on __January 18__, 2012, and that reply papers, if any, shall be filed with
21  the Clerk of this Court and with chambers and served on the attorneys for AE Tech on or before
22  __5 pm__ on __January 20__, 2012.

23  AE Tech is hereby given notice that failure to attend the hearing scheduled herein could
24  result in confirmation of the seizure authorized herein; destruction or other disposition of the
25  goods, if any, so seized; immediate issuance of the prayed for preliminary injunction to take
26  effect immediately upon expiration or dissolution of the within temporary restraining order, and
27  extending for the pendency of this litigation upon the same terms and conditions as this
28  temporary restraining order. AE Tech is hereby given further notice that it shall be deemed to

1  have actual notice of the issuance and terms of such preliminary injunction and that any act by
2  it in violation of any of the terms thereof may be considered and prosecuted as contempt of this
3  Court.

5  **IT IS SO ORDERED** this <u>12</u> day of January, 2012 at <u>3:51</u>

_____
U.S. DISTRICT COURT JUDGE

GLORIA M. NAVARRO

SUBMITTED BY:

McDONALD CARANO WILSON LLP

By: _____
Jeffrey A. Silvestri, Esq. (# 5779)
Josephine Binetti McPeak, Esq. (#7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

WINSTON & STRAWN LLP
David S. Bloch
Jennifer Golinveaux
K. Joon Oh
Beth A. Derby

*Attorneys for Plaintiff AEVOE CORP.*

LVDOCS-#242043-v1

6