Jeffrey A. Silvestri, Esq.
Nevada Bar No. 5779
Josephine Binetti McPeak, Esq.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

David S. Bloch (*pro hac vice pending*)
Jennifer A. Golinveaux (*pro hac vice forms will be filed*)
K. Joon Oh (*pro hac vice forms will be filed*)
Elisabeth A. Derby (*pro hac vice forms will be filed*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com
       bderby@winston.com

*Attorneys for Plaintiff*
*AEVOE CORP.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AE TECH CO., LTD., a Taiwan corporation,<br><br>Defendant. | Case No. 2:12-cv-00053-GMN -RJJ<br><br>**PRELIMINARY INJUNCTION** |

On January 12, 2012, Plaintiff Aevoe Corp. ("Aevoe") moved *ex parte* for a Temporary Restraining Order, Seizure and Impoundment Order, and an Order to Show Cause for a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65 and the Patent Act, 35 U.S.C. § 283. (Dkt. No. 3.) Aevoe alleged that defendant AE Tech Co., Ltd. ("AE Tech") was importing and offering for sale goods that infringe Aevoe's U.S. Patent 8,044,942 ("the '942 Patent"). Also on January 12, this Court granted the Temporary Restraining Order and Seizure

and Impoundment Order. The Court furthermore ordered AE Tech to show cause why a preliminary injunction should not issue, ordering AE Tech to file and serve answering papers on or before 5 pm on January 18, 2012 and scheduling the matter for hearing on January 23, 2012. (Dkt. No. 8.) The Court also ordered Aevoe to post security pursuant to Federal Rule of Civil Procedure 65.1 in the amount of $10,000.00, which Aevoe posted on January 13, 2012. (Dkt. No. 10.)

AE Tech did not file or serve any answering papers by the required deadline. Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Because AE Tech has failed to file and serve an opposition to Aevoe's motion, AE Tech has waived any objection to Aevoe's request for preliminary injunctive relief and is deemed to have consented to the requested injunction. *See Vazquez v. Aurora Loan Services*, No. 2:08-cv-01800-RCJ-RJJ, 2009 WL 1076807, *1 (D. Nev. 2009) (Jones, J.) (granting unopposed motion). Notwithstanding AE Tech's failure to serve an opposition, the Court conducted the scheduled hearing. No representatives of AE Tech appeared at the hearing.

The Court, having considered the Complaint, Memorandum of Law, and Reply Memorandum, along with the declaration and exhibits submitted therewith, as well as argument presented at the hearing on this matter, finds and concludes as follows:

1. Aevoe is likely to succeed in showing that the '942 Patent is valid and enforceable, that AE Tech has infringed and is continuing to infringe the '942 Patent, and that AE Tech has imported and offered for sale goods infringing upon the '942 Patent, specifically including the APlus Shield Anti-Glare touch-screen protectors and any other touch-screen protectors characterized by spacers on the perimeter of the protective screen sufficient to form an enclosed air space between the transparent windows of the film and the touch-screen portion of the device ("Infringing Goods").

2. The making, use, importation, offer for sale, and/or sale of the Infringing Goods will result in immediate and irreparable injury to Aevoe in the form of loss of income, loss of goodwill, dilution and lessening of the value of the '942 Patent, and interference with Aevoe's

ability to exploit its '942 Patent and exclude others from using its patented technology, if AE Tech is not preliminarily enjoined from practicing, making, using, importing, offering for sale, and/or selling, the invention described in the '942 Patent or any reproduction, counterfeit, copy, or colorable imitation concerning the same (including, without limitation, the APlus Shield Anti-Glare products) pending a trial on the merits. AE Tech is a direct competitor of Aevoe's, which alone suffices to establish irreparable harm. *See Abbott Laboratories. v. Sandoz, Inc.*, 544 F.3d 1341, 1361-1362 (Fed Cir. 2008), rehearing en banc denied; *see also Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1329 (Fed. Cir. 2008). Particularly in light of AE Tech's status as a Taiwan corporation and its apparent lack of substantial U.S. assets, monetary damages will be inadequate to compensate Aevoe for its losses in the absence of preliminary injunctive relief.

3. The harm to Aevoe in denying the requested preliminary injunction outweighs the harm to the legitimate interests of AE Tech from granting such relief in that allowing AE Tech to continue selling the Infringing Goods will erode Aevoe's market and in that AE Tech lacks U.S. assets to support a judgment.

4. The public interest weighs in favor of granting such relief in that the patent system spends in large measure "directly on the right to exclude." *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F. 30 1368, 1383 (Fed. Cir. 2006), and in that sales of Infringing Goods by AE Tech could jeopardize Aevoe's employees in the United States.

5. It appears to the Court that AE Tech is manufacturing, importing, offering for sale, and/or selling Infringing Goods and will continue to carry out such acts unless restrained by Order of the Court.

6. In light of the $10,000.00 bond already posted by Aevoe, the Court finds that no additional security is required.

**PRELIMINARY INJUNCTION**

IT IS HEREBY ORDERED THAT AE Tech, its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and hereby are, preliminarily enjoined from practicing, making, manufacturing, importing, offering for sale, selling, and/or

otherwise using U.S. Patent No. 8,044,942, or any reproduction, counterfeit, copy, or colorable imitation of the same, and from transferring, moving, returning, destroying, or otherwise disposing of any Infringing Goods, including but not limited to ACase APlus Shield Anti-Glare products pending a trial on the merits.

AE Tech is hereby given further notice that it shall be deemed to have actual notice of the issuance and terms of this preliminary injunction and that any act by it in violation of any of the terms hereof may be considered and prosecuted as contempt of this Court.

**IT IS SO ORDERED** this 24th day of January, 2012 at 9:25 a.m.

_____
Gloria M. Navarro
United States District Judge

SUBMITTED BY:

McDONALD CARANO WILSON LLP

By: _____
Jeffrey A. Silvestri, Esq. (# 5779)
Josephine Binetti McPeak, Esq. (#7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

WINSTON & STRAWN LLP
David S. Bloch
Jennifer Golinveaux
K. Joon Oh
Beth A. Derby

*Attorneys for Plaintiff AEVOE CORP.*

242837.4