UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| AEVOE CORP., | ) | Case No.: 2:12-cv-0053-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| AE TECH. CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **INTRODUCTION**

Before the Court is Defendant AE Tech's Motion to Reconsider and Vacate the Preliminary Injunction entered in this case on January 24, 2012 (ECF No. 25). Plaintiff Aevoe Corp. filed a Response on February 14, 2012 (ECF No. 32) and Defendants filed a Reply on February 17, 2011 (ECF No. 34). A hearing was held on the matter before the Court on February 24, 2011.

## **FACTS AND BACKGROUND**

Plaintiff Aevoe Corp. ("Aevoe") is the owner of Patent No. 8,044,942 ("'942 Patent."). (Compl. ¶¶ 6–7, ECF No. 1.) The patent covers an invention for a touch screen protector for handheld devices such as phones and tablets. (Leonhard Decl., Ex. 1 attached to Motion for TRO ¶1, ECF No. 3–1.) The touch screen protectors are marketed under the brand name MOSHI. (*Id.*) The protector includes a slightly raised outer perimeter, so that the transparent portion covering a device's touch screen is suspended just slightly above the screen itself, forming an enclosed air space and preserving touch screen functionality while avoiding the bubbles that plague fully adhesive prior art touch screen protectors. (*Id.* at ¶2.) Aevoe is a small and growing company. (*Id.* at ¶6.)

The International Consumer Electronics Show ("CES") is held in Las Vegas. CES attracts major players in the technology industry from over a hundred companies. Aevoe was a participant in the 2012 show. (*Id.* Decl. at ¶6.) While they were at CES, Aevoe learned that AE Tech had imported and was marketing products at CES that allegedly infringe upon the '942 Patent. (Compl. at ¶ 13.) Prior to CES, Aevoe had sued AE Tech in the United States District Court for the Northern District of California, No. 11-cv-0664, for infringing its '942 Patent. (*Id.* at ¶11.)

Aevoe filed the instant suit alleging patent infringement. (*See* Compl.) Aevoe also petitioned this Court for a Temporary Restraining Order to prevent AE Tech from continuing to sell or market the allegedly infringing items as well as a Seizure Order to collect products that appear to be infringing items. (TRO Motion, ECF No. 3.) This Court granted both requests. AE Tech did not respond to the Court's Order to Show Cause Hearing why a Preliminary Injunction should not be issued or attend the hearing held on January 23, 2012. Accordingly, pursuant to Local Rule 7–2(d), the Court granted Aevoe's motion for a preliminary injunction.[1] The Preliminary Injunction Order was entered on January 24, 2012. (PI Order, ECF No. 16). AE Tech then filed the instant motion to Reconsider and Vacate the Preliminary Injunction Order on February 7, 2012. (Mtn. to Vacate, ECF No. 25.)

## **DISCUSSION**

**A.    Legal Standard**

Under Fed. R. Civ. P. 54(b), a district court can modify an interlocutory order "at any time" before entry of a final judgment. In the Ninth Circuit, it is a "well-established rule that a district judge always has the power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119,

---

[1] Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.

1124 (9th Cir. 2005).  Fed. R. Civ. P. 59(e) applies to any motion seeking "to alter or amend a judgment," and under Rule 54(a), a judgment is defined to include "any order from which an appeal lies."  A preliminary injunction order is a "judgment" and is therefore subject to Rule 59(e)'s 28-day time limit on motions for reconsideration. *See* 28 U.S.C. § 1292(a)(1); *Credit Suisse*, 400 F.3d at 1124 n.6.  Thus, under the Federal Rules, a motion for "reconsideration" of a preliminary injunction order is subject to Rule 59(e)'s 28-day time limit, while there is no time limit on a motion to "vacate or dissolve" a preliminary injunction. *Id.* at 1124.

In determining whether a motion requesting the district court to reconsider its preliminary injunction should be treated as a motion for reconsideration under Rule 59 or a motion for dissolution or modification under Rule 54, the district court "'must look beyond the motion's caption to its substance.'" *Id.* (citing *Favia v. Ind. Univ. of Pa.*, 7 F.3d 332, 337 (3d Cir. 1993). "While the purpose of a motion to reconsider under Fed. R. Civ. P. 59 (e) is to relitigate the 'original issue,' a motion to modify a preliminary injunction is meant only to relieve inequities that arise after the original order." *Id.*(internal citations omitted.)

AE Tech captioned its motion as a motion to "reconsider" and motion to "vacate the preliminary injunction."  AE Tech's motion presents arguments that are in substance a request to relitigate the 'original issue' before the Court.  AE Tech does not discuss any new circumstances that have arisen after the original order that would justify the Court's consideration to vacate the order.  Accordingly, the Court will apply the motion for reconsideration standard under Rule 59(e) to the instant motion to determine whether or not to vacate or deny the preliminary injunction.  However, one aspect of the motion is a request to modify the order and the Court addresses that request pursuant to Rule 54.

**B.     Motion to Reconsider**

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999).  A motion to reconsider is not a vehicle for parties to make new arguments and present new evidence that could have been included in their original briefs.  Thus, "a [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir.2000) (citation omitted). *See also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003) (citation omitted) ("A [motion to reconsider] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001) (citations omitted) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend [judgment] ..., and a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable.")

  AE Tech argues that it has newly discovered evidence to present to the Court that goes to the validity of the '942 Patent.  The newly discovered evidence consists of examples of prior art and evidence of internet sales of the patented product.  The Court finds that this evidence could have reasonably been discovered and raised at the time of the original motion.  AE Tech admits the evidence was found online during a routine search.

  AE Tech additionally claims that it was not able to obtain counsel in the United States before the January 23, 2012 hearing, which is why it could not respond to the motion for preliminary injunction.  However, Aevoe presents evidence that AE Tech has responded to Aevoe via its counsel as early as January 4, 2012.  AE Tech concedes in its Reply that there were communications between AE Tech's counsel in Taiwan and Aevoe's lawyer before the hearing, but that these communications were related to an attempt at an amicable solution to the

allegations.  AE Tech also admits that it was first made aware of the Nevada lawsuit on January 12, 2012 but that it did not prepare for litigation since there might be a possible solution as they were discussing a licensing agreement.  AE Tech claims that it wasn't until January 16 when it was "ultimately clear" that Aevoe would not license the '942 Patent and that at that point the hearing was "just seven days away."  However, with the hearing only 12 days away, AE Tech did not try to reach out to Aevoe for an extension of time to file a Response nor did it ask the Court for an extension of the TRO and a continuance of the PI hearing.  Instead, AE Tech elected not to respond or appear at the hearing and now faces a higher burden given its decision to waste judicial resources and force the Court to hear this matter twice.

The Court now reviews its original decision to determine if it has committed clear error since it has found there is no newly discovered evidence and AE Tech does not argue that there is an intervening change in the controlling law.

**C.     Preliminary Injunction**

   **1.     Legal Standard**

Under Fed. R. Civ. P. 65(b), the court can issue a preliminary injunction pending a trial on the merits.  The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court brought into question the Ninth Circuit's sliding scale test and reiterated that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely,*" not just possible. *Winter v. NRDC*, 129 S.Ct. 365, 374–76 (2008). The Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S.Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)) (emphases added).

A recent Ninth Circuit decision has clarified whether the slide scale approach is still a valid test under *Winter*. In *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, (9th Cir. 2011), the court held that the "serious questions" prong of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*. "[T]he 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test. That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135.

### 2. Success on the Merits

A patent infringement claim has two elements: the existence of a valid U.S. patent, and proof of infringement of the patent's claims by the accused device, either literally or via equivalents. 35 U.S.C. § 271. In order to establish a likelihood of success on the merits for its claim of patent infringement, Aevoe must show it is likely that a trier of fact would find the '942 Patent is valid and infringed. *See Gillette Co.* v. *Energizer Holdings, Inc.,* 405 F.3d 1367, 1370 (Fed. Cir. 2005). An issued patent is presumed valid. 35 U.S.C. § 282; *Medical Instrumentation & Diagnostics Corp.* v. *Elekta AB,* 344 F.3d 1205, 1220 (Fed. Cir. 2003).

### a.  Patent Validity

At the preliminary injunction stage, the Court considers the evidence in light of the presumptions and burdens that will apply at trial. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed.Cir.2009). At trial, Aevoe will bear the burden of proving that AE Tech's devices do infringe its patent and that it can defend against a challenge of invalidity. However, this does not change the fact that at the preliminary injunction phase the patent is presumed valid. The initial burden is on AE Tech to produce evidence of invalidity. *Id.* If evidence is provided that questions the validity of a patent then the court must weigh the evidence both for and against validity that is available at the preliminary injunction stage. *Id.* at 1379. "If the [court] concludes there is a 'substantial question' concerning the validity of the patent, meaning that the alleged infringer has presented an invalidity defense that the patentee has not shown lacks substantial merit, it necessarily follows that the patentee has not succeeded in showing it is likely to succeed at trial on the merits of the validity issue." *Id.* (citing *New England Braiding Co., Inc. v. A.W. Chesterton Company*, 970 F.2d 878, 883 (Fed. Cir. 1992)).

AE Tech did not challenge the validity of the patent at the motion stage. The only evidence before the Court was that '942 Patent was issued and therefore presumed valid. Patent infringement will be found when a product contains each element of one of the patent's claims. *ACCO Brands, Inc.* v. *Micro Sec. Devices, Inc.,* 346 F.3d 1075, 1080 (Fed. Cir. 2003). The Court examined AE Tech's allegedly infringing products at the hearing and determined that each element of claim 1 of the '942 Patent was present on the AE Tech products.

### 3.  Irreparable Harm

AE Tech argues that the Court's finding of irreparable harm was clearly erroneous because Aevoe has not demonstrated irreparable harm. The PI states:

> The making, use, importation, offer for sale, and/or sale of the infringing goods will result in the immediate and irreparable injury to Aevoe in the form of loss of income, loss of goodwill, dilution and lessening of the value

> of the '942 Patent, and interference with Aevoe's ability to exploit its '942 Patent and exclude others from using its patented technology, if AE Tech is not preliminary enjoined from practicing, making, using, importing, offering for sale, and/or selling, the invention described in the '942 Patent or any reproduction, counterfeit, copy or colorable imitation concerning the same (including, without limitation, the APlus Shield Anti-Glare products) pending a trial on the merits. AE Tech is a direct competitor of Aevoe's, which alone suffices to establish irreparable harm. *See Abbott Laboratories v. Sandoz, Inc.*, 544 F.3d 1341, 1361-1362 (Fed. Cir. 2008), rehearing en banc denied; *see also Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1329 (Fed. Cir. 2008). Particularly in light of AE Tech's status as a Taiwan corporation and its apparent lack of substantial U.S. Assets, monetary damages will be inadequate to compensate Aevoe for its losses in the absence of preliminary injunctive relief.

(*See* PI Order, ECF No. 16.)

AE Tech argues that claims of loss income are insufficient to prove irreparable harm citing *Automated Merch. Sys., Inc. v. Crane Co., 357 Fed. Appx*. 297, 300-01 (Fed. 27 Cir. 2009). ("First, lost sales standing alone are insufficient to prove irreparable harm if they were, irreparable harm would be found in every case involving a manufacturer/patentee, regardless of circumstances. Lost sales (without more) are presumed to be compensable through damages, so they do not require injunctive relief.") (citing *Abbott Labs. v. Andrx Pharms., Inc*., 452 F.3d 1331, 1348 (Fed. Cir. 2006). AE Tech next takes issue with the fact that goodwill and dilution are concepts associated with trademarks, not patents and should not be used to show loss. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2011 WL 7036077, *19 (N.D. Cal. December 2, 2011); *see also Apple Computer, Inc. v. Formula Int'l Inc.*, 725 F.2d 521, 526 (9th Cir. 1984). AE Tech also argues that the absence of an injunction against AE Tech will not prevent Aevoe from excluding others. AE Tech argues the cases cited in the preliminary injunction order that state that direct competition alone establishes irreparable harm is wrong. Instead those cases stand for the proposition that competition is a factor that supports a finding of irreparable harm.

This Court is not persuaded by AE Tech's arguments and finds that they are not

meritorious. The Court's finding of irreparable harm was not clearly erroneous because it also found that since AE Tech is a foreign corporation, money damages would be insufficient. *See Bushnell, Inc. v. Brunton Co.,* 673 F.Supp.2d 1241, 1263 (D. Kan. 2009) (granting preliminary injunction; "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Canon Inc. v. GCC Int'l Ltd.*, 450 F. Supp. 2d 243, 255–56 (S.D. N.Y. 2006) (granting preliminary injunction where defendant was largely based abroad); *O2 Micro Intern. Ltd. v. Beyond Innovation Technology Co., Ltd.*, No. 2011–1054, 2011 WL 5601460, *10 (Fed. Cir. Nov. 18, 2011) (the likely availability of those monetary payments helps define when harm can be offset by monetary payments); *Robert Bosch,* 659 F.3d 1142, 1155–1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007), *vacated and remanded on other grounds,* 521 F.3d 1351 (Fed. Cir. 2008) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages'"). Thus it was not just direct competition, but all of these factors in conjunction that supported a finding of irreparable harm.

### 4.     Balance of Hardships and Public Interest

AE Tech does not argue at all how the balance of hardships is in its favor. Accordingly, the Court finds that its decision that the balance of hardships tipped in favor of Aevoe was not incorrect.

AE Tech instead argues that because it has provided substantial evidence that the '942 Patent is invalid that the public interest favors denial for a preliminary injunction because the public interest lies in "only enforcing those patents which are likely to be valid. *See Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006). However, since the Court does not consider the untimely evidence, the Court's finding that the public interest weighs in favor

of granting relief in that the patent system spends in large measure "directly on the right to exclude" was not in clear error. *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368 (Fed. Cir. 2006).

### D.     Preliminary Injunction is Overbroad

AE Tech argues that the preliminary injunction is overbroad because it enjoins AE Tech from "practicing, making, manufacturing, importing, offering for sale, selling, and/or otherwise using U.S. Patent No. 8,044,942, or any reproduction, counterfeit, copy, or colorable imitation of the same, and from transferring, moving, returning, destroying, or otherwise disposing of any Infringing Goods, including but not limited to ACase APlus Shield Anti-Glare products." (PI Order at 3:25–4:4).

AE Tech argues that works like counterfeit and colorable imitation are appropriate for enforcing trademark rights, they are not proper in an injunction to prevent patent infringement. AE Tech suggests that the Order should read that the prohibited conduct is limited to making, using, offering to sell, selling or importing a screen protector that is within any claim of the '942 Patent. *See Int'l Olympic Comm'n v. San Francisco Arts & Athletics*, 781 F.2d 733, 738 (9th Cir. 1986) (an injunction is proper only where it tracks the statute that provides a claim for the prohibited activity).

AE Tech is correct and Aevoe does not oppose the request to limit the injunction to the language covered by the patent statue, 35 U.S.C. §271. Accordingly, the Court will modify the Order as stated below.

### CONCLUSION

**IT IS HEREBY ORDERED** that Defendant AE Tech's Motion to Reconsider and Vacate the Preliminary Injunction entered in this case on January 24, 2012 (ECF No. 25) is **DENIED in part and GRANTED in part**.

The Court will not vacate the Preliminary Injunction Order but does order that it be

modified as follows.  The language on page 3, line 25 through page 4, line 4 of the Preliminary Injunction Order (ECF No. 16) is replaced with the following language:

> **IT IS HEREBY ORDERED THAT** AE Tech, its agents, servants, employees, confederates, attorneys, and any person acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and hereby are preliminary enjoyed from making, using, manufacturing, importing, offering for sale, selling, and/or otherwise using U.S. Patent No. 8,044,942, and from transferring, moving, returning, destroying, or otherwise disposing of any Infringing Goods, including but not limited to ACase APlus Shield Anti-Glare products pending a trial on the merits.

DATED this 7th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge