Jeffrey A. Silvestri, Esq.
Nevada Bar No. 5779
Josephine Binetti McPeak, Esq.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

David S. Bloch (appearing *pro hac vice*)
Jennifer A. Golinveaux (appearing *pro hac vice*)
K. Joon Oh (appearing *pro hac vice*)
Elisabeth A. Derby (appearing *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com
       bderby@winston.com

*Attorneys for Plaintiff*
*AEVOE CORP.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AE TECH CO., LTD., a Taiwan corporation, S & F Corporation dba SF PLANET COMPANY and SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation,<br><br>Defendants. | Case No. 2:12-cv-00053-GMN -RJJ<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action for patent infringement arises from defendants' infringement of plaintiff Aevoe Corp.'s U.S. Patent No. 8,044,942 ("the '942 Patent") relating to a touch screen protector for a hand-held electronic device. Aevoe seeks damages and injunctive relief.

## JURISDICTION, VENUE, AND JOINDER

1. The Court has subject matter jurisdiction over this action for infringement of a U.S. Patent under the provisions of 28 U.S.C. §§ 1331 and 1338(a).

2. Defendants AE Tech Co., Ltd., S & F Corporation, and GreatShield Inc. have transacted business in this judicial district by importing and/or offering to sell products as described and claimed in the '942 Patent and/or by conducting other business in this judicial district sufficient to render them subject to jurisdiction in this district.

3. Venue is proper under 28 U.S.C. § 1400(b) as to all Defendants because Defendants are corporations subject to personal jurisdiction in this District and are therefore deemed to reside in this District under 28 U.S.C. § 1391(c). Venue is proper in this District under 28 U.S.C. § 1391(b) as to all Defendants because a substantial portion of the events giving rise to the claims for relief stated in this First Amended Complaint occurred in this District.

4. Venue is proper under 28 U.S.C. § 1391(d) as to defendant AE Tech because AE Tech is an alien and may be sued in any district.

5. Joinder of S & F Corporation and GreatShield (the "S & F Defendants") with AE Tech in a single action is proper because the S & F Defendants allegedly obtain their infringing products from AE Tech, such that Aevoe's right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process, and questions of fact common to all Defendants will arise in the action.

## PARTIES

6. Aevoe is a California corporation with its principal place of business in Sunnyvale, California.

7. Aevoe believes, and therefore alleges, that AE Tech is a Taiwan corporation with a business address of 5F No.136, Sec.1, Neihu Rd., Neihu District, Taipei, Taiwan. AE Tech conducts substantial business within this District, including without limitation by importing, marketing, and advertising infringing products in this District, including but not limited to at the 2012 Consumer Electronics Show in Las Vegas ("CES"), as described below.

8. Aevoe believes, and therefore alleges, that defendant S & F Corporation is a Minnesota corporation with a business address of 2280 Ventura Dr., St. Paul MN 55125. Aevoe believes, and therefore alleges that S & F Corporation conducts substantial business within this District, including without limitation by importing, marketing, and/or advertising infringing products.

9. Aevoe believes, and there alleges, that S & F Corporation does business as SF Planet Company.

10. Aevoe believes, and therefore alleges, that S & F Corporation also does business as SF Planet Corporation. Aevoe believes, and therefore alleges, that S & F Corporation's President Shung Yat Loh aka Simon Loh of 3928 Benjamin Drive, Woodbury, MN 55125, registered SF Planet Corporation as a fictitious business name in Minnesota.

11. Aevoe believes, and therefore alleges, that GreatShield is a Minnesota corporation with a business address of 2280 Ventura Drive, Woodbury, MN 55125. Aevoe believes, and therefore alleges, that GreatShield conducts substantial business within this District, including without limitation by importing, marketing, and/or advertising infringing products.

12. Aevoe believes, and therefore alleges, that S & F Corporation and GreatShield are corporate affiliates. Aevoe believes, and therefore alleges, that S & F Corporation and GreatShield share the same principal place of business.

## THE '942 PATENT

13. The United States Patent Office issued the '942 Patent, entitled "Touch Screen Protector," to Michael Leonhard, Jonathan Lin, and Steven Huang (the "Inventors") on October 25, 2011. **Exhibit 1** is a copy of the '942 Patent.

14. The Inventors assigned the '942 Patent to Aevoe.

15. Aevoe markets and sells products embodying the '942 Patent throughout the United States.

16. AE Tech manufactures, imports, advertises, sells, and offers to sell products, including a touch-screen protector product called APlus Shield Anti-Glare, that infringe the '942 Patent.

17. The S & F Defendants import, advertise, sell, and offer to sell products, including a touch-screen protector product called the GreatShield EZseal, that infringe the '942 Patent.

18. On November 7, 2011, Aevoe's counsel notified AE Tech by letter (the "AE Tech Letter") that the APlus Shield Anti-Glare product likely infringes the '942 Patent. **Exhibit 2** is a copy of the AE Tech Letter.

19. On November 7, 2011, Aevoe's counsel notified the S & F Defendants by letter (the "S & F Letter") that the GreatShield EZseal product likely infringes the '942 Patent. **Exhibit 3** is a copy of the S & F Letter.

20. On December 7, 2011, Aevoe filed a patent infringement lawsuit against AE Tech in the United States District Court for the Northern District of California, No. 11-CV-06164, for infringing the '942 Patent.

21. On December 13, 2011, Aevoe sent a request to AE Tech to waive service of process. As of the filing of the original Complaint in this action, AE Tech had not responded to that request.[1]

22. Furthermore, AE Tech never informed Aevoe that AE Tech would be in the United States as an exhibitor at the CES tradeshow in Las Vegas, Nevada between January 10-13, 2012, and thereby subject to service of process.

## 2012 INTERNATIONAL CES

23. On Wednesday, January 10, 2012, the 2012 CES tradeshow opened in Las Vegas, Nevada. CES is known as the world's largest consumer technology tradeshow. CES closed on Friday, January 13, 2012.

---

[1] Aevoe dismissed the California action in favor of litigating this action in the District of Nevada.

24. Beginning on January 10, 2012, AE Tech exhibited its products, including products infringing the '942 Patent, as part of AE Tech's exhibition at CES. As part of its CES exhibition, AE Tech imported, exhibited, and offered to sell products infringing upon the '942 Patent.

25. **Exhibit 4** is a copy of AE Tech's exhibitor information from the online CES exhibitor directory.

26. Aevoe learned that AE Tech was an exhibitor at CES on January 11, 2012, while attending CES that same day.

27. Aevoe sued AE Tech in the U.S. District Court of Nevada because AE Tech was in this District at the time and was therefore subject to both personal jurisdiction and service of process. Additionally, Aevoe concurrently sought an order to seize AE Tech's infringing products before AE Tech could flee this District with its infringing products.

28. On January 12, 2012, Aevoe served AE Tech with the original Summons and Complaint in this action. Dkt. 9. The Court granted Aevoe's motion for a Temporary Restraining Order and Seizure Order. Dkt. 8. Then, the Court granted Aevoe's Motion for a preliminary injunction barring AE Tech and "its agents, servants, employees, confederates, attorneys, and any other persons acting in concert or participation with them, or having knowledge of [the] Order by personal service or otherwise" from infringing the '942 Patent. Dkt. 16. The preliminary injunction remains in effect as of the filing of this First Amended Complaint. Dkt. 43.

29. On January 30, 2012, counsel for AE Tech confirmed that "[w]e have received the preliminary injunction. We will comply with the court order and recall our old products." See **Exhibit 5**.

## THE S & F DEFENDANTS IGNORE THE PRELIMINARY INJUNCTION

30. The S & F Defendants operate an Amazon.com storefront through which they offer to sell touch-screen protector products infringing on the '942 Patent. **Exhibit 6** shows the product listing for their infringing GreatShield EZseal.

31. Aevoe and the S & F Defendants exchanged multiple messages subsequent to the S & F Letter. On February 3, 2012, the S & F Defendants notified Aevoe that the S & F Defendants obtained their infringing GreatShield EZseal products from AE Tech. See **Exhibit 7**.

32. Later on February 3, 2012, Aevoe notified the S & F Defendants that this Court had issued a preliminary injunction in this action barring further sales of the infringing products, and sent a copy of the preliminary injunction to counsel for the S & F Defendants. See **Exhibit 8**.

33. In response, the S & F Defendants asserted on February 3 that "S&F has no current intention to continue the sale of the noted products." See **Exhibit 9**.

34. Despite receiving actual notice of the preliminary injunction in effect in this case and assuring Aevoe that they would cease sales of the accused products, the S & F Defendants continue to sell and offer to sell their infringing AE Tech products via Amazon.com and otherwise. As late as February 27, 2012, Aevoe was able to purchase infringing GreatShield EZseal products from the S & F Defendants despite their actual knowledge of the preliminary injunction in effect in this case. See **Exhibit 10** (personally identifying information redacted).

## FIRST CAUSE OF ACTION

### (DEFENDANTS' INFRINGEMENT OF THE '942 PATENT)

35. Aevoe incorporates all paragraphs above by reference.

36. All Defendants have directly infringed the '942 Patent by making, using, importing, offering to sell, and/or selling (directly or through intermediaries) touch screen protection products embodying one or more claims of the '942 Patent, including without limitation the APlus Shield Anti-Glare product and the GreatShield EZseal product, in the District of Nevada. 35 U.S.C. § 271.

37. Among other things, the APlus Shield Anti-Glare and GreatShield EZseal products have a front face that includes a touch screen portion and an outer perimeter; a plastic film having a transparent window and a spacer along the outer perimeter that spaces the plastic film near but not in contact with the touch screen; and an exposed adhesive for removably mounting the protector to form an enclosed air space between the transparent window of the plastic film, the spacer, and the device's touch screen. Defendants' manufacture, use, sale, importation, and/or offers to sell the APlus Shield Anti-Glare and GreatShield EZseal products are acts of direct infringement.

38. Since at least November 7, 2011, when the AE Tech Letter gave AE Tech actual notice that its products infringed the '942 Patent, AE Tech's infringement has been willful.

39. Since at least November 7, 2011, when the S & F Letter gave the S & F Defendants actual notice that their products infringed the '942 Patent, their infringement has been willful.

40. Since at least February 3, 2012, the S & F Defendants have been selling infringing products in knowing violation of the preliminary injunction.

41. Aevoe believes, and therefore alleges, that Defendants' infringement of the '942 Patent will continue unless permanently enjoined.

42. Aevoe has suffered and will continue to suffer irreparable harm from Defendants' infringement of the '942 Patent, including, *inter alia*, by injury to its business results, prospects, goodwill and market presence and through the erosion of Aevoe's statutory right to exclude others from practicing the claimed invention.

43. Aevoe has suffered and will continue to suffer monetary damages from Defendants' infringement of the '942 Patent.

44. As a consequence of Defendants' infringement, Aevoe is entitled to relief as set forth below.

## SECOND CAUSE OF ACTION
## (PERMANENT INJUNCTION AGAINST ALL DEFENDANTS)

45. Aevoe incorporates all paragraphs above by reference.

46. Irreparable injury will result to Aevoe unless this Court enters a Permanent Injunction enjoining Defendants and their agents, servants, employees, attorneys, subsidiaries and any other individual or entity in active concert or participation with them who receives actual notice of the order, from infringing, inducing others to infringe, or contributing to the infringement of the '942 Patent, including the manufacture, use, sale, importation, and offer to sell the APlus Shield Anti-Glare and the GreatShield EZseal products.

47. Aevoe has a likelihood of success on the merits given that Defendants have directly infringed and continue to infringe the '942 Patent by making, using, importing, offering to sell, and selling (directly or through intermediaries) touch screen protection products embodying one or more claims of the '942 Patent, including without limitation the APlus Shield Anti-Glare and the GreatShield EZseal products.

48.  In view of the damages Aevoe has sustained, and continues to sustain, as a result of Defendants' unlawful activities, Aevoe has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Aevoe prays that the Court enter judgment as follows:

A.  Holding that Defendants have infringed claims of the '942 Patent, literally and/or under the doctrine of equivalents;

B.  Preliminarily and permanently enjoining Defendants and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '942 Patent;

C.  Ordering Defendants to account for and pay to Aevoe the damages to which Aevoe is entitled as a consequence of their infringement of the '942 Patent, in an amount to be determined at trial;

D.  Ordering Defendants to pay to Aevoe increased damages, pursuant to 35 U.S.C. § 284, for their willful infringement of the '942 Patent;

E.  Awarding Aevoe prejudgment interest and post-judgment interest on any damages awarded by reason of Defendants' infringement of the '942 Patent;

F.  Finding that this case is "exceptional" under the meaning of 35 U.S.C. § 285;

G.  Awarding Aevoe its costs incurred in bringing and maintaining this action, including reasonable attorney fees;

H.  Awarding such other and further relief as this Court may deem just, proper and equitable.

. . .
. . .
. . .
. . .
. . .
. . .

**DEMAND FOR JURY TRIAL**

Aevoe demands trial by jury of all issues triable by a jury.

RESPECTFULLY SUBMITTED this 14th day of March, 2012.

                McDONALD CARANO WILSON LLP

By: _____
JEFFREY A. SILVESTRI, ESQ. (# 5779)
JOSEPHINE BINETTI MCPEAK, ESQ. (#7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

WINSTON & STRAWN LLP
David S. Bloch
Jennifer Golinveaux
K. Joon Oh
Beth A. Derby

*Attorneys for Plaintiff AEVOE CORP.*

LVDOCS-#247050

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 14th day of March, 2012, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in this case.

*/s/ Della Sampson*
An employee of McDonald Carano Wilson LLP