JEFFREY A. SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

DAVID S. BLOCH (appearing *pro hac vice*)
JENNIFER A. GOLINVEAUX (appearing *pro hac vice*)
K. JOON OH (appearing *pro hac vice*)
ELISABETH A. DERBY (appearing *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com
       bderby@winston.com

*Attorneys for Plaintiff AEVOE CORP.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AE TECH CO., LTD., a Taiwan corporation, S & F Corporation dba SF PLANET COMPANY and SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation,<br><br>Defendants. | Case No. 2:12-cv-00053-GMN -RJJ<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>**AND ORDER** |

Plaintiff Aevoe Corp. hereby submits its Motion for Leave to File Documents under Seal. Aevoe requests that the Court enter an order sealing the following documents in whole or in part, or

1

alternatively, permitting Aevoe to redact confidential and proprietary information: (1) Aevoe's Memorandum in Support of Requested Monetary Sanctions; (2) Declaration of Jonathan Lin in Support thereof; (3) Declaration of David Bloch in Support thereof; (4) Exhibit A to the Declaration of David Bloch in Support thereof; and (5) Exhibit B to the Declaration of David Bloch in Support thereof. This motion is made and based upon the Memorandum of Points and Authorities below.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

Aevoe seeks to file a Memorandum in Support of Compensatory Monetary Sanctions, together with essential supporting documents, against Defendants in connection with the Court's May 2, 2012 contempt order. ECF No. 65. Those documents contain confidential and proprietary information, including trade secrets, which should be protected under Fed. R. Civ. P. 26. Aevoe and Defendants have been discussing the terms of an appropriate protective order to maintain the confidentiality of confidential and proprietary information, including trade secrets, of parties and non-parties, but have not yet submitted one to the Court. Accordingly, Aevoe requests that the Court enter an order sealing, and/or permitting Aevoe to redact, the portions of its Motion for Sanctions and supporting documents that contain confidential and proprietary information.

II.  ARGUMENT

A.  **Legal Standard**

"The court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FRCP 26(c). Yet, the courts recognize a "strong presumption in favor of access" to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard . . . . That is, the party must articulate the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citation and internal punctuation omitted).

However, the "compelling reasons" standard applies only to documents attached to dispositive motions.[1] *Kamakana*, 447 F.3d at 1179. In cases where a sealed discovery document is attached to a non-dispositive motion, "the usual presumption of the public's right of access is rebutted." *Id.* (citations omitted). Regarding those documents, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (citations and internal punctuation omitted).

A motion for sanctions arising from a contempt order is not a dispositive motion. *See U.S. v. Geary*, CV. No. 05-00135 DAE-BMK, 2007 WL 1266069, *3 (D. Hawaii April 30, 2007). Aevoe seeks to file documents that contain confidential, proprietary information in support of its Motion for Sanctions. Accordingly, the "public's right of access is rebutted," and the Court has the authority to enter an order sealing or redacting those documents.[2] *See Kamakana*, 557 F.3d at 1178.

**B.   Documents Aevoe Seeks to File Under Seal**

    i.   <u>Aevoe's Memorandum in Support of Requested Monetary Sanctions</u>

Aevoe's Motion for Sanctions contains confidential and proprietary information, including trade secrets, relating to Aevoe's profits as well as Defendants' sales. The Motion for Sanctions details Aevoe's confidential and proprietary pricing information and information about its business model, and Defendants' confidential and proprietary about their sales.

    ii.   <u>Declaration of Jonathan Lin</u>

The Declaration of Jonathan Lin in Support of Aevoe's Memorandum in Support of Requested Monetary Sanctions contains confidential and proprietary information, including trade secrets, relating to Aevoe's pricing information, costs, and business model.

---

[1] The sealing of dispositive filings is also appropriate to protect the parties' proprietary business operations and trade secrets. *See generally Kamakana*, 557 F.3d at 1179. In such circumstances as here, even under the "compelling reasons" standard, the need to prevent Aevoe's sensitive material from disclosure and improper use will, in general, "be sufficient to outweigh the public's interest in disclosure." *Id.*

[2] In the event the Court deems redaction of Aevoe's confidential, proprietary information more appropriate, Aevoe requests the opportunity to submit proposed redacted copies.

      iii.    <u>Declaration of David Bloch</u>

The Declaration of David Bloch in Support of Aevoe's Memorandum in Support of Requested Monetary Sanctions (the "Bloch Declaration") contains confidential and proprietary information, including trade secrets, relating to Defendants' sales.

      iv.    <u>Exhibit A to the Bloch Declaration</u>

Exhibit A to the Bloch Declaration contains confidential and proprietary information, including trade secrets, relating to Defendants' sales.

      v.    <u>Exhibit B to the Bloch Declaration</u>

Exhibit B to the Bloch Declaration contains confidential and proprietary information, including trade secrets, relating to Defendants' sales.

### III. CONCLUSION

For the foregoing reasons, Aevoe requests that the Court file the documents identified herein under seal.

RESPECTFULLY SUBMITTED this 11th day of May, 2012.

McDONALD CARANO WILSON LLP

By: _____
JEFFREY A. SILVESTRI (#5779)
JOSEPHINE BINETTI McPEAK (#7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

WINSTON & STRAWN LLP
David S. Bloch *(pro hac vice)*
Jennifer A. Golinveaux *(pro hac vice)*
K. Joon Oh *(pro hac vice)*
Elisabeth A. Derby *(pro hac vice)*

*Attorneys for Plaintiff AEVOE CORP.*

LVDOCS-#25544

**IT IS SO ORDERED** this 18th day of May, 2012.

_____
Gloria M. Navarro
United States District Judge

4