JEFFREY A. SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

DAVID S. BLOCH (appearing *pro hac vice*)
JENNIFER A. GOLINVEAUX (appearing *pro hac vice*)
K. JOON OH (appearing *pro hac vice*)
ELISABETH A. DERBY (appearing *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com
       bderby@winston.com

*Attorneys for Plaintiff AEVOE CORP.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>AE TECH CO., LTD., a Taiwan corporation, S & F Corporation dba SF PLANET COMPANY and SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation,<br><br>    Defendants. | Case No. 2:12-cv-00053-GMN -RJJ<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE CERTAIN DOCUMENT EXCERPTS UNDER SEAL** |

1

Plaintiff Aevoe Corp. hereby submits its Motion for Leave to File Certain Document Excerpts under Seal. Aevoe requests that the Court enter an order sealing portions of its Reply in Support of Its Motion to Compel Responses to Discovery Requests.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Aevoe seeks to file its Reply in Support of its Motion to Compel Responses to Discovery Requests ("Reply"). Portions of the Reply contain confidential and proprietary information, including trade secrets, which should be protected under Fed. R. Civ. P. 26. After extensive discussions, Aevoe and Defendants reached agreement on all but one provision of a proposed protective order to maintain the confidentiality of confidential and proprietary information, including trade secrets, of parties and non-parties. Aevoe and Defendants ultimately submitted their respective proposed protective orders for the Court's consideration, and they are pending before the Court. Accordingly, Aevoe requests that the Court enter an order sealing portions of its Reply that contain confidential and proprietary information.

### II. ARGUMENT

#### A. Legal Standard

"The court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FRCP 26(c). Yet, the courts recognize a "strong presumption in favor of access" to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard . . . . That is, the party must articulate the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citation and internal punctuation omitted).

However, the "compelling reasons" standard applies only to documents attached to dispositive motions.[1] *Kamakana*, 447 F.3d at 1179. In cases where a sealed discovery document is

---

[1] The sealing of dispositive filings is also appropriate to protect the parties' proprietary business operations and trade secrets. *See generally Kamakana*, 557 F.3d at 1179. In such

attached to a non-dispositive motion, "the usual presumption of the public's right of access is rebutted." *Id.* (citations omitted). Regarding those documents, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (citations and internal punctuation omitted).

A motion to compel is not a dispositive motion. Portions of Aevoe's Reply contain confidential, proprietary information sales information. Accordingly, the "public's right of access is rebutted," and the Court has the authority to enter an order sealing or redacting those documents. *See Kamakana*, 557 F.3d at 1178. Further, courts have recognized the need to maintain the confidentiality of pricing and sales information to preserve a party's competitive standing. *See, e.g., Triquint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. cv. 09-1531-PHX-JAT, 2011 WL 6182346, *4 (D. Ariz. Dec. 13, 2011).

### B. Good Cause Exists to Seal Excerpts of Aevoe's Reply In Support of Its Motion to Compel Responses to Discovery Requests

Aevoe's Reply contains confidential and proprietary information, including trade secrets, relating to Defendants' confidential and proprietary sales information. Accordingly, the Court should grant Aevoe leave to redact its Reply and file it under seal. *See Triquint Semiconductor*, 2011 WL 6182346 at *4.

. . .
. . .
. . .
. . .
. . .
. . .
. . .

circumstances as here, even under the "compelling reasons" standard, the need to prevent Aevoe's sensitive material from disclosure and improper use will, in general, "be sufficient to outweigh the public's interest in disclosure." *Id.*

3

### III. CONCLUSION

For the foregoing reasons, Aevoe requests that the Court permit it to redact portions of its Reply in Support of Its Motion to Compel Responses to Discovery Requests and file the Reply under seal.

RESPECTFULLY SUBMITTED this 27th day of September, 2012.

McDONALD CARANO WILSON LLP

By: /s/ Jeffrey A. Silvestri
JEFFREY A. SILVESTRI (#5779)
JOSEPHINE BINETTI McPEAK (#7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

WINSTON & STRAWN LLP
David S. Bloch *(pro hac vice)*
Jennifer A. Golinveaux *(pro hac vice)*
K. Joon Oh *(pro hac vice)*
Elisabeth A. Derby *(pro hac vice)*
*Attorneys for Plaintiff AEVOE CORP.*

LVDOCS-#262683

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: October 2, 2012