UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AEVOE CORP., a California corporation )
)
             Plaintiff, )
  vs. ) Case No.: 2:12-cv-00053-GMN-RJJ
)
AE TECH CO., LTD., a Taiwan ) **ORDER**
corporation, S & F CORPORATION dba )
SF PLANET COMPANY and SF )
PLANET CORPORATION, a Minnesota )
corporation, and GREATSHIELD INC., a )
Minnesota corporation, )
)
             Defendant. )

Pending before the Court is the Motion for Sanctions (ECF No. 75) filed by Plaintiff Aevoe Corp. ("Plaintiff"). Defendants AE Tech Co., Ltd, Greatshield Inc., and S&F Corporation (collectively, "Defendants") filed a Response (ECF No. 88). Plaintiffs failed to file a Reply.

## I.    BACKGROUND

This motion for sanctions arose from the Defendants' alleged violation of the Preliminary Injunction that the Court entered on January 24, 2012. (*See* Prelim. Inj., ECF No. 16.) On May 2, 2012, the Court granted the Plaintiff's Motion for an Order to Show Cause.[1] (Order Grant'g Mot. for Order to Show Cause, ECF No. 65.) In that Order the Court expressly determined that "a finding of contempt is appropriate." (*Id.* at 9:4.) The Court further found that sanctions against the Defendant are appropriate in this case. (*Id.*

---

[1] All other necessary background is set forth in the Court's Order on May 2, 2012, granting Plaintiff's Motion for Order to Show Cause. (*See* Order 1:21-2:19.)

at 9:5.) Accordingly, the Court ordered the parties to submit briefing on the proper amount of sanctions that the Court should impose. (*Id.* at 9:22-25.)

## II.     Lost Profits

In this case, consistent with controlling Federal Circuit precedent, the Court previously determined that Defendants violated the preliminary injunction and that "a finding of contempt [was] appropriate." (Order 9:4, ECF No. 65.) *See also Tivo Inc. v. Echostar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011). Furthermore, the Federal Circuit has previously held that, in the context of a preliminary injunction, "[t]he assessment of lost profits [is] an available sanction for contempt." *Seiko Epson Corp. v. Nu-Kote Intern., Inc.*, 190 F.3d 1360, 1372 (Fed. Cir. 1999).

Given the Court's determination that Defendant knew that its actions would violate the Court's order (Order 9:7-8, ECF No. 65), the Court now determines that Lost Profits are an appropriate sanction and Lost Profits will be awarded to Plaintiff. However, the parties have failed to provide adequate factual basis to enable the Court to determine the proper amount of Lost Profits that should be awarded. Thus, the Court will set the matter for hearing so that the Parties may provide further factual basis as to the appropriate amount of Lost Profits.[2]

The parties agree that Defendant sold 129,616 units that violated the Preliminary Injunction. (Fan Decl., ECF No. 79-2.) However, there seems to be significant dispute regarding the "average profit" that the Court should use to calculate the amount of Lost Profits. Plaintiff's assert that the average profit on its iVisor for iPad and Kindle Fire is $28.15. (Pl.'s Mot. for Sanctions 3:3, ECF No. 75.) However, at the hearing on April 30, 2012, Plaintiff stated that the profit on units for iPhones was $21/unit and the profit on

---

[2] The Court reminds the parties that the Court has already determined that an award of Lost Profits is appropriate. Thus, any arguments that the Court should not award Lost Profits will be unhelpful.

units for iPads and Kindle Fires was $24/unit. (Transcript 22:10-11, ECF No. 69.) The parties have failed to provide how many of the 129,616 units were for iPad and Kindle Fire, and how many were for smaller devices, such as iPhones. (*See* Fan Decl., ECF No. 79-2.) This information is vital to the Court's accurate determination of the appropriate amount of Lost Profits.

For these reasons, with respect to an award of Lost Profits, Plaintiff's Motion for Sanctions is GRANTED, with the exact amount to be determined following a hearing on the issue.

### III. ATTORNEY FEES

Once a Court determines that a party has willfully violated a court order, an award of attorney fees to the opposing party is appropriate. *See Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 966 (9th Cir. 2004) (holding that, in light of the violations of a court order, "the district court did not abuse its discretion in imposing sanctions in the amount of [the opposing party's] attorneys' fees and costs incurred as a direct result of th[o]se violations"). Thus, with respect to Attorney Fees, the Court grants Plaintiff's Motion for Sanctions for its opposition to Defendant's Motion for Reconsideration and for its Motion for an Order to Show Cause.[3] These events were either in preparation for or direct results of Defendant's violation of the Court's Preliminary Injunction Order. However, the Court is unable to determine the appropriate amount until Plaintiff files a more detailed, itemized list of the charges and, if applicable, a bill of costs.[4] Additionally, as discussed

---

[3] In fact, in the Court's order granting Plaintiff's Motion for an Order to Show Cause, the Court expressly struck the change that Defendants sought in its Motion for Reconsideration. (*See* Order 9:25-10:2, ECF No. 65 (stating that "the previously omitted words, 'colorable imitation' should be included in the Preliminary Injunction Order").)

[4] As Defendant correctly notes, these redacted itemized billing sheets must be filed in the record to provide Defendant with adequate opportunity to object to the reasonableness of the bill. *See Roush v. Berosini*, 66 Fed. App'x 725, 726 (9th Cir. 2003) (holding that "it was error to award fees without permitting the [Defendants] and their counsel to review the actual billing statements").

below, the Court follows the "lodestar" method to determine the reasonable hourly rate for each attorney.  Accordingly, the Court invites the Parties to submit supplemental briefing with respect to the hourly rate that should be used in calculating the appropriate measure of attorney fees.

Calculation of reasonable attorney fees requires a two-step inquiry.  First, the court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  Next, the court considers the factors articulated by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.* and decides whether to increase or reduce the lodestar amount. 526 F.2d 67, 70 (9th Cir. 1975); *see Fischer*, 214 F.3d at 1119.  Specifically, the court considers (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.  These factors are consistent with LCR 54-16 Local Rule of the United States District Court for the District of Nevada, which governs motions for attorney's fees. *See* LR 54–16(b)(3).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 75) is GRANTED. However, the actual amount of Lost Profits and the actual amount of Attorney Fees to be awarded shall be determined following a hearing and supplemental briefing, including the receipt of Plaintiff's redacted itemized billing, as directed in this Order.

DATED this \_\_15\_\_ day of _____October_____, 2012.

_____
Gloria M. Navarro
United States District Judge

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 30, 2012**, to file its supplemental brief. Thereafter, Defendants shall have until **November 6, 2012**, to file their supplemental brief. The matter is set for an evidentiary hearing on **Monday, November 19, 2012, at 9:00 a.m.**