JEFFREY A. SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

DAVID S. BLOCH (appearing *pro hac vice*)
JENNIFER A. GOLINVEAUX (appearing *pro hac vice*)
K. JOON OH (appearing *pro hac vice*)
ELISABETH A. DERBY (appearing *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com
       bderby@winston.com

*Attorneys for Plaintiff AEVOE CORP.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AE TECH CO., LTD., a Taiwan corporation, S & F Corporation dba SF PLANET COMPANY and SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation,<br><br>Defendants. | Case No. 2:12-cv-00053-GMN -RJJ<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE A CERTAIN DOCUMENT ATTACHED TO CONCURRENT FILING UNDER SEAL** |

Plaintiff Aevoe Corp. hereby submits its Motion for Leave to File a Certain Document Attached to a Concurrent Filing under Seal. Aevoe requests that the Court enter an order sealing an

1

exhibit filed in conjunction with a concurrent filing: Exhibit A ([Proposed] Redaction of Sealed Order entered November 27, 2012) to the [Proposed] Order Granting Plaintiff's Motion for Leave to Request the Court to File Publicly a Redacted Version of the November 27, 2012 Sealed Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court entered a protective order to maintain the confidentiality of confidential and proprietary information, including trade secrets, of parties and non-parties on November 9, 2012. (ECF No. 155.)

On November 8, 2012, the Court granted the parties' motions to seal certain portions of their supplemental briefings concerning the determination of the sanctions amount.

On November 27, 2012, the Court entered a Sealed Order concerning the sanctions awarded to Plaintiff Aevoe. (ECF No. 167.)

Aevoe is concurrently filing a motion for leave requesting the Court to file publicly a redacted version of the Sealed Order, which includes an accompanying [Proposed] Redaction of Sealed Order entered November 27, 2012, with that motion. Accordingly, Aevoe requests that the Court enter an order sealing the proposed redacted version of that Sealed Order.

### II. ANALYSIS

"The court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FRCP 26(c). Yet, the courts recognize a "strong presumption in favor of access" to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard . . . . That is, the party must articulate the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citation and internal punctuation omitted).

However, the "compelling reasons" standard applies only to documents attached to dispositive motions.[1] *Kamakana*, 447 F.3d at 1179. In cases where a sealed discovery document is attached to a non-dispositive motion, "the usual presumption of the public's right of access is rebutted." *Id.* (citations omitted). Regarding those documents, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (citations and internal punctuation omitted).

A motion for sanctions arising from a contempt order is not a dispositive motion. *See Maynard v. Colorado Supreme Court Office of Attorney Regulation Counsel*, No. 09–cv–02052, 2009 WL 4884278, *4 (D. Colo. Dec. 10, 2009). Accordingly, the "public's right of access is rebutted," and the Court has the authority to enter an order sealing or redacting those documents. *See Kamakana*, 557 F.3d at 1178.[2]

Aevoe has good cause to seal its proposed redacted order as the Court has previously exercised its authority by entering the underlying order as sealed.   (ECF No. 167, Sealed Order.) *See Kamakana*, 557 F.3d at 1178.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

---

[1]   The sealing of dispositive filings is also appropriate to protect the parties' proprietary business operations and trade secrets. *See generally Kamakana*, 557 F.3d at 1179. In such circumstances as here, even under the "compelling reasons" standard, the need to prevent Aevoe's sensitive material from disclosure and improper use will, in general, "be sufficient to outweigh the public's interest in disclosure." *Id.*

[2]   Further, courts have recognized the need to maintain the confidentiality of sales information, customer information, and business strategy information, to preserve a party's competitive standing. *See, e.g., Triquint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. cv. 09-1531-PHX-JAT, 2011 WL 6182346, *4-6 (D. Ariz. Dec. 13, 2011).

## III. CONCLUSION

For the foregoing reasons, Aevoe requests that the Court permit it to file under seal Exhibit A ([Proposed] Redaction of Sealed Order entered November 27, 2012) to Aevoe's concurrently filed motion for leave.

RESPECTFULLY SUBMITTED this 7th day of December, 2012.

McDONALD CARANO WILSON LLP

By: _____
JEFFREY A. SILVESTRI (#5779)
JOSEPHINE BINETTI McPEAK (#7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

WINSTON & STRAWN LLP
David S. Bloch *(pro hac vice)*
Jennifer A. Golinveaux *(pro hac vice)*
K. Joon Oh *(pro hac vice)*
Elisabeth A. Derby *(pro hac vice)*

*Attorneys for Plaintiff AEVOE CORP.*

**IT IS SO ORDERED**

Dated: December 10, 2012

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 7th day of December, 2012, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE A CERTAIN DOCUMENT ATTACHED TO CONCURRENT FILING UNDER SEAL** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in the captioned case.

_/s/ Della Sampson_
An employee of McDonald Carano Wilson LLP

LVDOCS-#267740-v1