JEFFREY A. SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

DAVID S. BLOCH (appearing *pro hac vice*)
JENNIFER A. GOLINVEAUX (appearing *pro hac vice*)
K. JOON OH (appearing *pro hac vice*)
ELISABETH A. DERBY (appearing *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com
       bderby@winston.com

*Attorneys for Plaintiff AEVOE CORP.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>      Plaintiff,<br><br>      vs.<br><br>AE TECH CO., LTD., a Taiwan corporation, S & F Corporation dba SF PLANET COMPANY and SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation,<br><br>      Defendants. | **Case No. 2:12-cv-00053-GMN -RJJ**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO REGISTER SANCTIONS AWARD ORDER IN FOREIGN DISTRICTS** |

Plaintiff Aevoe Corp. hereby submits its Motion for Leave to Register the Court's November 27, 2012 sanctions award order ("November 27, 2012 Sanctions Award") in Foreign Districts.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.       INTRODUCTION AND BACKGROUND**

On November 27, 2012, the Court awarded Plaintiff Aevoe Corp. $1,079,760.08 in lost profits and $60,941.75 in attorneys' fees as sanctions against AE Tech Co., Ltd. for its violation of the preliminary injunction. (ECF No. 167 [sealed order]; ECF No. 181 [redacted order].)

On December 10, 2012, AE Tech filed a notice of appeal of the November 27, 2012 Sanctions Award. (ECF No. 177.) AE Tech did not obtain a supersedeas bond to stay the November 27, 2012 Sanctions Award. Fed. R. Civ. P. 62(d). Despite the lack of a stay, AE Tech has failed to pay the sanctions award and failed to respond to Aevoe's inquiry about when to expect payment.

On December 26, 2012, having received no indication about when AE Tech intended to comply with the November 27, 2012 Sanctions Award, Aevoe wrote to AE Tech to request that AE Tech confirm by no later than January 2, 2013 that it intends to comply with the November 27, 2012 Sanctions Award and to provide a date for the expected payment. Aevoe never received a response to that letter. Declaration of K. Joon Oh ("Oh Decl."), ¶¶ 2-3, Ex. A.

AE Tech has no known assets in Nevada based on record searches. AE Tech is not a registered business in Nevada. Oh Decl. ¶ 4, Ex. B. The state of Nevada also has no records of assets based uniform commercial code filings. Oh Decl. ¶ 5, Ex. C.

Although AE Tech has no known assets in Nevada, AE Tech has numerous customers located across the United States that sell AE Tech's ACASE-branded products. For example, ChiTek Corp. (d/b/a CTC Store) and Acase.com are based in New Jersey; Digital Media Outlet is based in New York; Straight Trading Inc. is based in Florida; Digital Media Source, Inc. is based in Florida; and S&F Corp. is located in Minnesota. Oh Decl. ¶ 5. Such customers sell hundreds of different products from AE Tech, including through their online stores and Amazon.com storefronts.[1] *Id.* at ¶ 5, Ex. D.

---

[1] *E.g.*, www.ctcstore.com, www.acase.com, http://www.amazon.com/gp/browse.html?ie=UTF8&marketplaceID=ATVPDKIKX0DER&me=A3JRBTF3T7J4ZI.

2

Because AE Tech has no known assets in Nevada, Plaintiff seeks leave to register the November 27, 2012 Sanctions Award in other districts in which AE Tech has customers and likely assets.

## II. ARGUMENT

### A. Good Cause Exists for an Order Allowing Aevoe to Register the Judgment in Other Districts.

28 U.S.C. § 1963, as amended in 1988, provides:

> A judgment in an action for recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any judicial district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court for good cause shown.

The "distinct possibility of plaintiff being faced with an unsatisfied judgment is sufficient 'good cause' to order the registration entered notwithstanding the alleged inconvenience and cost to defendant." *Assoc. Bus. Tele. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66-67 (D.N.J. 1989) (granting motion to register damages order in foreign districts before appeal was final). To show good cause, a "plaintiff need only show that (1) no supersedeas bond has been filed and (2) the absence of assets where judgment was rendered and the presence of assets where registration is sought." *E.I. Du Pont de Nemours and Co. v. Kolon Indust., Inc.*, no. 3:09cv058, 2012 WL 1203327, *1 (E.D. Va. April 10, 2012) (granting motion to register damages order in foreign districts when no supersedeas was posted). The "plaintiff need not show exact evidence of removal (of assets) from another district. Rather, the court has 'leeway' and can grant the registration upon a 'lesser showing.'" *See Assoc. Bus. Tele. Sys.*, 128 F.R.D. at 68 (discussing good cause under 28 U.S.C. § 1963).

Here, good cause exists to allow Aevoe to register the judgment in foreign U.S. districts. First, AE Tech has failed to obtain a supersedeas bond or an order to stay the November 27, 2012 Sanctions Award. Furthermore, interlocutory orders are not automatically stayed by appeal. Fed. R. Civ. P. 62(a)(1). Civil contempt and sanctions orders, such as the sanctions award order here, are interlocutory in nature. *See*, *e.g.*, *LMK Enters., Inc. v. Perma-Link Indust., Inc.*, 423 Fed. Appx. 972 (Fed. Cir. 2011) (Rader, J.) (holding sanctions order was interlocutory); *Entergis, Inc. v. Pall Corp.*,

490 F.3d 1340 (Fed. Cir. 2007) (holding contempt order for violating a preliminary injunction by distributing a modified version of infringing products was interlocutory); *Koninklijke Philips Elecs.,N V v. KXD Tech., Inc.*, 539 F.3d 1039 (9th Cir. 2008) (holding contempt order was interlocutory).

Second, Aevoe has also shown that AE Tech has insufficient assets in this district to satisfy the sanctions award and potentially substantial assets in foreign districts. Record searches showed no assets in Nevada. *Cianbro Corp. v. George H. Dean, Inc.*, 749 F. Supp. 2d 1, 3 (D. Maine 2010) (finding insufficient assets based on record searches). Furthermore, the evidence shows that AE Tech continues to do substantial business in the United States and has potentially substantial assets in other districts. A search on Amazon.com for "ACASE" products returned over six thousand results. Oh Decl. ¶ 6, Ex. E. As discussed above, AE Tech has numerous customers across the United States. The evidence shows that AE Tech may have substantial assets in other districts, including money or property in the possession of AE Tech's customers, such as payments and debts to AE Tech or ACASE-branded products still owned by AE Tech. *E.I. Du Pont,* 2012 WL 1203327 at *2 (granting motion to register judgment when defendant "has assets in other states and abroad"); *Cianbro Corp.*, 749 F. Supp. 2d at 3 (granting motion to register attorneys' fee award in foreign district where defendant conducted business); *Assoc. Bus. Tele. Sys.*, 128 F.R.D. at 68 (granting motion to register damages order in foreign districts where "defendants have assets or interests in assets through the country").

Accordingly, Aevoe seeks leave to register the sanctions award order in foreign districts in the U.S. where AE Tech has customers or where other assets can be located.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

4

### III. CONCLUSION

For the foregoing reasons, Aevoe requests that the Court grant Aevoe leave to file the sanctions award order in foreign districts.

RESPECTFULLY SUBMITTED this 11th day of January, 2013.

                McDONALD CARANO WILSON LLP

By: */s/ Josephine Binetti McPeak*
    JEFFREY A. SILVESTRI (#5779)
    JOSEPHINE BINETTI McPEAK (#7994)
    2300 West Sahara Avenue, Suite 1000
    Las Vegas, NV 89102
    jsilvestri@mcdonaldcarano.com
    jmcpeak@mcdonaldcarano.com

    WINSTON & STRAWN LLP
    David S. Bloch *(pro hac vice)*
    Jennifer A. Golinveaux *(pro hac vice)*
    K. Joon Oh *(pro hac vice)*
    Elisabeth A. Derby *(pro hac vice)*

    *Attorneys for Plaintiff AEVOE CORP.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on or about the 11th day of January, 2013, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO REGISTER SANCTIONS AWARD ORDER IN FOREIGN DISTRICTS** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in the captioned case.

*/s/ Della Sampson*
An employee of McDonald Carano Wilson LLP

6