**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., a California corporation, ) <br> ) <br>               Plaintiff, ) <br>    vs. ) <br> ) <br> AE TECH CO., LTD., a Taiwan corporation; ) <br> S&F Corporation *dba* SF PLANET ) <br> CORPORATION, a Minnesota corporation, ) <br> and GREATSHIELD INC., a Minnesota ) <br> corporation, ) <br>               Defendants. ) <br> _____) | Case No.: 2:12-cv-00053-GMN-RJJ <br><br> **ORDER** |

     Pending before the Court is the Motion for Clarification of Preliminary Injunction Order (ECF No. 72) filed by Defendant AE Tech. Co., Ltd., Defendant S&F Corporation *dba* SF Planet Corporation, and Defendant GreatShield Inc. (collectively, "Defendants"). Plaintiff filed a Response in opposition. (ECF No. 81.) Defendants failed to file a Reply.

**I.     BACKGROUND**

     This case arises from the alleged infringement of U.S. Patent No. 8,044,942, which relates to a touch screen protector for a hand-held electronic device. (Am. Compl. 2:2-4, ECF No. 44.) On May 2, 2012, the Court entered a Preliminary Injunction that orders that:

> [Defendants], their agents servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and hereby are, preliminary enjoined from practicing, making, manufacturing, importing, offering for sale, selling, and/or otherwise using U.S. patent No. 8,044,942, or a colorable imitation of the same, and from transferring, moving, returning, destroying, or otherwise disposing of any Infringing Goods, including, but not limited to, ACase APlus Shield Anti-Glare products, original and redesigned, and the GreatShield EZseal Plus 100% Bubble Free Screen Protector, pending a trial on the merits.

(Prelim. Inj. 2, ECF No. 2.)  Thereafter, the Court issued its Order on Plaintiff's Motion to Show Cause why Defendants should not be held in contempt for violating the Preliminary Injunction.  Defendants now seek clarification from the Court "to determine whether the sale of any of the four screen protectors described [in its motion] is precluded by the Court's preliminary injunction order." (Def.'s Mot. for Clarification 2:11-14, ECF No.72.)

## II. DEFENDANTS' MOTION AMOUNTS TO A REQUEST FOR AN IMPERMISSIBLE ADVISORY OPINION

The role of the federal courts is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 1999).  In this motion, Defendants essentially ask this Court to issue an advisory opinion as to whether four hypothetical redesigned touchscreens would likely infringe Plaintiff's patent.  However, the constitutionally limited jurisdiction of all federal courts does not permit this Court to "opine in the abstract on questions of infringement involving drawings of hypothetical products."(Pl.'s Resp. 4:26-27, ECF No. 81.)  Thus, the Court DENIES Defendants' motion.

## III. DEFENDANTS FAILED TO FILE POINTS AND AUTHORITIES

Even if Defendants' request did not amount to a request for an unconstitutional advisory opinion, the Court would still deny Defendants' motion for failure to comply with Local Rule 7-2(d).  Rule 7-2(d) of the Local Rules of Practice for the United States District Court for the District of Nevada provides, if a party fails to file points and authorities in support of its motion, that failure constitutes "consent to the denial of the motion." D. Nev. R. 7-2(d).  Here, Defendants failed to file points and authorities that support their request, as required by Local Rule 7-2(d).  In fact, Defendants have failed to cite a single source from which this Court's authority to grant such a motion derives.  Accordingly, the Court DENIES Defendants' motion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Clarification (ECF No. 72) is **DENIED**.

**DATED** this 6th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge