**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AEVOE CORP., a California corporation,           )
                                                 )
                    Plaintiff,                   )           Case No.: 2:12-cv-00053-GMN-NJK
        vs.                                      )
                                                 )               **ORDER**
AE TECH. CO., LTD., a Taiwan corporation;        )
S&F CORPORATION *dba* SF PLANET                  )         Motion to Dismiss Defendants'
CORPORATION, a Minnesota corporation,            )         Counterclaims (ECF No. 67), Motion to
and GREATSHIELD INC., a Minnesota                )         Strike Defenses (ECF No. 68), and Motion
corporation,                                     )         for Leave to File Sur-Reply in Opposition to
                                                 )         Plaintiff's Motion to Dismiss (ECF No. 86)
                    Defendants.                  )
_____        )


        Pending before the Court is the Motion to Dismiss Defendants' Counterclaims (ECF No.

67) and the Motion to Strike the corresponding Defenses (ECF Nos. 68) filed by Plaintiff Aevoe

Corporation ("Plaintiff").  Defendants AE Tech. Co., LTD, SF Planet Corporation, and

GreatShield Inc. (collectively, "Defendants") filed a Response (ECF No. 84) and Plaintiff filed a

Reply (ECF No. 86).

        Also pending before the Court is the Motion for Leave to File Sur-Reply in Opposition to

Plaintiff's Motion to Dismiss. (ECF No. 91.)  Plaintiff did not file a Response to Defendants'

request to file a sur-reply.

# I.      BACKGROUND

        This case arises from Defendants' alleged infringement of United States Patent No.

8,044,942 ("the '942 Patent"). (Am. Compl. ¶¶ 35-44 , ECF No. 44.)  Specifically, the '942

Patent relates to touch screen protection products. (*Id.* at ¶ 36, ECF No. 44.) *See generally*

United States Patent No. 8,044,942 (filed June 14, 2011) (issued Oct. 25, 2011).

Plaintiff initiated this action on January 11, 2012. (Compl., ECF No.1.)  Plaintiff subsequently filed its Amended Complaint on March 14, 2012. (Am. Compl., ECF No.44.) Defendant AE Tech filed its Answer on March 30, 2012 (Answer, ECF No. 51) and Defendants S&F Corporation and GreatShield Inc. filed their Answer on April 9, 2012 (Answer, ECF No. 52).[1]  In the Answers, all three Defendants assert the same affirmative defenses: (1) unclean hands; (2) unenforceability; (3) noninfringement; (4) invalidity; (5) inequitable conduct; and (6) any additional affirmative defenses that become apparent during the course of the litigation. (Answer at 5:26-6:13, ECF No. 51.)  Each of the three Defendants also assert the same four counterclaims: (1) declaratory judgment of noninfringement; (2) declaratory judgment of invalidity; (3) declaratory judgment of unenforceability; and (4) false marking. (*Id.* at ¶¶ 25-51.)

Thereafter, Plaintiff filed the instant motion requesting that this court strike Defendants' Inequitable Conduct Affirmative Defense and requesting that this Court dismiss Defendants' Unenforceability and False Marking Counterclaims. (*See generally* Mot. to Dismiss, ECF Nos. 67, 68.)  After the parties completed the briefing authorized by Local Rule 7-2, Defendant requested leave to file a Sur-Reply. (ECF No. 191.)

For the reasons stated below, the Court GRANTS Plaintiff's Motion to Dismiss and Plaintiff's Motion to Strike.  The Court also GRANTS Defendants' Motion for Leave to File Sur-Reply.  Therefore, the Court strikes Defendants' Inequitable Conduct Affirmative Defense and dismisses Defendants' Unenforceability and False Marking Counterclaims.  However, the striking and dismissal are without prejudice.  The Court grants Defendants leave to file an Amended Answer amending their Inequitable Conduct Affirmative Defense and their Unenforceability and False Marking Counterclaims **by March 22, 2013.**

---

[1] Both Answers are substantially similar.  In fact, the Answers appear identical in the sections referring to the affirmative defenses and the asserted counterclaims. (*Compare* Answer ¶¶ 46-51, ECF No. 51 *with* Answer ¶¶ 46-51, ECF No. 52.) Accordingly, for the sake of clarity, this Order references only the Answer filed by AE Tech but the rulings apply as to both. (Answer, ECF No. 51.)

## II.      CHOICE OF LAW

 "On procedural issues, [courts] follow[] the rule of the regional circuit, unless the issue is unique to patent law and therefore exclusively assigned to the Federal Circuit." *Madey v. Duke Univ.*, 307 F.3d 1351, 1358 (Fed. Cir. 2002).  If "the issue pertains to or is unique to patent law," district courts apply the law of the Federal Circuit "to both substantive and procedural issues [that are] intimately involved in the substance of enforcement of the patent right." *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed. Cir. 2001) (internal quotation marks and citations omitted).  Furthermore, the question of which circuit's law to apply is decided on an issue-by-issue basis. *Id.*

## III.     PLAINTIFF'S MOTION TO DISMISS

Plaintiff requests that this Court dismiss Defendants' Counterclaim for Declaratory Judgment of Unenforceability and Defendants' Counterclaim for False Marking. (Pl.'s Mot. to Dismiss, ECF No. 67.)  For the reasons stated below, the Court grants Plaintiff's Motion.  In addition, the Court grants Defendants leave to amend by filing an Amended Answer **by March 22, 2013.**

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### B.   Plaintiff's Motion to Dismiss Defendant's False Marking Counterclaim

Defendants' final counterclaim alleges that Plaintiff has engaged in false marking as prohibited by title 35, section 292 of the United States Code.  Specifically, section 292(a) prohibits an entity from "affix[ing] to . . . any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public . . .." 35 U.S.C. § 292(a).  The statute further provides, in section 292(b), that any "person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury." 35 U.S.C. § 292(b).

Because false marking "sounds in fraud," to survive a motion to dismiss, the party alleging false marking must satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir.

2011).  As such, a complaint that alleges false marking "is insufficient when it only asserts conclusory allegations." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The statute first requires that the patent indicia be affixed to an unpatented article. 35 U.S.C. § 292(a).  Second, the statute requires Defendants to allege that the false marking was done "for the purpose of deceiving the public." 35 U.S.C. § 292(a).  Finally, the statute requires Defendants to allege sufficient facts to plausibly establish that, as a result of Plaintiff's alleged mismarking of the laptop screen protector products, Defendants' ability to compete against Plaintiff in the market for laptop screen protector products was impaired, resulting in tangible economic loss to Defendants. *See e.g., Fisher-Price, Inc. v. Kids II, Inc.*, No. 10-CV-00988A F, 2011 WL 6409665, at *9 (W.D.N.Y. Dec. 21, 2011).  Because the heightened pleading standard of Rule 9(b) applies to false marking claims, Defendants must plead each of these elements with particularity. Therefore, a pleading that simply recites the substantive elements of the false marking statute without setting forth the particularized factual bases for the allegation, cannot satisfy Rule 9(b).

## 1.   Choice of Law

Whether the party alleging false marking has satisfied the heightened pleading standard of Rule 9(b) is governed by Federal Circuit law because "it bears on an issue that 'pertains to or is unique to patent law.'" *See Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).[2]

---

[2] Defendant appears to argue that this Court should adopt a relaxed Rule 9(b) pleading standard. (Defs.' Resp. Br. 11:17-12:4, ECF No. 84.)  However, this relaxed standard is applicable only in a limited set of circumstances.  Specifically, the Ninth Circuit has recognized that "Rule 9(b) may be relaxed to permit discovery in a limited class of *corporate fraud cases* where the evidence of fraud is within a defendant's exclusive possession." *See e.g., U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (emphasis added).  Thus, Defendants' argument that this court adopt the relaxed Rule 9(b) approach that has been adopted by the Ninth and Seventh Circuits is unpersuasive.  The Court does recognize however, that the Federal Circuit at least allows the deceptive intent element of inequitable conduct to be pleaded solely on "information and belief" if the "essential information lies uniquely within another party's control [and] only if the pleading sets forth the specific facts upon which the belief is reasonably based." *Exergen*, 575 F.3d at 1330.

### 2.    Patent Indicia Affixed to an Unpatented Article

In Defendants' Counterclaim for False Marking, Defendants contend that Aevoe marked the packaging of its Moshi iVisor Pro screen protector for a MacBook computer ("laptop screen protector product") as covered by a patent. (Answer, ¶48, ECF No. 51.)  Defendants further allege that "[t]here is no United States patent that covers" this laptop screen protector product. (*Id.* at ¶ 49.)  Accordingly, Defendants' adequately pleaded the first element of the false marking statute.

### 3.    Intent to Deceive the Public

Defendants' Counterclaim for False Marking consists of six paragraphs. (Answer, ¶¶ 46-51, ECF No. 51.)  Absent from any of those paragraphs is an allegation that Plaintiff acted with the purpose of deceiving the public when it marked its laptop screen protector product with the words "Patented technology ensures that the iVisor Pro is 100% bubble-free upon installation." (*See id.*)  Defendants failed to even acknowledge this element of false marking.  Naturally, Defendants have not met the heightened pleading standard imposed by Rule 9(b). (*See* Pl.'s Reply Br. 7:8-13, ECF No. 86 ("The defendants fail even to plead this element as a bare conclusion, let alone to assert any facts in support of it").)  Therefore, Defendants' False Marking Counterclaim must be dismissed.  However, the Court will grant Defendants leave to amend this counterclaim by filing an amendment **by March 22, 2013**.

### 4.    Competitive Injury

Defendants' only allegation related to competitive injury is a bare assertion that Defendants "ha[ve] and will continue to suffer a competitive injury as a result of [Plaintiff's] false marking of the packaging" of its laptop screen protector product. (*Id.* at ¶ 50.)  To satisfy the heightened pleading standard of Rule 9(b), Defendants must allege additional facts that, when taken as true, plausibly establish that Defendants' ability to compete in this market was impaired, and that Defendants suffered tangible economic loss as a result.  Defendants'

conclusory statement of competitive injury is insufficient to satisfy the pleading standard.  For example, Defendants fail to even allege that they produced or, even considered producing, a competing laptop screen protector product.  Therefore, Plaintiff's motion is granted and the Court dismisses Defendants' False Marking Counterclaim.  However, the Court will grant Defendants leave to amend this counterclaim by filing an amendment **by March 22, 2013**.

### 5.   Leave to Amend

When a district court dismisses for failure to state a claim, the court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Here, Defendants argue that even if the Court grants Plaintiff's motion to dismiss, "Defendants should be given a chance to amend their counterclaims as there is no undue prejudice to Plaintiff." (Defs.' Resp. Br. 16:17-21, ECF No. 84.)  Plaintiff, on the other hand, asserts, without citing to legal authority, that the existence of patent applications pending in connection with the iVisor Pro "negates the 'intent' element of the offense and provides an independent reason to dismiss the defendants' false marking claims without leave to amend." (Pl.'s Mot. to Dismiss 8:7-13.)  The Court finds that Defendants could possibly cure the defects in this counterclaim by filing an amended counterclaim that includes additional factual allegations.  Plaintiff's argument fails to persuade the Court otherwise.  Accordingly, the Court grants Defendants leave to file an amended counterclaim **by March 22, 2013**.

### C.   Plaintiff's Motion to Dismiss Defendants' Unenforceability Counterclaim

In Defendants' counterclaim for a declaratory judgment of unenforceability, Defendants contend that the '942 Patent is "unenforceable based on the doctrine of inequitable conduct." (Answer, ¶ 32, ECF No. 51.)  Inequitable conduct occurs when the patent applicant fails to disclose material information, or submits false material information, with an intent to deceive

the patent examiner. *Kingsdown Med. Consultants, Ltd. V. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988); *see also* 37 C.F.R. § 1.56 ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [Patent] Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section").  Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc). 37 C.F.R. § 1.56

Because inequitable conduct also sounds in fraud, to survive a motion to dismiss, the accused infringer must satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009).  As discussed above in Section III.B, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Thus, "[a] pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Exergen*, 575 F.3d at 1326-27.

To plead inequitable conduct, the accused infringer must allege that (1) "the applicant misrepresented or omitted material information" (2) "with the specific intent to deceive the PTO." *Therasense*, 649 F.3d at 1287.  To satisfy the heightened pleading requirement of Rule 9(b), the accused infringer must identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327. Specifically, "[a] charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss *only if* the plaintiff's complaint recites facts from which the court may *reasonably infer* that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO."

*Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011) (emphasis added).

### 1.    Choice of Law

Whether the accused infringer has satisfied the heightened pleading standard of Rule 9(b) in pleading inequitable conduct is governed by Federal Circuit law because "it bears on an issue that 'pertains to or is unique to patent law.'" *Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).

### 2.    Who, What, Where, Why, and How of the Alleged Failure to Disclose Material Prior Art

When asserting an inequitable conduct counterclaim, accused infringers must first plead with particularity that the applicant misrepresented or omitted material information. *Therasense*, 649 F.3d at 1287.  To satisfy the heightened pleading requirement of Rule 9(b), accused infringers must identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327.

#### a.    The "Who"

In Defendants' Counterclaim for Declaratory Judgment of Unenforceability, they state that "[d]uring prosecution of the '942 patent, the Applicants of the '942 patent did not comply with their duty of disclosure . . .." (Answer ¶ 33, ECF No. 10.)  In *Exergen*, the Federal Circuit instructed that the pleading must "name the specific individual associated with the filing or prosecution of the application . . . , who both knew of the material information and deliberately withheld or misrepresented it." *Exergen*, 575 F.3d at 1329 (holding that a general reference to "Exergen, its agents and/or attorneys" was insufficient to satisfy this requirement).  Similarly, in *Oracle Corp. v. DrugLogic, Inc.*, the district court found that a recitation of "[e]ach attorney or agent who prepared or prosecuted the application" was insufficient to satisfy this pleading requirement. 807 F. Supp. 2d 885, 898 (N.D. Cal. 2011).

Defendants' general statement refers only to "the Applicants of the '942 patent," (Answer ¶ 33) and thus fails to "name [a] specific individual" *Exergen*, F.3d at 1329.  Although reference to "the Applicant" may be sufficient when only one inventor is listed on the patent, here, the '942 Patent lists three individuals as inventors. '942 Patent, at [75].  Defendants' counterclaim fails to identify which of these three inventors "both know of the material information and deliberately withheld or misrepresented it." *Exergen*, 575 F.3d at 1329.  Even if the Defendants attempted to satisfy the pleading requirement by alleging that the prosecuting attorneys failed to disclose the material information, the counterclaim, as written, is still inadequate.  Specifically, the duty of candor imposed by 37 C.F.R. § 1.56 applies only to "individuals." *See also Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 974 n.1 (Fed. Cir. 2010).  Defendants have not alleged the identity of an individual associated with the prosecution of the patent in its counterclaim.  Additionally, Defendants cannot simply rely on the patent because the patent names only the law firm entity, Winston & Strawn LLP as the prosecuting attorney. '942 Patent, at [74].  Because Defendants' counterclaim fails to adequately identify the "who" of the material omissions and misrepresentation, this counterclaim falls short of the pleading standard for the first element of inequitable conduct.  Accordingly, the Defendant's Counterclaim for Declaratory Judgment of Unenforceability must be dismissed.

### b.   The "What" and "Where"

In paragraphs thirty-four through forty, Defendants' counterclaim explains the features of the alleged omitted material prior art. (Answer ¶¶ 34-40, ECF No. 51.)  Then, Defendants allege that, during the prosecution of the application that issued as the '942 Patent, the Applicants and their attorneys failed to disclose the existence of two laptop screen protector products, the Moshi iVisor Pro and the Moshi iVisor AG, to the USPTO. (*Id.*at ¶ 42.)  Defendants further allege that "[t]here are no significant differences between either the Moshi iVisor Pro or the Moshi iVisor

AG MacBook computer screen protector and an iVisor screen protector for an Apple iPhone or iPad embodying the '942 patent other than its size." (*Id.* at ¶ 40.)

The allegations in the counterclaim more specifically address these requirements than it does the "who" requirement.   Defendants have adequately identified "what" the potentially material information was that was withheld from the examiner: the two laptop screen protector products. (Answer ¶¶ 34-40.)

Defendants have attempted to explain the "where" by discussing the features of the laptop screen protectors and by alleging that there are no significant differences between those screen protectors and the screen protectors that embody the '942 Patent. (*Id.* at ¶ 40.)  In addition, Defendants allege that "[h]ad the USPTO been aware of a sale or any public disclosure made prior to June 14, 2010 of the Moshi iVisor AG or the Moshi iVisor Pro, the '942 patent would not have issued." (*Id.* at ¶ 43.)  However, the counterclaim fails to identify which claims of the '942 Patent that these screen protectors would invalidate. *See Exergen*, 575 F.3d at 1329. Furthermore, Defendants cannot simply argue that Plaintiff should know the claims to which Defendants are referring; the counterclaim must itself identify those claims. *Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*, No. 11-cv-04100-WHA, 2012 WL 1094324, at *4 (N.D. Cal. Mar. 29, 2012) ("The pleading standard for inequitable conduct requires more than that a plaintiff *should* know to what defendant refers. To satisfy *Exergen*, the pleading, itself, must specifically identify to which claims, and which limitations in those claims, the withheld references are relevant").  Thus, Defendants have failed to explain the "where" and Defendants' counterclaim must be dismissed.

### c.    The "Why" and "How"

To fully plead that a specific person omitted material information, the Defendants' pleading must also explain both "why" the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the

1    claims." *Exergen*, 575 F.3d at 1329-30 (citations omitted).

2    Information that is withheld from the USPTO is but-for material only when "the PTO

3    would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense*, 649

4    F.3d at 1291.  Defendants' counterclaim alleges that "[h]ad the USPTO been aware of a sale or

5    any public disclosure made prior to June 14, 2010 of the Moshi iVisor AG or the Moshi iVisor

6    Pro, the '942 patent would not have issued." (Answer ¶ 43, ECF No. 51.)  Given the similarity

7    between the laptop computer screen protectors and the products embodying the '942 Patent, the

8    Court finds that Defendants have adequately pleaded that the patent examiner might not have

9    allowed the unspecified claims if he/she had been aware of these undisclosed products.

10   The same cannot be said for Defendants' allegations that the two products were not

11   cumulative of the information already disclosed during prosecution.  "It is well-established . . .

12   that information is not material if it is cumulative of other information already disclosed to the

13   PTO." *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1367 (citing *Honeywell*

14   *Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 1000 (Fed.Cir.2007); 37 C.F.R. §

15   1.56(b)).  Accordingly, to satisfy the "why" component, Defendants' counterclaim must also

16   plead with particularity that the withheld information is not cumulative of the information

17   actually disclosed during prosecution.  Such facts are absent from Defendants' counterclaim.

18   (*See* Answer ¶¶ 31-45.)  Therefore, the Court finds that Defendants' counterclaim fails to plead

19   with particularity "why" the withheld information is material and not cumulative. *See e.g.*,

20   *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 899 (N.D. Cal. 2011) (granting the

21   plaintiff's motion to dismiss the defendant's inequitable conduct claim for, among other things,

22   failing to "allege any facts to support an inference that the information allegedly withheld from

23   the PTO is not cumulative of the information previously disclosed to the examiner"); *Abaxis,*

24   *Inc. v. Cepheid*, No. 10-cv-02840-LHK, 2011 WL 1044396, at *5 (N.D. Cal. Mar. 22, 2011)

25   (finding that the defendant's answer "failed to allege with the required particularity that the

material information within [the omitted reference] was not already before the PTO"); *Elan Microelectronics Corp. v. Apple, Inc.*, 09-cv-01531-RS, 2010 WL 3069322, at \*2-3 (N.D. Cal. Aug. 4, 2010) (granting the plaintiff's motion to dismiss the defendant's inequitable conduct counterclaim when the defendant alleged sufficient facts to establish materiality but failed to support its conclusion that the material allegedly withheld was not cumulative of the information disclosed during prosecution).

Defendants' counterclaim must also plead with particularity "how" an examiner would have used this information in assessing the patentability of the claims.  Defendants rely on its conclusory statement that if the examiner had knowledge of these products, then the '942 Patent would not have issued. (*Id.* at ¶ 43.)  This conclusory statement is inadequate.  Specifically, this conclusory statement of but-for materiality fails to identify the basis on which the examiner would have rejected the '942 Patent.[3]  The Court does not doubt that this information would have been relevant to the examiner, but Defendants' counterclaim, as it stands, fails to plead "how" the examiner would have used this information in examining the patentability of the claims with the particularity required by Rule 9(b).

### 3.   Specific Intent to Deceive

Accused infringers must also plead with particularity facts from which a court may reasonably infer that a specific individual knew of this material information and deliberately withheld it with the specific intent to deceive the PTO. *Exergen*, 575 F.3d at 1328.  "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith. *See Therasense*, 649 F.3d at 1287. Furthermore, courts should exercise caution when drawing such an inference when that inference arises "solely from the fact that the information was not disclosed; there must be a

---

[3] Even if Defendants' had argued that Plaintiff *should know* the basis for rejection based on the laptop computer screen protector products, the pleading standard requires more.  To satisfy *Exergen*, the pleading, *itself*, must specifically identify the basis on which the examiner would have rejected the claims.

factual basis for a finding of deceptive intent." *Harrah's Entm't, Inc. v. Station Casinos, Inc.*, 321 F. Supp. 2d 1184, 1189 (D. Nev. 2004) (citing *Upjohn Co. v. Mova Pharm. Co.*, 225 F.3d 1306, 1312 (Fed. Cir. 2000)).

In this case, neither party disputes that some specific individual associated with the prosecution of this patent had knowledge of these laptop screen protector products. Therefore, the Court need only address whether Defendants have pleaded with particularity facts from which the Court can reasonably infer that the specific individual that deliberately withheld the material information also acted with the specific intent to deceive the USPTO. For the reasons discussed below, Defendants have failed to satisfy the heightened pleading requirement of Rule 9(b). Therefore, even if Defendants had adequately pleaded the first element of its inequitable conduct counterclaim, the counterclaim would still be dismissed for failing to plead this second element with the particularity required by Rule 9(b).

In their unenforceability counterclaim, Defendants merely assert that "the Applicants deliberately and/or intentionally attempted to withhold any information regarding the Moshi iVisor AG and the Moshi iVisor Pro." (Answer ¶ 45, ECF No. 51.) Defendants first mention that "[t]he Applicants and their Attorneys knew of the iVisor AG MacBook during prosecution and at the time of filing the application that lead to the '942 patent." (Def.'s Resp. Br. 8:9-9:16, ECF No. 84.) Defendants further note that the Applicants and their Attorneys disclosed a variety of non-touch screen protectors to the patent examiner, but failed to inform the examiner of the screen protectors for laptop computers. (*Id.* at 8:12-9:2.) Finally, Defendants observe that the Applicants filed declarations alleging that they invented the screen protector embodied by the '942 Patent prior to the publication date of the TW 201027992 reference. (*Id.* at 9:3-5.) From this final observation, Defendants conclude that "[t]hose declarations were accepted by the patent examiner and prompted him to conclude that the TW 201027992 reference was not prior art since the '942 patent was issued." (*Id.* at 9:5-12.) Ultimately, Defendant argues that its

statement in paragraph 43 of the counterclaim, concluding that if the examiner had known about the laptop screen protectors, he/she would not have issued the '942 Patent, satisfies the pleading standard of Rule 9(b). (*Id.* at 9:13-15.) Specifically, Defendant states that "[i]t is clearly a reasonable inference in light of these facts that the Applicants of the '942 patent and their Attorneys specifically intended to deceive the USPTO by withholding material information." (*Id.* at 9:15-19.)

District courts are currently conflicted on the effect of the Federal Circuit's holding in *Therasense* on the pleading requirements for the specific intent to deceive element. For example, certain district courts have concluded that "*Therasense* tightened the standard for pleading so that specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Hansen Mfg. Corp. v. Enduro Sys., Inc.*, No. 11-cv-4030, 2011 WL 5526627, at *4 (D.S.D. Nov. 14, 2011) (concluding that properly alleging inequitable conduct requires facts from which the only possible reasonable inference is an intent to deceive); *see also Quest Software, Inc. v. Centrify Corp.*, No. 2:10-cv-859-TS, 2011 WL 5508820, at *2-3 (D. Utah Nov. 9, 2011) (finding that a defendant could not adequately plead inequitable conduct in part because "the allegations do not reveal that the intent to deceive is the most reasonable inference to be drawn from the evidence"). Other district courts have chosen a more moderate approach. These courts have determined that "the claimant need only allege facts from which the Court could *reasonably infer* that the patent applicant made a deliberate decision to deceive the PTO." *Wyeth Holdings Corp. v. Sandoz, Inc.*, No. 09-cv-955-LPS-CJB, 2012 WL 600715, at *13-16 (D. Del. Feb. 3, 2012) (finding the plaintiff's pleading sufficient where the plaintiff alleged that the defendant had "engaged in a multi-faceted strategy to deceive the PTO by convincing the Examiner that the claimed invention . . . results in a much more stable solution that the prior [art]").

Although the Court will not impose the high burden adopted by the courts in *Hansen* and

*Quest Software*, the Court nevertheless concludes that Defendants have failed to satisfy the heightened pleading requirement of Rule 9(b).  Defendants have alleged only that "the Applicants deliberately and/or intentionally attempted to withhold any information regarding the Moshi iVisor AG and the Moshi iVisor Pro." (Answer ¶ 45, ECF No. 51.)  This bare assertion fails to even allege specific intent to deceive the USPTO.  Even if Defendants' counterclaim alleged that the specific intent to deceive should be inferred from this non-disclosure, Defendants' counterclaim would still fail to satisfy the pleading requirement.  In order to satisfy Rule 9(b), Defendants must allege facts beyond merely alleging a non-disclosure and concluding from that non-disclosure that Plaintiff must have acted with the specific intent to deceive. Accordingly, the allegations in Defendants' unenforceability counterclaim fail to provide sufficient facts from which the Court can *reasonably infer* that a specific person acted with the specific intent to deceive the patent examiner.  For these reasons, Plaintiff's motion to dismiss is granted.

### 4.    Leave to Amend

When a district court dismisses for failure to state a claim, the court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Here, Defendants argue that even if the Court grants Plaintiff's motion to dismiss, "Defendants should be given a chance to amend their counterclaims as there is no undue prejudice to Plaintiff." (Defs.' Resp. Br. 16:17-21, ECF No. 84.)  Plaintiff on the other hand asserts that amending this counterclaim is "obviously futile." (Pl.'s Reply Br. 1:27-28, ECF No. 86.)  Plaintiff further argues that "Defendants' request for permission to engage in a fishing expedition through discovery on this subject exemplifies the sort of misbehavior that led the Federal Circuit to tighten the standard for pleading this claim." (*Id.* at 5:19-21 (citing

*Therasense,* 649 F.3d at 1288).)   Finally, Plaintiff states that "[t]he defendants cannot amend their counterclaims to allege specific intent to deceive, and should not be afforded the opportunity to waste more of the Court's (and Aevoe's) time and resources." (Pl.'s Reply Br. 5:23-25.)   The Court finds that Defendants could possibly cure the defects in its counterclaim by filing an amended counterclaim that includes additional factual allegations.  Plaintiff's statements fail to persuade the Court otherwise.  Accordingly, the Court grants Defendants leave to file an amended counterclaim **by March 22, 2013**.

## IV.    PLAINTIFF'S MOTION TO STRIKE

In Plaintiff's motion, Plaintiff also requests that this Court strike Defendants' Fifth Affirmative Defense, which alleges that the '942 Patent is unenforceable due to inequitable conduct. (Pl.'s Mot. to Dismiss 1:27-28, ECF No. 67.)  For the reasons stated below, the Court grants Plaintiff's Motion to Strike Defendants' Fifth Affirmative Defense.  However, the Court grants Defendants leave to amend this affirmative defense **by March 22, 2013**, when it files its amended Unenforceability Counterclaim.

### A.    Choice of Law

A grant or denial of a motion to strike is not an issue unique to patent law.  Therefore, courts apply the law of the regional circuit where appeals from the district court would normally lie. *Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1313 (Fed. Cir. 2003).

### B.    Legal Standard

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . .." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

In this case, Plaintiff asserts that the Court should strike Defendants' Fifth Affirmative Defense only because it is an insufficient defense. (*See generally* Pl.'s Mot. to Dismiss 1:14-28, ECF No. 67.)  A defense is insufficiently pleaded if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir.1979).

### C.    Plaintiff's Motion to Strike Defendants' Inequitable Conduct Defense

As discussed above in Section III.0, the allegations in Defendants' Unenforceability Counterclaim are insufficient to state a claim of inequitable conduct.  Furthermore, the allegations in Defendants' related Fifth Affirmative Defense merely state that "Plaintiff had committed inequitable conduct before the United State [sic] Patent and Trademark Office ("USPTO")." (Answer 6:9-10, ECF No. 51.)  Such a statement clearly cannot save an affirmative defense when the related counterclaim has already been found wanting.  Therefore, the Court grants Plaintiff's Motion to Strike Defendants' Fifth Affirmative Defense.  However, the Court will allow Defendants' to amend this affirmative defense when it amends its Unenforceability Counterclaim.

## V.    <u>DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY</u>

After the parties completed the briefing authorized by Rule 7-2 of the Local Rules of Practice for the United States District Court for the District of Nevada, Defendants requested leave to file a sur-reply.  Plaintiff did not file an opposition to that motion.

Rule 7-2(d) of the Local Rules of Practice for the United States District Court for the District of Nevada provides that a party's failure to file points and authorities in opposition to a motion constitutes consent to that motion being granted. D. Nev. R. 7-2(d).  Accordingly, the Court GRANTS Defendants' request.  The Court has considered Defendant's sur-reply.  However, because the Court did not need to consider Plaintiff's arguments that relied on the USPTO's denial or Defendants' request for reexamination, Defendants' sur-reply does not alter the Court's judgment on this motion.

## VI.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Counterclaims and Strike Affirmative Defenses (ECF Nos. 67, 68) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall file their amended complaint **by March 22, 2013**.  Failure to file an amended complaint by that date will result in the Court striking Defendants' Fifth Affirmative Defense and dismissing Defendants' Unenforceability and False Marking Counterclaims.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Sur-Reply is **GRANTED**.

**DATED** this 7th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge