# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., | |
|        Plaintiff, | Case No. 2:12-cv-00053-GMN-NJK |
| vs. | ORDER DENYING MOTION TO REGISTER SANCTIONS |
| AE TECH. CO., et al., | (Docket No. 190) |
|        Defendants. | |

Pending before the Court is Plaintiff's motion to register sanctions in another jurisdiction. Docket No. 190. Defendant AE Tech ("Defendant") filed a response and Plaintiff filed a reply. Docket Nos. 194, 200. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-2. Having reviewed the materials submitted and for the reasons stated below, the motion is hereby **DENIED**.

Plaintiff seeks to register sanctions awarded on November 27, 2012 that remain unpaid pursuant to 28 U.S.C. § 1963. *See* Mot. at 2. The only challenge to the motion provided by Defendant in opposition is that Plaintiff failed to identify the registration forum at issue or to sufficiently establish the existence of assets in any forum. *See* Response at 3-5.[1] For registration of a judgment to be proper, the movant must establish "the presence of substantial assets in the

---

[1] Defendant's opposition fails to address any other aspect of the motion and the Court takes that silence as acquiescence that the motion is proper in all other respects. *See Newdow v. Congress of the United States of America*, 435 F. Supp. 2d 1066, 1070 n.5 (E.D. Cal. 2006), *aff'd sub nom.*, *Newdow v. Lefevre*, 598 F.3d 638 (9th Cir. 2010); *see also* Local Rule 7-2(d).

registration forum."  *See, e.g.*, *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1198 (9th Cir. 2001).

Plaintiff's motion seeks leave to register the sanctions award "in foreign districts . . . where AE Tech has customers or where other assets can be located."  Mot. at 4; *see also id.* at 3 ("good cause exists to allow Aevoe to register the judgment in foreign U.S. districts").  Plaintiff specifies in reply that it seeks leave to register the sanctions award in New Jersey, Minnesota, New York and Florida.  *See* Reply at 2.[2]  Plaintiff presented some evidence that AE Tech has customers based in those four states.  *See* Oh Decl. ¶ 5 (Docket No. 191).  But Plaintiff cites no authority that the mere fact that customers are based in a jurisdiction is sufficient to show the existence of "substantial assets" there for purposes of registering a judgment.[3]  Although the Court has some "leeway" in finding good cause, based on the papers before it, the Court declines to find Defendant has "substantial assets" in the specified jurisdictions.

For the first time in reply, Plaintiff seeks an order from the Court requiring Defendant to testify at a judgment debtor examination.  *See* Reply at 6.  Because the issue was not raised in the moving papers, the Court declines to address it.  *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) (declining to address issue raised for the first time in reply brief).

For the reasons discussed above, Plaintiff's motion to register sanctions is **DENIED**.

IT IS SO ORDERED.

DATED: April 23, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Ordinarily, the Court would find significant Defendant's failure to dispute that property exists in a particular jurisdiction.  *See Columbia Pictures*, 259 F.3d at 1198.  In this instance, however, the motion was not sufficiently clear as to the jurisdictions at issue to enable Defendant to dispute the existence of property in those jurisdictions.

[3] The reply brief cites two cases for the proposition that "the Court [may find] that AE Tech has substantial assets in the districts where its customers are located."  *See* Reply at 3 (citing *In Re Tabiban*, 289 F.2d 793, 796 (2d Cir. 1961) and *Howard v. United States*, 711 F.2d 729, 732 (5th Cir. 1983)).  Neither of these cases involves registering a judgment and neither infers the existence of substantial assets based on a customer being based in a particular state.