1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AEVOE CORP.,                                  )
                                             )
                  Plaintiff,                  )      Case No. 2:12-cv-00053-GMN-NJK
                                             )
vs.                                          )      ORDER GRANTING IN PART AND
                                             )      DENYING IN PART MOTION TO
AE TECH. CO., et al.,                        )      COMPEL (Docket No. 218)
                                             )
                  Defendants.                 )
_____)

13      Pending before the Court is Defendants' motion to compel. Docket No. 218. Plaintiff filed a

14  response and Defendants filed a reply. Docket Nos. 237, 245. The motion came on for hearing on

15  April 29, 2013. *See* Docket No. 268. Based on the parties' submissions and the argument of

16  counsel, and for the reasons discussed more fully at the hearing, the Court hereby **GRANTS** in part

17  and **DENIES** in part the motion as follows:

18      (1) <u>Request for Production 4</u>: The motion to compel is **GRANTED** in part, but the request

19  for production shall be limited to policies related to intellectual property to the extent not already

20  produced.

21      (2) <u>Requests for Production 13-15</u>: These requests relate to several non-touch screen

22  products, which Defendants assert are relevant to, *inter alia*, their amended unenforceability

23  counterclaim. *See* Mot. at 11. The Court agrees with Defendants that the information sought is

24  relevant to the counterclaim, *see* Docket No. 217 at 12, and discoverable generally, *see Surfvivor*

25  *Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (discussing relevancy standard).[1]

26

27      [1] To the extent this ruling is inconsistent with any statement at the hearing, this written order

28  controls.

Plaintiff resists producing the documents by arguing that the amended counterclaim will ultimately fail, *see* Response at 6-7, and that the amended counterclaim is being challenged in a pending motion to dismiss, *see id.* at 7.  As a result, Plaintiff argues that "it is impractical to grant broad discovery on claims that have already been dismissed and are likely to be dismissed again." *Id.*  Plaintiff's argument is not persuasive.  The pendency of a motion to dismiss does not in itself allow a party to avoid discovery.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) ("The Federal Rule of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending").  When a party seeks to avoid responding to discovery requests pending resolution of a motion to dismiss, the proper mechanism for doing so is through a motion to stay discovery.  *See, e.g., id.* at 600-03.[2]  To succeed in such a motion, the movant carries a "heavy burden of making a strong showing why discovery should be denied." *Id.* at 601.

To be sure, Judge Navarro previously noted several deficiencies in Defendants' counterclaim as initially pleaded.  *See* Docket No. 217 at 9-16.  But Judge Navarro also concluded that "Defendants could possibly cure the defects" and granted leave to amend. *Id.* at 16.  Plaintiff has failed to carry its burden of showing that discovery should not go forward based on its motion to dismiss the amended counterclaim.  *See Tradebay*, 278 F.R.D. at 603 (staying discovery pending resolution of motion to dismiss is proper where, *inter alia*, the Court conducts a preliminary peek at the motion and is "convinced" that a claim cannot be stated).[3]

Accordingly, the motion to compel is **GRANTED**.

---

[2]  Parties seeking a stay of all discovery must generally establish that the motion to dismiss is case-dispositive, but courts have also considered staying discovery related to certain claims subject to a non-case-dispositive motion to dismiss.  *See id.* at 602 ("the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" (discussing *Mlejnksy v. Olympus Imaging America, Inc.*, 2011 WL 489743, *6 (E.D. Cal. Feb. 7, 2011)).

[3]  Nor was the Court persuaded by Plaintiff's counsel's assertions at the hearing that an informal agreement existed based on the conduct of the parties to take a "wait and see approach" on this discovery.  Among other deficiencies in that argument, the parties are not permitted to make such an agreement without Court approval.  *See* Local Rule 7-1(b) ("Any stipulation that would interfere with any time set for completion of discovery . . . may be made only with the approval of the Court").

(3) <u>Request for Production 33</u>:  The motion to compel is **GRANTED** in part, but the request for production shall be limited to touch screen protectors and only to the extent such documents have not already been produced.

(4) <u>Request for Production 53</u>:  The motion to compel is **GRANTED** in part, but the request for production shall be limited to (a) documents within Plaintiff's possession, custody or control; (b) a time-frame 2 years before the application and 6 months after the application; and (c) only to the extent such documents have not already produced.

(5) <u>Request for Production 54</u>: The motion to compel is **GRANTED** in part with respect to all related patent applications, as well as published applications and file histories related to touch screen protectors, to the extent not already produced, as further clarified at the hearing (Tr. at 46-48).

(6) <u>Request for Production 57-58</u>: These requests relate to Defendants' amended false marking counterclaim.  As with Requests for Production 13-15, Plaintiff's primary argument is that the false marking counterclaim to which these documents relate was previously dismissed and the amended false marking counterclaim is currently being challenged through a renewed motion to dismiss.  For the same reasons discussed above, Plaintiff is not excused from complying with discovery requests based solely on the pendency of a motion to dismiss.

Plaintiff also objects to the fact that Request for Production 57 seeks documents for "each and every screen protector" sold by Plaintiff, questioning the relevance of the screen protectors beyond those identified in the amended counterclaim.  *See* Response at 10.  The Court agrees that screen protectors beyond those identified in the amended counterclaim are not relevant.[4]  The Court is not persuaded by Defendants' argument that false marking on other products can be used as evidence of intent to falsely mark other products.  *See* Response at 15.

Accordingly, with respect to Requests for Production 57-58, the motion to compel is **GRANTED** in part, except that the response to Request for Production 57 shall be limited to the

_____

[4]  The iVisor Pro for MacBook, iVisor AG for MacBook, and iVisor XT for iPad are expressly identified in the amended counterclaim. *See, e.g.*, Docket No. 231 at ¶¶ 157-159.

screen protectors identified in the amended counterclaim.

(7) <u>Requests for Admission 5-8, 11</u>: The motion to compel is **DENIED**, as the requests seek information about privileged communications.  To the extent Defendants challenge the sufficiency of Plaintiff's privilege log, that issue was not sufficiently briefed for the Court to rule at this time.

(8) <u>Requests for Admission 34-39</u>: These requests seek responses related to Defendants' amended false marking counterclaim.  As with Requests for Production 13-15 and 57-58, Plaintiff argues that the false marking counterclaim to which the requested admissions are relevant was previously dismissed and the amended false marking counterclaim is currently being challenged through a renewed motion to dismiss.  For the same reasons discussed above, Plaintiff is not excused from complying with discovery requests based solely on the pendency of a motion to dismiss.  The motion to compel is **GRANTED**.

(9) <u>Interrogatories 10-12</u>: The parties next dispute the number of interrogatories Defendant AE Tech served on Plaintiff.  Plaintiff contends that Interrogatories 10 through 12 each constitute more than one interrogatory, while AE Tech argues each constitutes only one.  Parties are allowed to serve "no more than 25 written interrogatories, including all discrete subparts."  Fed. R. Civ. P. 33(a)(1).  There is no rigid test to determine whether subparts constitute separate interrogatories and the Court must take a pragmatic approach in analyzing them.  *See Switch Communications Group v. Ballard*, 2011 WL 3957434, *6 (D. Nev. Sept. 7, 2011).  Generally, subparts of an interrogatory should be counted as part of one interrogatory if the subparts are logically or factually subsumed within and necessarily related to the primary question.  *Id.* (citing *Kendall v. GES Exposition Servs. Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997)).  Where a subpart can be answered independently of the primary question, then the subpart should be treated as a separate interrogatory.  *Id.*

The Court agrees with Plaintiff that Interrogatories 10 and 11 constitute multiple interrogatories.  Both of the interrogatories include no overarching primary question, but simply request information for "each claim in the '942 patent."  As written, Interrogatories 10 and 11 seek distinct information for each claim of the '942 patent.  *See Jones v. Hardy*, 727 F.2d 1524, 1528 (Fed. Cir. 1984) (each claim in the patent is considered as defining a separate invention).  As such, Interrogatories 10 and 11 each constitute 15 interrogatories.

1    The lack of a primary question distinguishes these interrogatories from the authority relied

2    upon by Defendant.  *See Overture Servs., Inc. v. Google Inc.*, No. C-02-1991 CRB (EDL) (N.D. Cal.

3    Jan. 8, 2004).  In *Overture*, the interrogatory sought for Google to "[f]ully describe [its] bases for its

4    assertion of noninfringement of the '361 patent, including . . . [various information] for each claim

5    limitation."  *Id.* at 2.  Google argued that the interrogatory constituted multiple interrogatories

6    because of the numerous claims in the patent, but the Court determined that the claim-specific

7    information was necessarily subsumed within the primary question regarding the bases for Google's

8    assertion of non-infringement.  *Id.* at 2-3.[5]  Unlike that situation, there is no primary question in

9    Interrogatories 10 and 11 under which the subparts are subsumed.

10   Because Plaintiff has answered 25 interrogatories already, no additional answers are required

11   and the motion to compel is **DENIED**.

12   (10) <u>Documents in possession of affiliated companies</u>: Defendants seek documents in part

13   that are in the possession of Plaintiff's affiliated companies.  Federal Rule of Civil Procedure 34(a)

14   requires production of documents in a party's "possession, custody or control."  "Control is defined

15   as the legal right to obtain documents on demand."  *In re Citric Acid Litig.*, 191 F.3d 1090, 1107

16   (9th Cir. 1999) (addressing parallel provision for subpoenas in Federal Rule of Civil Procedure

17   45(a)).  The "practical ability to obtain the requested documents" is not sufficient to establish the

18   requisite "control" over the documents.  *Id.*  "The party seeking the production of the documents . . .

19   bears the burden of proving that the opposing party has such control."  *United States v. Int'l Union*

20   *of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir 1989).  Defendants have failed to

21   meet their burden of proving that Plaintiff "controls" the documents for purposes of Federal Rule of

22   Civil Procedure 34(a).  Accordingly, the motion to compel is **DENIED** with respect to documents in

23

24   _____

     [5]  The Court is also unpersuaded by Defendants' reliance on *Wowza Media Systems, LLC v.*
25   *Coffee Cup Partners, Inc.*, No. 11-2243 CW (JSC) (N.D. Cal. July 25, 2012).  In that case, the
     responding party did not argue that an interrogatory requesting a description related to each patent claim
26   constituted a separate interrogatory for each claim.  Instead, the responding party argued that the
     information sought for each claim collectively constituted a single interrogatory, but that other aspects
27   of the interrogatory constituted separate interrogatories.  *See id.* at 5.  As the issue before the Court was
     not argued in *Wowza*, that order provides no guidance here.
28

the possession of Plaintiff's affiliated companies.

(11) <u>Certification</u>: Defendants' reply seeks certification from Plaintiff that all responsive documents have been produced. *See* Reply at 13, 20. Because this issue was raised for the first time in reply, the Court ordered at the hearing that any response by Plaintiff was to be filed no later than May 3, 2013. *See* Tr. at 77-79. That response has now been filed by Plaintiff, and the Court has reviewed it. *See* Docket No. 271.[6] In instances above where the Court has granted the motion to compel "only to the extent such documents have not already been produced" and Plaintiff believes there are no more unproduced responsive documents for that request, then Plaintiff shall so certify that all responsive documents have been produced already. *See* Federal Rule of Civil Procedure 26(g); *see also Mathews v. County of Butte*, 2008 WL 1767013, *2 (E.D. Cal. Apr. 15, 2008) (granting motion to compel to the extent party may have documents in its possession, and requiring response certified pursuant to Rule 26(g) in the event such documents were not in its possession).[7]

(12) **To the extent the motion to compel is granted above, Plaintiff shall provide the compelled discovery responses within 20 days of this order.**

IT IS SO ORDERED.

DATED: May 6, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[6] That supplemental response argues primarily that Defendants' certification argument is waived because it was raised for the first time in reply. *See* Docket No. 271 at 2. Plaintiff is correct that issues raised for the first time in reply are generally deemed waived, but the Court still retains discretion to consider those issues. *See, e.g.*, *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001) ("The district court had discretion to consider the [new] issue even if it was raised in a reply brief."). A court does not abuse its discretion in considering new issues raised in reply so long as it has given the opposing party the opportunity to respond. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). The Court provided Plaintiff the opportunity to respond to the request for certification by allowing it to file the supplemental papers. As such, the Court will exercise its discretion to consider the issue.

[7] This ruling is consistent with the Court's ruling on Plaintiff's motion to compel, in which it ordered that, "[t]o the extent Defendants contend that they fully complied with any disputed discovery request, they shall so certify under Federal Rule of Civil Procedure 26(g)." *See* Docket No. 202 at 2.

6