# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., | |
|         Plaintiff, | Case No. 2:12-cv-00053-GMN-NJK |
| vs. | ORDER GRANTING MOTION TO SEAL |
| AE TECH. CO., et al., | (Docket No. 282) |
|         Defendants. | |

Pending before the Court is Defendants' motion to seal. Docket No. 282 ("Mot.").[1] For the aspects of the motion related to Plaintiff's documents, Plaintiff filed a declaration in support of their sealing. Docket No. 299 ("Lin Decl."). For good cause shown and for the reasons set out below, the Court hereby GRANTS the motion.

## I. STANDARD

The documents at issue in the motion to seal are all related to non-dispositive motions. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also*

---

[1] The motion was filed in response to the Court's order to show cause why documents should not be unsealed by the Court since they were filed under seal without following the proper procedures. *See* Docket No. 279. That order to show cause is hereby DISCHARGED.

*Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

## II.     ANALYSIS

<u>Docket No. 218-5</u>: This exhibit consists of excerpts from the transcript of Jonathan Lin's deposition. *See* Lin Decl. ¶ 5. Plaintiff submitted a declaration indicating that this information relates, *inter alia*, to product specifications, sales information, and product development processes, which Plaintiff treats as sensitive business information. *See id.* A redacted version of this document has been filed. Docket No. 223. The Court finds that good cause exists to seal this information that overcomes the presumption of public access.

<u>Docket Nos. 219-10, 219-12, 219-14, 219-15, 219-19, 221-5, 221-6, 221-7, 221-8, and 221-9</u>: These documents are all versions of the same email thread that identifies Plaintiff's customers and business affiliates, which Plaintiff treats as sensitive business information. *See* Lin Decl. ¶ 6. A redacted version of these documents has been filed. Docket Nos. 224, 225. The Court finds that good cause exists to seal this information that overcomes the presumption of public access.

<u>Docket Nos. 246, 246-1, 246-2, and 246-3</u>: These documents identify, *inter alia*, Plaintiffs' sales information, product development cycle, business strategies, and distributors and customers, which Plaintiff treats as sensitive business information. *See* Lin Decl. ¶ 7. A redacted version of Docket No. 246 has been filed, but no redacted version was filed for Docket Nos. 246-1, 246-2 or 246-3. The Court finds that good cause exists to seal this information that overcomes the presumption of public access. Moreover, for Docket Nos. 246-1, 246-2 or 246-3, the Court finds that redaction would not leave meaningful information available to the public, so the entirety of these documents may be filed under seal.

<u>Docket Nos. 257, 257-1, and 257-2</u>: These documents identify, *inter alia*, Plaintiff's customers, financial information, and product specifications, which Plaintiff treats as sensitive business information. *See* Lin Decl. ¶ 8. A redacted version of these documents has been filed, except for Docket No. 257-2. *See* Docket No. 256. The Court finds that good cause exists to seal this information that overcomes the presumption of public access. Moreover, for Docket No. 257-2, the Court finds that redaction would not leave meaningful information available to the public, so the

entirety of that document may be filed under seal.

<u>Docket Nos. 274-1, 274-2 and 274-3</u>: These documents relate to Defendants' sales volume and pricing information, which Defendants contend is proprietary, the release of which would be harmful to their business. *See* Mot. at 5. No redacted version was filed for any of these documents. The Court finds that good cause exists to seal this information that overcomes the presumption of public access. Moreover, the Court finds that redaction would not leave meaningful information available to the public, so the entirety of these documents may be filed under seal.

## III.   CONCLUSION

For good cause shown, Defendants' motion to seal is hereby **GRANTED**. The documents identified above may remain under seal and no further filing of redacted versions is required.

IT IS SO ORDERED.

DATED: May 24, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge