**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> AE TECH. CO., et al., ) <br> ) <br> Defendant(s). ) <br>  ) | Case No. 2:12-cv-00053-GMN-NJK <br><br> ORDER GRANTING MOTION TO SEAL <br><br> (Docket No. 285) |

Pending before the Court is Plaintiff's motion to seal. Docket No. 285 ("Mot."). The motion seeks to file under seal the unredacted version of Plaintiff's opposition to Defendants' motion to compel. *See* Docket No. 286; *see also* Docket No. 283 (redacted version filed on public docket). No response was filed by Defendants. For good cause shown and for the reasons set out below, the Court hereby GRANTS the motion.

**I.   STANDARD**

The documents at issue in the motion to seal are all related to non-dispositive motions. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, *1 (D. Nev. May 24, 2013). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013)

(discussing redaction requirement).

## II.   ANALYSIS

Although not entirely clear from the motion to seal itself, it appears that the requested redactions relate to two exhibits attached to other briefs. *Compare* Docket No. 283 at 5, 8 *with* Docket No. 286 at 5, 8 (providing redactions). Those quotations are to the exhibits at Docket Nos. 257-1 and 257-2, for which the Court has previously found good cause to exist for their sealing. *See* Docket No. 308 at 2-3. For the same reasons articulated by the Court previously with respect to these exhibits, *see id.*, the Court finds good cause exists here to redact quotations from those exhibits.

## III.   CONCLUSION

For good cause shown, Plaintiff's motion to seal is hereby **GRANTED**. The unredacted brief at Docket No. 286 remain under seal and no further filing of redacted versions is required.

IT IS SO ORDERED.

DATED: July 10, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge