# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., ) <br> ) <br>               Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> AE TECH. CO., et al., ) <br> ) <br>               Defendant(s). ) <br> ) | Case No. 2:12-cv-00053-GMN-NJK <br><br> ORDER GRANTING MOTION TO SEAL IN PART <br><br> (Docket No. 325) |

      Pending before the Court is Defendants' motion to seal. Docket No. 325 ("Mot."). The motion seeks to file under seal Exhibit 6 to Defendants' motion to compel. *See* Docket No. 326 (Exhibit 6); *see also* Docket No. 324 (publicly-filed version with Exhibit 6 omitted). Plaintiff filed a declaration in partial support of the motion. *See* Docket No. 336. For good cause shown and for the reasons set out below, the Court hereby GRANTS the motion in part.

**I.     STANDARD**

      The documents at issue in the motion to seal are all related to non-dispositive motions. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, *1 (D. Nev. May 24, 2013). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr.*

*LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

## II.   ANALYSIS

The requested motion seeks to seal Plaintiff's supplemental interrogatory responses. *See* Docket No. 336 at ¶ 8. The exhibit is the same as the exhibit at Docket No. 257-1, for which the Court has previously found good cause to exist for allowing certain redactions. *See* Docket No. 308 at 2-3. The exhibit as previously filed was redacted rather than sealed in its entirety. *See* Docket No. 257-1. Plaintiff "does not seek to seal other portions of Docket No. 326 that do not correspond to the sealed portions of Exhibit A filed at Docket No. 257-1." Docket No. 336 at ¶ 11.

For the same reasons articulated by the Court previously with respect to Docket No. 257-1, *see id.*, the Court finds good cause exists here to redact certain portions of that exhibit. The Court does not, however, find that the entire document is properly sealed. As such, Defendants shall file a redacted version of the Exhibit in accord with the redactions ordered for Docket No. 257-1.

## III.   CONCLUSION

For good cause shown, Defendants' motion to seal is hereby **GRANTED** in part. The unredacted Exhibit at Docket No. 326 will remain under seal. No later than July 22, 2013, Defendants shall refile on the public docket that exhibit with the redactions previously approved for Docket No. 257-1.

IT IS SO ORDERED.

DATED: July 15, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge