UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>      Plaintiff,<br>    vs.<br><br>AE TECH. CO., LTD., a Taiwan corporation; S&F CORPORATION *dba* SF PLANET COMPANY and SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation,<br><br>      Defendants. | Case No.: 2:12-cv-00053-GMN-NJK<br><br>**ORDER** |

      Pending before the Court is the Second Motion to Reconsider and Vacate the Preliminary Injunction (ECF No. 145) filed by Defendants AE Tech., Ltd., GreatShield, Inc., and S&F Corporation ("Defendants"). Plaintiff Aevoe Corp. ("Plaintiff") filed a Response (ECF No. 161) and Defendants filed a Reply (ECF No. 170).

**I.**    **BACKGROUND**

      This case arises from Defendants' alleged infringement of United States Patent No. 8,044,942 ("the '942 Patent"). (Am. Compl. ¶¶ 35-44 , ECF No. 44.) Specifically, the '942 Patent relates to touch screen protection products. (*Id.* at ¶ 36, ECF No. 44.) *See generally* United States Patent No. 8,044,942 (filed June 14, 2011) (issued Oct. 25, 2011).

      Plaintiff initiated this action on January 11, 2012. (Compl., ECF No.1.) Plaintiff also filed an Ex Parte Motion for Temporary Restraining Order. (Mot. for TRO, ECF No. 3.) The Court granted that motion, entered a Temporary Restraining Order on January 12, 2012 (TRO, ECF No. 8), and entered a Preliminary Injunction on January 24, 2012.

      After numerous motions for reconsideration or clarification and orders to show cause, the

Court issued the current Preliminary Injunction on May 2, 2012. (ECF No. 66.) In addition, on May 3, 2012, Defendants filed their Notice of Appeal appealing this Court's issuance of the Preliminary Injunction. (ECF No. 70.) Nearly six months later, on November 1, 2012, Defendants filed the instant motion, their Second Motion to Reconsider and Vacate Preliminary Injunction. (ECF No. 145.)

## II. DISCUSSION

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Chemlawn Servs. Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987) ("[O]n interlocutory orders, a notice of appeal divests the District Court of jurisdiction over all matters involved in the appeal. In those circumstances, the District Court may proceed *only* with matters not involved with the appeal.").

Defendants filed their Notice that they were appealing the subject preliminary injunction on May 3, 2012. By this Notice, Defendants divested this Court of jurisdiction over all matters related to the preliminary injunction. Nevertheless, Defendants assert that this Court retains jurisdiction to grant the relief requested in the instant motion because

> "[t]he issue on appeal is whether the District Court erred in granting a preliminary injunction enjoining the sale of the redesigned screen protector. The issues raised in this motion are whether Plaintiff has a reasonable likelihood of success in light of the decision of the Patent Office to reexamine the patent in suit and newly discovered evidence of inequitable conduct."

(Defs.' Reply 3:3-9, ECF No. 170.) Defendants also assert that Aevoe is "estopped" from arguing that this Court lacks jurisdiction because Aevoe previously asserted that the Federal Circuit lacked appellate jurisdiction over Defendants' appeal. (*Id.* at 3:11-16.) However, the Defendants have failed to provide any such legal basis to support this position and the Court has

not located any such authority after its own independent inquiry.

For these reasons, the Court concludes that it lacks jurisdiction to consider Defendants' Motion to Reconsider and Vacate the Preliminary Injunction and the arguments therein.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Reconsider and Vacate the Preliminary Injunction (ECF No. 145) is **DENIED**.

**DATED** this 26th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge