**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| AEVOE CORP., | ) | Case No. 2:12-cv-0053-GMN-NJK |
| Plaintiff(s), | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | STAY |
| | ) | |
| AE TECH. CO., LTD., et al., | ) | |
| | ) | (Docket No. 296) |
| Defendant(s). | ) | |
| | ) | |

Pending before the Court is Defendants' motion to stay this case pending the conclusion of re-examination proceedings. Docket No. 296. Plaintiff filed a response in opposition and Defendant filed a reply. Docket Nos. 313, 328. The Court finds the matter appropriately resolved without oral argument. Local Rule 78-2. For the reasons discussed below, the motion is hereby **DENIED**.

Defendants seek a stay of this case pending the conclusion of re-examination proceedings. In their motion, Defendants argue that the existence of the preliminary injunction currently in place militates *in favor* of their motion for a stay:

> This Court has preliminarily enjoined defendants from selling both the original and redesigned touch screen protector. Hence, a stay would not prejudice Aevoe. . . . Because a stay would not impose any undue prejudice on plaintiff and would not create a clear tactical disadvantage for plaintiff, this factor weighs in favor of a stay.

Mot. at 6-7. In their reply brief, however, Defendants make an about-face and instead appear to condition their request for a stay on the *vacation* of the preliminary injunction by United States District Judge Navarro: "A stay with a preliminary injunction in place would seriously injure

defendants." Reply at 6 (discussing then-pending motion to vacate preliminary injunction). Given that the preliminary injunction remains operative, *see* Docket No. 345 (denying motion to vacate preliminary injunction), it is not entirely clear to the Court whether Defendants actually want the relief requested in their motion.

More importantly, the parties fail to discuss the Federal Circuit authority discouraging district courts from ordering both a preliminary injunction and a stay of proceedings. *See, e.g.*, *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) (a "district court ordinarily should not grant both a preliminary injunction and a stay"); *see also Automated Merchandising Sys., Inc. v. Crane Co.*, 357 Fed. Appx. 297, 303 (Fed. Cir. 2009). That is so because an order granting a stay pending re-examination would be logically inconsistent with an order granting a preliminary injunction. *See Procter & Gamble*, 549 F.3d at 849. Moreover, "[a] grant of a preliminary injunction followed by a stay of the district court proceedings could subject an accused infringer to unfair and undesirable delay in reaching a final resolution." *Id.* Defendants have failed to articulate why that authority does not preclude staying this case at this time.

The preliminary injunction remains in place. The parties fail to address the Federal Circuit authority indicating that a stay of this case is improper while the preliminary injunction remains effective. Moreover, the Court cannot determine whether Defendants even want to stay this case at this time based on their reply brief. Accordingly, the motion for a stay is **DENIED**.

IT IS SO ORDERED.

DATED: August 27, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge