UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., <br><br> Plaintiff(s), <br><br> vs. <br><br> AE TECH CO., LTD., et al, <br><br> Defendant(s). | Case No. 2:12-cv-00053-GMN-NJK <br><br> **ORDER RE: HEARING ON MOTIONS** <br><br> (Docket Nos. 243, 251) |

The Court currently has scheduled a hearing for September 3, 2013, for the motions at Docket Nos. 243 and 251. *See* Docket No. 343. The Court hereby issues this order to advise counsel of an additional issue they should be prepared to address at that hearing. Nothing in this order should be construed as making any determination as to any of the arguments raised in the motions pending before the Court, including under which rule(s) the pending motions are properly analyzed.

In very general terms, the gist of Movants' argument in Docket No. 243 is that the subpoenaed information is confidential and that PTO procedures require that Plaintiff not be privy to that information until Plaintiff itself reveals certain information to the PTO.[1] Hence, Movants argue that Plaintiff seeks the information now as an end-run around the PTO procedures so that it can gain an unfair advantage in PTO proceedings. The gist of Plaintiff's argument is that the information is

---

[1] The Court in this order will explicitly only address the motion at Docket No. 243, but it appears that some of the same issues and arguments may be applicable to the motion at Docket No. 251. Accordingly, the parties should be prepared to address these issues with respect to the motion at Docket No. 251, as well.

relevant to this patent infringement case and, therefore, is discoverable.

It appears to the Court that the motion may be appropriately analyzed under Rule 45(c)(3)(B),[2] as that rule governs motions to quash subpoenas that require "disclosing a trade secret *or other confidential research, development, or commercial information*." Rule 45(c)(3)(B)(i) (emphasis added).  Although some of the arguments raised in the pending briefing are relevant to the Court's analysis under Rule 45(c)(3)(B)(i), courts in this Circuit have developed a particular burden-shifting framework for protecting trade secrets or confidential information under Rule 45(c)(3)(B)(i).  Neither party addresses this framework.

In analyzing a motion to quash brought under Rule 45(c)(3)(B)(i), the Court first must determine if the subpoenaed party has shown that the requested information is protected as a trade secret or confidential commercial information.  *See., e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006).  The party resisting discovery "must make a strong showing that it has historically sought to maintain the confidentiality of this information." *Id.* (quoting *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).  Allegations of harm or prejudice must be supported with specific examples or articulated reasoning.  *AFMS LLC v. United Parcel Serv. Co.*, 2012 WL 3112000, * 3 (S.D. Cal. July 30, 2012) ("broad allegations of harm" are insufficient).

Where a subpoenaed party meets that initial burden of showing the information is a trade secret or confidential commercial information, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without the undue hardship.'" *Gonzales*, 234 F.R.D. at 684.  Courts have discussed "substantial need" as requiring a showing that "the requested discovery is relevant and essential to a judicial determination of [the party's] case." *Id.* at 685 (citing *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993)).  The Court must "balance the need for the trade secrets [or confidential information] against the claim of injury resulting from disclosure." *Id.* (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986)).  "The determination of substantial need is particularly important in the context

---

[2] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

of enforcing a subpoena when discovery of a trade secret or confidential commercial information is sought from non-parties." *Id.* (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003)).

Where the requesting party establishes a substantial need, courts will look to whether procedures exist to mitigate any burden or prejudice to the nonparty. *See* Rule 45(c)(3)(C) (providing that the Court may order production "only upon specified conditions"). In particular, courts often order that the information be produced subject to a protective order. *See, e.g.*, *Gonzales*, 234 F.R.D. at 686. Indeed, courts have determined that "[a] protective order allowing 'confidential' or 'highly confidential' designations is sufficient to protect a nonparty's trade secrets." *AFMS*, 2012 WL 3112000, at *7 (citing *In re McKesson Governmental Entities Average Price Litig.*, 264 F.R.D. 595, 603 (N.D. Cal. 2009)). "The relatively remote potential for inadvertent disclosure of confidential documents does not justify the withholding of discovery altogether." *Id.*

In light of the above, counsel shall be prepared to discuss at the hearing on September 3, 2013 the following:

(1) whether the motion should be analyzed under the framework governing motions to quash brought pursuant to Rule 45(c)(3)(B)(i);

(2) whether each aspect of the Rule 45(c)(3)(B)(i) burden-shifting analysis is met in this case; and

(3) whether any prejudice to Movants in the PTO can be effectively mitigated through disclosure of the information pursuant to a protective order.

IT IS SO ORDERED.

Dated: August 27, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE