**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., | Case No. 2:12-cv-00053-GMN-NJK |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS'** |
| vs. | **THIRD MOTION TO COMPEL** |
| AE TECH CO., LTD., et al, | (Docket No. 324) |
| Defendant(s). | |

Pending before the Court is Defendants' third motion to compel. Docket No. 324. Plaintiff filed a response in opposition and Defendants filed a rely. Docket Nos. 330, 335. The Court finds this motion properly resolved without oral argument and hereby **VACATES** the hearing on this motion set for September 3, 2013. *See* Local Rule 78-2.[1] For the reasons discussed below, Defendants' motion to compel is hereby **GRANTED**.

**I.   OVERVIEW**

The fact discovery cutoff in this case expired on April 29, 2013. Docket No. 156 at 3. On March 29, 2013, Defendants served by email requests for production, requests for admission, and interrogatories. *See* Oh Decl. ¶ 3, Exh. B (hereinafter, the "discovery requests"). On May 2, 2013, Plaintiff responded to the discovery requests by indicating that they were untimely and by raising numerous additional objections. *See* Czajkowski Decl. ¶ 1, Exhs. A-D. During a meet and confer convened to discuss Plaintiff's failure to provide discovery in response to the discovery requests,

---

[1] The other motions set for hearing that day remain on calendar.

Plaintiff continued to assert that it would not provide the discovery. *See, e.g.*, *id.* at ¶¶ 2-5. As a result, Defendants filed the pending motion to compel.

## II.  ANALYSIS

The primary issue before the Court is whether Defendants' discovery requests are timely. In its response, Plaintiff also raises arguments concerning waiver and the meet and confer process. The Court addresses each argument below in turn.

### A.  Timeliness

Plaintiff's primary argument in resisting the motion to compel is that it has no duty to provide the discovery requested because the requests were not timely served. "Discovery requests must be made in a timely fashion." *Bishop v. Potter*, 2010 WL 2775332, *1 (D. Nev. July 14, 2013). Generally speaking, discovery requests are timely if they are made at least 30 days prior to the discovery cutoff, which ensures that the other party has sufficient time to respond. *Id.* When discovery requests are served by email, however, Rule 6 provides that the recipient has an additional three days to respond. *See id.* at *2. As such, discovery requests served by email should be served at least 33 days prior to the discovery cutoff. *Adobe Sys. Inc. v. Christenson*, 2011 WL 1322529, *2 n.1 (D. Nev. Apr. 5, 2011).

Because Defendants' discovery requests were served by email 31 days prior to the discovery cutoff, Plaintiff argues that it need not provide the requested discovery. The Court disagrees. "While discovery requests should generally be served at least 33 days prior to the close of discovery, this requirement is not absolute." *Bishop*, 2010 WL 2775332, at *2. Instead, the Court has discretion to excuse the failure to comply with the deadline if it is not excessive. *Id.* Courts in this Circuit have ordered parties to comply with discovery requests served by mail or email between 30 and 33 days prior to the discovery cutoff. *See id.* (overruling timeliness objection to discovery served 31 and 32 days prior to close of discovery); *see also TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, *3-4 (N.D. Cal. Apr. 23, 2012) (same). That approach is consistent with case law from other Circuits. *See, e.g.*, *Lowe v. Vadlamudi*, 2012 WL 3758832, *1 (E.D. Mich. Aug. 29, 2012) (collecting cases).

This Court similarly **OVERRULES** Plaintiff's untimeliness objection.

//

//

### B. Other arguments

Plaintiff also argues that it raised numerous other objections to the discovery requests that (1) were not addressed in the meet and confer process and (2) were not discussed in the opening motion papers. *See* Response at 8-9. Plaintiff argues that these shortcomings preclude relief to Defendants regardless of the Court's determination regarding timeliness. Plaintiff's argument is not persuasive.

Plaintiff first notes that these objections were not addressed at the discovery conference convened by Defendants regarding Plaintiff's refusal to produce the requested discovery. "The purpose of [the meet and confer] rules is simple: to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). The Court's rules requiring a meet and confer are not procedural weapons for parties to use to avoid their discovery obligations. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *3 n.3, 4 (D. Nev. Aug. 1, 2013) (denying without prejudice discovery motions for failure to meet and confer, ordering the parties to confer, and providing deadlines for filing renewed motions after already-passed discovery cut-off). Indeed, the Court ultimately retains discretion to decide discovery matters even where no proper meet and confer has been conducted. *See, e.g.*, *Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *6 (D. Nev. June 11, 2007). The Court is especially hesitant to find that a meet and confer was not sufficiently conducted with respect to boilerplate objections. *See, e.g.*, *Feldman v. PokerTek, Inc.*, 2011 U.S. Dist. Lexis 116741, *3-4 (D. Nev. Sept. 29, 2011); *1ST Tech., LLC v. Rational Enterps. Ltda*, 2008 WL 4571246, *1, 2 (D. Nev. Apr. 8, 2008).

It is clear that the parties in this case discussed the timeliness objection, *see, e.g.*, Czajkowski Decl. ¶ 5, Exh. E, and that Plaintiff indicated after a few minutes of the telephonic conference that it would not provide the discovery responses in light of its timeliness objection, *id.* at ¶ 5; *see also* Oh Decl. ¶ 5. To the extent Plaintiff was concerned about the Court's or its own resources with respect to any other objections, Plaintiff could have raised the additional objections during that telephonic conference. That these objections were not conferred upon at that time does not allow Plaintiff to stand behind objections without Court oversight. *See 26 Flamingo*, 2013 WL 2558219, *3 n.3, 4.

The Court is similarly unpersuaded by Plaintiff's argument that Defendants conceded the

3

validity of Plaintiff's other objections by not addressing them in the opening motion. It is well settled that Plaintiff, as the party resisting discovery, "bears the burden of showing why a discovery request should be denied." *F.T.C. v. AMG Servs., Inc.*, __ F.R.D. ___, 2013 WL 2296310, *7 (D. Nev. May 24, 2013). In particular, Plaintiff "has the burden of clarifying, explaining, and supporting its objections." *F.D.I.C. v. Red Hot Corner, LLC*, 2013 WL 1758759, *2 (D. Nev. Apr. 23, 2013) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Despite its burden, Plaintiff's response in opposing the motion failed to substantively address any of its objections other than timeliness.[2]

The Court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Other than timeliness, Plaintiff makes hundreds of objections to the pending discovery requests. *See, e.g.*, Reply at 12 (outlining various objections).[3] The Court will not undertake to decide the propriety of Plaintiffs' objections based on the briefing it has before it. Instead, the Court has made a preliminary review of the objections and finds that a significant number of them are boilerplate objections. In these circumstances, the Court will conditionally **GRANT** the motion to compel. To the extent Plaintiff believes objections other than timeliness have merit, it shall meet and confer with Defendants no later than September 9, 2013. In the event the parties are unable to resolve any issues raised, then Plaintiff may bring a motion for protective order no later than September 16, 2013. If no motion for protective order is filed, then Plaintiff shall respond to the discovery requests in full no later than October 7, 2013. If a motion for protective order is filed, Plaintiff shall nonetheless respond to any discovery request for which it has not raised an objection in the motion for protective order no later than October 7, 2013.

On a final note, the Court reminds the parties that "[d]iscovery is supposed to proceed with

---

[2] Plaintiff's failure to explain in its opposition papers why these objections are valid distinguishes the one case cited by Plaintiff in support of its waiver argument. *See Morris v. Hickison*, 2009 WL 1657467, *2 (E.D. Cal. June 12, 2009) (neither motion nor reply brief sufficiently addressed objections, but opposition papers do substantively "address why [the] responses to each of the requests were appropriate").

[3] For example, Plaintiff objects roughly 95 times that the information sought is outside of its possession. *See* Reply at 12 (outlining various objections made).

1  minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). "It is regrettable that counsel for the parties and/or the parties themselves have so much difficulty cooperating with discovery and the Court is often called upon to spell out detailed rights and responsibilities." *Id.* The Court expects better cooperation between counsel and anticipates that any future disputes regarding the discovery ordered herein should be resolved by counsel. Counsel should seek judicial intervention only as a last resort after thoroughly discussing the dispute.

### III.  CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED**. To the extent Plaintiff believes objections other than timeliness have merit, it shall meet and confer with Defendants no later than September 9, 2013. In the event the parties are unable to resolve any issues raised, then Plaintiff may bring a motion for protective order no later than September 16, 2013. If no motion for protective order is filed, then Plaintiff shall respond to the discovery requests in full no later than October 7, 2013. If a motion for protective order is filed, Plaintiff shall nonetheless respond to any discovery request for which it has not raised an objection in the motion for protective order no later than October 7, 2013.

IT IS SO ORDERED.[4]

Dated: August 30, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[4] Lastly, the Court notes that both parties included in their briefing citation to multiple authorities without a pin-citation to the relevant page(s). The Court reminds the parties that "[a]ll citations shall include the specific page(s) upon which the pertinent language appears." Local Rule 7-3(b). The Court expects strict compliance with this rule in the future.