UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., <br> Plaintiff(s), <br> vs. <br> AE TECH CO., LTD., et al, <br> Defendant(s). | Case No. 2:12-cv-00053-GMN-NJK <br><br> **ORDER GRANTING MOTION TO QUASH DEPOSITION SUBPOENA** <br><br> (Docket No. 251) |

Pending before the Court is non-party Racing Optics Inc.'s motion to quash Plaintiff's subpoena for a Rule 30(b)(6) deposition. Docket No. 251.[1] Plaintiff filed a response in opposition and Racing Optics filed a rely. Docket Nos. 280, 298. The Court finds this motion properly resolved without oral argument and hereby **VACATES** the hearing on this motion set for September 3, 2013. *See* Local Rule 78-2.[2] For the reasons discussed below, Racing Optics' motion to quash is hereby **GRANTED**.

**I.    OVERVIEW**

The fact discovery cutoff in this case expired on April 29, 2013. Docket No. 156 at 3. On April 10, 2013, Plaintiff served a subpoena on Racing Optics requiring it to appear at a Rule 30(b)(6) deposition on April 23, 2013. *See* Gumbiner Decl. ¶ 9, Exh. A (Docket No. 251). The subpoena sought deposition testimony on 26 topics. *Id.* at Exh. A. Racing Optics notified Plaintiff in writing that

---

[1] Unless otherwise noted, reference to "Rules" refer to the Federal Rules of Civil Procedure.

[2] The other motions set for hearing that day remain on calendar, unless expressly vacated by a Court order. For example, Racing Optics' motion regarding Plaintiff's subpoena for documents (Docket No. 243) remains on calendar.

Plaintiff had failed to properly tender the fees required by Rule 45(b)(1) at the time it served the subpoena. *See id.* at Exh. E (noting the subpoena was served "without the fee required to be tendered with the subpoena"). Plaintiff then responded by providing the proof of service and receipt of copy regarding the witness fee. *See id.* at Exh. F.[3] Racing Optics notified Plaintiff that it would file a motion to quash based on, *inter alia*, the defective service of the subpoena. *See* Gumbiner Decl. Exh. L. Racing Optics then filed the pending motion to quash, brought pursuant to Rule 45(c).

**II.   ANALYSIS**

The threshold issue before the Court is whether Plaintiff's subpoena is invalid. Where a party subpoenas a non-party to appear, the rules require the party to tender fees for the attendance and for mileage. Rule 45(b)(1).[4] The Ninth Circuit has long made clear that Rule 45 requires that the payment be tendered *simultaneously* with the delivery of the subpoena. *See CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983) ("we hold that the plain meaning of Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena"); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) ("Fees must be tendered concurrently with the subpoena"); *see also In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999). "A failure to tender fees at the time of service invalidates the subpoena and the deposition testimony will not be compelled." *Wallis v. Centennial Ins. Co.*, 2013 U.S. Dist. Lexis 14181, *10 (E.D. Cal. Feb. 1, 2013). The invalidity of the subpoena is not altered by the fact that a party realizes its mistake and tenders the fees prior to the scheduled deposition. *See CF & I Steel*, 713 F.2d at 495 (recognizing that fees were tendered two months prior to the scheduled deposition); *Wallis*, 2013 U.S. Dist. Lexis 14181, at *10 (recognizing fees were tendered as soon as counsel became aware of issue); *Tourgeman v. Collins Fin. Servs.*, 2009 U.S. Dist. Lexis 92230, *3-4 (S.D. Cal. May 4, 2009) (recognizing fees were "promptly tendered" upon notice of deficiency).

---

[3] Racing Optics and Plaintiff conferred at length regarding Racing Optics' substantive objections to the subpoena. *See, e.g.*, *id.*; Oh Decl. ¶ 5 (Docket No. 281).

[4] A motion to quash a subpoena is not unique to patent law, so the Court applies Ninth Circuit law. *See Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1209 (Fed. Cir. 1987).

1    Plaintiff acknowledges that it failed to tender the fees simultaneously with delivery of the
2 subpoena, *see* Oh Decl. ¶ 2, but provides no argument that the subpoena was properly served. The
3 Court finds that the subpoena is invalid.

4    Plaintiff asks the Court to nonetheless enforce the invalid subpoena and deem any argument
5 regarding its invalidity waived because Racing Optics did not engage in a sufficient "personal
6 consultation" prior to filing its motion as required by the Court's meet and confer rules. *See* Response
7 at 9. "The purpose of [the meet and confer] rules is simple: to lessen the burden on the court and
8 reduce the unnecessary expenditure of resources by litigants, through promotion of informal,
9 extrajudicial resolution of discovery disputes." *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118,
10 120 (D. Nev. 1993). The Court's rules requiring a meet and confer are not procedural weapons for
11 parties to rely on to require compliance with invalid discovery requests. *See F.D.I.C. v. 26 Flamingo,*
12 *LLC*, 2013 WL 2558219, *2-4 (D. Nev. Aug. 1, 2013) (denying without prejudice discovery motions
13 for failure to meet and confer, ordering the parties to confer, and providing deadlines for filing renewed
14 motions after already-passed discovery cut-off). Indeed, the Court ultimately retains discretion to
15 decide discovery matters even where no proper meet and confer has been conducted. *See, e.g.*, *Fifty-*
16 *Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *6 (D. Nev. June 11, 2007).

17    In this case, Plaintiff had written notice of the objection prior to the filing of the motion and had
18 a full opportunity to present arguments on the objection in responding to the pending motion. In the
19 circumstances of this case, the Court would at most deny the motion without prejudice. *See 26*
20 *Flamingo, LLC*, 2013 WL 2558219, *2-3. There is no point in denying the motion without prejudice,
21 however, as it is clear that the subpoena is invalid. Accordingly, the Court will resolve the issue now.[5]
22 //
23 //
24 //
25

---

26    [5] Plaintiff also argues that the Court should enforce the invalid subpoena because Plaintiff will
27 otherwise be prejudiced since fact discovery is closed. *See* Response at 9. Any prejudice to Plaintiff,
however, flows from its decision to wait until the eve of the close of fact discovery to serve the
28 subpoena.

### III.  CONCLUSION

For the reasons discussed above, the Court finds the subpoena for the Rule 30(b)(6) deposition is invalid and **GRANTS** the motion to quash.[6]

IT IS SO ORDERED.

Dated: August 30, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[6] Racing Optics also seeks an award of sanctions pursuant to Rule 45(c)(1). The Court does not find that an award of fees is appropriate here, and **DENIES** that aspect of the motion.