1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AEVOE CORP.,                                    )
                                                )
                    Plaintiff(s),               )        Case No. 2:12-cv-00053-GMN-NJK
                                                )
vs.                                             )        ORDER GRANTING IN PART
                                                )        MOTION FOR EXPENSES
AE TECH CO., LTD., et al.,                      )
                                                )        (Docket No. 206)
                    Defendant(s).               )
_____ )

16      Pending before the Court is Plaintiff's motion for expenses brought pursuant to Rule

17   37(a)(5)(C).[1] Docket No. 206; *see also* Docket No. 207 ("Bloch Decl."); Docket No. 208 ("McPeak

18   Decl.").  Defendants filed a response in opposition and Plaintiff filed a reply.  Docket Nos. 214, 215.

19   The Court finds this matter is properly resolved without oral argument.  *See* Local Rule 78-2.  For

20   the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

21   **I.      OVERVIEW**

22      The pending motion for expenses arises out of Plaintiff's motion to compel.  *See* Docket No.

23   115.  The motion to compel raised numerous discovery disputes, and the Court granted it in part and

24   denied it in part.  *See* Docket No. 202.  Although Plaintiff requested expenses as part of its motion,

25   *see* Docket No. 115 at 17, the Court denied that request without prejudice so that it could be raised

26   through a fully briefed motion, *see* Docket No. 202 at 2.

27   _____

28          [1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1    That motion is now before the Court.  Consistent with their history in this case, the parties

2    raise every conceivable argument in briefing the motion for expenses.  The Court explicitly

3    addresses many of their arguments below.  Any arguments not explicitly addressed herein are

4    rejected to the extent they are inconsistent with this order.  *See Gates v. Deukmejian*, 987 F.2d 1392,

5    1400 (9th Cir. 1992) (district court is not required to make explicit ruling on all objections to

6    attorneys' fees).

7    **II.    ENTITLEMENT TO RECOVER EXPENSES**

8    Defendants raise several threshold arguments contending that Plaintiff is not entitled to

9    recover any expenses incurred in bringing its motion to compel.  *See, e.g.*, Response at 2-12.  As

10   such, the Court first examines whether Plaintiff is entitled to recover expenses.  Rule 37(a)(5)(A)

11   provides for the recovery of expenses incurred in making a motion to compel that is granted.[2]

12   Where a motion to compel is granted in part and denied in part, the Court has discretion to

13   "apportion the reasonable expenses for the motion."  Rule 37(a)(5)(C).  Moreover, an award of

14   expenses is not appropriate if:  "(1) the movant filed the motion before attempting in good faith to

15   obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure,

16   response, or objection was substantially justified; or (3) other circumstances make an award of fees

17   unjust."  Rule 37(a)(5)(A)(i-iii); *see also Switch Comm's Group LLC v. Ballard*, 2011 WL 5041231,

18   *1-2 (D. Nev. Oct. 24, 2011)) (exceptions outlined in Rule 37(a)(5)(A) apply to analysis under Rule

19   37(a)(5)(C)).  The Court addresses these issues below.

20   A.    MEET AND CONFER REQUIREMENT

21   Defendants argue that a sufficient meet and confer was not conducted prior to the filing of

22   the motion to compel.  Expenses incurred in bringing a motion to compel are not recoverable where

23   "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

24   without court action."  Rule 37(a)(5)(A)(i); *see also Board of Trustees of Leland Stanford Junior

25   Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (denying award of fees where movant

26   _____

27   [2]  Whether expenses should be awarded under Rule 37 is not an issue unique to patent law and,
     therefore, the Court applies Ninth Circuit law.  *See, e.g.*, *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d

28   1365, 1371 (Fed. Cir. 2002).

2

failed to confer in good faith prior to filing discovery motion).  A sufficient meet and confer was conducted by Plaintiff prior to its filing the motion to compel with respect to some of the discovery disputes raised therein.  *See, e.g.*, Docket No. 117 at ¶ 20 (Declaration of K. Joon Oh).  Nonetheless, Defendants identified numerous discovery requests addressed in the motion to compel that were not included in the meet and confer process.  *See* Docket No. 123 at 7; Docket No. 124 at 7.  Plaintiff's reply on the motion to compel failed to challenge that assertion.  *See* Docket No. 128 at 3 (appearing to concede lack of meet and confer on the discovery requests identified).  As a result, the Court ordered an additional meet and confer be held on these identified requests prior to the hearing.  *See* Docket No. 195.[3]  The further meet and confer process resolved several of the issues in dispute.  *See* Docket No. 197 at 2-3; Docket No. 198 at 2-3.  In light of these circumstances, any time spent briefing the discovery disputes for which no meet and confer was held prior to the filing of the motion is not recoverable.[4]

The parties have not sought to quantify the portion of the briefing regarding the discovery disputes for which a proper meet and confer was not held prior to the filing of the motion.  As noted above, Defendants identified a number of discovery requests for which a meet and confer was not held prior to the motion to compel being filed.  Having reviewed the briefing on the motion to compel, the Court finds that the hours awarded should be reduced by 33%.

B.    SUBSTANTIAL JUSTIFICATION

Defendants argue that their objections in opposing the motion to compel were substantially justified.  The Court should not award expenses were the "opposing party's nondisclosure, response,

---

[3]  The Court "may look beyond the certification to determine if in fact the parties conferred and attempted to resolve in good faith all disputed issues before resorting to court intervention."  *DeLeon v. CIT Small Business Lending Corp.*, 2013 WL 1907786, *9 (D. Nev. May 7, 2013) (citing *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004)).

[4]  Plaintiff appears to argue that the meet and confer ordered by the Court after the briefing on the motion was complete enables it to recover expenses for all of the discovery disputes briefed.  *See* Reply at 4.  But the rule requires that the meet and confer be held *before* the motion to compel is filed, thus saving the parties from expending unnecessary resources briefing issues that may have been resolved (or narrowed) without court intervention.  *See* Rule 37(a)(5)(A)(i).

1   or objection was substantially justified." Rule 37(a)(5)(A)(ii).  "The burden is on the losing party to

2   affirmatively demonstrate that its discovery conduct was substantially justified." *American Gen.*

3   *Life Ins. Co. v. Futrell*, 2012 WL 4962997, *1 (D. Nev. Oct. 16, 2012).  Substantial justification

4   exists when the losing party has shown that there is a genuine dispute or that reasonable people

5   could differ as to the appropriateness of the contested action.  *Id.* (quoting *Devaney v. Continental*

6   *Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993)).

7          The Court agrees with Defendants to a limited extent.  For example, the Court found

8   Plaintiff's position more persuasive in concluding that Interrogatories 4 and 6-10 each constituted

9   only a single interrogatory.  *See* Docket No. 202 at 1.  Nonetheless, the Court also finds Defendants

10  were substantially justified in objecting that the subparts in each of these interrogatories required

11  that they be counted as more than a single interrogatory.  *See Kendall v. GES Exposition Servs., Inc.*,

12  174 F.R.D. 684, 685-86 (D. Nev. 1997) (outlining standard to apply in determining whether a

13  particular interrogatory should be counted as multiple interrogatories for purposes of Rule 33(a))

14         Not all of Defendants' objections were substantially justified, however.  For example,

15  Defendants argue that they were justified in objecting as overly broad to discovery requests

16  concerning "touch screen protectors," which was broadly defined in the discovery requests.  *See*

17  Response at 2-3.[5]  During the meet and confer process, Plaintiff proposed narrowing the scope of the

18  discovery to "adhesive touch screen protectors with a non-adhesive, transparent window."  *See, e.g.*,

19  Docket No. 115 at 11-12; Docket No. 128 at 2.  In opposing the motion to compel, Defendants

20  provided no meaningful objection to the definition proposed by Plaintiff, and instead argued that

21  Plaintiff was required to serve new discovery seeking such information.  *See, e.g.,* Docket No. 123 at

22  4-5, 23-24.

23         Defendants were plainly wrong in asserting that new discovery requests must be propounded

24  to obtain discovery within the scope of a broad request.  *See, e.g., Hammond v. Lowe's Home Ctrs.,*

25  *Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003) (finding that interrogatories were overly broad, "[b]ut

26  ─────────────────

27         [5]  Conversely, a number of discovery responses provided information related to "accused screen
    protectors," which Plaintiff contended too narrowly construed the product information relevant to the
28  litigation.  *See* Docket No. 115 at 13-14.

4

1    rather than allowing Defendant to not answer the interrogatories, the Court will instead limit the

2    temporal scope of [the interrogatories] to three years prior to the date Plaintiffs institute this action"

3    and require Defendant to serve a supplemental response); *see also Genentech, Inc. v. The Trustees of*

4    *the Univ. Of Penn.*, 2011 WL 7074209, *5-6 (N.D. Cal. Sept. 9, 2011) (rejecting argument that

5    propounding party "improperly seeks to transform" interrogatory into a new question where the

6    information sought was within the scope of the interrogatory as written). Indeed, it is well settled

7    that the Court "has broad discretion to appropriately narrow the scope of otherwise overly broad and

8    objectionable discovery requests, regardless of what the request initially requested." *Samsung SDI*

9    *Co. v. Matsushita Elec. Indus. Co.*, 2007 WL 4303348, *3 (C.D. Cal. June 25, 2007).[6]

10           In short, the Court finds that some of Defendants' arguments were substantially justified and

11   that some were not. For the sake of brevity, the Court will not detail whether substantial

12   justification existed for each of the discovery disputes. Indeed, the parties themselves have not

13   analyzed whether substantial justification exists for each of the arguments raised. In the Court's

14   review of the arguments raised in the motion to compel, the Court finds that approximately 1/4 of

15   the arguments were substantially justified and the Court will therefore reduce the hours awarded by

16   25%.

17           C.       MOTION TO COMPEL DENIED IN PART

18           The Court granted in part and denied in part the motion to compel. Where a motion to

19   compel is granted in part and denied in part, the Court may apportion the expenses recoverable,

20   including denying an award of expenses altogether. *See* Rule 37(a)(5)(C). The Court finds in its

21

22   ──────────────────────

23           [6] The authority that was cited by Defendants stands for the proposition that supplemental
     responses need not be provided where the information sought through the motion to compel goes
24   beyond the scope of the propounded discovery. *See Gardias v. San Jose State Univ.*, 2007 WL
     2288325, *3 (N.D. Cal. Aug. 9, 2007) (denying motion to compel because, *inter alia*, information
25   sought was not actually requested in the served discovery); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*,
     2010 WL 502721, *24 (parties are "not required to guess that information beyond that which was
26   specified was being sought" (quoting *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 323-24 (N.D.
     Ill. 2005) and a responding party is "entitled to answer a poorly phrased interrogatory as it was
27   drafted"). That is not the situation here, as the proposed definition was narrower than the scope of the
     discovery sought initially.
28

                                                        5

1  discretion that the requested fees should be apportioned.  As the motion was granted in significant

2  part, the Court in its discretion will reduce the fees awarded by 10%.

3      D.    OTHER ARGUMENTS

4      Defendants raise several additional arguments in asserting that expenses should be denied

5  outright.  Defendants argue that attorneys' fees are only awarded in patent cases where a showing

6  has been made that the case is "exceptional."  *See* Response at 2 (citing 35 U.S.C. § 285).  Section

7  285 provides the court in patent cases with the discretion to award attorneys' fees in exceptional

8  cases where the movant has ultimately obtained relief on the merits.  *See, e.g.*, *Inland Steel Co. v.*

9  *LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004).  On the other hand, discovery sanctions in

10  patent cases may be awarded under Rule 37.  *See, e.g.*, *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*,

11  688 F.3d 742, 747-749 (Fed. Cir. 2012) (affirming discovery sanctions under Rule 37).  In

12  particular, Rule 37(a)(5)(A) through (C) govern the determination of whether attorneys' fees should

13  be awarded in relation to a motion to compel discovery in patent cases.  *See, e.g.*, *Prolitec, Inc. v.*

14  *Scentair Techs., Inc.*, 2013 WL 143768, *2 (E.D. Wis. Jan. 10, 2013) ("Rule 37(a)(5)(A) through

15  (C) of the Federal Rules of Civil Procedure governs [such] requests").  To recover expenses under

16  Rule 37(a)(5), the movant need not show exceptional circumstances.  Accordingly, the Court rejects

17  Defendants' argument that fees should be denied altogether pursuant to Section 285.[7]

18      Defendants also discuss Plaintiff's counsel's purported bad faith with respect to the

19  preparation of a joint statement requested by the Court.  *See* Response at 8-10.  To the extent

20  Defendants are arguing that an award of fees would be unjust, *see* Rule 37(a)(5)(A)(iii), the Court

---

[7]  On the other end of the spectrum, Plaintiff notes repeatedly that the Court found "good cause" to grant some of its motion to compel and asserts that the Court "invited [it] to file a motion for fees and costs."  *See, e.g.*, Reply at 1.  To the extent Plaintiff implies that the Court has already expressed an opinion regarding the merits of the pending motion for expenses, it is mistaken.  *See, e.g.*, *Mkhitaryan v. U.S. Bank, N.A.*, 2013 WL 211091, *2 (D. Nev. Jan. 18, 2013) ("the Court was required to allow Plaintiffs to submit an application for fees and expenses.  However, this invitation was not a guarantee that the Court would grant the application.")

6

1    disagrees.[8]

2        E.      CONCLUSION

3        Based on the above, it is clear that Plaintiff should not recover all of its expenses in bringing

4    the motion to compel.  Taking into account Plaintiff's failure to meet and confer on all issues prior

5    to filing its motion to compel, the fact that the motion to compel was denied in part, and Defendants'

6    substantial justification for some of their objections, the Court concludes that any fees awarded for

7    the motion to compel should be reduced by 68%.

8    **III.    LODESTAR CALCULATION**

9        Having determined that Plaintiff is entitled to recover some of its attorneys' fees incurred in

10   bringing its motion to compel, the Court turns to the calculation of the fees.  Reasonable attorneys'

11   fees are generally calculated based on the traditional "lodestar" method.  *Camacho v. Bridgeport*

12   *Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  Under the lodestar method, the Court determines

13   a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a

14   reasonable hourly rate."  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar figure is

15   presumptively reasonable.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir.

16   1988).

17       The Court "has a great deal of discretion in determining the reasonableness of the fee and, as

18   a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of

19   the hours claimed."  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010)

20   (quoting *Gates*, 987 F.2d at 1398).  In reviewing the hours claimed, the Court may exclude hours

21   related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary.  *See, e.g.*,

22   *Hensley*, 461 U.S. at 433; *see also Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D.

23   Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily,

24   or inefficiently" spent).

25       The reasonableness of hours expended depends on the specific circumstances of each case.

26   _____

27   [8] Nor does the Court find that this argument otherwise affects the overall propriety of awarding
     fees.  As explained below, however, the Court does not award fees related to the meet and confer
28   process, including the drafting and submission of the statement at issue.

*Camacho*, 523 F.3d at 978.  To that end, in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing.  *See Herb Reed Enters. v. Monroe Powell's Platters*, 2013 WL 3729720, *3, 2013 U.S. Dist. Lexis 97559, *31 (D. Nev. July 11, 2013), *adopted* 2013 U.S. Dist. Lexis 132794 (D. Nev. Sept. 17, 2013); *see also Easley v. U.S. Home Corp.*, 2012 WL 3245526, at *3 (D. Nev. Aug. 7, 2012).

      A.    REASONABLE HOURS

The pending motion outlines more than 200 hours that Plaintiff's counsel asserts were reasonably incurred in bringing to the motion to compel and fees motion.  *See, e.g.*, Bloch Decl ¶¶ 6-7; McPeak Decl. ¶ 6; *see also* Reply at 7-8 (indicating time from August 2012 that was written off). The parties argue at length as to the reasonableness of these hours and the appropriateness of including certain hours in a fee award at all.  For the reasons discussed more fully below, the Court concludes that the requested hours are excessive.

      1.    Drafting the Motion

Plaintiff seeks to recover more than 60 hours spent researching and drafting the motion to compel.  *See, e.g.*, Bloch Decl ¶ 6; McPeak Decl. ¶ 6; *see also* Reply at 7-8.  The brief submitted in support of the motion contained roughly 15 pages of argument.  *See* Docket No. 115.  Plaintiff also submitted declarations and exhibits in support of the motion.  *See* Docket Nos. 116-118.  Although the pending motion for expenses argues that this patent litigation generally is "relatively complex, and involves numerous complicated and novel legal issues," *see* Mot. at 7, the discovery issues raised in the motion to compel were not particularly complicated.  Nor does it appear that extensive legal research was required.

In reviewing Plaintiff's billing records, the Court finds the amount of time spent on drafting the motion is excessive.  First, Defendants argue throughout their response that there was unnecessary duplication of effort by Plaintiff's counsel.  With respect to drafting the motion to compel, Plaintiff seeks fees for the time spent by five different attorneys who worked on the motion. *See* Bloch Decl ¶ 6; McPeak Decl. ¶ 6.  Billed time that includes unnecessary duplication of effort

should be excluded from the lodestar. *See Herrington v. County of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989).  "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (internal citations omitted); *see also* Docket No. 181 at 11-12 (denying fees that were duplicative due to Plaintiff's attorneys consulting together).  While attorneys and their clients are free to staff matters as they see fit, *see* Reply at 9, they are not entitled to recover fees as sanctions for hours that are deemed to be excessive. *See Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2012 WL 2244262, *10 (D. Nev. June 15, 2012) ("The court does not doubt that this amount of time was actually spent [by multiple attorneys].  However, while the law firm and its clients may agree to multiple attorneys working on a case, the court will not impose sanctions . . . for the entire amount.")  Of course, awarding fees for work by multiple attorneys is not always impermissible, as some degree of duplication is necessary in every case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  Evaluating the fees requested in this case, the Court agrees with Defendants that Plaintiff's counsel over-staffed this matter, which resulted in unnecessary duplication of effort.  To that end, the Court finds only the hours spent by Mr. Oh and Ms. McPeak in preparing the motion should be included in the fee award.[9]

The Court also finds the request by Mr. Oh for more than 50 hours on the motion to compel to be unreasonable in light of the length and complexity of the motion, as well as the amount of legal research required.  Given the nature of the issues raised, the Court finds that a reasonable amount of time preparing the motion was 30 hours by Mr. Oh and 3.75 hours by Ms. McPeak.

### 2.   Drafting the Reply

Plaintiff seeks to recover roughly 32 hours in researching and preparing the reply brief to the motion to compel. *See, e.g.*, Bloch Decl. ¶ 6; McPeak Decl. ¶ 6.  The reply brief consists 14 pages of argument.  Docket No. 128.  As with the motion, the reply did not tackle particularly

---

[9]  The Court similarly finds that the hours of only two attorneys should be included with respect to the other tasks discussed below.

complex issues or require extensive research.  The Court finds the amount of time spent on the reply brief to be excessive.  Given the nature of the issues raised, the Court finds that a reasonable amount of time preparing the reply was 20 hours by Mr. Oh and 2 hours by Ms. McPeak.

### 3.   Preparing for the Hearing

It appears that Plaintiff seeks to recover approximately 40 hours for Plaintiff's counsel to prepare for the hearing on the motion to compel.  *See, e.g.*, Bloch Decl ¶ 6; McPeak Decl. ¶ 6.[10]  The Court finds the amount of time spent preparing for the hearing excessive.  In particular, the Court finds that a reasonable amount of time preparing for the hearing was 10 hours by Mr. Oh and 3 hours by Mr. Silvestri.

### 4.   Attending the Hearing

In appears that Plaintiff seeks to recover approximately 10 hours for traveling to and from, and attending the hearing on the motion to compel.  *See* Section III.A.3. at n. 10.  The Court finds the hours claimed to be unreasonable.  The hearing lasted 52 minutes.  Docket No. 204.  It appears that the rest of the time sought relates to traveling to and from the hearing.  Generally, courts allow limited time for traveling to and from a hearing.  *See, e.g.*, *Gresham v. Petro Stopping Ctrs.*, 2010 WL 2464824, *3 (D. Nev. June 14, 2010) (awarding fees for 1.3 hours for preparing, attending and commuting to and from hearing).  With respect to long-distance travel for out-of-state attorneys, courts generally do not allow fees for such time absent a showing that recovering for travel time is

---

[10]  With respect to Mr. Oh, the Bloch Declaration lists 35.5 hours to "[p]repare for *and attend hearing* on Motion to Compel," Bloch Decl ¶ 6 (emphasis added), as well as 7.3 hours to "[a]ttend hearing on Motion to Compel," *id.*  Accordingly, the two categories of time overlap.  It appears from the billing records that Mr. Oh spent 1 hour attending the hearing, 7.7 hours traveling to and from California, and an undefined amount of time traveling to Court with Mr. Silvestri.  *See* Bloch Decl., Exh. B.  Hence, while not entirely clear, it appears that Mr. Oh is seeking attorneys' fees for roughly 35 hours in relation to preparing for the hearing.

With respect to Mr. Silvestri, the papers submitted combined the time preparing for and attending the hearing.  *See* McPeak Decl. ¶ 6 (listing 4.75 hours preparing for and attending hearing); *id.* at Exh. B (listing 2.25 hours preparing for hearing on January 31, 2013, and 2.50 hours preparing for and attending hearing).  In light of the hearing length and the local commute time, it appears that Mr. Silvestri claims roughly 3 hours of time in preparing for the hearing.

customary in the particular facts of the case.  *See Comcast of Ill. X, LLC v. Jung Kwak*, 2010 WL 3781768, *6-7 (D. Nev. Sept. 17, 2010); *see also Jankey v. Beach Hut*, 2006 WL 4569361, *4-5 (C.D. Cal. 2006) (denying fees for travel time where evidence not submitting showing the local customary practice allows for billing clients for such time).  Courts are especially reluctant to award fees for traveling to a hearing where an insufficient showing has been made that local counsel alone could not have attended and/or the out-of-state counsel could not have attended telephonically.  *See, e.g.*, *Comcast*, 2010 WL 3781768, at *7; *Stanford v. Ocwen Federal Bank, FSB*, 2012 WL 37383, *2 (E.D. Cal. Jan. 6, 2012) (reducing fees for travel time where telephonic appearance was possible).  That reluctance is consistent with the need for the Court to guard against awarding fees that "were self-imposed and avoidable."  *Comcast*, 2010 WL 3781768, at *5 (citing *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)).[11]

In the pending matter, Plaintiff fails to show that it is appropriate to award fees for Mr. Oh's time traveling from California for the hearing on the motion to compel.  In particular, Plaintiff has not explained why the motion to compel could not have been argued by local counsel or why Mr. Oh could not have sought leave to appear telephonically.  Accordingly, the Court finds that a reasonable amount of time attending–and traveling locally to and from–the hearing was 1.5 hours for Mr. Oh and 1.5 hours for Mr. Silvestri.

> 5.  Meeting and Conferring

Plaintiff seeks to recover 7 hours related to the meet and confer process prior to the filing of its motion to compel, as well as roughly 33 hours related to the meet and confer ordered by the Court just prior to the hearing on the motion to compel.  *See, e.g.*, Bloch Decl. ¶ 6; McPeak Decl. ¶ 6. Defendants argue that time spent meeting and conferring is not properly included in a fee award.

---

[11] Attorneys' fees have been awarded in this District for out-of-state travel time in some circumstances where personal attendance by counsel was necessary.  *See Shenzehn Membrane*, 2012 WL 2244262, at *10 (awarding fees for travel time expended by lead counsel in attending settlement conference, at which personal attendance is required); *see also Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 2010 WL 5419055, *3 (D. Nev. Dec. 23, 2010) (awarding fees for travel time where opposing party refused to allow foreign depositions to be conducted by video conference), *aff'd in part*, 668 F.3d 677, 689 (9th Cir. 2012) (affirming determination of reasonable hours).

11

1  *See* Response at 19 (citing *Alutiiq Int'l Solutions, LLC v. Lyon*, 2012 WL 4182026, *4 (D. Nev.

2  Sept. 17, 2012)).  "The local rules . . . require counsel to meet and confer before filing any discovery

3  motion in an effort to resolve disputes.  As such, fees associated with the initial meet and confer

4  process logically should not always be included in the fee award."  *Matlink, Inc. v. Home Depot*

5  *U.S.A., Inc.*, 2008 WL 8504767, *5 (S.D. Cal. Oct. 27, 2008) (internal citation omitted).  To that

6  end, attorneys' fees are generally not awarded in this District for time spent meeting and conferring

7  on motions to compel.  *See Alutiiq*, 2012 WL 4182026, at *4; *see also Holland v. State Farm Mut.*

8  *Auto. Ins. Co.*, 2013 U.S. Dist. Lexis 76671, * 3 (D. Nev. May 31, 2013).[12]  The Court similarly here

9  finds that the time spent meeting and conferring should not be recoverable.

10                          6.      Drafting Fees Motion

11          Plaintiff next seeks to recover 31 hours in researching and drafting the pending motion for

12  attorneys' fees.  *See, e.g.*, Bloch Decl. ¶ 6.  Without citation to case law, Defendants argue that fees

13  are not recoverable under the Federal Rules for the time spent drafting a motion for attorneys' fees.

14  *See* Response at 20.  Defendants' assertion is contrary to authority from this District, however,

15  awarding attorneys' fees incurred in bringing a motion for discovery sanctions.  *See, e.g.*, *Alutiiq*,

16  2012 WL 4182026, at *4; *Gresham*, 2010 WL 2464824, at *3.  This approach is consistent with the

17  general principle that a party entitled to recover attorneys' fees should also recover the reasonable

18  attorneys' fees necessarily incurred in obtaining a fee award.  *See, e.g.*, *Clark v. City of Los Angeles*,

19  803 F.2d 987, 992 (9th Cir. 1986) (indicating that "fees on fees" are recoverable under 42 U.S.C. §

20  1988); *see also SOC-SMG, Inc. v. Christian & Timbers*, 2010 WL 2085076, *7 (D. Nev. May 20,

21  2010) (awarding fees under Rule 37 for "fees on fees" based on same principle); *Matlink*, 2008 WL

22  8504767, at *6 (same).  The Court likewise here finds that, within reason, Plaintiff may be awarded

23  _____

24          [12]  Courts have awarded fees for meeting and conferring in limited circumstances.  *See Matlink*,
     2008 WL 8504767, at *5 (noting that such hours should generally not be included in a fee award, but

25   awarding fees for half of such hours where opposing party "stonewalled" the meet and confer process);
     *see also Allstate v. Balle*, 2013 WL 4458791, *7 (D. Nev. Aug. 15, 2013) (awarding fees for meet and

26   confer based on the circumstances of that case); *Grimsley v. Charles River Labs.*, 2010 WL 3238950,
     *1-3 (D. Nev. Aug. 13, 2010) (affirming award of fees for time spent on meet and confer efforts for

27   party opposing motion to compel where movant failed to comply with a court order to make a "sincere

28   effort to resolve [the] discovery disputes").

attorneys' fees for filing the instant motion for attorneys' fees.

Once again, however, the Court finds the hours sought are excessive. The pending motion is roughly 11 pages long and should not have required extensive legal research. Docket No. 206. Additionally, Plaintiff submitted factual information to the Court in support of its fee request. *See, e.g.*, Docket No. 207. The Court finds that a reasonable amount of time preparing the motion for fees is 8 hours by Mr. Kearney and 2 hours by Mr. Oh.

### 7.   Conclusion

In light of the above, the Court finds that Plaintiff's counsel reasonably expended 71.75 hours in bringing the motion to compel, comprised of 61.5 hours for Mr. Oh, 5.75 hours for Ms. McPeak, and 4.5 hours for Mr. Silvestri. Given that Plaintiff is entitled to recover 32% of the hours expended, *see* Section II.E., the Court will award attorneys' fees for 19.68 hours for Mr. Oh, 1.84 hours for Ms. McPeak, and 1.44 hours for Mr. Silvestri with respect to the motion to compel.

The Court also finds that Plaintiff's counsel reasonably expended 10 hours with respect to the pending motion for attorneys' fees, comprised of 2 hours for Mr. Oh and 8 hours for Mr. Kearney.

### B.   HOURLY RATE

The next step in calculating the lodestar is to determine the attorneys' rates "calculated according to the prevailing market rates in the relevant community," taking into account the rates for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworks of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990); *see also Cruz*, 601 F. Supp. at 1194 (finding determination by other court of the rates for the same attorneys particularly instructive).

United States District Judge Gloria M. Navarro has set Ms. McPeak's hourly rate at $375, Mr. Oh's hourly rate at $325, and Mr. Kearney's hourly rate at $275. Docket No. 181 at 11-12; *see also Shenzhen Membrane*, 2012 WL 2244262, at *9. Plaintiff seeks the same rates with respect to

13

the pending motion for attorneys' fees, and the Court will apply these rates.

With respect to Mr. Silvestri, Plaintiff seeks a rate of $450.  *See* Mot. at 8; McPeak Decl. ¶ 5. Defendant argues that Mr. Silvestri's hourly rate should be capped at $375, as that is the rate found to be reasonable by Judge Navarro for McDonald Carano Wilson attorneys generally.  *See* Response at 15.  Plaintiff counters that Judge Navarro's ruling decided only the rate of Ms. McPeak, and is therefore of limited significance as to Mr. Silvestri's reasonable hourly rate.  *See* Reply at 6.  Taking into account Mr. Silvestri's experience, reputation and skill, the Court finds that his hourly rate should be set at $400, which is the cap placed on the partners from Winston & Strawn by Judge Navarro.  *See* Docket No. 181 at 12; *see also Shenzhen Membrane*, 2012 WL 2244262, at *9.

C.  FEES TO BE AWARDED

In light of the reasonable hours and rates determined above, the Court hereby calculates the lodestar as follows:

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
|----------|-------|-------------|-------|
| K. Oh | 21.68 | $325 | $7,046 |
| T. Kearney | 8 | $275 | $2,200 |
| J. McPeak | 1.84 | $375 | $690 |
| J. Silvestri | 1.44 | $400 | $576 |

Accordingly, the Court finds a lodestar amount of $10,512.

The lodestar amount is presumptively reasonable.  *Cunningham*, 879 F.2d at 488.  The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation.  *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).[13] However, the Court should adjust the lodestar only in "rare and exceptional cases."  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).  The Court finds that circumstances do not exist to warrant adjusting the lodestar in this case.

_____

[13] Plaintiff discusses the relevant factors at some length.  *See* Mot. at 6-11 (discussing factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

## IV.    COSTS

Plaintiff also seeks to recover $2,247.93 in costs incurred in bringing the motion to compel. *See* Bloch Decl. ¶ 8.  That amount consists of $1,153.52 in legal research charges, $852.41 for travel expenses to attend the hearing, and $242 for transcripts.  *Id.*  Defendants raise several threshold objections to these costs.  First, Defendants argue that costs cannot be recovered under Rule 54(d)(1) or Local Rule 54-1 because Plaintiff is not yet considered a "prevailing party" in this action.  *See* Response at 23-24.  The Court is not persuaded.  Plaintiff's present motion is not brought pursuant to Rule 54, it is brought pursuant to Rule 37, which expressly allows for the recovery of "expenses" when a motion to compel is granted in part.  *See* Rule 37(a)(5)(C).  The "expenses" allowed under Rule 37 include both attorneys' fees and costs reasonably incurred in bringing the motion to compel. *See, e.g.*, *Alutiiq*, 2012 WL 4182026, at *4-5.

Defendants next argue that the costs should be denied because the "bill of costs" was filed the morning after the deadline provided by the Court's order.  *See* Response at 24; *see also* Docket No. 202 (requiring motion for fees and costs to be filed 10 days after hearing on motion to compel).[14]  The motion itself was timely filed and it seeks costs, identifies the total amount of costs sought, and explicitly identifies the three types of costs sought to be recovered.  *See* Mot. at 11. Moreover, Plaintiff timely submitted a declaration itemizing the costs sought.  *See* Bloch Decl. ¶ 8 ("Aevoe has incurred costs of $2,247.93: $1,153.52 for Westlaw computerized research charges, $852.41 for travel expenses for the costs of attending the hearing, and $242.00 for transcripts.")  In light of the above, Defendants' assertion rings hollow that they were prejudiced by the filing of the "bill of costs" the morning after the deadline.  *See* Response at 25.  The Court finds that the costs are properly before the Court.[15]

---

[14]  The bill of costs was filed at 11:13 a.m. on February 12, 2013.  *See* Docket No. 209 (notice of electronic filing).

[15]  A by-product of the parties' scorched-earth approach to this litigation is that they take inconsistent positions in different motions before the Court.  *Compare* Response at 24-25 (outlining Defendants' argument that strict compliance with Court-ordered deadline is required) *with Aevoe Corp. v. AE Tech. Co.*, 2013 WL 4701192, *1 (D. Nev. Aug. 30, 2013) (accepting Defendants' argument that their failure to serve discovery in compliance with Court-ordered deadline should be excused).

1    Having reviewed the costs submitted, the Court finds that the $1,153.52 in legal research

2 charges and $242 for transcripts are properly recovered.  *See Alutiiq*, 2012 WL 4182026, at *4-5

3 (awarding costs for legal research and transcripts).  With respect to the travel expenses, however,

4 Plaintiff has not shown that they were reasonably incurred with respect to the motion to compel

5 hearing, *see* Section III.A.4., and the Court will not award costs related to travel expenses.

6 Accordingly, the Court finds that $1,395.52 in costs were reasonably incurred in making the motion

7 to compel.

8 **V.      CONCLUSION**

9    For the reasons discussed above, Plaintiff's motion for expenses is hereby **GRANTED** in

10 part and **DENIED** in part.  The Court hereby awards Plaintiff $10,512 in attorneys' fees and

11 $1,395.52 in costs.  Payment shall be made no later than **October 10, 2013**.

12    IT IS SO ORDERED

13    DATED: September 20, 2013

14

15 _____
NANCY J. KOPPE
16 United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

16