**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., ) | Case No. 2:12-cv-00053-GMN-NJK |
| Plaintiff(s), ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| AE TECH CO., LTD., et al, ) | (Docket No. 243) |
| ) | |
| Defendant(s). ) | |

Pending before the Court is a motion to quash filed by non-parties Racing Optics, Inc., Seth Wilson, Stephen Wilson, and Bart Wilson ("Movants") regarding a subpoena for documents served by Plaintiff. Docket No. 243. Plaintiff filed a response in opposition and Movants filed a reply. Docket Nos. 259, 275. Prior to the hearing on the motion, the Court issued an order indicating that the parties had not briefed the motion in accord with the burden-shifting analysis used for motions to quash brought under Rule 45(c)(3)(B)(i). *See* Docket No. 347. The Court indicated that counsel should be ready to address those standards at the hearing. *Id.* at 3. The motion came on for hearing on September 3, 2013. *See* Docket No. 351.

One part of the Court's analysis is whether the party who served the subpoena has shown a "substantial need" for the information sought. *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006). As the Court understands it, Plaintiff's argument presented at the hearing attempts to establish substantial need as follows: (1) Defendants contend that Plaintiff's patent is invalid because the Wilson application is invalidating prior art and that Defendants have made this contention a "key issue" in this litigation, *see, e.g.*, Hearing Tr. (9/6/2013) at 33; (2) Plaintiff requires information

concerning, *inter alia*, the conception and reduction to practice of the invention described in the Wilson application to defend against Defendants' invalidity contention, *see, e.g., id.* at 34; and (3) the Wilson inventors may be called to testify as to these facts at trial, *see id.* at 41 ("[T]o the extent this matter goes to trial, I would imagine that Racing Optics would be called as witnesses.  And so the documents remain relevant, remain necessary to Aevoe's, you know, defense of AE Tech's counterclaims.")  Thus, it appears to be Plaintiff's position that the information sought would be important in cross-examining and/or rebutting the testimony of Movants at trial.

Plaintiff have presented no authority, however, that it is proper in an infringement trial to allow evidence regarding (1) the priority of the patentee's invention over a non-party's patent (or potential patent) or (2) the invalidity of a patent (or potential patent) resulting from a patent application that is cited as prior art.  For their part, Movants argue that such evidence is not allowed in an infringement trial.  *See* Hearing Tr. (9/6/13) at 30.[1]

As noted above, the parties did not brief whether Plaintiff has a "substantial need" for the subpoenaed information.  Although the Court heard some argument concerning "substantial need" at the hearing on the motion, the Court requires further briefing from Plaintiff and Movants.[2]  As such, Plaintiff and Movants shall submit a supplemental brief of no longer than 10 pages explaining whether Plaintiff has a "substantial need" for the subpoenaed documents in this case.[3]  In particular, Plaintiff should explain with particularity how the documents sought will actually be used in this litigation and

---

[1] "I don't know how this Court would even go through these proceedings and decide that maybe by then an issued Wilson patent is invalid and then, therefore, is not prior art. I couldn't find any case that discusses that there could be such a procedure. So I don't think that they've shown a substantial need or that it's really relevant to their case."

[2] The Court does not require further briefing at this time regarding whether the information sought is confidential or whether any resulting prejudice may be mitigated through an appropriate protective order.

[3] Defendants are not required to file a brief in response to this order, but may do so if they choose, no later than October 24, 2013.

provide authority that Plaintiff can actually use the documents in that way.[4] The supplemental briefs shall be submitted no later than October 24, 2013.

IT IS SO ORDERED.

Dated: October 17, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent Plaintiff believes that the documents will not actually be presented at trial or in other proceedings in this case, it must provide a better explanation as to why it has a "substantial need" for the documents.