# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:12-cv-00053-GMN-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| AE TECH. CO., et al., ) | |
| ) | (Docket No. 292) |
| Defendant(s). ) | |

Pending before the Court is Plaintiff's motion to seal. Docket No. 292. For the reasons discussed more fully below, the Court finds the papers submitted by Plaintiff to be insufficient to warrant sealing. The documents shall remain under seal for the time being. However, no later than October 25, 2013, Plaintiff shall submit a supplemental filing providing further basis for its request as outlined more fully below. The failure to do so will result in the Court making the exhibit publicly available.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, *1 (D. Nev. May 24, 2013). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

1    The pending motion seeks to seal portions of Plaintiff's motion for an order to show cause (Docket No. 293) and certain exhibits attached to the declaration filed in support thereof (Docket No. 294). With respect to the request to seal excerpts of Plaintiff's motion for an order to show cause, Plaintiff contends that the information relates to Defendants' confidential and proprietary sales information and business model. *See* Docket No. 292 at 3. Defendants, however, have not submitted a declaration in support of the sealing request. *Cf.* Docket No. 334 (amending protective order to establish procedure for requests to seal an opposing party's confidential information).

With respect to the request to seal exhibits attached to the declaration filed in support the motion for an order to show cause, the motion asserts without elaboration that the exhibits "contain[] confidential and proprietary information about its sales information and business model." *See* Docket No. 292 at 4. There is no further explanation as to why the six exhibits identified merit secrecy.

The Court is unable to conclude based on the papers that there is good cause supporting the motion to seal. Accordingly, no later than October 25, 2013, Plaintiff shall submit supplemental materials further supporting the motion to seal as it relates to its exhibits. To the extent the motion to seal relates to Defendants' confidential information, the parties shall confer prior to that date and Defendants shall provide to Plaintiff an appropriate declaration for filing in support of the motion to seal no later than October 24, 2013.

IT IS SO ORDERED.

DATED: October 18, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge