1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AEVOE CORP.,                               )
                                           )
                    Plaintiff(s),          )        Case No. 2:12-cv-00053-GMN-NJK
                                           )
vs.                                        )        ORDER
                                           )
AE TECH. CO., et al.,                      )
                                           )        (Docket No. 376)
                    Defendant(s).          )
_____)

Pending before the Court is Defendant AE Tech's motion to seal an exhibit under seal.
Docket No. 376.  Pursuant to the procedure outlined by the Court, *see* Docket No. 334, Plaintiff has
submitted a declaration in support of the motion to seal.  Docket No. 378.  For the reasons discussed
more fully below, the Court finds the declaration submitted by Plaintiff to be insufficient to warrant
sealing.  The exhibit shall remain under seal for the time being.  However, no later than October 25,
2013, Plaintiff shall submit a supplemental brief analyzing the relevant standards discussed below,
as well as such further evidentiary support as is necessary pursuant to those standards.  The failure
to do so will result in the Court making the exhibit publicly available.

The Ninth Circuit has held that there is a strong presumption of public access to judicial
records.  *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v.
State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file
documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors
Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Parties "who seek

to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1]  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

    The document at issue in the pending motion to seal is Exhibit 6 to the reply brief filed by AE Tech in support of its motion to dismiss.  *See* Docket Nos. 375, 377.  The exhibit consists of a copy of the employment agreement of Aevoe Corp. employee Michael Leonhard.  *See* Docket No. 377; *see also* Docket No. 378 at ¶ 2.  In support of the motion to seal, Plaintiff submitted the declaration of Jonathan Lin stating that:

> Aevoe does not make that employment agreement and other similar contracts publicly available and treats such an employment contract, including the contractual terms and conditions, as sensitive business information.  Aevoe designated the information as highly confidential in order to prevent the disclosure of such a contact [sic] with one of its top executives from competitors such as the defendants in this lawsuit.

Docket No. 378 at 2.

    The Court is unable to conclude based on this showing alone that there is compelling reason for keeping the employment agreement secret.[2]  Instead, as noted above, no later than October 25, 2013, Plaintiff shall submit a supplemental brief analyzing the relevant standards discussed below,

---

    [1]  *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents.   The same analysis and standards apply to a party's motion to seal.  *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

    [2]  As a threshold matter, the Ninth Circuit has made clear that the designation of a document as confidential under a stipulated protective order is insufficient to justify sealing that document.  *See, e.g., Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *12-13 (D. Nev. May 14, 2013) (discussing *Foltz* and *Kamakana* on this issue regarding the "compelling reasons" standard).

as well as such further evidentiary support as is necessary pursuant to those standards.

IT IS SO ORDERED.

DATED: October 18, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge