MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Email: sm@morrislawgroup.com
Jean-Paul Hendricks, Bar No. 10079
Email: jph@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile:   (702) 474-9422

BUCHANAN INGERSOLL &
  ROONEY P.C.
Lynn J. Alstadt (admitted *pro hac vice*)
Steven D. Czajkowski (admitted *pro hac vice*)
301 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 562-1632

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AE TECH. CO., LTD., a Taiwan corporation; S&F Corporation dba SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation,<br><br>Defendants. | Case No.: 2:12-cv-00053-GMN-NJK<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF FALSE MARKING** |

Defendants AE Tech Co. Ltd, S&F Corporation and GreatShield Inc. (hereafter "Defendants"), hereby submit their motion for partial summary judgment that plaintiff Aevoe Corp. falsely marked its iVisor Pro for MacBook as patented technology in violation of 35 U.S.C. § 292(b).[1] This

---

[1] Defendants asserted a counterclaim for false marking in separate amended answers and counterclaims filed March 30, 2012 and April 9, 2012. ECF Nos.

motion is based upon Fed. R. Civ. P. 56(c), declarations of Tom Hsieh and Feon Tan appended hereto, the exhibits filed herewith, the following points and authorities and any oral argument the court may entertain in this matter.

## POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants sell screen protectors and other accessory products for computers, cell phones and other electronic devices.  In 2012 Defendants considered selling a screen protector for a MacBook laptop computer.  AE Tech prepared a quote to supply that product to a customer in the United States while S&F Corporation and GreatShield had internal discussions about selling a screen protector for the MacBook laptop computer.  However, all of the Defendants decided not to sell a screen protector for the MacBook after seeing advertising and packaging for the iVisor Pro for MacBook which said that this product was "Patented technology".  They understood from a "Patented technology" notice on the package and a "proprietary design and patent technology" statement in product advertisements that the iVisor Pro for MacBook or a method by which this product is made is protected by a patent.  Because of the package notice and advertising that the iVisor Pro for MacBook is "patented technology" they decided not to sell a screen protector for the Apple MacBook laptop computer.  They feared that if they sold such a screen protector they may have been subject to allegations, claims, or assertions that this screen protector was infringing a patent.  Had S&F and GreatShield sold screen protectors for MacBook they would have sold 60,000 units per year and earned an annual profit of $240,000.00.  Had AE Tech sold screen protectors

---

51 and 52.  Plaintiff's filed a motion to dismiss this counterclaim. ECF Nos. 67 and 68.  That Motion has been fully briefed and is still pending.

2

for the MacBook they would have sold 120,000 units per year and earned an annual profit of $420,000.00.

In fact, there is no United States Patent that covers or ever covered the iVisor Pro for MacBook or any method for making this product. The statement that the iVisor Pro for MacBook is "Patented technology" is false.

Plaintiff has engaged in a pattern of falsely marking its screen protector products as "Patented" or "Patent pending." The first packages for the iVisor AG for MacBook screen protector have a notice which says "Patent pending technology" This can be seen in a YouTube video at http://www.youtube.com/watch?v=W677KLF2V40. A screen shot from that video is submitted herewith as Exhibit C. Later packages for the iVisor AG for MacBook have a notice which says "Patented technology". This can be seen in a YouTube video at http://www.youtube.com/watch?v=ioPvYBB6Wx0. A screen shot from that video is submitted herewith as Exhibit D. Advertisements for the iVisor AG say that this product is "Patented technology". Yet, there are no patents that cover or ever covered this product.

Plaintiff advertised its iVisor XT for iPad as patented technology on October 19, 2011 when there was no patent for that product. Indeed, Attorney Ben T. Lila representing Splash Products, another seller of touch screen protectors, sent Aevoe's counsel a letter identifying a YouTube video at http://www.youtube.com/watch?v=f9RpiOnUBwc where Aevoe falsely claims patent protection before issuance of a patent and notifying him that the video contains false marking claims.

This pattern of false marking demonstrates an intent to deceive the public.

Defendants suffered a competitive injury as a result of this false marking in the form of lost profits on sales of screen protectors for the MacBook which would have made absent the false marking.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Forest v. Vitek*, 884 F.Supp. 378, 380 (D. Nev. 1993). "Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). All justifiable inferences must be viewed in the light must favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine

issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. *See Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 888 (1990); *see also Anheuser-Busch. Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. *Villiarimo v. Aloha Island Air. Inc.* 281 F.3d 1054, 1061 (9th Cir. 2002).

III.   **STATEMENT OF UNDISPUTED MATERIAL FACTS**

The following facts are not in dispute:

1.   Aevoe, Corp. ("Aevoe"), is a corporation established in 2005 under the laws of California with its corporate headquarters located at 491 E Evelyn Avenue, Sunnyvale, CA 94086-6358. **iVisor Pro for MacBook**

2.   Attached as Exhibit 3 to the Declaration of Feon Tan is a photocopy of the packaging of the iVisor Pro for MacBook which was sold by Aevoe.

3.   In response to a request for production of documents Aevoe produced to defendants two samples of the iVisor Pro for MacBook it was selling. These samples bear production numbers AEV-AE00007463 and AEV-AE00021733. A copy of the package for these samples is submitted as Exhibit A. These packages contain a notice that says "Patented technology" of the front of the package. See the notice below the fourth small image from the left near the bottom of the package.

4.   The packaging of the iVisor Pro for MacBook contains the notice "Patented technology ensures that the iVisor Pro is 100% bubble-free upon

installation" indicating that this product or a method by which this product is made is protected by a patent. Exhibit 3 to Declaration of Feon Tan.

5. Aevoe sold the iVisor Pro for MacBook since at least as early as 2010 as evidenced by the copyright notice "copyright © aevoe corp. all rights reserved" on the product packages. See Exhibit A.

6. Aevoe has advertised some of the iVisor Pro products it has sold as the Moshi iVisor Pro for MacBook 13". See Exhibit 2 to the Declaration of Feon Tan.

7. In at least some of those advertisements Aevoe has used the phrase "proprietary design and patented technology" to describe the iVisor Pro for MacBook 13". Declaration of Feon Tan ¶ 4 and Exhibit 2.

8. Aevoe has provided to others descriptions of the iVisor Pro for MacBook which use the phrase "patented technology" to describe the product as indicated by the webpages. See Exhibit 2 to Declaration of Feon Tan.

9. Others have used descriptions of the for MacBook obtained from Aevoe which contain the phrase "patented technology" in their advertisements and offers to sell this product. See Exhibit 2 to Declaration of Feon Tan.

10. There is no United States patent that covers the iVisor Pro for MacBook or any method used to manufacture this product. Exhibit E (Deposition of Michael Leonhard dated April 29, 2013 at page 44).

11. Michael Leonhard is executive director of business development. Exhibit E ( Deposition of Michael Leonhard dated April 29, 2013 at page 14).

12. Michael Leonhard reviewed the packaging every single product sold by Aevoe. Exhibit E ( Deposition of Michael Leonhard dated April 29, 2013 at page 42).

6

13. In 2012 AE Tech considered selling a screen protector for a MacBook and prepared a quote to supply that product to a customer in the United States. That quote is attached as Exhibit 1 to the Declaration of Tom Hsieh.

14. In 2012, AE Tech made a decision not to sell a screen protector for the Apple MacBook laptop computer after it found out that Aevoe had marked the packaging of its iVisor Pro for MacBook that said: "Patented technology ensures that the iVisor Pro is 100% bubble-free upon installation". Declaration of Tom Hsieh ¶9.

15. AE Tech understood the markings on the iVisor Pro for MacBook to indicate that the iVisor Pro for MacBook or a method by which the iVisor Pro for MacBook is made, is protected by a patent. Declaration of Tom Hsieh ¶8.

16. AE Tech was concerned that if it sold a screen protector for an Apple MacBook laptop computer it may have been subject to allegations, claims, or assertions that it was infringing a patent. Declaration of Tom Hsieh ¶9. Declaration of Tom Hsieh ¶10.

17. AE Tech would have sold a screen protector for an Apple MacBook laptop computer if not for its concern over the marking on the packaging on the iVisor Pro for MacBook that indicated that the iVisor Pro for MacBook or a method by which the iVisor Pro for MacBook is made, is protected by a patent. Declaration of Tom Hsieh ¶11.

18. AE Tech was forced to forego profits it would have realized had it sold a screen protector for an Apple MacBook laptop computer because of Aevoe's false marking of its iVisor Pro for MacBook. Declaration of Tom Hsieh ¶12.

19. Based upon its sale of other screen protectors, AE Tech projects that its sales of screen protectors for MacBook laptop computers would have

7

been 120,000 pieces per year and its profits from those sales would have been $420,000.00. Declaration of Tom Hsieh ¶12.

20. In 2012, S&F Corporation and GreatShield, Inc. considered selling a screen protector for the MacBook as evidenced by an e-mail from WK Teh to Fuyong Ng dated April 26, 2012. Declaration of Feon Tan ¶3.

21. S&F Corporation and GreatShield, Inc. decided not to sell a screen protector for the Apple MacBook laptop computer after it found out that Aevoe had marked the packaging of its iVisor Pro for MacBook that said: "Patented technology ensures that the iVisor Pro is 100% bubble-free upon installation". Declaration of Feon Tan ¶7.

22. S&F Corporation and GreatShield, Inc. understood the markings on the iVisor Pro for MacBook to indicate that the iVisor Pro for MacBook or a method by which the iVisor Pro for MacBook is made, is protected by a patent. Declaration of Feon Tan ¶6.

23. S&F Corporation and GreatShield, Inc. were concerned that if they sold a screen protector for an Apple MacBook laptop computer they may have been subject to allegations, claims, or assertions that they were infringing a patent. Declaration of Feon Tan ¶8.

24. S&F Corporation and GreatShield, Inc. would have sold a screen protector for an Apple MacBook laptop computer if not for its concern over the marking on the packaging on the iVisor Pro for MacBook that indicated that the iVisor Pro for MacBook or a method by which the iVisor Pro for MacBook is made, is protected by a patent. Declaration of Feon Tan ¶9.

25. Based upon its sale of other screen protectors, S&F Corporation and GreatShield, Inc. project that their sales of a screen protector for MacBook would have been 60,000 units per year and at a price of $20.00 per unit. The annual profit S&F Corporation and GreatShield Inc. would have

made from these sales would have been $420,000.00. Declaration of Feon Tan ¶10.

26. The first packages for the iVisor AG for MacBook screen protector have a notice which says "Patent pending technology" This can be seen in a YouTube video at http://www.youtube.com/watch?v=W677KLF2V40. A screen shot from that video is submitted herewith as Exhibit C.

27. Later packages for the iVisor AG for MacBook have a notice which says "Patented technology". This can be seen in a YouTube video at http://www.youtube.com/watch?v=ioPvYBB6Wx0. A screen shot from that video is submitted herewith as Exhibit D.

28. Advertisements for the iVisor AG say that this product is "Patented technology". See Exhibit B submitted herewith.

29. There are no patents that cover the iVisor AG. Exhibit E (Deposition of Michael Leonhard at page 44).

30. Plaintiff advertised its iVisor XT for iPad as patented technology on October 19, 2011 when there was no patent for that product. Indeed, Attorney Ben T. Lila representing Splash Products, another seller of touch screen protectors, sent Aevoe's counsel a letter identifying a YouTube video at http://www.youtube.com/watch?v=f9RpiOnUBwc where Aevoe falsely claims patent protection before issuance of a patent and notifying him that the video contains false marking claims. *See* Exhibit F submitted herewith.

## IV. ARGUMENT

35 U.S.C. § 292, in relevant part provides that, "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public," may be sued for damages

9

by a person who suffers a "competitive injury" as a result of the false marking. 35 U.S.C. § 292(b).

The Ninth Circuit has not yet defined "competitive injury" in the context of § 292(b). One district court within this circuit has interpreted the phrase "as requiring that a plaintiff allege the defendant's false marking was harmful to the plaintiff's ability to compete with the defendant." *McCabe v. Floyd Rose Guitars*, No. 10-cv-581-JLS-JMA, 2012 WL 1409627, at *7 (S.D. Cal. Apr. 23, 2012). Another has concluded that in order to sue under this section the plaintiff and the defendant must be "competitors." *Brooks v. Dunlop Mfg., Inc.*, No. C 10–04341 CRB, 2011 WL 6140912, at *4 (N.D. Cal. Dec. 9, 2011). "Competitors" in this context has been defined as those who "vie for the same dollars from the same consumer group ." *Ira Green, Inc. v. J.L. Darling Corp.*, No. 3:11–cv–05796–RJB, 2011 WL 6218146, at *4 (W.D. Wash. Dec. 5, 2011) (quoting *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 827 (9th Cir. 2011)). Finally, "competitive injury" has been defined as, "predatory pricing, price discrimination, injury to competition, or loss of business opportunities." *Seirus Innovative Accessories, Inc. v. Cabela's Inc.*, No. 09-cv-102-H-WMC, 2011 WL 6400630, at *4 (S.D. Cal. Oct. 19, 2011).

It is undisputed that plaintiff used the words "Patented technology" on both the packaging and in advertisements for the iVisor Pro for MacBook. There is also no doubt that this product was unpatented. Accordingly, plaintiff has used the word patent on unpatented articles. Consequently, the first element of 35 U.S.C. § 292 has been met.

That the use of "Patented" was done "for the purpose of deceiving the public" is proven by Aevoe's pattern of conduct in falsely marking and advertising its unpatented screen protectors as "Patented technology". In addition to falsely marking the iVisor Pro for MacBook, Aevoe falsely marked other screen protectors that it sold. The first packages

10

for the iVisor AG for MacBook screen protector have a notice which says "Patent pending technology" This can be seen in a YouTube video at http://www.youtube.com/watch?v=W677KLF2V40 and in Exhibit C. Later packages for the iVisor AG for MacBook have a notice which says "Patented technology". This can be seen in a YouTube video at http://www.youtube.com/watch?v=ioPvYBB6Wx0. and Exhibit D. Advertisements for the iVisor AG say that this product is "Patented technology". *See* Exhibit B. Plaintiff advertised its iVisor XT for iPad as patented technology on October 19, 2011 when there was no patent for that product.

      Moreover Aevoe continued sell the falsely marked product after having been given notice that their use of "Patented technology" violated the false marking statute.

      Defendants and plaintiff all sell screen protectors to customers in the United States. Consequently, they are competitors.

      Defendants could have sold screen protectors for the MacBook but did not do so because they had seen these "Patented technology" notices used by the plaintiff. As a result of the false marking they suffered competitive injury. Consequently, this Court should enter summary judgment in favor of Defendants on the false marking claim.

      Defendants have presented evidence of annual lost profits they have suffered by not selling screen protectors for the MacBook. The Court may enter judgment in the amount of $420,000.00 per year for S&F Corporation and GreatShield, Inc. and $480,000.00 per year for AE Tech from April 2012 when they could have begun selling screen protectors for the MacBook to the date of the summary judgment. Alternatively, the Court may order an accounting to determine the damage award.

## V.  CONCLUSION

Defendants respectfully request entry of summary judgment in their favor and against Aevoe Corp. that Aevoe Corp. falsely marked and advertised their iVisor AG for MacBook and their iVisor Pro for MacBook as "Patented technology" in violation of 35 USC § 292(b) and that an accounting be held to determine the amount of compensation to be awarded to Defendants.

MORRIS LAW GROUP

By: /s/ JP Hendricks
Steve Morris, Bar No. 1543
Jean-Paul Hendricks, Bar No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

BUCHANAN INGERSOLL & ROONEY P.C.
Lynn J. Alstadt (admitted *pro hac vice*)
Steven D. Czajkowski (admitted *pro hac vice*)
301 Grant Street
Pittsburgh, PA 15219

Attorneys for Defendants

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF FALSE MARKING**

TO:
Jeffrey A. Silvestri
Josephine Binetti McPeak
McDONALD CARANO WILSON LLP
2300 W. Sahara Ave., Ste. 1000
Las Vegas, Nevada 89102

David S. Bloch
Jennifer A. Golinveaux
K. Joon Oh
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111

Attorneys for Plaintiff
Aevoe Corp.

Mark Borghese
BORGHESE LEGAL, LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

Kenneth J. Gumbiner
HIGGINS BENJAMIN PLLC
101 W. Friendly Avenue., Suite 101
Greensboro, North Carolina

Attorneys for Racing Optics, Inc., Seth Wilson, Stephen S. Wilson, and Bart Wilson

DATED this 25th day of October, 2013

By: [signature]

13