UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:12-cv-00053-GMN-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| AE TECH. CO., et al., ) | |
| ) | (Docket Nos. 292, 305, 315, |
| Defendant(s). ) | 357, 382) |

Pending before the Court are various motions to seal filed by Plaintiff. Docket Nos. 292, 305, 315, 357, 382. On October 18, 2013, the Court issued orders requiring Defendants to provide supplemental filings to support the sealing requests. *See* Docket Nos. 394-397. The Court has now received various supplemental filings. *See* Docket Nos. 402, 404, 407-408.[1] For the reasons stated below, Defendants' supplemental filings remain deficient.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the

---

[1] The Court had also ordered a supplemental filing by Plaintiff with respect to its sealing motion at Docket No. 292. *See* Docket No. 397. The Court did so because the motion to seal states that "Exhibits A, B, D, E, G and J to the supporting Declaration of David S. Bloch . . . contain[] confidential and proprietary information, including trade secrets, relating to *Aevoe's* confidential and proprietary information . . ." Docket No. 292 at 4 (emphasis added). That appears to have been a typographical error, however, as Plaintiff has now clarified that all of the confidential information at issue in that motion to seal is Defendants' information. *See* Docket No. 410 at 2. Accordingly, it appears that the motions to seal listed above relate solely to Defendants' information.

presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010).[2] Although the "good cause" standard is relatively lenient, the movant must make a "particularized showing" with respect to any particular document in order to justify sealing. *Kamakana*, 447 F.3d at 1180. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citations omitted); *see also The Vaccine Ctr LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *6 (D. Nev. May 14, 2013) (conclusory assertions are not sufficient to show good cause). Moreover, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

Although it appears that good cause will likely exist to seal at least some of the documents at issue, Defendants' supplemental filings are deficient in a number of ways. First, they assert in general terms the type of information at issue and then state without elaboration that the information is "confidential." *See, e.g.*, Docket No. 408 at 2 (explaining that exhibit "contains the number of units that S&F Corporation returned to AE Tech" and then stating without elaboration that this is "confidential business information"); Tan Decl ¶ 2 (Docket No. 408-1) (same). While the showing required for the "good cause" standard is not extensive, *see* Docket No. 399 (granting Defendant AE Tech's motion to seal), it requires more than a bare assertion that a document is "confidential."[3]

---

[2] In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013).

[3] A party's explanation of the confidential nature of the information is especially important where it is not clear on the Court's review of the information that it merits secrecy.

Second, Defendants fail to address all of the filings at issue in the pending motions to seal. For example, the motion to seal at Docket No. 292 seeks to seal portions of Plaintiff's motion for an order to show cause (Docket No. 293) and Exhibits A, B, D, E, G, and J attached to the declaration filed in support thereof (Docket No. 294). The supplemental filing fails to address either the specific redactions requested to the motion for an order to show cause *or* to Exhibit J to the attached declaration thereto. *See* Docket No. 408.[4] Defendants must come forward with good cause to seal *each* document. *See, e.g.*, *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Third, Defendants fail to address whether redacted versions of documents may be filed rather than sealing the documents in their entirety. For example, Defendants seek to seal Exhibit B attached to the declaration filed in support of the motion for an order to show cause (Docket No. 294-2). *See* Docket No. 408; Tan Decl ¶ 2 (Docket No. 408-1). This exhibit consists of six pages of deposition transcript. *See* Docket No. 294-2. Defendants submitted a declaration asserting that on three of the pages, the deponent testifies as to the number of units that S&F Corporation returned to AE Tech. *See* Tan Decl. ¶ 2. There is no discussion as to why the remaining deposition excerpts should remain sealed.

With the above guidance in mind, the Court will allow one final opportunity for Defendants to explain, <u>no later than November 8, 2013</u>, why the information at issue in these motions to seal should be kept secret from the public.[5] In so doing, Defendants should make a fuller showing as to why each particular document at issue merits secrecy. With respect to documents that can be redacted while leaving meaningful information available to the public, *see, e.g.*, Docket No. 294-2, Defendants shall also submit proposed redacted versions of the documents.

---

[4] The Court assumes this omission is in error because other supplemental filings expressly withdrew Defendants' assertion of confidentiality with respect to particular documents. *See, e.g.*, Docket No. 404 at 2 (asserting that Defendants do not object to the unsealing of certain documents at issue in a different motion to seal).

[5] This showing may be made either in a consolidated filing, or in separate filings specific to each motion to seal.

The documents at issue shall remain sealed for the time being, but this will be Defendants' final opportunity to support the sealing of these documents. In the event the additional filings fail to establish good cause for any particular document or portions of documents where redaction is appropriate, the Court will unseal the information.

IT IS SO ORDERED.

DATED: November 1, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge