1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10

AEVOE CORP.,                                )
                                            )
                Plaintiff(s),      )
                                            )
vs.                                         )
                                            )
AE TECH. CO., et al.,                       )
                                            )
                Defendant(s).      )
_____        )

11
12
13
14
15

Case No. 2:12-cv-00053-GMN-NJK

ORDER GRANTING MOTION TO SEAL

(Docket No. 376)

16
17
18
19
20
21
22

      Pending before the Court is Defendant AE Tech's ("Defendant's") motion to file an exhibit under seal.  Docket No. 376.  Pursuant to the procedure outlined by the Court, *see* Docket No. 334, Plaintiff submitted a declaration in support of the motion to seal.  Docket No. 378.  Moreover, the Court required that Plaintiff provide further support for sealing the exhibit, including analysis of the relevant standards.  Docket No. 398.  The Court has now received the supplemental filing from Plaintiff.  Docket No. 411.  For the reasons discussed below, the Court hereby **GRANTS** the motion to seal.

23
24
25
26

      The Ninth Circuit has held that there is a strong presumption of public access to judicial records.  *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors*

27
28

*Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).[1]  Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[2]  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179.

The document at issue in the pending motion to seal is Exhibit 6 to the reply brief filed by Defendant in support of its motion to dismiss.  *See* Docket Nos. 375, 377.  The exhibit consists of a copy of the employment agreement of Aevoe Corp. employee Michael Leonhard.  *See* Docket No. 377; *see also* Docket No. 378 at ¶ 2.  In support of the motion to seal, Plaintiff submitted the declaration of Jonathan Lin stating that:

> Aevoe does not make that employment agreement and other similar contracts publicly available and treats such an employment contract, including the contractual terms and conditions, as sensitive business information.  Aevoe designated the information as highly confidential in order to prevent the disclosure of such a contact [sic] with one of its top executives from competitors such as the defendants in this lawsuit.

Docket No. 378 at 2.  In its supplemental filing, Plaintiff shifted its focus to highlight the privacy interests in this non-party employee regarding his employment agreement.  *See* Docket No. 411 at 2-3 (citing, *inter alia*, Cal. Civil Code § 1798.81.5(a)).  Moreover, in its supplemental filing, Plaintiff provided legal support for the sealing of the document.  *Id.*

---

[1]  In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law.  *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013).

[2]  *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents.  The same analysis and standards apply to a party's motion to seal.  *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

1    The Court agrees that the employment contract should be kept under seal.  Other courts have

2   recognized the significant interest of non-party employees in keeping their employment files

3   (including their employment agreement) secret.  *See, e.g.*, *Triquint Semiconductor, Inc. v. Avago*

4   *Techs., Ltd.*, 2011 WL 4947343, *3, 5 (D. Ariz. Oct. 18, 2011), *on reconsideration*, 2011 WL

5   5190264 (D. Ariz. Nov. 1, 2011).  These non-party employees "have a strong interest in maintaining

6   the privacy" of their personnel files.  *Id.* at *3; *see also id.* at *5 (adopting same reasoning

7   specifically with respect to employment contract).[3]  Moreover, the interests in privacy outweigh the

8   public's interest in accessing this document.  Defendant filed this document to show the date on

9   which Mr. Leonhard signed it.  *See* Docket No. 375 at 8, 12.  That particular information is publicly

10   available through Defendants' briefing already on the docket.  *See id.* (stating that employment

11   agreement was signed on July 26, 2012).  As such, the public's ability to understand the resolution

12   of Defendants' motion to dismiss is not impaired by sealing the agreement.

13    Accordingly, the Court concludes that compelling reasons exist for sealing Exhibit 6 to the

14   reply brief filed in support of the motion to dismiss (Docket No. 377), and that these reasons

15   outweigh the competing interests of the public in having access to the judicial records and

16   understanding the judicial process.  The motion to seal (Docket No. 376) is hereby **GRANTED**.

17    IT IS SO ORDERED.

18    DATED: November 1, 2013

19   _____

20   NANCY J. KOPPE
     United States Magistrate Judge

21

22

23

24

25

26   _____

27    [3]  Although less well-established by Plaintiff with respect to this information, the Court is also

28   mindful of its assertions that the unsealing of the information contained in the employment contract
     would cause competitive harm.  *See Apple*, 727 F.3d at 1221.