**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., ) | |
| ) | Case No. 2:12-cv-00053-GMN-NJK |
| Plaintiff(s), ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| AE TECH CO., LTD., et al, ) | (Docket No. 243) |
| ) | |
| Defendant(s). ) | |

Pending before the Court is a motion to quash filed by non-parties Racing Optics, Inc., Seth Wilson, Stephen Wilson, and Bart Wilson ("Movants") regarding a subpoena for documents served by Plaintiff. Docket No. 243. Plaintiff filed a response in opposition and Movants filed a reply. Docket Nos. 259, 275. The motion came on for hearing on September 3, 2013. *See* Docket No. 351. Following the hearing, the Court ordered supplemental submissions, *see* Docket Nos. 352, 393, which have now been filed, *see* Docket Nos. 363, 364, 403, 405, 406. For the reasons discussed more fully below, the Court hereby **GRANTS** in part Movants' motion.

**I.   BACKGROUND**

This is a patent infringement dispute in which Plaintiff asserts that Defendants have infringed its patent in a touch-screen protector. Movants are potential patentees for an invention related to a multi-layered laminating product for use primarily on sports racing visors. *See* Gumbiner Decl. (Docket No. 243-1) ¶¶ 3-4. Defendants have identified in this litigation Movants' patent application as potentially invalidating prior art. *See, e.g.*, Docket No. 302 at 11. On or about February 22, 2013, Plaintiff subpoenaed documents from Movants relevant to their conception, reduction to practice, and reasonable diligence to practice the invention. *See, e.g.*, Gumbiner Decl. ¶ 9; Exh. 13.

The pending discovery dispute followed. In very general terms, Movants argue that the subpoenaed information is confidential and that Patent and Trademark Office ("PTO") procedures require that Plaintiff not be privy to it until Plaintiff itself reveals certain information to the PTO. *See, e.g.*, Mot. at 17-19. Movants argue that Plaintiff seeks the information now as an "end-run" around the PTO procedures so that it can gain an unfair advantage in PTO proceedings. *See, e.g.*, *id.* at 6, 21. Plaintiff argues that the information is relevant and discoverable to this patent infringement case in light of Defendants' identification of Movants' patent application as prior art. *See, e.g.*, Response at 10.

**II.   GOVERNING LAW**

"An order quashing a subpoena is not unique to patent law," so the Court generally applies Ninth Circuit law. *See, e.g.*, *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1209 (Fed. Cir. 1987). However, the Court applies Federal Circuit law where application of the pertinent standards implicates issues unique to patent law. *See, e.g.*, *id.* at 1212 ("Unlike the procedural aspects of this appeal, a determination of relevance implicates the substantive law of patent validity and infringement. Hence, we look to Federal Circuit law . . . in assessing relevance.")

**III.   ANALYSIS**

"[T]here is no absolute privilege for trade secrets and similar confidential information." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) (quoting *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981)). Nonetheless, a non-party may move for relief from disclosing a trade secret or confidential information pursuant to Rule 45(c)(3)(B),[1] which governs motions to quash subpoenas that require "disclosing a trade secret or other confidential research, development, or commercial information." Rule 45(c)(3)(B)(i).[2] In analyzing a motion to quash brought under Rule 45(c)(3)(B)(i), courts first determine if the subpoenaed party has shown that the requested information is protected as a trade secret or confidential commercial information. *See., e.g.*, *Gonzales*, 234 F.R.D. at 684.

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Rule 45(c)(3)(B)(i) tracks the protection of confidential information provided by Rule 26(c)(1)(G). *See, e.g.*, *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).

"Trade secret or commercially sensitive information must be 'important proprietary information' and the party challenging a subpoena must make 'a strong showing that it has historically sought to maintain the confidentiality of this information.'" *Id.* (quoting *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

Where a subpoenaed party meets its initial burden, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship.'" *Id.* (quoting Rule 45). Courts have discussed "substantial need" as requiring a showing that "the requested discovery is relevant and essential to a judicial determination of [the party's] case." *Id.* at 685 (citing *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993)). "The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of a trade secret or confidential commercial information is sought from non-parties." *Id.* (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003)).

Where the requesting party establishes a substantial need, courts will then look to whether procedures exist to mitigate any burden or prejudice to the nonparty. *See* Rule 45(c)(3)(C) (providing that the Court may order production "under specified conditions"); *see also Gonzales*, 234 F.R.D. at 684.

With that framework in mind, the Court turns to its analysis.

A.  Confidential Nature of Information Sought

The Court first must determine if Movants have shown that the requested information is protected as a trade secret or confidential commercial information. *See., e.g.*, *Gonzales*, 234 F.R.D. at 684. The subpoena seeks information related to, *inter alia*, the conception and reduction to practice of the invention claimed by Movants in their pending patent application.[3] Movants argue that such information is kept secret from Plaintiff pursuant to, *inter alia*, PTO regulations regarding priority determinations in interference proceedings. *See* Mot. at 17-20.

---

[3] As an initial matter, the Court notes that Movants have previously sought to maintain the secrecy of this information. *See* Gumbiner Decl. ¶ 7-8 (describing successful argument for Defendant AE Tech. to withdraw its subpoena in light of the PTO procedures).

3

The United States has traditionally employed a "first to invent," rather than a "first to file," system. *See, e.g.*, *Hyatt v. Boone*, 146 F.3d 1348, 1351 (Fed. Cir. 1998).[4] An interference is an *inter partes* proceeding aimed at determining the first to invent among the parties to the proceeding. Making such a determination through an interference "invokes a complex body of procedural and substantive law." *Id.* There is currently no interference proceeding between Plaintiff and Movants. Movants anticipate that one may be initiated in the future, however, and it appears to the Court that there is a significant likelihood that an interference proceeding between Plaintiff and Movants may occur.

Movants argue repeatedly that Plaintiff must identify its relevant dates and evidence before obtaining Movants' competing information pursuant to the PTO's interference procedures. *See, e.g.*, Mot. at 18. In particular, Movants point to the requirement to submit "priority statements" outlining, *inter alia*, asserted date of conception and reduction to practice. *See* 37 C.F.R. § 41.204(a)(2) (2012); *see also General Instrument Corp. v. Scientific-Atlanta, Inc.*, 995 F.2d 209, 211 (Fed. Cir. 1993). The priority statements are significant in several respects, including that they limit the parties' proof on date of invention. *See* 37 C.F.R. § 41.204(a)(1) (2012); *see also General Instrument*, 995 F.2d at 211.[5]

The Court agrees with Movants that the subpoenaed documents are confidential and that disclosure of the documents in a manner inconsistent with the PTO interference procedures could result in undue harm. Although not cited in the briefing, at least one other court has addressed a substantially similar situation and determined that the production of documents subpoenaed in infringement litigation may unduly prejudice a non-party in a potential interference proceeding. *See Chiron Corp. v. Abbott Labs.*, 34 U.S.P.Q.2d 1413, 1414 (E.D. Pa. 1994). That court found that the subpoenaed party had met its burden of showing sufficient harm to justify relief under Rule 26(c):

---

[4] The United States no longer employs the "first to invent" system. *See, e.g.*, CHISUM ON PATENTS § 10.09, 10-366 (2012). Nonetheless, the "first to invent" priority system continues to apply to patent claims based on applications filed before March 15, 2013. *Id.*

[5] Movants' papers focus on authority discussing the procedures that existed prior to 2004, at which time the interference procedures were changed. *See, e.g.*, *Brown v. Barbacid*, 436 F.3d 1376, 1379 n.1 (Fed. Cir. 2006). Priority statements are required under the applicable rules. *See* 37 C.F.R. § 41.204(a)(1) (2012).

> Should an interference between Chiron and Centocor occur, and attorneys for Chiron had access to the materials detailing Centocor's work in this area before making their initial filing with the PTO, Centocor might be unduly prejudiced. . . . [Given the high stakes of an interference,] it is essential that these parties compete on a level playing field before the PTO.

*Chiron,* 34 U.S.P.Q. at 1414.  Likewise here, the Court concludes that Movants have carried their initial burden of establishing that the information sought is confidential in nature and that they may be prejudiced through their disclosure to Plaintiff.

        B.      Substantial Need for Information

Where a subpoenaed party meets its initial burden of showing the information is a trade secret or confidential commercial information, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship.'" *Gonzales*, 234 F.R.D. at 684.  Establishing "substantial need" requires a showing that "the requested discovery is relevant and essential to a judicial determination of [the party's] case." *Id.* at 685.  A party seeking confidential information "must establish that it is reasonably necessary for a fair opportunity to develop and prepare the case for trial." *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 743 (Fed. Cir. 1987); *see also Mannington Mills*, 206 F.R.D. at 532.  "*Even if relevant*, discovery is not permitted where no need is shown . . ." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis in original).

Plaintiff asserts that parties are allowed to argue invention priority during an infringement trial, even when the competing patentee is a non-party. *See* Docket No. 406 at 4-5 (citing several cases). Plaintiff argues that, "assuming that the Court allows Defendants to argue that the Wilson Application's true invention date predates Aveoe's, access to Racing Optics's documents is critical, because those documents go to the 'key issue' of whether the '942 patent is valid." *Id.* at 6.  Importantly, Plaintiff candidly admits that "whether [it] will need to address the Wilson Application at all is an open question." *Id.* at 5.  As the arguments now presented make clear, the subject documents may become necessary in this case only in the event that several additional steps unfold, which depend on future rulings on motions not currently before the Court. *See id.* at 5-6; *see also* Docket No. 403 at 3.  In short, even assuming that this type of information can be properly presented in a patent litigation trial, Plaintiff's need for these documents is too speculative to allow the discovery at this point.

Movants and Defendants argue that an appropriate course of action is to postpone Movants' requirement to produce the documents until Plaintiff can better establish its need for the documents. *See* Docket No. 405 at 2 (Movants' filing asserting that, "[a]t a minimum, the Court should not allow [Plaintiff] to obtain [Movants'] documents until the Court rules on Defendants' dispositive motion."); Docket No. 403 at 3 (Defendants' filing asserting that "[t]he prudent course of action for this Court is to grant the motion to quash without prejudice to issue a new subpoena after the pending motions have been decided and the Court determines that the case will go to trial.")  The Court agrees that postponing Movants' requirement to produce the subpoenaed documents is the best course of action.  To that end, the Court **ORDERS** that Movants are not required to comply with the subpoena at this time.  Nonetheless, this order is without prejudice to Plaintiff filing an expedited motion to compel production of the subpoenaed documents (following a proper meet and confer) should it believe it can sufficiently establish a substantial need for the documents.  Plaintiff must exercise diligence in promptly bringing such a motion to mitigate the possibility that the resolution of the motion (and any subsequent production) delays the trial.[6]

## IV. CONCLUSION

For the reasons discussed more fully above, the Court hereby **GRANTS** in part Movants' motion.  At this time, Movants are not required to provide the subpoenaed documents to Plaintiff.  In the event Plaintiff believes a sufficient need exists for those documents in the future, it may file a expedited motion to compel.  Movants' request for costs and attorney's fees, *see*, Mot. at 22, is **DENIED**.

IT IS SO ORDERED.

Dated: November 6, 2013

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[6] Because Plaintiff has failed to meet its burden of showing a substantial need for the documents, the Court need not address whether a protective order may be fashioned to safeguard the confidentiality of the documents. *See, e.g.*, *Micro Motion*, 894 F.2d at 1325 ("The protective order is not a substitute for establishing relevance or need. Its purpose here is to prevent harm by limiting disclosure of *relevant* and *necessary* information. . . . [A] protective order which limits to whom information may be disclosed does not eliminate the requirements of relevance and need for information." (emphasis in original)).