**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., | |
| Plaintiff(s), | Case No. 2:12-cv-00053-GMN-NJK |
| vs. | ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL |
| AE TECH. CO., et al., | |
| Defendant(s). | (Docket Nos. 292, 305, 315, 357, 382) |

Pending before the Court are various motions to seal.  Docket Nos. 292, 305, 315, 357, and 382. The Court issued orders requiring supplemental filings to support the sealing requests.  *See* Docket Nos. 394-398, 437.  The Court has now received various supplemental filings.  *See* Docket Nos. 402, 404, 406-408, 410, 442.  The most recent supplemental filing also includes proposed redacted versions of many of the documents filed under seal.  *See* Docket No. 442-1 (proposed redacted documents at issue in motion to seal at Docket No. 292); Docket No. 442-2 (proposed redacted documents at issue in motion to seal at Docket No. 305); Docket No. 442-3 (proposed redacted documents at issue in motion to seal at Docket No. 315); Docket No. 442-4 (proposed redacted documents at issue in motion to seal at Docket No. 357); Docket No. 442-5 (proposed redacted documents at issue in motion to seal at Docket No. 382).  For the reasons discussed more fully below, the motions to seal are hereby **GRANTED** in part and **DENIED** in part.

**I.      STANDARD**

The motions to seal before the Court seek secrecy for documents or parts of documents filed in relation to non-dispositive motions.  The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents

attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)); *see also Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.

## II.    ANALYSIS

The motions to seal discussed herein were filed by Plaintiff based on Defendants' designations of documents as confidential. Therefore, it is Defendants who are seeking to maintain the confidentiality of the information, notwithstanding the fact that Plaintiff filed the motions to seal. Defendants filed supplements to Plaintiff's motions to seal. For the reasons discussed more fully below, Defendants have met their burden to keep some documents (or portions of documents) secret but not others.

### A.    Docket No. 292:

This motion seeks to seal portions of Plaintiff's motion for an order to show cause (Docket Nos. 289, 293) and Exhibits A, B, D, E, G, and J attached to the declaration filed in support thereof (Docket Nos. 290, 294). Defendants have provided two filings in support of their assertion that the information at issue merits secrecy. Docket Nos. 408, 442. With respect to the Exhibits, Defendants seek primarily to file redacted copies on the docket. Exhibit A contains excerpts of the transcript of the deposition of Tom Hseih. *See, e.g.*, Docket No. 442 at 4. Defendants seek to redact from that exhibit information related to customer names, orders, banking, sales, and factory identification. *See, e.g.*, *id.* at 4-5. Exhibit B contains excerpts of the transcript of the deposition of Feon Tan. Defendants seek to redact from that exhibit information related to the number of units sold to and/or returned by S&F Corporation. *See, e.g.*, *id.* at 5. Exhibit D contains excerpts of the deposition of Henry Hseih. *See, e.g.*, *id.* at 4. Defendants seek to redact from that exhibit information related to the business relationship between Henry Hseih, AE Tech and Kai Da International, as well as customer names, corporate ownership information, profits, financial condition, banking, and business expenses. *See, e.g.*, *id.* at 5. Exhibit E contains excerpts of the deposition of Angie Fan. *See, e.g.*, *id.* at 4. Defendants seek to redact from that

exhibit information related to banking and pricing. *See, e.g.*, *id.* at 5. Exhibit G is AE Tech's organizational chart, which shows the names of its officers and their reporting relationships. *See, e.g.*, *id.* at 3. Defendants seek to file Exhibit G under seal in its entirety. Exhibit J is an email and Defendants seek to redact information related to units sold and pricing. *See id.* at 5.

Defendants assert that they keep the above information confidential, *see, e.g.*, Docket No. 408, and that it constitutes sensitive business information, *see* Docket No. 442 at 2-3. As noted above, Defendants filed proposed redacted versions of Exhibits A, B, D, E and J to leave non-confidential information in those documents available to the public. *See* Docket No. 442-1. Defendants also cite case law indicating that the information at issue above is traditionally sealed by courts in this Circuit. *See* Docket No. 442 at 6; *see also Bean v. Pearson Educ., Inc.*, 2012 WL 2929631, *2 (D. Ariz. July 18, 2012) (sealing "nonpublic financial, sales, and distribution information"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 6182346, *4 (D. Ariz. Dec. 13, 2011) ("disclosing confidential business dealings with third parties, [as well as] certain customer and pricing information . . . could harm [the movants'] competitive standing"); *Clark v. Metropolitan Life Ins. Co.*, 2010 WL 1006823, *1 (D. Nev. Mar. 16, 2010) (sealing "confidential internal business deliberations, organization, and capabilities"). The Court similarly finds here that the information at issue merits secrecy and that good cause exists that overcomes the public's competing interest in accessing the information. Accordingly, this motion to seal is hereby **GRANTED** with respect to Defendants' proposed redaction of Exhibits A, B, D, E, and J, as well as sealing all of Exhibit G.

With respect to the motion to seal Plaintiff's motion for an order to show cause itself, Defendants seek to maintain the redactions proposed by Plaintiff in its initial filing of the motion. *See* Docket No. 442 at 6; *see also* Docket No. 289 (redacted motion); Docket No. 293 (sealed motion). Defendants argue that the redactions to page 4 of the motion relate to "profit or sales numbers [derived from] the documents filed under seal [and that] [t]here are no redactions on any other pages of the public version of the Motion for Order." *See* Docket No. 442 at 6. Upon the Court's review, Defendants have misstated the information currently redacted in the motion. Most significantly, Line 3 of Page 4 redacts nearly a paragraph of factual assertions with approximately 16 footnotes to citations to the record. *Compare* Docket No. 289 at 4:3 *with* Docket No. 293 at 4-5. These factual assertions are not all related

1   to confidential profit or sales numbers, and some of them are clearly not sealable.  For example, at least

2   some of the citations appear to be to unredacted portions of the exhibits now submitted by Defendants.

3   *See, e.g.*, *id.* at 4 n. 20 (discussing information from H. Hsieh Dep. Tr. at 230:12-16 (Exhibit D), while

4   Docket No. 442-1 has now provided the cited portion of the transcript entirely in unredacted form).  As

5   some of the information redacted in Docket No. 289 is not confidential, Defendants have failed to make

6   a particularized showing of good cause that the current redactions are proper.

7          The Court declines to comb through the factual assertions and citations in the motion to

8   determine which factual assertions are based on public information and which are based on confidential

9   information for which Defendants have now shown good cause for sealing.  Instead, the Court **DENIES**

10  the request to keep Docket No. 293 sealed in its entirety based on the redacted version filed at Docket

11  No. 289.  While Docket No. 293 will remain under seal, Defendants are hereby **ORDERED** to file on

12  the public docket a newly-redacted version of that motion with redactions <u>only</u> to information derived

13  from portions of the exhibits found to be sealable herein or to information specifically found to be

14  sealable in another order of this Court (*e.g.*, references to information derived from the sealed sanctions

15  order (Docket No. 167)).  <u>The newly redacted version of the motion shall be filed within 14 days of the</u>

16  <u>issuance of this order.</u>

17          **B.**     **Docket No. 305**

18          This motion seeks to seal portions of Plaintiff's opposition to Defendants' motion to increase

19  the injunction bond (Docket Nos. 303, 306), as well as Exhibits B, C, and D filed in support thereof

20  (Docket Nos. 304, 307).  Defendants have provided two filings in support of their assertion that the

21  information at issue merits secrecy.  Docket Nos. 404, 442.  Defendants do not oppose the public filing

22  of Exhibits B and C, and have filed unredacted versions of those documents.  *See* Docket No. 442 at 7;

23  *see also* Docket No. 442-2.  Accordingly, with respect to Exhibits B and C, the motion to seal is hereby

24  **DENIED** as moot.

25          Defendants assert that Exhibit D contains testimony regarding the number of units of redesigned

26  touch screen protectors sold and shipped by AE Tech.  *See* Docket No. 442 at 7.  Defendants have

27  submitted a redacted version of Exhibit D with this information removed.  *See* Docket No. 442-2.  For

28  the reasons discussed above, *see* Section II.A., the Court finds that the information at issue merits

4

secrecy and that good cause exists that overcomes the public's competing interest in accessing the information.  Accordingly, this motion to seal is hereby **GRANTED** with respect to Defendants' proposed redactions of Exhibit D.

With respect to the opposition brief itself, Defendants do not dispute that it should be filed publicly in its entirety.  *See* Docket No. 404 at 2 ("Because the opposition which was filed under seal does not contain any sales information that opposition may also be unsealed.")  Accordingly, with respect to the opposition brief itself, the motion to seal is hereby **DENIED** as moot and the Clerk's Office is directed to **UNSEAL** Docket No. 306.

### C.    Docket No. 315

This motion seeks to seal portions of Plaintiff's opposition to Defendants' motion to stay (Docket Nos. 313, 316), as well as Exhibits A and B filed in support thereof (Docket Nos. 314, 317).  Defendants have provided two filings in support of their assertion that the information at issue merits secrecy.  Docket Nos. 407, 442.  Exhibit A contains excerpts of Feon Tan's deposition in which she identifies a potential customer's name.  *See, e.g.*, Docket No. 442 at 8.  Exhibit B contains several documents, including: (1) an indemnity agreement; (2) a non-disclosure agreement; and (3) deposition excerpts regarding the terms of the indemnity and non-disclosure agreements, as well as the financial relationship between the Defendants.  *See, e.g.*, *id.*  Defendants have filed a proposed redacted version of Exhibits A and B with portions regarding the above information removed.  *See* Docket No. 442-3.  For the reasons discussed above, *see* Section II.A., the Court finds that the information at issue merits secrecy and that good cause exists that overcomes the public's competing interest in accessing the information.  Accordingly, this motion to seal is hereby **GRANTED** with respect to Defendants' proposed redaction of Exhibits A and B.

With respect to the motion to seal Plaintiff's opposition brief itself, Defendants seek to maintain the redactions proposed by Plaintiff in its initial filing of the brief.  *See id.* at 9; *see also* Docket No. 313 (redacted brief); Docket No. 316 (sealed brief).  Defendants argue that these redactions relate only to information derived from deposition exhibits 76 and 81.  *See* Docket No. 442 at 9.  Upon the Court's review, Defendants have misstated the source of the information at issue.  Page 2 of Plaintiff's opposition brief redacts information regarding the potential customer discussed above.  *See, e.g.*, Docket

No. 313 at 2:17 and n.1 (citing deposition exhibit 73, as well as Feon Tran Tr. at 182, 183).  That information is derived from sources for which Defendants have sought to redact only the potential customer's name.  *See* Docket No. 442 at 8 (discussing proposed redactions to Exhibit A).  The opposition brief (Docket No. 316 at 2:16-2:18) does not identify the potential customer and the information at issue in the proposed redaction is derived from portions of the cited documents for which Defendants do not seek redaction (Docket No. 442-3, Exhibit A).  Similarly, Page 3 of the opposition brief redacts information regarding the indemnity and non-disclosure agreements discussed above, *see, e.g.*, Docket No. 313 at 3 n.4 (citing deposition exhibits 66, 67, and Tom Hseih Tr. at 94-95), in particular the parties to, dates of and reasons for the agreements, *see, e.g.*, Docket No. 316 at 3:5-6.  These facts are clear from the unredacted aspects of those exhibits.  *See, e.g.*, Docket No. 442-3 (Exhibit B) (redacted version of indemnity agreement showing publicly the date and parties to that agreement; redacted version of deposition transcript at pages 94 to 95 showing publicly the parties to, date of, and reason for executing the non-disclosure agreement).  Lastly, although no citation is given in Plaintiff's opposition brief, the redaction to Page 6 appears to be derived from information taken from deposition testimony that has been publicly filed.  *Compare* Docket No. 316 at 6:6-7 *with* Docket No. 442-3 (Exhibit B) (redacted version of deposition transcript at pages 82-84, discussing email exchange from 2011).  As these facts are apparent from publicly available aspects of the exhibits, Defendants have failed to make a particularized showing that the redactions to Plaintiff's opposition brief are appropriate.  Accordingly, the motion to seal as it relates to Plaintiff's opposition to Defendants' motion to stay is **DENIED** and the Clerk's Office is directed to **UNSEAL** Docket No. 316.

### D.   Docket No. 357

This motion seeks to seal portions of Plaintiff's motion for reconsideration (Docket Nos. 354, 358), as well as Exhibits A through G filed in support thereof (Docket Nos. 356, 359).  Defendants have provided two filings in support of their assertion that the information at issue merits secrecy.  Docket Nos. 402, 442.  Defendants have no objection to Exhibits B, D, E and F being filed publicly in their entirety.  *See* Docket No. 442 at 10.  Defendants filed unredacted versions of those exhibits on the public docket.  *See* Docket No. 442-4.  Accordingly, with respect to Exhibits B, D, E and F, the motion to seal is hereby **DENIED** as moot.

6

Exhibit A is a deposition transcript and several deposition exhibits.  Defendants seek to redact from that exhibit information related to orders, factory identification, a potential business opportunity, and product details such as cost and prices.  *See* Docket No. 442 at 11.  Exhibit C is a deposition transcript and several deposition exhibits.  Defendants seek to redact from that exhibit information related to a potential business opportunity, orders, profits, inventory, costs, and sales.  *See, e.g., id.* at 11-12.  Exhibit G is an email.  Defendants seek to redact from that exhibit information related to the number of pieces sold.  *See, e.g., id.* at 12.  For the reasons discussed above, *see* Section II.A., the Court finds that the information at issue merits secrecy and that good cause exists that overcomes the public's competing interest in accessing the information.  Accordingly, this motion to seal is hereby **GRANTED** with respect to Defendants' proposed redaction of Exhibits A, C, and G.

With respect to the motion to seal Plaintiff's motion for reconsideration itself, Defendants seek to maintain the redactions proposed by Plaintiff in its initial filing of the brief.  *See* Docket No. 442 at 12; *see also* Docket No. 354 (redacted motion); Docket No. 358 (sealed motion).  Defendants argue that these redactions relate to order information, information about a license agreement, and a description of S&F Corporation's business opportunity.  *See, e.g.*, Docket No. 442 at 12 (identifying redactions on pages 2, 7, 8 and 10 of the motion for reconsideration).  Upon the Court's review, Defendants failed to address numerous redactions in the motion for reconsideration.  *See, e.g.*, Docket No. 354 at 3:18, 3:27, 4:14, 4:17, 9:22, 11:5.  At least some of the proposed redacted information derives from unredacted portions of the exhibits filed by Defendants.  *See, e.g.*, Docket No. 354 at 3:18, Docket No. 358 at 3:18-3:19 (discussing information from deposition transcript in Exhibit A at pages 85-88); *see also* Docket No. 442-4 (public filing of Exhibit A, including unredacted copy of deposition transcript at pages 85-88).  As some of the information redacted in Docket No. 354 is not confidential, Defendants have failed to make a particularized showing of good cause that the current redactions are proper.

The Court declines to comb through the factual assertions and citations in the motion for reconsideration to determine which factual assertions are based on public information and which are based on confidential information for which Defendants have now shown good cause for sealing.  Instead, the Court **DENIES** the request to keep Docket No. 358 sealed in its entirety based on the redacted version filed at Docket No. 354.  While Docket No. 358 will remain under seal, Defendants

are hereby **ORDERED** to file on the public docket a newly redacted version of that motion with redactions only to information derived from portions of the exhibits found to be sealable herein or to information specifically found to be sealable in another order of this Court (*e.g.*, references to information derived from the sealed sanctions order (Docket No. 167)). The newly redacted version of the motion shall be filed within 14 days of the issuance of this order.

    **E.**    **Docket No. 382**

This motion seeks to seal portions of Plaintiff's reply brief in support of its motion for reconsideration (Docket Nos. 380, 383), as well as Exhibits A, B, and C submitted in support thereof (Docket Nos. 381, 384). Defendants have provided two filings in support of their assertion that the information at issue merits secrecy. Docket Nos. 402, 442. Defendants do not object to the public filing of Exhibits A and C, and have publicly filed unredacted versions of those exhibits. *See* Docket No. 442 at 12-13; *see also* Docket No. 442-5. Accordingly, with respect to Exhibits A and C, the motion to seal is hereby **DENIED** as moot.

Exhibit B is an email. Defendants seek to redact from that exhibit information related to the price and number of units ordered. *See* Docket No. 442 at 12-13; *see also* Docket No. 442-5. For the reasons discussed above, *see* Section II.A., the Court finds that the information at issue merits secrecy and that good cause exists that overcomes the public's competing interest in accessing the information. Accordingly, this motion to seal is hereby **GRANTED** with respect to Defendants' proposed redaction of Exhibit B.

With respect to the motion to seal Plaintiff's reply brief itself, Defendants acknowledge that the redacted information on page 3 is not properly redacted, but argue that the information on page 5 relates to a business opportunity of S&F Corporation that should remain confidential. *See, e.g.*, Docket No. 442 at 12; *see also* Docket No. 380 (redacted reply); Docket No. 383 (sealed reply). Upon the Court's review, Defendants failed to address numerous redactions in the motion for reconsideration. *See, e.g.*, Docket No. 380 at 2:27, 8:8, 8:12. As some of the information redacted in Docket No. 380 is not confidential, Defendants have failed to make a particularized showing of good cause that the current redactions are proper.

1    The Court declines to comb through the factual assertions and citations in the reply to determine

2    which factual assertions are based on public information and which are based on confidential

3    information for which Defendants have now shown good cause for sealing. Instead, the Court **DENIES**

4    the request to keep Docket No. 383 sealed in its entirety based on the redacted version filed at Docket

5    No. 380. While Docket No. 383 will remain under seal, Defendants are hereby **ORDERED** to file on

6    the public docket a newly redacted version of that reply with redactions <u>only</u> to information derived

7    from portions of the exhibits found to be sealable herein or to information specifically found to be

8    sealable in another order of this Court (*e.g.*, references to information derived from the sealed sanctions

9    order (Docket No. 167)). <u>The newly redacted version of the reply shall be filed within 14 days of the</u>

10   <u>issuance of this order.</u>

11   **III.    CONCLUSION**

12   For the reasons discussed more fully above and for good cause shown, Plaintiff's motions to seal

13   are hereby **GRANTED** in part and **DENIED** in part as follows:

14

15   •    The motion to seal at Docket No. 292 is **GRANTED** in part and **DENIED** in part. The

16        motion is **GRANTED** with respect to Defendants' proposed redaction of Exhibits A, B,

17        D, E, and J, as well as the sealing of Exhibit G in its entirety. The motion is **DENIED**

18        with respect to the Plaintiff's motion for an order to show cause. Docket No. 293 will

19        remain under seal, but Defendants are **ORDERED** to file, within 14 days of this order,

20        a newly-redacted version of that motion consistent with the Court's instructions above.

21

22   •    The motion to seal at Docket No. 305 is **GRANTED** in part and **DENIED** in part. The

23        motion is **DENIED** as moot with respect to Exhibits B and C, which have now been

24        publicly filed by Defendants. The motion is **GRANTED** with respect to Defendants'

25        proposed redaction of Exhibit D. The motion is **DENIED** as moot with respect to

26        Plaintiff's opposition brief. Accordingly, the Clerk's Office is **DIRECTED** to unseal

27        Docket No. 306 in its entirety.

28

9

• The motion to seal at Docket No. 315 is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** with respect to Defendants' proposed redaction of Exhibits A and B. The motion is **DENIED** with respect to Plaintiff's opposition brief to Defendants' motion to stay. Accordingly, the Clerk's Office is **DIRECTED** to unseal Docket No. 316 in its entirety.

• The motion to seal at Docket No. 357 is **GRANTED** in part and **DENIED** in part. The motion is **DENIED** as moot with respect to Exhibits B, D, E, and F, which have now been publicly filed by Defendants. The motion is **GRANTED** with respect to Defendants' proposed redactions of Exhibits A, C, and G. The motion is **DENIED** with respect to Plaintiff's motion for reconsideration. Docket No. 358 will remain under seal, but Defendants are **ORDERED** to file, within 14 days of this order, a newly-redacted version of that motion consistent with the Court's instructions above.

• The motion to seal at Docket No. 382 is **GRANTED** in part and **DENIED** in part. The motion is **DENIED** as moot with respect to Exhibits A and C, which have now been publicly filed by Defendants. The motion is **GRANTED** with respect to Defendants' proposed redaction of Exhibit B. The motion is **DENIED** with respect to Plaintiff's reply brief. Docket No. 383 will remain under seal, but Defendants are **ORDERED** to file, within 14 days of this order, a newly-redacted version of that brief consistent with the Court's instructions above.

IT IS SO ORDERED.

DATED: November 27, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge