**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., | ) |
| Plaintiff(s), | ) Case No. 2:12-cv-00053-GMN-NJK |
| vs. | ) ORDER |
| AE TECH. CO., et al., | ) (Docket Nos. 418, 426, 432, 446, 451, 455, 468, 472, 477) |
| Defendant(s). | ) |

Pending before the Court are various motions to seal. Docket Nos. 418, 426, 432, 446, 451, 455, 468, 472, 477. Pursuant to the procedure outlined by the Court, additional support for some of those motions to seal has been filed where the motions relate to the opposing party's documents that were designated as confidential. *See* Docket Nos. 435, 444, 461, 484. For the reasons discussed more fully below, the motions to seal are hereby **DENIED** without prejudice, except the motion to seal at Docket No. 418 is **GRANTED** as it relates to drawings included in deposition exhibit 96.

**I.  STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).[1] A party seeking to file documents under seal

---

[1] In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013).

1  bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678
2  (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of
3  documents attached to dispositive motions must meet the high threshold of showing that 'compelling
4  reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[2] Those compelling reasons must outweigh
5  the competing interests of the public in having access to the judicial records and understanding the
6  judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant
7  factors," including the public's interest in understanding the judicial process).[3]

8        The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's
9  interest in disclosure and justify sealing court records exist when such 'court files might have become
10 a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
11 scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing
12 *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple*, 727 F.3d at 1221-22
13 (discussing competitive harm to business and the definition of "trade secret" adopted by the Ninth
14 Circuit). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's
15 embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court
16 to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

17       A party's burden to show compelling reasons for sealing is not met by general assertions that
18 the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling
19 reasons *supported by specific factual findings*." *Id.* at 1178 (emphasis added). The Ninth Circuit has
20 expressly rejected efforts to seal documents under the "compelling reasons" standard where the movant
21 makes "conclusory statements about the contents of the documents–that they are confidential and that,
22 in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also*

---

[2] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9.

[3] To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.

*Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must base its decision on a compelling reason and must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

It is also important to keep in mind the distinction between the "good cause" standard applied to documents filed in support of non-dispositive motions, and the "high threshold" of showing "compelling reasons" to seal documents filed in support of dispositive motions. *See Kamakana*, 447 F.3d at 1180. The mere fact that good cause for sealing exists is not sufficient to seal documents attached to dispositive motions. *Id.* Similarly, the fact that the Court previously sealed a document in relation to a non-dispositive motion does not alter the movant's burden to show "compelling reasons" when that document is later filed in relation to a dispositive motion. *See id.* at 1179 ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal").[4]

Although the undersigned has ruled on numerous motions to seal applying the "good cause" standard in this case, *see Aevoe Corp. v. AE Tech. Co.*, 2013 WL 6210648, *1 (D. Nev. Nov. 27, 2013), *Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, *1 (D. Nev. May 24, 2013), it has had only limited occasion to apply the "compelling reasons" standard, *see Aevoe Corp. v. AE Tech. Co.*, 2013 WL 5923426, *1-2 (D. Nev. Nov. 1, 2013). The pending motions to seal often rely in significant part on previous findings that documents could be sealed under the "good cause" standard, and the parties' reliance on any such order is misplaced. *See, e.g.*, *Kamakana*, 447 F.3d at 1179. With these standards in mind, the Court turns to the pending motions to seal.

//

---

[4] The fact that a document was designated by a party as meriting protection under a blanket protective order is insufficient to show "compelling reasons" for its sealing. *See, e.g.*, *Vaccine Ctr.*, 2013 U.S. Dist. Lexis 68298, at *12-13 (discussing *Foltz* and *Kamakana*).

## II.     ANALYSIS

The pending motions to seal all relate to the parties' briefing on motions for summary judgment. With very limited exceptions, the motions to seal are supported by general assertions that the information at issue is treated as "confidential" and contains "sensitive" business information that the party prefers competitors and/or the public not obtain. The Court has no doubt that some of the information at issue merits sealing under the "compelling reasons" standard, but the parties have simply failed to carry their burden of making a sufficient factual showing that compelling reasons exist that overcome the public's right to access. Indeed, the Ninth Circuit has expressly rejected similar conclusory assertions. *See, e.g.*, *Kamakana*, 447 F.3d at 1182 (rejecting conclusory assertions made in declarations). Accordingly, except as outlined below, the motions to seal are hereby **DENIED** without prejudice so that the parties can make a more specific showing as to what compelling reasons exist (if any) to support the sealing of the relevant documents or support the requests for redactions.[5]

By way of example of a proper request to seal, the Court **GRANTS** the motion to seal at Docket No. 418 as it relates to deposition exhibit 96, which was included with Exhibit 6. Exhibit 6 consists of excerpts of the deposition testimony of Tom Hsieh. Defendants do not assert that the deposition transcript itself should be filed under seal, but rather only that the drawings contained within the attached deposition exhibit 96 should be redacted. *See* Docket No. 444 at 3-4. To that end, Defendants filed on the public docket a copy of Exhibit 6 with only those drawings contained in deposition exhibit 96 redacted. *See* Docket No. 444-3. Defendants assert that the drawings are confidential design drawings. *See* Docket No. 444 at 4. Defendants further submitted a declaration from Mr. Hsieh explaining that the public disclosure of the design drawings would breach a non-disclosure agreement between AE Tech and its supplier. *See* Docket No. 444-2 at ¶ 3. Keeping the information confidential is important, Mr. Hsieh continues, because public disclosure would enable competitors to use the

---

[5] The Court will not address the many pending sealing requests herein as they largely fail for the same reason. The Court does note, however, that the parties seek to seal the transcript of the hearing conducted by the undersigned on September 3, 2014. *See* Docket No. 426 at 4-5, Docket No. 435 at 6. The Court's sealing of the discovery hearing was not based on a finding of "compelling reasons." Accordingly, the parties must explain whether and why "compelling reasons" exist to keep under seal the exhibit attaching that transcript to the summary judgment briefing.

...

drawings to make products that compete unfairly with AE Tech's products. *See* Docket No. 444-2 at ¶ 4. The Court finds that Defendants have sufficiently articulated compelling reasons to allow redaction of the drawings in deposition exhibit 96, and that the reasons articulated outweigh the public's interest in access to the document.

## III. CONCLUSION

In light of the above, the motions to seal (Docket Nos. 418, 426, 432, 446, 451, 455, 468, 472, and 477) are hereby **DENIED** without prejudice, except the motion to seal at Docket No. 418 is **GRANTED** as it relates to deposition exhibit 96, which was included with Exhibit 6. At this time, the relevant documents will remain under seal, but the parties must renew their motion to keep the materials sealed. The relevant documents will remain under seal until the Court rules on the renewed motion.

The pending motions cover numerous exhibits and briefs, so the Court will order a streamlined process for the renewed filing as follows:

- The parties to file a single, *joint* motion addressing each of the documents at issue in the pending motions to seal, no later than February 18, 2014;[6]
- The joint motion shall provide a separate section for each of the motions to seal listed above, with subsections for the relevant documents at issue;
- For each document at issue, the joint motion shall indicate whether the motion to seal is withdrawn as to the entire document (and, if so, whether a version has been publicly filed), whether leave is sought to allow a redacted version to be filed (and, if so, where in the docket the proposed redacted version has been filed), or whether sealing of the entire document is sought;
- The joint motion shall not rely on previous Court orders sealing documents for "good cause" and shall be supported by declarations providing a *specific* factual basis for sealing each requested document; and

---

[6] Because this will be filed as a joint motion related to numerous exhibits, the memorandum of points and authorities may exceed 30 pages. *See* Local Rule 7-4.

1  • To the extent the parties seek leave to file redacted versions of any documents or briefs, the joint motion must identify with specificity the page and line of each proposed redaction and the corresponding page and line in the unredacted version, and the parties shall make clear the compelling reasons they contend exist as to each proposed redaction separately.[7]

IT IS SO ORDERED.

DATED: February 7, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[7] Where redaction of a brief is at issue, the compelling reason analysis must be specific to the actual information contained in the brief for which redaction is sought rather than the reasons for sealing the corresponding exhibits generally. *Cf.* Docket No. 451 at 3-4 (seeking redaction of discussion in brief of exhibits based secrecy of the cited documents *generally*, without any indication that the specific information in the brief should be kept secret).