UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| AEVOE CORP., | ) | |
|              Plaintiff(s), | ) | Case No. 2:12-cv-00053-GMN-NJK |
| vs. | ) | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL |
| AE TECH. CO., et al., | ) | |
|              Defendant(s). | ) | (Docket No. 504) |

Pending before the Court is an omnibus motion to seal filed by Plaintiff and Defendants regarding documents and briefs related to pending motions for summary judgment. Docket No. 504. As an initial matter, the Court notes that a significant number of documents that were initially filed under seal have now been filed publicly. Additionally, the Court notes that a significant number of documents have been filed in redacted form so that the public has access to meaningful information contained therein that does not warrant secrecy. Of those documents remaining for which full sealing or redaction is sought, the motion (Docket No. 504) is hereby **GRANTED** in part and **DENIED** in part.

**I.     STANDARDS**

In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden

of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).[1]

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple*, 727 F.3d at 1221-22 (discussing competitive harm to business and the definition of "trade secret" adopted by the Ninth Circuit). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

A party's burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has expressly rejected efforts to seal documents under the "compelling reasons" standard where the movant makes "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents."

---

[1] To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.

*Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must base its decision on a compelling reason and must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

## II. ANALYSIS

The Court previously found that an insufficient factual basis had been provided to seal the majority of the documents at issue. Docket No. 498 at 4. The Court denied the previous motions to seal so that the parties could provide a more specific showing as to what compelling reasons exist to support the sealing of the relevant documents or support the requests for redaction. *Id.* The parties have now submitted their response to the Court's order, including the pending motion and three supporting declarations.

### A. Documents for Which Redaction Is Sought

Currently before the Court are 14 exhibits and briefs that the parties wish to seal, but for which redacted versions have been or will be filed. The pending motion identifies the type of information at issue in each redacted document, including confidential sales and customer information. The pending motion also provides declaratory evidence indicating that public release of the information would be harmful and specifying the type of harm that would arise for each type of information. Based on the specifically articulated showings made in the motion, supported by declaration, the Court **GRANTS** the motion to seal as it relates to the following documents and the redacted versions filed on the public docket:

- **Exhibit 3** (Docket No. 421 at App. 000082 to 176, the "Cox Report"), with a redacted version to be filed within 7 days of the issuance of this Order;
- **Exhibit 4** (Docket No. 427-2), and the corresponding redacted version at Docket No. 436-1;
- **Exhibit 6** (Docket No. 427-3), and the corresponding redacted version at Docket No. 436-1;
- **Exhibit 3** (Docket No. 433-1), and the corresponding redacted version at Docket No. 431-1;

|    |                                                                                                                          |
|----|--------------------------------------------------------------------------------------------------------------------------|
| 1  | • **Exhibit 5** (Docket No. 433-2), and the corresponding redacted version at Docket No. 431-2;                          |
| 2  |                                                                                                                          |
| 3  | • **Exhibit 12** (Docket No. 433-3), with a redacted version to be filed within 7 days of the issuance of this Order;    |

- **Exhibit 5** (Docket No. 433-2), and the corresponding redacted version at Docket No. 431-2;
- **Exhibit 12** (Docket No. 433-3), with a redacted version to be filed within <u>7 days</u> of the issuance of this Order;
- **Exhibit 7** (Docket No. 447-3), and the corresponding redacted version at Docket No. 462-1;
- **Exhibit 9** (Docket No. 447-4), and the corresponding redacted version at Docket No. 462-2;
- **Plaintiff's Opposition Brief** (Docket No. 452), and the corresponding redacted version at Docket No. 448;
- **Exhibit 1** (Docket No. 469-1), and the corresponding redacted version at Docket No. 485-1;
- **Exhibit A** (Docket No. 475-1), and the corresponding redacted version at Docket No. 471-1;
- **Exhibit B** (Docket No. 475-2), and the corresponding redacted version at Docket No. 471-2; and
- **Plaintiff's Reply Brief** (Docket No. 474), and the corresponding redacted version at Docket No. 470.

With respect to the request for file a redacted version of Defendants' opposition brief at Docket No. 447 (with the corresponding redacted version at Docket No. 445), the Court **GRANTS** the request in part and **DENIES** it in part. The requested redactions on pages 18 and 19 relate to Plaintiff's product development cycle, including details regarding prototypes. The Court finds that this information warrants secrecy and the corresponding redactions are appropriate. Plaintiff has failed to show compelling reasons for the requested redaction on page 5, however. Plaintiff argues that a statement on that page should be redacted because it "mischaracterizes the details of the cited evidence . . . and as such is 'a vehicle for improper purpose, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" Mot. at 14. Plaintiff fails to identify any legal authority (and the Court has not located any) that

dispositive motion briefing may be redacted solely on the basis that the movant believes the briefing incorrectly interprets the cited evidence. In evaluating Plaintiff's argument, the Court finds that it has failed to met the high threshold of showing that "compelling reasons" support secrecy as to the statement on page 5. As such, that aspect of the motion to seal is **DENIED** and, within 7 days of the issuance of this order, Plaintiff shall file a public version of that opposition brief without the proposed redaction on page 5.

  B.  Documents For Which Complete Sealing Is Sought

Currently before the Court are 14 exhibits that the parties wish to seal in their entirety. The pending motion identifies the type of information at issue in each redacted document, including confidential sales and customer information. The pending motion also provides declaratory evidence indicating that public release of the information would be harmful and specifying the type of harm that would arise for each type of information. In addition, the pending motion explains that the confidential information cannot be easily redacted while leaving meaningful information available to the public. Based on the specifically articulated showings made in the motion, supported by declaration, the Court **GRANTS** the motion to seal as it relates to the following documents:

- **Exhibit 7** (ECF 427-4);
- **Exhibit 9** (ECF 427-5);
- **Exhibits 10** (ECF 427-6);
- **Exhibit 16** (ECF 427-7);
- **Exhibit 17** (ECF 427-8);
- **Exhibit 24** (ECF 427-10);
- **Exhibit 37** (ECF 427-12);
- **Exhibit 2** (ECF 447-1);
- **Exhibit 6** (ECF 447-2);
- **Exhibit 12** (ECF 447-6);
- **Exhibit 15** (ECF 447-7);
- **Exhibit 1** (ECF 478-1);
- **Exhibit 2** (ECF 478-2); and

1        •      **Exhibit 3** (ECF 478-3).

2 **III.**     **CONCLUSION**

For the reasons outlined above, the motion to seal (Docket No. 504) is hereby **GRANTED**, except that it is hereby **DENIED** with respect to the proposed redaction on page 5 of Docket No. 445. Within 7 days of the issuance of this order, Plaintiff shall file a public version of that opposition brief without the proposed redaction on page 5.

IT IS SO ORDERED.

DATED: February 24, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge