**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., a California corporation, ) </br> ) </br> Plaintiff, ) </br> vs. ) </br> ) </br> AE TECH CO., LTD., a Taiwan corporation; ) </br> S&F Corporation dba SF PLANET ) </br> CORPORATION, a Minnesota corporation, ) </br> and GREATSHIELD INC., a Minnesota ) </br> corporation, ) </br> Defendants. ) </br> ) | Case No.: 2:12-cv-00053-GMN-NJK </br></br> **ORDER** |

Pending before the Court is the Motion to Dismiss Defendants' Counterclaims (ECF No. 240) and Motion to Strike Defenses (ECF No. 242) filed by Plaintiff Aevoe Corporation ("Plaintiff"). Defendants AE Tech Co., LTD, SF Planet Corporation, and Greatshield Inc. (collectively, "Defendants") filed a Response (ECF Nos. 262, 263) and Plaintiff filed a Reply (ECF No. 276).

**I.   BACKGROUND**

This case arises from Defendants' alleged infringement of United States Patent No. 8,044,942 ("the '942 Patent"). (Am. Compl. ¶¶ 35-44 , ECF No. 44.) Specifically, the '942 Patent relates to touch screen protection products. (*Id.* ¶ 36, ECF No. 44.) *See generally* United States Patent No. 8,044,942 (filed June 14, 2011) (issued Oct. 25, 2011).

Plaintiff initiated this action on January 11, 2012. (Compl., ECF No. 1.) Plaintiff subsequently filed its Amended Complaint on March 14, 2012. (Am. Compl., ECF No.44.) Defendant AE Tech filed its Answer on March 30, 2012 (Answer, ECF No. 51) and Defendants S&F Corporation and Greatshield Inc. filed their Answer on April 9, 2012 (Answer, ECF No.

52).[1]  In the Answers, Defendants assert multiple affirmative defenses: (1) unclean hands; (2) unenforceability; (3) noninfringement; (4) invalidity; (5) inequitable conduct; and (6) any additional affirmative defenses that become apparent during the course of the litigation. (Answer at 5:26-6:13, ECF No. 51.)  Defendants also assert four counterclaims: (1) declaratory judgment of noninfringement; (2) declaratory judgment of invalidity; (3) declaratory judgment of unenforceability; and (4) false marking. (*Id.* ¶¶ 25-51.)

In response to Defendants' Answers, Plaintiff filed a motion in which Plaintiff requested that the Court strike Defendants' Inequitable Conduct Affirmative Defense and that the Court dismiss Defendants' Unenforceability and False Marking Counterclaims. (*See generally* Mot. to Dismiss, ECF No. 67.)  The Court granted Plaintiff's motion, but granted Defendants leave to file an amended answer and counterclaims. (Order, ECF No. 217.)  Thereafter, Defendant AE Tech filed an Amended Answer (ECF No. 231) and Defendants S&F Corporation and Greatshield Inc. filed a joint Amended Answer (ECF No. 232).  Plaintiff subsequently filed a second motion seeking dismissal of Defendants' Unenforceability and False Marking Counterclaims and requesting that the Court strike Defendants' inequitable conduct affirmative defense. (ECF Nos. 240, 242.)

## II.   CHOICE OF LAW

"On procedural issues, [courts] follow[] the rule of the regional circuit, unless the issue is unique to patent law and therefore exclusively assigned to the Federal Circuit." *Madey v. Duke Univ.*, 307 F.3d 1351, 1358 (Fed. Cir. 2002).  If "the issue pertains to or is unique to patent law," district courts apply the law of the Federal Circuit "to both substantive and procedural issues [that are] intimately involved in the substance of enforcement of the patent

---

[1] Both Answers are substantially similar.  In fact, the Answers appear identical in the sections referring to the affirmative defenses and the asserted counterclaims. (*Compare* Answer ¶¶ 46-51, ECF No. 51 *with* Answer ¶¶ 46-51, ECF No. 52.)   Accordingly, this Order refers only to the Answer filed by AE Tech. (Answer, ECF No. 51.)

right." *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed. Cir. 2001) (internal quotation marks and citations omitted). Furthermore, the question of which circuit's law to apply is decided on an issue-by-issue basis. *Id.*

### III. <u>PLAINTIFF'S MOTION TO DISMISS</u>

Plaintiff requests that this Court dismiss Defendants' Counterclaim for Declaratory Judgment of Unenforceability and Defendants' Counterclaim for False Marking. (Mot. to Dismiss 1:11–15, ECF No. 240.) For the reasons stated below, Plaintiff's Motion to Dismiss is granted-in-part and denied-in-part.

#### A. Legal Standard

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Accordingly, this Court applies the law of the regional circuit, the Ninth Circuit, when analyzing whether a Complaint alleging patent infringement states a valid claim. *Id.* at 1356.

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Plaintiff's Motion to Dismiss Defendants' False Marking Counterclaim**

Defendants' final counterclaim alleges that Plaintiff has engaged in false marking as prohibited by 35 U.S.C. § 292. (AE Tech Am. Answer 29:¶155–31:¶172, ECF No. 231; S&F & Greatshield Am. Answer 29:¶148–32:¶165, ECF No. 232.)[2] Whether the party alleging false marking has satisfied the heightened pleading standard of Rule 9(b) is governed by Federal Circuit law because "it bears on an issue that 'pertains to or is unique to patent law.'" *See Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).

Section 292(a) prohibits an entity from, among other things, "affix[ing] to . . . any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public . . . ." 35 U.S.C. § 292(a). The statute further provides, in § 292(b), that any "person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury." 35 U.S.C. § 292(b). Thus, the statute first requires that the patent indicia be affixed to an unpatented article. 35 U.S.C. § 292(a). Second, the statute requires Defendants to allege that the false marking was done "for

---

[2] Because these sections of the two Answers contain the same factual allegations, the Court will refer only to the Answer filed by Defendant AE Tech. (*Compare* AE Tech Am. Answer 29:¶155–31:¶172, ECF No. 231 *with* S&F & Greatshield Am. Answer 29:¶148–32:¶165, ECF No. 232.)

the purpose of deceiving the public." 35 U.S.C. § 292(a). Finally, the statute requires Defendants to allege sufficient facts to plausibly establish that, as a result of Plaintiff's alleged mismarking of the laptop screen protector products, Defendants' ability to compete against Plaintiff in the market for screen protector products was impaired, resulting in tangible economic loss to Defendants. 35 U.S.C. § 292(b); *see e.g*, *Fisher-Price, Inc. v. Kids II, Inc.*, No. 10-CV-00988A F, 2011 WL 6409665, at *9 (W.D.N.Y. Dec. 21, 2011).

Finally, because false marking "sounds in fraud," to survive a motion to dismiss, the party alleging false marking must satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011). As such, a complaint that alleges false marking "is insufficient when it only asserts conclusory allegations." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Therefore, a pleading that simply recites the substantive elements of the false marking statute without setting forth the particularized factual bases for the allegation, cannot satisfy Rule 9(b).

### 1. *Patent Indicia Affixed to an Unpatented Article*

Defendants assert that Plaintiff "marked the packaging of the iVisor Pro for MacBook with the notice 'Patented technology ensures that the iVisor Pro is 100% bubble-free upon installation' . . . ." (Am. Answer 29:¶157, ECF No. 231.) Defendants further assert that "there is no United States patent that covers the iVisor Pro for MacBook or any method used to manufacture this product." (Am. Answer 31:¶168.) Similarly, Defendants assert that Plaintiff "marked webpages advertising or offering to sell Aevoe's iVisor XT for iPad indicating that Aevoe's iVisor XT for iPad was patented prior to issuance of the '942 patent." (Am. Answer 30:¶159.) Accordingly, the Court finds that Defendants have adequately pleaded the first element of their false marking counterclaim.

### 2. *Intent to Deceive the Public*

To survive Plaintiff's Motion to Dismiss, Defendants' Counterclaim for False Marking must contain "some objective indication to reasonably infer" that Plaintiff intended to deceive the public. *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011). "[T]he fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." *Id.* (quotation marks omitted).

In Defendants' Counterclaim, they appear to allege false marking of two products. First, Defendants' allege that Plaintiff marked its "iVisor AG for MacBook" as patented when no such patent has ever issued. (Am. Answer 29:¶¶157–58, 31:¶168.) Similarly, Defendants allege that Plaintiff marked its "iVisor XT for iPad" as patented before the '942 Patent issued. (*Id.* 30:¶159.) In addition, Defendants assert that Plaintiff "received notice in a letter from an attorney, informing Aevoe that it was falsely marking its products as patented." (*Id.* 30:¶165.) However, this letter related only to Plaintiff's marking of the iVisor XT for iPad. (*Id.* 30:¶166.) Defendants have failed to allege any additional facts related to Plaintiff's intent to deceive or knowledge of the falsity of the patent marking on Plaintiff's iVisor AG for MacBook product.

For these reasons, the Court concludes that Defendants' Counterclaim for False Marking adequately alleges Plaintiff's deceptive intent as it relates to the iVisor XT for iPad, but has not alleged the requisite deceptive intent as it relates to the iVisor AG for MacBook Pro.

### 3. *Competitive Injury*

Defendants dedicate several paragraphs in their Counterclaim for False Marking to the element of competitive injury. (*See* Am. Answer 30:¶¶160–64, 31:¶¶169–70, ECF No. 231.) As noted above, Defendants appear to assert that Plaintiff violated the false marking statute on two of its products: the iVisor Pro for MacBook and the iVisor XT for iPad. However, Defendants have not provided any factual allegations from which the Court can infer that

Plaintiff's alleged false marking of the iVisor XT *for iPad* caused a competitive injury to Defendants. Rather, the allegations related to competitive injury target only the iVisor Pro for MacBook. For example, Defendants allege that their "decision not to sell a screen protector for the Apple MacBook laptop computer after it found out that Aevoe had marked the packaging of its iVisor Pro for Macbook" as patented. (*Id.* 30:¶161; *see also id.* 30:¶162–64, 31:169–70.) The Court recognizes that these allegations *may* be sufficient to establish the competitive injury element of Defendants' false marking counterclaim as it relates to the iVisor Pro for MacBook. However, as discussed above in Section III.B.2, Defendants failed to adequately plead that Plaintiff intended to deceive the public as it relates to the alleged false marking of the iVisor Pro for MacBook. Noticeably absent from Defendants' Counterclaim is any assertion that they suffered competitive injury as a result of Plaintiff's alleged false marking of the iVisor XT for iPad.

For these reasons, the Court GRANTS Plaintiff's Motion to Dismiss the Counterclaim for False Marking that appears in Defendant AE Tech's Amended Answer (ECF No. 231) and the Counterclaim for False Marking that appears in the Amended Answer filed by Defendants S&F Corporation and Greatshield (ECF No. 232). Because Defendants have failed to cure the deficiencies that the Court previously identified (*see* Order, ECF No. 217), the Court finds that amendment would be futile and declines to grant Defendants leave to file another amended answer.

**C.     Plaintiff's Motion to Dismiss Defendants' Inequitable Conduct Counterclaim**

Inequitable conduct occurs when the patent applicant fails to disclose material information, or submits false material information, with an intent to deceive the patent examiner. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988); *see also* 37 C.F.R. § 1.56 ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [Patent] Office,

which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section."). Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc).

Because inequitable conduct also sounds in fraud, to survive a motion to dismiss, the accused infringer must satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009). As discussed above in Section **Error! Reference source not found.**.**Error! Reference source not found.**, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, "[a] pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Exergen*, 575 F.3d at 1326-27.

To plead inequitable conduct, the accused infringer must allege that (1) "the applicant misrepresented or omitted material information" (2) "with the specific intent to deceive the PTO." *Therasense*, 649 F.3d at 1287. To satisfy the heightened pleading requirement of Rule 9(b), the accused infringer must identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327. Specifically, "[a] charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss *only if* the plaintiff's complaint recites facts from which the court may *reasonably infer* that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011) (emphasis added).

Whether the accused infringer has satisfied the heightened pleading standard of Rule 9(b) in pleading inequitable conduct is governed by Federal Circuit law because "it bears on an issue that 'pertains to or is unique to patent law.'" *Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).

### 1. Who, What, Where, Why, and How of the Alleged Failure to Disclose Material Prior Art

#### a. The "Who"

In *Exergen*, the Federal Circuit instructed that the pleading must "name the specific individual associated with the filing or prosecution of the application . . . , who both knew of the material information and deliberately withheld or misrepresented it." *Exergen*, 575 F.3d at 1329 (holding that a general reference to "Exergen, its agents and/or attorneys" was insufficient to satisfy this requirement); *see also Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 974 n.1 (Fed. Cir. 2010) (noting that the duty of candor imposed by 37 C.F.R. § 1.56 applies only to "individuals"). Similarly, in *Oracle Corp. v. DrugLogic, Inc.*, the district court found that a recitation of "[e]ach attorney or agent who prepared or prosecuted the application" was insufficient to satisfy this pleading requirement. 807 F. Supp. 2d 885, 898 (N.D. Cal. 2011).

In their Amended Answers, Defendants identify four specific individuals that allegedly withheld material information from the USPTO: (1) Michael Leonhard; (2) Jonathan Lin; (3) Steven Huang, and (4) Allan Fanucci. (Am. Answer 24:¶128, ECF No. 231.) Accordingly, Defendants' Counterclaim for Declaratory Judgment of Inequitable Conduct adequately alleges "who" committed the material omissions and/or misrepresentations.

#### b. The "What"

Defendants allege that the specifically identified individuals failed to disclose the existence of Plaintiff's iVisor AG for MacBook product and Plaintiff's iVisor Pro for MacBook

product. (Am. Answer 24:¶130–25:¶136.)  Accordingly, Defendants have adequately alleged "what" the potentially material information was that these individuals withheld from the examiner.

c. The "Where"

Under *Exergen*, Defendants must also allege "which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." 575 F.3d at 1329.

Defendants' Amended Answer satisfies this requirement by alleging that "the examiner would have rejected at least claim 1" under 35 U.S.C. § 102, in light of the iVisor AG for MacBook reference. (Am. Answer 26:¶144; *see also* Am. Answer 26:¶145–27:¶:146.) Similarly, Defendants assert that "the examiner would have rejected claims 1-15 of the '942 patent under 35 U.S.C. § 103," in light of the iVisor Pro for MacBook reference. (Am. Answer 27:¶147.)  Finally, Defendants assert that "there are no significant differences between the iVisor Pro for MacBook and an iVisor screen protector for an Apple iPhone or iPad embodying the '942 patent other than the outside dimensions of the screen protectors. (Am. Answer 24:¶129.)

The Court readily acknowledges that these allegations could be much more clear. However, Defendants' allegations essentially allege that every limitation of every claim of the '942 Patent is either anticipated, subject to the statutory bar of § 102(b), or rendered obvious because of these laptop screen protector products.  Therefore, the Court concludes that Defendants have adequately alleged this requirement.

d. The "Why" and "How"

*Exergen* teaches that to adequately allege inequitable conduct, Defendants must "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information in the record." 575 F.3d at 1329.  *Exergen* further

explains that "[s]uch allegations are necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.* at 1329–30.

Here, Defendants first allege that the information is not cumulative of the prior art submitted with the application that issued as the '942 Patent. (*See* Am. Answer 15:¶¶64–65.) Defendants further explain why these two products are material by stating that "there are no significant differences between the iVisor Pro for MacBook and an iVisor screen protector for an Apple iPhone or iPad embodying the '942 patent other than the outside dimensions of the screen protectors." (Am. Answer ¶ 129; *see also id.* 18:¶86–19:¶91 (explaining the features of the iVisor Pro for MacBook).)  In addition, the allegations in Defendants' Amended Answer, when taken as true, demonstrate that Plaintiff knew that applying the iVisor AG for MacBook to the touch screen portion of a touch screen device would still permit the operation of "at least one function of a touch screen of a touch screen device . . . through the iVisor AG for MacBook screen protector . . . ." (Am. Answer 16:¶68.)  Finally, Defendants dedicate several paragraphs to explaining the statutory basis on which the examiner would have rejected the patent claims if the examiner knew about Plaintiff's laptop screen protector products. (Am. Answer ¶¶ 26:144–27:147.)  Accordingly, the Court concludes that the allegations in Defendants' Amended Answer adequately allege the "why" and the "how" requirements.

### 2. *Specific Intent to Deceive*

Accused infringers must also plead with particularity facts from which a court may reasonably infer that a specific individual knew of this material information and deliberately withheld it with the specific intent to deceive the PTO. *Exergen*, 575 F.3d at 1328.  "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith. *See Therasense*, 649 F.3d at 1287. Furthermore, courts should exercise caution when drawing such an inference when that

inference arises "solely from the fact that the information was not disclosed; there must be a factual basis for a finding of deceptive intent." *Harrah's Entm't, Inc. v. Station Casinos, Inc.*, 321 F. Supp. 2d 1184, 1189 (D. Nev. 2004) (citing *Upjohn Co. v. Mova Pharm. Co.*, 225 F.3d 1306, 1312 (Fed. Cir. 2000)).

As before, neither party disputes that the individuals identified in Defendants' Amended Answer had knowledge of these laptop screen protector products. Therefore, the Court need only address whether Defendants have failed to plead specific intent to deceive with the particularity required by Rule 9(b). In Defendants' Amended Answer, they allege that "either Michael Leonhard or Jonathan Lin provided Allan Fanucci with a copy of the iVisor AG for MacBook prior to the filling [sic] date or during the pendency of the '404 application, which led to the '942 patent." (Am. Answer 23:¶122.) Defendants further assert that Allan Fanucci had "a copy of a picture of the iVisor AG for MacBook with the letters 'P.A.' written on it and circled." (Am. Answer 23:¶123.) Defendants also contend that "Allan Fanucci understood the iVisor AG for MacBook to be prior art to the '404 application at the time the '404 application was pending before the USPTO." (Am. Answer 24:¶126.) These allegations, when taken as true, are sufficient to provide the Court with a basis to reasonably infer that these individuals acted with the specific intent to deceive the patent examiner.

For these reasons, the Court DENIES Plaintiff's Motion to Dismiss Defendants' Counterclaim for Declaratory Judgment of Unenforceability.

## IV. PLAINTIFF'S MOTION TO STRIKE

A grant or denial of a motion to strike is not an issue unique to patent law. Therefore, courts apply the law of the regional circuit where appeals from the district court would normally lie. *Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1313 (Fed. Cir. 2003).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . .." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In this case, Plaintiff asserts that the Court should strike Defendants' fifth affirmative defense because it is an insufficient defense. A defense is insufficiently pleaded if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir.1979).

As discussed in Section III.C, the allegations in Defendants' Unenforceability Counterclaim are sufficient to survive Plaintiff's Motion to Dismiss. Thus, Plaintiff's Motion to Strike Defendants' Fifth Affirmative Defense is DENIED.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss (ECF No. 240) is **GRANTED-IN-PART** and **DENIED-IN-PART.** The Court **DENIES** Plaintiff's Motion as it relates to Defendants' Counterclaim for Unenforceability. The Court **GRANTS** Plaintiff's Motion as it relates to Defendants' Counterclaim for False Marking. Defendants' Counterclaim for False Marking is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defense of Inequitable Conduct is **DENIED**.

**DATED** this \_\_25\_\_ day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge