UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> AE TECH CO., LTD., a Taiwan corporation; ) <br> S&F Corporation dba SF PLANET ) <br> CORPORATION, a Minnesota corporation, ) <br> and GREATSHIELD INC., a Minnesota ) <br> corporation, ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00053-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Dissolve the Preliminary Injunction (ECF No. 494) filed by Defendants AE Tech Co., LTD, S&F Corporation, and Greatshield, Inc. (collectively, "Defendants"). Plaintiff Aevoe Corp. ("Plaintiff") filed a Response (ECF No. 495) and Defendants filed a Reply (ECF No. 501).

Also pending before the Court is Defendants' Motion to Increase Injunction Bond. (ECF No. 273.) Plaintiff filed a Response (ECF No. 306) and Defendants filed a Reply (ECF No. 312).

## I.    BACKGROUND

This case arises from Defendants' alleged infringement of United States Patent No. 8,044,942 ("the '942 Patent"). (Am. Compl. ¶¶ 35-44, ECF No. 44.) Specifically, the '942 Patent relates to touch screen protection products. (*Id.* at ¶ 36, ECF No. 44.) *See generally* United States Patent No. 8,044,942 (filed June 14, 2011) (issued Oct. 25, 2011).

Plaintiff initiated this action on January 11, 2012. (Compl., ECF No. 1.) Plaintiff also filed an Ex Parte Motion for Temporary Restraining Order. (Mot. for TRO, ECF No. 3.) The Court granted that motion, entered a Temporary Restraining Order on January 12, 2012, (TRO,

ECF No. 8), and entered Preliminary Injunction on January 24, 2012 (Prelim. Inj., ECF No. 16).

After numerous motions for reconsideration or clarification and orders to show cause, the Court issued the current Preliminary Injunction on May 2, 2012. (ECF No. 66.) In addition, on May 3, 2012, Defendants filed their Notice of Appeal appealing this Court's issuance of the preliminary injunction. (ECF No. 70.) Ultimately, the Federal Circuit dismissed Defendants' Notice of Appeal holding that it lacked jurisdiction over the appeal and dismissed Defendants' Notice of Appeal. *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1383–84 (Fed. Cir. 2013).

Prior to the Federal Circuit's dismissal of Defendants' Notice of Appeal, Defendants filed the instant motion in which Defendants request that the Court increase the injunction bond from the initial $10,000 bond imposed in the Court's January 12, 2012 Order (ECF No. 8) to $4,575,000. (*See* Mot. to Increase Inj. Bond 1:23–2:4, ECF No. 273.)

Concurrent with the instant litigation, the parties are also engaging in reexamination proceedings in front of the United States Patent and Trademark Office ("USPTO"). (*See* Mot. to Stay 1:22–26, ECF No. 296 (requesting a stay of proceedings pending the outcome of Reexamination No. 95/002,073 before the USPTO).) In May 2013, the USPTO issued an Action Closing Prosecution, under 37 C.F.R. § 1.949, in which the examiner set forth its rejection of Claims 1–15 of the '942 Patent. (Mot. to Increase Prelim. Inj. Bond Ex. A, ECF No. 273-1.) Thereafter, pursuant to 37 C.F.R. § 1.951, both parties filed comments regarding the issues raised by the USPTO in the Action Closing Prosecution. (Mot. to Dissolve Prelim. Inj. Ex. 4, ECF No. 494-4 ("Patent Owner Response After Action Closing Prosecution"); Mot. to Dissolve Prelim. Inj. Ex. 5, ECF No. 494-6 ("Third Party Requester's Comments on the Patent Owner Response").) In December 2013, after considering the additional comments, the examiner issued its Right of Appeal Notice, pursuant to 37 C.F.R. 1.953, in which the examiner again rejected Claims 1–15 of the '942 Patent. (*Id.* at Ex. 6.) In response to receiving the Right

of Appeal Notice rejecting all asserted claims, Defendants filed the instant Motion to Dissolve the Preliminary Injunction. (ECF No. 494.)

For the reasons that follow, the Court declines to dissolve the preliminary injunction, but will increase the preliminary injunction bond from $10,000 to $500,000.  Thus, Defendants' Motion to Dissolve the Preliminary Injunction (ECF No. 494) is DENIED, but Defendants' Motion to Increase the Preliminary Injunction Bond (ECF No. 273) is GRANTED-IN-PART.

**II.      MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

The Court first turns to Defendants' more recently filed Motion to Dissolve the Preliminary Injunction. (ECF No. 494.)  "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).  Furthermore, the Ninth Circuit has held that, in the context of a preliminary injunction, "a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1123 (9th Cir. 2005) (quotation marks omitted).

In this case, Defendants first assert that this Court must "weigh the same factors for dissolving a preliminary injunction as with the grant of a preliminary injunction."  (Mot. to Dissolve Prelim. Inj. 5:14–23, ECF No. 494.)  To support this assertion, Defendants provide only one controlling case, *Alto v. Black*, in which the Ninth Circuit affirmed the district court's denial of a motion to dissolve a preliminary injunction. 738 F.3d 1111, 1119–20 (9th Cir. 2013).  In so holding, the Ninth Circuit first noted that the appellant in *Alto* became a party to the litigation only *after* the district court entered the preliminary injunction. *Id.* at 1120. Therefore, the Ninth Circuit determined that "the usual limitation on motions to dissolve injunctions [was] inapposite." *Id.*  The Ninth Circuit further recognized that the appellant in *Alto* was challenging whether the district court lacked subject matter jurisdiction over the

appellant, rather than actually "challeng[ing] the substance of the district court's analysis as to whether injunctive relief was warranted." *Id.*

Thus, even to the extent the Ninth Circuit indicated that the same four-prong test for the issuance of a preliminary injunction may also apply to motions to dissolve preliminary injunctions, which this Court doubts, *Alto v. Black* is easily distinguished.  First, Defendants have had their opportunities to challenge the preliminary injunction through the original motion, through motions to reconsider, and through appeal to the Federal Circuit.  Additionally, Defendants in the instant case are not merely raising jurisdictional challenges, but are actually challenging the substance of the preliminary injunction.  Thus, the Court concludes that nothing in this case or in the controlling case law warrants the Court departing from the standard for analyzing a motion to dissolve a preliminary injunction that the Ninth Circuit previously announced in *Sharp v. Weston*. 233 F.3d at 1170 ("A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction.").

Defendants also contend that, under the *Sharp v. Weston* standard, the USPTO's decision rejecting the claims of the '942 Patent provides the requisite "significant change in facts or law" to warrant dissolution of the injunction. (Mot. to Dissolve Prelim. Inj. 9:3–4, ECF No. 494 (noting that the USPTO "has now issued a FINAL DECISION that all claims of the '942 patent are unpatentable").)  True enough, the USPTO has issued a Right of Appeal Notice in which the examiner rejected all claims of the '942 Patent. (*See* Mot. to Dissolve Prelim. Inj. Ex. 6 ("Right of Appeal Notice"), ECF No. 494-7); *see also* 35 C.F.R. § 1.953.  However, at this stage, the reexamination process is far from complete.  In reality, under 35 U.S.C. § 307, the reexamination process is complete only after the appeal rights have terminated and the Director issues "a certificate canceling any claim of the patent finally determined to be unpatentable . . . ." 35 U.S.C. § 307; *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*

*(Fresenius II)*, 721 F.3d 1330, 1344–46 (holding that district courts are bound by final decisions from reexamination proceedings as to invalidity, but recognizing that the decisions are not "final" until the patent owner has exhausted all avenues of appeal, including appeal to the Federal Circuit). Thus, unless and until a patent claim is canceled by a final decision, it is valid and enforceable during the pendency of a reexamination proceeding. *Id.*; *see also* 35 U.S.C. § 282 ("A patent shall be presumed valid.").

Because the '942 Patent still maintains its presumption of validity under 35 U.S.C. § 282, the Court declines to exercise its discretion and dissolve the preliminary injunction. For these reasons, Defendants' Motion to Dissolve the Preliminary Injunction is DENIED.

### III.  MOTION TO INCREASE PRELIMINARY INJUNCTION BOND

Although Defendants do not prevail on their Motion to Dissolve the Preliminary Injunction, the same arguments that fail in that regard are sufficient to warrant a modification to the amount of the preliminary injunction bond.

In their Motion, Defendants request that the Court modify the existing Preliminary Injunction to increase the originally required $10,000 bond. Rule 65(c) of the Federal Rules of Civil Procedure provides that courts may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). This security can be important once the case is resolved because "a wrongfully enjoined party is entitled to have the bond executed and recover provable damages *up to the amount of the bond*." *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) (emphasis added). Thus, Defendants assert that the preliminary rulings from the USPTO provide an indication that Plaintiff is less likely to succeed on the merits and that these rulings warrant increasing the bond.

Defendants specifically assert that, given the protracted duration of this litigation, "[t]he current bond amount of $10,000 will not be sufficient to cover the profits the defendants will have lost because of the preliminary injunction." (Mot. to Increase Inj. Bond 3:16–18, ECF No. 273.)  For this reason, Defendants "request that the bond posted by plaintiff be increased to $4,575,000.00." (*Id.* 3:19–20.)  Defendants contend that they calculated this bond using "estimates of the sales and profits that the defendants have lost and will lose as a result of the injunction." (*Id.* 3:23–24.)

In response, Plaintiff provides three primary arguments in its attempt to defeat Defendants' Motion: (1) that this Court lacks jurisdiction; (2) that Defendants' motion is untimely; and (3) that Defendants' motion fails on the merits.

### A. Jurisdiction

At the time that Plaintiff filed its opposition, an appeal from this Court's prior Order was pending before the United States Court of Appeals for the Federal Circuit. (Notice of Appeal, ECF No. 17.)  However, the Federal Circuit later dismissed that appeal for lack of jurisdiction. *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1383–84 (Fed. Cir. 2013); (*see also* Op. of USCA, Fed. Cir., ECF No. 348.)  Therefore, Plaintiff's jurisdictional argument fails; this Court has jurisdiction to determine whether to provide the relief that Defendants now request.

### B. Timeliness

Plaintiff's timeliness argument relies primarily on Rule 59(e) of the Federal Rules of Civil Procedure and the definition of "Judgment" in Rule 54(a).  Rule 59(e) provides that any "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The term "judgment" is defined in Rule 54(a) as including "any order from which an appeal lies." Fed. R. Civ. P. 54(a).  Thus, because preliminary injunctions are appealable and Defendants' Motion was filed much more than 28 days after the

Court's Preliminary Injunction Order, Plaintiff concludes that Rule 59(e) bars the instant motion.

Although Plaintiff's interpretation of the Federal Rules of Civil Procedure is plausible, Ninth Circuit case law requires a different outcome. At bottom, Defendants are requesting that the Court modify the preliminary injunction to increase the bond amount. Accordingly, the Court will characterize Defendants' Motion as a motion to *modify* the preliminary injunction. To that end, the Ninth Circuit has previously recognized that, in the context of a preliminary injunction, "a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1123 (9th Cir. 2005) (quotation marks omitted); *see also* Fed. R. Civ. P. 54(b) (authorizing a Court to revise any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . *at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities" (emphasis added)). For this reason, Plaintiff's timeliness argument also fails.

**C.   Merits**

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). Plaintiff argues that the Court should deny Defendants' Motion because it relies "entirely on an *interim* finding by the PTO in their ongoing collateral challenge to [Plaintiff]'s '942 patent." (Resp. 4:10–11, ECF No. 306.)

As mentioned above, the Court recognizes that the '942 Patent still maintains its presumption of validity until the USPTO issues a Reexamination Certificate that cancels any or all of the claims in the '942 Patent. 35 U.S.C. § 307(a). However, the Action Closing Prosecution, issued pursuant to 35 C.F.R. § 1.949 and referenced in Defendants' Motion to

Increase the Injunction Bond, and the Right of Appeal Notice, issued pursuant to 35 C.F.R. § 1.953 and referenced in Defendants' Motion to Dissolve the Preliminary Injunction, significantly change the factual and legal landscape as it relates to the '942 Patent. (*See* Mot. to Increase Prelim. Inj. Bond Ex. A, ECF No. 273-1; Mot. to Dissolve Prelim. Inj. Ex. 6, ECF No. 494-7.) *See also Fresenius II*, 721 F.3d at 1344–46 (Fed. Cir. 2013) (holding that a final cancellation at the conclusion of all reexamination proceedings and appeals that occurs before all aspects of the parallel court proceedings binds the trial court in the parallel litigation). Accordingly, these "interim" findings and orders cast significant doubt on Plaintiff's likelihood of success on the merits.

Based on this doubt, the Court finds that an increase in the preliminary injunction bond is warranted. However, given the presumption of validity that the '942 Patent still enjoys, the Court does not agree that the drastic increase proposed by Defendants is proper. To support this seemingly drastic increase of the preliminary injunction bond, Defendants rely on *Mead Johnson & Co. v. Abbott Labs.*, in which the Seventh Circuit noted that "[w]hen setting the amount of security, district courts should err on the high side." 201 F.3d 883, 888 (7th Cir. 2000). The Seventh Circuit further noted that, just because a court sets an elevated bond, does not result in the improperly enjoined party collecting the entirety of the bond; an improperly enjoined party must *prove* its damages. *Id.* However, the Court declines to follow the lead of this non-controlling case. Therefore, given the lengthy duration of this litigation and the recent decisions from the USPTO, the Court finds that increasing the preliminary injunction to $500,000 is more proper at this juncture.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** Defendants' Motion to Dissolve the Preliminary Injunction (ECF No. 494) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Increase the Preliminary Injunction Bond (ECF No. 273) is **GRANTED-IN-PART**. Defendants' Motion is granted to the extent of an increase in the preliminary injunction bond to $500,000. Plaintiff shall post the increased bond by Wednesday, April 2, 2014. Plaintiff's failure to post this increased bond shall result in the dissolution of the preliminary injunction.

**DATED** this __18__ day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge