1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4    AEVOE CORP., a California corporation,          )
                                                    )
5                          Plaintiff,               )    Case No.: 2:12-cv-00053-GMN-NJK
                   vs.                              )
6                                                   )            **ORDER**
     AE TECH CO., LTD., a Taiwan corporation;       )
7    S&F Corporation dba SF PLANET                  )
     CORPORATION, a Minnesota corporation,          )
8    and GREATSHIELD INC., a Minnesota              )
     corporation,                                   )
9                                                   )
                           Defendants.              )
10   _____       )

11        Pending before the Court is the Motion to Dismiss for Lack of Standing (ECF No. 344)

12   filed by Defendants AE Tech Co., Ltd., S&F Corporation, and GreatShield, Inc. (collectively,

13   "Defendants").  Plaintiff Aevoe Corp. filed a Response (ECF No. 365) and Defendants filed a

14   Reply (ECF No. 375).

15   **I.    BACKGROUND**

16        This case arises from Defendants' alleged infringement of United States Patent No.

17   8,044,942 ("the '942 Patent"), which relates to touch screen protection products. (Am. Compl.

18   ¶¶ 35–44, ECF No. 44.)  *See generally* United States Patent No. 8,044,942 (filed June 14, 2011)

19   (issued Oct. 25, 2011).

20        The face of the '942 Patent indicates that the individual inventors assigned their interests

21   in the '942 Patent to "Aevoe, Inc.," located in Sunnyvale, CA, rather than Plaintiff Aevoe Corp.

22   '942 Patent, at [73].  According to the United States Patent and Trademark Office's ("USPTO")

23   Patent Assignment Abstract of Title for the '942 Patent, the inventors assigned their interest to

24   Aevoe Inc. on July 6, 2011. *See* Patent Assignment Abstract of Title, http://assignments.uspto.

25   gov/assignments/q?db=pat&pat=8044942 (last visited March 24, 2014).  Later, on December 5,

2011, the USPTO recorded a document entitled "Corrective Assignment to Correct the Name of the Assignee from Aevoe Inc. to Aevoe Corp. . . . ," which purports to correct the error in the original assignment that conveyed the inventors' interests to Aevoe *Inc.* rather than Plaintiff Aevoe *Corp. See id.*  Approximately one month later, on January 11, 2012, Plaintiff Aevoe Corp., "a California corporation with its principal place of business in Sunnyvale, California," initiated this litigation. (Compl. ¶ 6, ECF No. 1.)

As a result of the error in the original assignment that appears on the face of the '942 Patent, Defendants filed the instant Motion to Dismiss. (*See* ECF No. 344.)  In their Motion, Defendants assert that Plaintiff Aevoe Corp. did not have record title to the '942 Patent and, therefore, Plaintiff lacks standing to assert infringement of the '942 Patent.  For the reasons discussed below, the Court disagrees.  Accordingly, Defendants' Motion is DENIED.

## II.    LEGAL STANDARD

Article III of the United States Constitution limits the power of the judiciary to hear only "cases" and "controversies." U.S. Const. art. III, § 2; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992).  Standing is a core component of the Article III case or controversy requirement and focuses on whether the action was *initiated by* the proper plaintiff. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33 (2008) (quoting *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("[T]he party invoking federal jurisdiction [must] have standing—the 'personal interest that must exist at the commencement of the litigation.'"); *see also Arakaki v. Lingle*, 477 F.3d 1048, 1059 (9th Cir. 2007) ("Standing ensures that, no matter the academic merits of the claim, the suit has been brought by a proper party.").

"Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, . . . [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Plaintiff, as the party

1   invoking federal jurisdiction, must bear the burden of establishing the elements of standing.

2   *Lujan*, 504 U.S. at 561.  Specifically, Plaintiff must begin by demonstrating the three elements

3   of the "irreducible constitutional minimum of standing." *Lujan*, 504 U.S. at 560.

4   > First, the plaintiff must have suffered an injury in fact—an invasion of a legally

5   > protected interest which is (a) concrete and particularized and (b) actual or
    > imminent, not conjectural or hypothetical.  Second, there must be a causal

6   > connection between the injury and the conduct complained of—the injury has to
    > be fairly traceable to the challenged action of the defendant, and not the result of

7   > the independent action of some third party not before the court.  Third, it must be
    > likely, as opposed to merely speculative, that the injury will be redressed by a

8   > favorable decision.

9   *Id.* at 560–61 (internal quotation marks and citations omitted).

10  When a claim of relief is created by statute, as is patent infringement, "the standing

11  question in such cases is whether the . . . statutory provision on which the claim rests can be

12  understood as granting persons in the plaintiff's position a right to judicial relief." *Warth v.*

13  *Seldin*, 422 U.S. 490, 500 (1975).  "Standing to sue for infringement stems from the Patent Act,

14  which provides: '[a] patentee shall have remedy by civil action for infringement of his patent.'"

15  *Isr. Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007) (quoting 35 U.S.C.

16  § 281).  The Patent Act defines "patentee" to include "not only the patentee to whom the patent

17  was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d).  Thus, under the

18  Patent Act, a Plaintiff has standing to sue for infringement when it can show that it is either

19  "the patentee to whom the patent was issued" or a "successor in title to the patentee." 35 U.S.C.

20  § 100(d).

21  **III.**   **DISCUSSION**

22  Here, Defendants assert that Plaintiff lacks standing to assert infringement of the '942

23  Patent because Defendants believe that Plaintiff was not the true assignee of the '942 Patent at

24  the initiation of this litigation.  Specifically, Defendants assert that "[e]vidence obtained

25  through discovery establishes that the sole plaintiff, Aevoe, Corporation . . . does not own [the

1    '942 Patent and did not own that patent at the time this lawsuit was filed.  Rather, the patent

2    was and is owned by a separate company, Aevoe, Incorporated ("Aevoe Inc."), the parent of

3    Aevoe Corp. and to whom the named inventors assigned their rights." (Mot. to Dismiss 1:24–

4    2:2, ECF No. 344.)  True enough, the original assignment from the inventors did list as the

5    assignee an entity called "Aevoe Inc.," and listed this entity's place of business as Sunnyvale,

6    California. (Mot. to Dismiss Ex. 9, ECF No. 344-10.)  However, once the prosecuting attorney

7    realized that the proper assignee was "Aevoe Corp.," rather than "Aevoe Inc.," he filed a

8    document with the USPTO described as a "Corrective Assignment to Correct the Name of the

9    Assignee From Aevoe Inc. to Aevoe Corp . . ." ("Corrective Assignment"). (*See* Mot. to

10   Dismiss Exs. 21, 22, ECF Nos. 344-22, 344-23.)  According to the Patent Assignment Abstract

11   of Title, the USPTO subsequently recorded that document on December 5, 2011. *See* Patent

12   Assignment Abstract of Title, http://assignments.uspto.gov/assignments/q?db=pat&pat=

13   8044942 (last visited March 24, 2014).

14         The Federal Circuit has held that although "[t]he recording of an assignment with the

15   PTO is not *a determination* as to the validity of the assignment[,] . . . it [does] create[] a

16   presumption of validity as to the assignment and places the burden to rebut such a showing on

17   one challenging the assignment." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319,

18   1327–28 (Fed. Cir. 2010) (emphasis added) (citations omitted).  Under *SiRF Technology*, the

19   USPTO's acknowledgement of and recordation of the Corrective Assignment creates a

20   presumption that the inventors assigned their rights to Plaintiff, Aevoe Corp. by December 5,

21   2011, more than one month prior to the commencement of this action.   Therefore, the burden

22   falls on Defendants to rebut the validity of the Corrective Assignment.

23         Defendants attempt to carry this burden by pointing to a string of documents, all of

24   which predate the Corrective Assignment, that name Aevoe, Inc. as the identity of the assignee

25   of the '942 Patent, rather than Plaintiff Aevoe Corp. (*See* Mot. to Dismiss Exs. 2, 4, 7–20.)

However, these documents are insufficient to persuade the Court that Defendants have rebutted the presumption of title.  Rather, they serve only to highlight that the initial assignment to Aevoe Inc. was a typographical error.[1]  Defendants' evidence is further undermined by the fact that these pre-December 2011 documents list Sunnyvale, California as the place of business for "Aevoe, Inc."  Yet, there is no record of an "Aevoe, Inc." operating in the state of California, only Plaintiff Aevoe Corp. (*See* Appendix Ex. 1, ECF No. 367-1.)  Moreover, the listed address in Sunnyvale, California is actually the registered address for *Plaintiff Aevoe Corp*.  Thus, the listing of Sunnyvale, California as the assignee's address further indicates that the original assignment to "Aevoe, Inc." was nothing more than a typographical error, which was corrected by the December 5, 2011 Corrective Assignment.

Defendants also attempt to carry their burden by attacking the method by which the assignment was corrected.  Section 323 of the Manual of Patent Examining Procedure ("MPEP") governs the procedure for correcting errors in recorded assignment documents.  Specifically, section 323 instructs that, to correct an error in the assignment document, the assignor must provide a "corrective document," which includes "[a] copy of the original assignment document with the corrections made therein" and requires that "corrections must be initialed and dated by the party conveying the interest." MPEP § 323.  The Corrective Assignment complied with these requirements. (Mot. to Dismiss Ex. 22.)

Additionally, Defendants are mistaken in their assertion that the MPEP further required Plaintiff to comply with section 323.01(c) of the MPEP to correct the assignment.  This section governs when a *third-party* has improperly recorded an assignment. MPEP § 323.01(c) ("When

---

[1] At least one district court has determined that "[t]he existence of a good faith clerical mistake in an assignment will not defeat an assignee's standing to pursue an infringement claim." *Special Happy, Ltd. v. Lincoln Imports, Ltd.*, SACV 09-00074-MLG, 2011 WL 2650184, at *5 (C.D. Cal. July 6, 2011).  Thus, the Court also recognizes that, even without the Corrective Assignment, Plaintiff Aevoe Corp. may still have had standing because the error in the original assignment appears to be nothing more than a typographical, clerical error.  This is especially likely in light of the similarity between "Inc." and "Corp." and given that the assignment stated that the assignee's place of business was Sunnyvale, California.

the owner of an application . . . discovers that due to a typographical error, *another party* has

improperly recorded an assignment or name change . . . (emphasis added)).  In contrast, this

case involves a situation where the owner of an application discovered *its own* typographical

error.  Accordingly, the procedures in section 323.01(c) appear irrelevant to this case.

For the reasons discussed above, Defendants' arguments fail to overcome the

presumption of title created by the Corrective Assignment filed and recorded with the USPTO.

Thus, Plaintiff appears to have had standing to sue for infringement from, at the latest, the date

of the Corrective Assignment.  Because the date of the Corrective Assignment predates the

commencement of this action, there can be no question that Plaintiff Aevoe Corp., as the record

titleholder at the time, had standing to initiate this litigation.  Therefore, the Court will not

dismiss this action for lack of standing.  Defendants' Motion to Dismiss is DENIED.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Standing (ECF No.

344) is **DENIED**.

**DATED** this __31__ day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge