1   JEFFREY A. SILVESTRI, ESQ.
    Nevada Bar No. 5779
2   JOSEPHINE BINETTI McPEAK, ESQ.
    Nevada Bar No. 7994
3   McDONALD CARANO WILSON LLP
    2300 West Sahara Avenue, Suite 1200
4   Las Vegas, NV 89102
    Telephone: (702) 873-4100
5   Facsimile: (702) 873-9966
    Email: jsilvestri@mcdonaldcarano.com
6          jmcpeak@mcdonaldcarano.com

7   DAVID S. BLOCH (appearing pro hac vice)
    JENNIFER A. GOLINVEAUX (appearing pro hac vice)
8   K. JOON OH (appearing pro hac vice)
    WINSTON & STRAWN LLP
9   101 California Street
    San Francisco, CA  94111-5894
10  Telephone:    (415) 591-1000
    Facsimile:    (415) 591-1400
11  Email: dbloch@winston.com
           jgolinveaux@winston.com
12         koh@winston.com

13  *Attorneys for Plaintiff AEVOE CORP.*

14

15                  **UNITED STATES DISTRICT COURT**

16                        **DISTRICT OF NEVADA**

17  AEVOE CORP., a California corporation,      Case No.: 2:12-cv-00053-GMN-NJK

18                    Plaintiff,

19          vs.
                                                        **ORDER**
20  AE TECH CO., LTD., a Taiwan corporation,
    S&F Corporation dba SF PLANET
21  COMPANY and SF PLANET
    CORPORATION, a Minnesota corporation,
22  and GREATSHIELD INC., a Minnesota
    corporation,
23
                      Defendants.
24

25          Pending before the Court is plaintiff Aevoe Corp.'s Motion for Reconsideration Re: S&F

26  Corporation ("S&F") and Greatshield Inc.'s ("Greatshield," together with S&F, the "S&F

27  Defendants") Liability for Sanctions ("Motion for Reconsideration") (ECF 354) regarding the

28  sanctions imposed by this Court for knowing violations of the preliminary injunction entered in

1  this case (the "Sanctions Award Order," ECF 167 and 181).  Defendants opposed the Motion for
2  Reconsideration (ECF 374) and filed a Supplemental Opposition (ECF 482); Aevoe filed a Reply
3  (ECF 380) and Notice of Supplemental Authority (ECF 487).

4      Also pending before the Court is Aevoe's Motion for Order to Show Cause Re: Failure to
5  Pay Sanctions Award (ECF 289, 293).  Defendant AE Tech Co., Ltd. filed a Response to the
6  Motion (ECF 309).   Plaintiff filed a Reply on June 13, 2013 (ECF 321, 323) and a Notice of
7  Supplemental Authority on June 14, 2013 (ECF 327).  On March 19, 2014, the Court issued an
8  Order (ECF 519) directing defendant AE Tech Co. Ltd. ("AE Tech" or "Defendant") to show
9  cause why further sanctions should not issue for its continued failure to pay the Sanctions Award
10  Order.

11      At the April 10, 2014, hearing on Aevoe's Motion for Order to Show Cause, the Court
12  granted the Motion to Reconsideration, holding the S&F Defendants jointly and severally liable
13  for paying the sanctions award.   Following a four-hour evidentiary hearing involving
14  documentary evidence and a live witness subjected to cross-examination, the Court concluded
15  that AE Tech failed to meet its burden in response to the Order to Show Cause, and accordingly
16  ordered that AE Tech and the S&F Defendants are jointly and severally liable to pay the
17  sanctions in full by end of business on June 10, 2014, with an additional amount of $1,000 per
18  day to be paid thereafter until the sanctions are paid in full.

19      This written order memorializes the arguments and evidence presented in the briefings
20  and at the hearing by the parties, as well as the Court's findings.

21  **I.    BACKGROUND**

22      This case involves a patented touch-screen protector.  On January 24, 2012, the Court
23  issued a preliminary injunction (the "Injunction") preventing named defendant AE Tech and any
24  entities acting in concert with it from selling the accused touch-screen protectors or colorable
25  imitations thereof.  (ECF 16).  Aevoe later determined that AE Tech and its customers, S&F
26  Corporation and Greatshield, were selling touch-screen protectors in violation of the preliminary
27  injunction.  Aevoe thus amended its complaint to name the S&F Defendants (ECF 44) and also
28  sought an Order to Show Cause re: Contempt.  (ECF 49).  On May 2, 2012, the Court held

Defendants in contempt for violating the Injunction by selling trivially "redesigned" versions of the accused touch-screen protectors.  (ECF 65).  The Court also determined that sanctions were appropriate.  (ECF 65, 132). Following supplemental briefings and hearing, on November 27, 2012, this Court ordered AE Tech to pay $1,140,701.83 in sanctions, representing Aevoe's $1,079,760.08 in lost profits and $60,941.75 in attorneys' fees for Defendants' violation of the Injunction. (ECF 167, 181).  AE Tech appealed (ECF 177), but the Federal Circuit dismissed the appeal for lack of jurisdiction (ECF 264, 270).  AE Tech has failed to comply with the Sanctions Award Order for more than sixteen months.

In the November 2012 Sanctions Award Order, the Court held only AE Tech liable for paying the Sanctions Award.  The S&F Defendants argued that they should not be held liable for paying the Sanctions Award Order because they were not acting in concert with AE Tech and did not aid and abet AE Tech in violating the Injunction.  (ECF 149 at 3:19-21, 11-15).  The parties then engaged in extensive discovery, which closed in April 2013.  After discovery closed, on August 29, 2013, the Federal Circuit dismissed Defendants' separate appeal of the Injunction. (ECF 348).  The Federal Circuit held "the S&F Defendants fell within the purview of the original injunction because they were 'acting in concert' with AE Tech.  *Id*. at 15.  Immediately thereafter, Aevoe filed its Motion for Reconsideration to hold the S&F Defendants liable for paying the Sanctions Award.

## II.   RECONSIDERATION OF S&F DEFENDANTS' LIABILITY TO PAY THE SANCTIONS AWARD

### A.   <u>Legal Standard on Motion for Reconsideration</u>.

The Court has the power to alter, at any time before final judgment, a non-appealable interlocutory order. "Interlocutory orders such as these 'remain open to trial court reconsideration' until the entry of judgment." *Nieves-Luciano* v. *Hernandez-Torres,* 397 F.3d 1, 4 (1st Cir. 2005) (citations omitted).  A motion for reconsideration should not be granted unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.   Fed. R. Civ. P. 59(e).  Aevoe's Motion for Reconsideration provides sufficient basis for the Court to reconsider its earlier ruling on the S&F

1    Defendants' liability for the Sanctions Award because Aevoe has established that there is newly

2    discovered evidence developed in discovery that shows the knowing and active participation of

3    the S&F Defendants in the activities that violated the Injunction, as well as new law from the

4    Federal Circuit relating specifically to this case.  As such, the Court now reconsiders whether to

5    hold the S&F Defendants jointly and severally liable for the Sanctions Award.

6          **B.**      **<u>S&F Defendants' Joint and Several Liability for Sanctions</u>.**

7          Aevoe seeks reconsideration of the Court's prior sanctions orders to the extent that held

8    only AE Tech liable for paying the Sanctions Award.  (ECF 167, 181).  The Sanctions Award

9    Order remains open to reconsideration because it is an interlocutory order.  As discussed above,

10   the Federal Circuit previously held that it lacks jurisdiction over the Sanctions Award Order

11   precisely because it is interlocutory in nature.

12         Aevoe supports its Motion for Reconsideration with newly discovered evidence.  Neither

13   the Court nor Aevoe had this evidence before the November 2012 Sanctions Award Order.

14   Indeed, this evidence only came to light *in 2013*, when the Court granted an order to compel

15   discovery and denied a motion to quash depositions.  (ECF 202, 230; *see also* ECF 373

16   (awarding attorneys' fees and costs after Defendants failed to respond to discovery requests

17   without substantial justification)).  The evidence shows that the S&F Defendants were, in fact, in

18   active concert or participation with AE Tech in connection with the resale of the "redesigned"

19   products—even after they were named as parties in this lawsuit.  The new evidence shows that:

20             •  The S&F employees were at CES on January 13, 2012, and watched U.S.

21                Marshals execute the Court's seizure order as it happened.  (ECF 359, Ex. A at

22                85:10-88:10 [App. 000012-15]).

23             •  Subsequent to the seizure, the S&F Defendants received actual notice of the

24                Injunction no later than February 3, 2012.  (ECF 348 at 14).

25             •  Nevertheless, the S&F Defendants worked in concert with AE Tech to market the

26                "redesigned" touch-screen protectors that were the subject of the original Order to

27                Show Cause.  The S&F Defendants sent AE Tech reworked packaging for the

28

redesigned infringing products on February 6, 2012, after receiving notice and a copy of the Injunction.  (ECF No. 359, Ex. E [App. 000142-43]).

- The S&F Defendants selected and assigned the UPC codes and SKUs for the redesigned infringing EZseal products, and then provided AE Tech with those codes.  (ECF 359, Ex. B at 118:3-119:18 [App. 000074-75]; *see also* ECF 359, Ex. C at 26:5-27:11, Dep. Ex. 130  [App. 000091-92, 112-14]).

- The S&F Defendants worked so closely with AE Tech that they sent AE Tech photographs as instructions for properly positioning the barcodes on the redesigned infringing products.  (ECF 359, Ex. A at 156:5-19, Dep. Ex. 111 [App. 00028, 64-67]).

- The S&F Defendants authorized AE Tech to manufacture the redesigned infringing products, and AE Tech was only authorized to manufacture such products subject to a written license agreement as well as specific approval from the S&F Defendants.  (ECF No. 359, Ex. D [App. 000140-41]; Ex. F [App. 000144-45).

- The S&F Defendants sent thousands of the original infringing products to Taiwan on March 23, 2012, which were then "reworked" and repackaged as redesigned products and returned to the U.S. for sale.    (ECF No. 359, Ex. A at 117:22-119:3, Dep. Ex. 97 [App. 000025-27, 62-63]; ECF No. 359, Ex. A 31:19-23, 35:2-37:25, 38:9-39:5, Dep. Ex. 71 [App. 000005-10, 30-48];  ECF No. 359, Ex. C at 216:13-218-22, Dep. Ex. 152 [App. 000104-06, 115-25]).

Aevoe also supports its Motion for Reconsideration with new law confirming that the S&F Defendants acted in concert with AE Tech to bring the infringing (and Injunction-violating) redesigned products to market.  Under Fed. R. Civ. P. 65(d)(2), persons who are bound by a preliminary injunction include those who are either (1) the parties' officers, agents, servants, employees, and attorneys; and (2) other persons who are in active concert or participation with

1   anyone described in Fed. R. Civ. P. 65(d)(2)(A).   The Federal Circuit found in August 2013 that
2   "the S&F Defendants fell within the purview of the original injunction because they were 'acting
3   in concert' with AE Tech in connection with the resale of the redesigned products."  (ECF 348 at
4   15-16); *id*. ("'Active concert or participation' has been interpreted to include both aiders and
5   abettors of, and privies of, an enjoined party") (citations omitted).   Thus, the Federal Circuit
6   expressly affirmed that the S&F Defendants were within the scope of the original Injunction and
7   were bound by its terms.  Because we now know that the S&F Defendants had actual knowledge
8   of the terms of the Injunction and elected (in concert with AE Tech) to ignore them, it is
9   reasonable to hold them jointly and severally liable for the sanctions imposed by the Court.

10        For these reasons, Aevoe's Motion for Reconsideration is GRANTED and the S&F
11   Defendants are jointly and severally liable to pay the Sanctions Award Order as set forth below.

12

13   **III.   ORDER TO SHOW CAUSE RE: FAILURE TO PAY SANCTIONS**

14        **A.   <u>AE Tech Bears the Burden to Demonstrate a Basis, if any, for Its Failure to</u>**
15   **<u>Obey the Court's Sanctions Order.</u>**

16        The Court has the "inherent power to enforce compliance with [its] lawful orders through
17   civil contempt."  *Cal. Dept. of Sot. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008)
18   (quoting *Shillitani v. United States*, 384 U.S. 364 (1966)); *see also* 18 U.S.C. § 401. "'A court
19   has wide latitude in determining whether there has been contemptuous defiance of its order.'"  *In*
20   *re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987) (citation omitted).
21   Further, in evaluating a party's refusal to comply with an order, a district court should consider
22   whether the offending party failed "to take all reasonable steps" to comply.  *In re Dual-Deck*
23   *Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("Civil contempt in
24   this context consists of a party's disobedience to a specific and definite court order by failure to
25   take all reasonable steps within the party's power to comply").

26        In order to avoid further civil contempt sanctions by this Court, AE Tech must
27   demonstrate an inability to comply with the Sanctions Award.  *See Richmark Corp. v. Timber*
28   *Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992) (holding that sanctioned party must

1  "prov[e] that it is '*factually impossible*' to comply with the district court's order ....") (emphasis

2  in original). "To satisfy this burden, a defendant must show 'categorically and in detail' why it

3  was unable to comply." *SEC v. Goldfarb*, No. C 11-00938 WHA, 2012 WL 2343668, at *4 (N.D.

4  Cal. June 20, 2012) (quoting *NLRB v. Trans. Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th

5  Cir. 1973)).

6

7        **B.**    **AE Tech Has Failed to Establish That It has Insufficient Funds or Assets to Pay the Sanctions Award.**

8

9        At the outset, the Court takes the opportunity to clarify any confusion relating to the

10  effect of the re-examination proceedings on the Sanctions Award Order.  "It is a 'long-standing

11  rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the

12  order alleged to have been disobeyed and thus become a retrial of the original controversy.'"

13  *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) (quoting *United States v. Rylander*, 460

14  U.S. 693, 756-57 (1983)). The fact is, "challenges to the validity of the [preliminary injunction]

15  could not excuse [AE Tech's] failure to comply." *Id*.  AE Tech cannot instead simply ignore the

16

17  Court's Orders.

18        In opposing Aevoe's Motion for Order to Show Cause, AE Tech contends that it does not

19  have sufficient funds or assets to pay the $1,140,701.83 Sanctions Award.  Although Aevoe did

20  not bear the burden to do so, in its motion papers Aevoe presented evidence showing that AE

21  Tech has sufficient funds or assets to pay, as demonstrated by documents produced in discovery

22  and the deposition testimony and declarations of Chen (Tom) Hsieh and Henry Hsieh .

23

24        In support of its contention that it is unable to pay the Sanctions Award, AE Tech

25  proffered: (1) the oral testimony of Tom Hsieh, AE Tech Sales Manager; and (2) six exhibits that

26

27

28

purportedly demonstrated AE Tech's parlous financial condition. Specifically, AE Tech offered the following six exhibits, marked and identified as Exhibits 1 through 6:[1]

1.    <u>Exhibit 1</u>: financial summary dated December 31, 2012;

2.    <u>Exhibit 2</u>: financial summary dated December 31, 2013;

3.    <u>Exhibit 3</u>: 2012 income statement;

4.    <u>Exhibit 4</u>: 2013 income statement;

5.    <u>Exhibit 5</u>: January 2014 – February 2014 income statement; and

6.    <u>Exhibit 6</u>: AE Tech bank account statements from Chang Hwa Bank covering the period 2012-2014 (in Mandarin Chinese language) (printed by Tom Hsieh on April 7, 2014).

During the course of the evidentiary hearing, Aevoe objected to the admissibility of Defendant's Exhibits on various grounds, including AE Tech's failure to previously produce Exhibits 1, 3 and 6 before the close of discovery in April 2013; the offered Exhibits constitute inadmissible hearsay and no hearsay exception applies; the documents are incomplete, inaccurate and provide no indicia of reliability; Defendant's Exhibits 1 through 5 were not translated by a certified language translator nor were the monetary conversions certified; and Defendant's Exhibit 6 lacks foundation, provides no indicia of reliability, is not a certified record and lacks a certified English translation.  AE Tech argued that Defendant's Exhibits were trustworthy and reliable because they were created directly from AE Tech's accounting software or from the website of Chang Hwa Bank in Taiwan.  As discussed below, the Court allowed Mr. Hsieh to testify using Exhibits 1-6, but ultimately concludes that they are not admissible in their current form.  The Court gave AE Tech 14 days from the date of the hearing to provide additional evidence to support the admissibility of these Exhibits.  However, the Court also notes that it fully considered the contents of AE Tech's Exhibits in ruling on Aevoe's Motion, and thus that even if the Exhibits were admitted the outcome would be the same.

---

[1]    The Court notes that AE Tech did not offer any of this information or exhibits in connection with its opposition, did not alert or seek leave from the Court of its failure to comply with the Sanctions Award Order, and made no effort to pay the sanctions.  Instead, AE Tech ignored the Sanctions Award Order for more than sixteen months, forcing Aevoe to bring its Motion.

1    Aevoe further objected to the testimony of Tom Hsieh because he previously required a

2    Mandarin Chinese to English language translator and presented testimony at the evidentiary

3    hearing without the aid of a translator.  The Court finds there is no evidentiary rule that prohibits

4    Mr. Hsieh's testimony at the hearing and thus overruled Aevoe's objection.

5    Aevoe further objected to Mr. Hsieh's testimony on the basis that, in his capacity as a

6    Sales Manager, he lacked the required foundational knowledge to testify about AE Tech's

7    financial condition and ability to pay the Sanctions Award.  AE Tech argued that Mr. Hsieh had

8    the requisite knowledge to testify about the financial condition of AE Tech, as well as the related

9    Defendant's Exhibits.  Though the Court agrees that Mr. Hsieh's knowledge appeared limited, he

10    appears to have enough knowledge to aid the Court in determining the financial condition of AE

11    Tech, and thus properly was permitted to testify.

12    During the cross-examination of Mr. Hsieh, Aevoe moved to admit Plaintiff's Exhibits 1

13    and 2, 2013 and 2014 printouts from the "About Us" page on AE Tech's website that states the

14    company's annual revenue.[2]  Aevoe contends that the webpage printouts provide evidence of AE

15    Tech's ability to pay the Sanctions Award and are admissible in accordance with Federal Rule of

16    Evidence 201 and *Matthews vs. NFL Management Council Court*, 688 F.3d 1107, 1113 (9th Cir.

17    2012).  AE Tech objected to Plaintiff's Exhibits for lack of foundation and on the basis that the

18    exhibits are inadmissible hearsay.  During the hearing, the Court accessed AE Tech's website,

19    http://www. aetech.tw/about_us.html, and finds that the website currently states:

20    AE Tech is one of the leaders of flash memory cards and USB
       industry. We create US 20 to 30 millions of annual revenue, and
21    get into the market of solar energy battery, iPhone/iPod peripheral
       products, and all kinds of screen protectors.
22

23    The Court declined to admit Plaintiff's Exhibits 1 and 2, but pursuant to Fed. R. Evid. 201 will

24    take judicial notice that the foregoing statement was publicly available on AE Tech's website as

25    of the day of the hearing.

26    Based on the testimony of Mr. Hsieh, the Court finds that Defendant's Exhibits 1 through

27    5 were created by Mr. Hsieh from AE Tech's accounting software program, translated into

28    _____
       [2]     Plaintiff's Exhibit 1 is cited in the expert report of Alan Cox and Exhibit 2 purports to be
       an April 2014 printout of the same website page.

English by Mr. Hsieh (and not a certified translator) and converted from Taiwanese dollars into U.S. dollars by Mr. Hsieh's use of a three-year average exchange rate.  The Court finds that Defendant's Exhibits 1 through 5 are summaries created for the purposes of this hearing and not made in the ordinary course of business, and that neither the source of information nor the method or circumstances of preparation of the documents provides sufficient indicia of trustworthiness.  With respect to Defendant's Exhibit 6, the Court finds that the Chang Hwa Bank statements are not certified business records, thus do not qualify as an exception to the hearsay rule, and are not translated into the English language. Therefore, the Court finds that Defendant's Exhibits 1 through 6 are not admissible because they do not meet the requirements of Federal Rule of Evidence 803(6) required to establish that the documents are records of a regularly conducted activity.  Although the Court finds Defendant's Exhibits 1 through 6 are not admissible, the Court will provide AE Tech fourteen (14) days from the date of the evidentiary hearing to try to establish an exception to the rule against hearsay.

Nevertheless, even if AE Tech can demonstrate Exhibits 1 through 6 are accurate and correct and otherwise admissible, the documents are vague and incomplete and do not provide sufficient basis for the Court to conclude that AE Tech has met its burden to establish that it has insufficient funds or assets to pay the Sanctions Award.  The evidence contained in Exhibits 1-6 was admittedly incomplete: Mr. Hsieh did not provide financial information concerning AE Tech's sister companies (Kai Da International, Able Smart, and an AE Tech entity in Hong Kong, all controlled by AE Tech's chief executive, Henry Hsieh); did not provide any information concerning the contents of its bank account with HSBC in Hong Kong; and admitted that AE Tech maintains two other bank accounts at Chang Hwa Bank (one denominated in Japanese Yen, the other in Taiwanese Dollars) that it did not disclose in discovery or describe when detailing AE Tech's financial condition and ability to pay the Sanctions Award.  Mr. Hsieh also conceded that AE Tech has borrowed substantial sums of money from Able Smart to pay operating expenses and attorneys' fees, but did not seek to finance the payment of any part of the Sanctions Award by way of a loan from Able Smart.  And he admitted that his own knowledge of AE Tech's sales revenues is limited to the approximately 60% of the market represented by

1  the United States.  He admittedly had no information about sales to jurisdictions other than the

2  United States (other than estimates or guesses), as well as sales to companies with which his

3  brother has a relationship (including companies like Chitek and Digital Media Outlet that, he

4  admitted, could have generated millions of dollars of undisclosed revenue).

5        The Court does not doubt that AE Tech's revenues were diminished after it finally agreed

6  to comply with the Court's Injunction.  But Mr. Hsieh's testimony confirmed that AE Tech was

7  and remains a going concern with significant revenues.Taken as a whole, the evidence shows

8  that AE Tech could have (and likely still can) pay the Sanctions Award yet did not.  Further, the

9  Court finds that AE Tech's witness, Mr. Hsieh, does not possess sufficient knowledge of AE

10  Tech's financial ability or inability to pay the Sanctions Award.

11        Based on the foregoing, the Court finds that AE Tech has failed to meet its burden of

12  proving that it cannot pay the Sanctions Award and has thus failed to demonstrate justification

13  for its failure to abide by the Sanctions Award Order.

14

15  **IV.    CONCLUSION**

16        **IT IS HEREBY ORDERED** that Aevoe's Motion for Reconsideration (ECF 354) is

17  **GRANTED**, as the Court finds that S&F Corporation and Greatshield Inc. were in active concert

18  with AE Tech in connection with the resale of the redesigned infringing products;

19        **IT IS FURTHER ORDERED** that Aevoe's Motion for Order to Show Cause (ECF 289,

20  293) is **GRANTED**;

21        **IT IS FURTHER ORDERED** that defendants AE Tech, S&F Corporation and

22  Greatshield Inc. are jointly and severally liable for the full payment of the $1,067,947.56 in lost

23  profits and $60,941.75 in attorneys' fees as compensation to Aevoe;

24        **IT IS FURTHER ORDERED** that defendant AE Tech is separately and individually

25  liable for the full payment of $11,812.52 in lost profits as compensation to Aevoe in connection

26  with the resale of redesigned infringing products that did not involve the S&F Defendants;

27         **IT IS FURTHER ORDERED** that Defendants shall have until the close of business on

28  June 10, 2014 to pay in full the amounts as ordered above.  For each day thereafter that AE Tech,

1   S&F Corporation, or Greatshield has not complied with this Order, such Defendant or

2   Defendants shall pay an additional $1,000.00 per day until Aevoe is fully paid.   The Court

3   cautions Defendants that failure to timely comply with this Order may result in the Court's

4   issuance of case dispositive sanctions, including the striking of pleadings; and

5          **IT IS FURTHER ORDERED** that, no later than June 10, 2014, Defendants shall certify

6   with the Court that they have fully paid Aevoe in compliance with this Order.

7          **DATED** this 17th day of April, 2014.

8

9

10                                                    _____

11                                                    Gloria M. Navarro, Chief Judge
                                                      United States District Court
12

303268
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28