UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP.,<br><br>   Plaintiff(s),<br><br>vs.<br><br>AE TECH. CO., et al.,<br><br>   Defendant(s). | Case No. 2:12-cv-00053-GMN-NJK<br><br>ORDER GRANTING MOTION TO SEAL<br><br>(Docket No. 534) |

Pending before the Court is Defendant AE Tech's ("Defendant") motion to seal. Docket No. 534. For the reasons discussed more fully below, the motion to seal is hereby **GRANTED**.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)); *see also Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.

1    The pending motion to seal seeks an order sealing Exhibits 1A-5A and 7 attached to Defendant's
2 supplement to record at Docket No. 535. The exhibits have been filed in connection with the motion
3 for an order to show case, seeking an order requiring Defendant to pay the sanction imposed and, if it
4 does not, holding Defendant in contempt. *See* Docket No. 534 at 3; *see also* Docket No. 289 at 4-5. As
5 an initial matter, the Court finds that the exhibits at issue in the motion to seal relate to a non-dispositive
6 matter. *See, e.g.*, *Aevoe Corp. v. AE Tech. Co., Ltd.*, 2012 U.S. Dist. Lexis 175868, *4 (D. Nev. Dec.
7 10, 2012) (ruling on motion to seal and indicating that "[a] motion for sanctions arising from a contempt
8 order is not a dispositive motion"). Accordingly, the Court applies the "good cause" standard outlined
9 above.

10   The exhibits at issue in the pending motion to seal consist of Defendant's financial records.
11 Defendant argues that the public release of these financial statements will adversely impact its ability
12 to conduct business and negotiate the terms of future sales. *See* Docket No. 534. The Court has
13 reviewed the documents and agrees that good cause exists for their sealing. *See, e.g.*, *Apple Inc. v.
14 Samsung Elec. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and finding
15 that parties have "a significant interest in preventing the release of their detailed financial information").
16 The Court further finds that the exhibits cannot be easily redacted while leaving meaningful information
17 available to the public.

18   Accordingly, the Court **GRANTS** the motion to seal (Docket No. 534) and **ORDERS** that
19 Exhibits 1A-5A and 7 filed at Docket No. 535 remain sealed.
20   IT IS SO ORDERED.
21   DATED: April 30, 2014

                                        _____
                                        NANCY J. KOPPE
                                        United States Magistrate Judge