UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| AEVOE CORP., | ) | |
| Plaintiff(s), | ) | Case No. 2:12-cv-00053-GMN-NJK |
| vs. | ) | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL |
| AE TECH. CO., et al., | ) | |
| Defendant(s). | ) | (Docket Nos. 545, 546) |

Pending before the Court is Defendants S&F Corporation's and Greatshield, Inc.'s ("Defendants") motion to seal. Docket No. 545, 546. For the reasons discussed more fully below, the motion to seal is hereby **GRANTED** in part and **DENIED** in part.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)); *see also Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.

The pending motion to seal seeks an order allowing the sealing of certain documents filed in connection with Defendants' motion for reconsideration of the sanctions order issued on April 17, 2014.

As an initial matter, the Court finds that the exhibits at issue in the motion to seal relate to a non-dispositive matter. *See, e.g.*, *Aevoe Corp. v. AE Tech. Co., Ltd.*, 2012 U.S. Dist. Lexis 175868, *4 (D. Nev. Dec. 10, 2012) (ruling on motion to seal and indicating that "[a] motion for sanctions arising from a contempt order is not a dispositive motion"). Accordingly, the Court applies the "good cause" standard outlined above.

With respect to Exhibit 1, Defendants seek redaction of certain financial information in the Declaration of Feon Tan, as well as complete sealing of the bank and other financial records attached as Exhibits A-C thereto. *Compare* Docket No. 544-2 (public version) *with* Docket No. 546-1 (sealed version). With respect to Exhibit 2, Defendants seek complete sealing of balance sheets attached as Exhibits A-B to the Declaration of Andrew Bradley. *Compare* Docket No. 544-3 (public version) *with* Docket No. 546-2 (sealed version). Defendants argue that the public release of these financial statements will adversely impact its ability to conduct business and negotiate the terms of future sales. The Court has reviewed the documents and agrees that good cause exists for their sealing. *See, e.g.*, *Apple Inc. v. Samsung Elec. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and finding that parties have "a significant interest in preventing the release of their detailed financial information"). The Court further finds that the exhibits cannot be easily redacted any further while leaving meaningful information available to the public.

With respect to Exhibit 3, Defendants seek redaction of figures showing the calculation of profits per unit and lost profits. *Compare* Docket No. 544-4 (public version) *with* Docket No. 546-3 (sealed version). Defendants argue that the public release of this sales information will adversely impact its ability to conduct business and negotiate the terms of future sales. The Court has reviewed the documents and agrees that good cause exists for the proposed redactions. *See, e.g., Aevoe Corp. v. AE Tech. Co.*, 2013 WL 6210648, *2 (D. Nev. Nov. 27, 2013) (listing cases sealing similar information).

With respect to Exhibit 4, Defendants seek complete sealing of an email on the basis that Plaintiff has designated that document "Highly Confidential - Attorneys' Eyes Only." *See* Docket No. 545 at 4. Plaintiff has now submitted a notice indicating that it does not object to Exhibit 4 being filed publicly notwithstanding its designation as Highly Confidential. Docket No. 555. Accordingly, with respect to Exhibit 4 (Docket No. 546-4) the motion to seal is **DENIED**.

1     Accordingly, for the reasons discussed above, the motion to seal is hereby **GRANTED** in part
2 and **DENIED** in part. <u>Plaintiff shall file a public version of Exhibit 4 on the docket, no later than June
3 20, 2014.</u>
4     IT IS SO ORDERED.
5     DATED: June 13, 2014

                                        NANCY J. KOPPE
                                        United States Magistrate Judge