**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AEVOE CORP., a California corporation,          )
                                                )
                    Plaintiff,                  )
    vs.                                         )   Case No.: 2:12-cv-00053-GMN-NJK
                                                )
AE TECH CO., LTD., a Taiwan corporation;        )   **ORDER**
S&F CORPORATION dba SF PLANET                   )
CORPORATION, a Minnesota corporation;           )
and GREATSHIELD INC., a Minnesota               )
corporation,                                    )
                                                )
                    Defendants.                 )
                                                )

Pending before the Court is the Motion for Summary Judgment (ECF No. 425) filed by Defendants AE Tech Co., Ltd., S&F Corporation, and Greatshield Inc. (collectively, "Defendants"). Plaintiff Aevoe Corp. filed a Response (ECF No. 448) and Defendants filed a Reply (ECF No. 476). Defendants argue that, based on the evidence in the record, Defendants are entitled to summary judgment on their inequitable conduct counterclaim. For the reasons discussed in this Order, the Court concludes that genuine issues of material fact still exist as to each element of Defendants' inequitable conduct claim, thus precluding summary judgment. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 425) is DENIED.

**I.   BACKGROUND**

Plaintiff Aevoe Corp. ("Plaintiff") is the sole owner of United States Patent No. 8,044,942 ("the '942 Patent") entitled "Touch Screen Protector." (Am. Compl. ¶¶ 13-14, ECF No. 44.) Plaintiff is a California corporation (*id.* at ¶ 6) that "markets and sells products embodying the '942 Patent throughout the United States" (*id.* at ¶ 15). The invention of the '942 Patent relates to a touch screen protector for hand-held electronic devices. U.S. Patent No.

8,044,942, at [57] (filed June 14, 2011). Specifically, the '942 Patent discloses a touch screen protector that does not physically contact the touch screen portion of the device. *Id.*

In this action, Plaintiff alleges that three defendants infringed the '942 Patent. First, Plaintiff alleges that Defendant AE Tech ("AE Tech") is a Taiwan corporation (*id.* at ¶ 7) that "manufactures, imports, advertises, sells, and offers to sell products . . . that infringe the '942 Patent" (*id.* at ¶ 16). Second, Plaintiff alleges that Defendant S & F Corporation ("S&F") is a Minnesota corporation that does business as SF Planet Company ("SF Planet") (collectively, "S&F Defendants"). (*Id.* at ¶¶ 7–8.) The S&F Defendants allegedly "import, advertise, sell, and offer to sell products . . . that infringe the '942 Patent." (*Id.* at ¶ 17.) Third, Plaintiff alleges that Defendant GreatShield is a Minnesota corporation that is a corporate affiliate of the S&F Defendants. (*Id.* at ¶¶ 11–12.) Plaintiff further alleges the S&F Defendants "operate an Amazon.com storefront" through which they sell the AE Tech products that allegedly infringe the '942 Patent. (*Id.* at ¶¶ 30–31.)

In response to the Defendants' allegedly infringing activities, Plaintiff filed the instant action on January 11, 2012, alleging infringement of the '942 Patent. (*See* Compl., ECF No. 1.) Plaintiff subsequently filed its Amended Complaint on March 14, 2012. (Am. Compl., ECF No.44.) Defendant AE Tech filed its Answer on March 30, 2012 (Answer, ECF No. 51) and Defendants S&F Corporation and Greatshield Inc. filed their Answer on April 9, 2012 (Answer, ECF No. 52). In the Answers, Defendants assert multiple affirmative defenses: (1) unclean hands; (2) unenforceability; (3) noninfringement; (4) invalidity; (5) inequitable conduct; and (6) any additional affirmative defenses that become apparent during the course of the litigation. (Answer at 5:26–6:13, ECF No. 51.) Defendants also assert four counterclaims: (1) declaratory judgment of noninfringement; (2) declaratory judgment of invalidity; (3) declaratory judgment of unenforceability; and (4) false marking. (*Id.* ¶¶ 25–51.) The Court subsequently dismissed Defendants' counterclaim for false marking, but found that Defendants

had adequately alleged their counterclaim for a declaratory judgment of unenforceability as a result of inequitable conduct. (February 25, 2014 Order, ECF No. 512.)

Thereafter, Defendants filed the instant Motion for Summary Judgment of Inequitable Conduct in which they assert that no genuine issues of material fact remain for trial and Defendants are entitled to judgment on their inequitable conduct counterclaim.  Specifically, Defendants assert that Plaintiff was selling a screen protector product for an Apple MacBook computer ("iVisor AG for MacBook") more than one year prior to the filing of the application that eventually issued as the '942 Patent. (Mot. for Summ. J. 2:13–22, ECF No. 425.)  The iVisor AG for MacBook was a commercial embodiment of a Taiwanese patent application that predated the filing of the application that issued as the '942 Patent.  (*Id.* at 3:5–7, 4:8–10.)  This Taiwanese patent application was even referenced in a declaration that the applicants filed pursuant to 37 C.F.R. § 1.131 (the "131 Declaration"), in an attempt to establish an invention date of the touch screen protector product prior to the effective date of the Taiwanese patent application. (*Id.* at 4:8–10.)  Despite discussing the Taiwanese patent application in the 131 Declaration, the patent applicants failed to mention the sales of the iVisor AG for MacBook. (*Id.* at 4:18–20.)  Defendants now assert that, based on the applicants' withholding the iVisor AG for MacBook from the PTO, they are entitled to a summary adjudication that the applicants' committed inequitable conduct before the PTO and that, as a result, the '942 Patent should be rendered unenforceable.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Because a motion for summary judgment is a purely procedural question not pertaining to patent law, this Court

applies the law of the regional circuit, the Ninth Circuit, when determining whether a genuine dispute exists as to any material fact. *CollegeNet, Inc. v. ApplyYourself, Inc.*, 418 F.3d 1225, 1230 (Fed. Cir. 2005).

Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis that depends on which party filed the motion and which party bears the burden of proof. When, as here, "the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing

party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita*, 475 U.S. at 586). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. Nevertheless, if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

Defendants now request that this Court summarily adjudicate Defendants' counterclaim for unenforceability of the '942 Patent because either the applicants or the prosecuting

attorneys committed inequitable conduct during the prosecution of the '942 Patent.

Inequitable conduct occurs when the patent applicant fails to disclose material information, or submits false material information, with an intent to deceive the patent examiner. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988); *see also* 37 C.F.R. § 1.56 ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [Patent] Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section."). Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc). "To prove inequitable conduct, the challenger must show by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with the specific intent to mislead or deceive the PTO." *In re Rosuvastatin Calcium Patent Litig.*, 703 F.3d 511, 519 (Fed. Cir. 2012) (citing *Therasense*, 649 F.3d at 1287). Furthermore, "materiality and intent must be separately established." *Id.*

In this case, Defendants assert that Plaintiff failed to disclose the sale of the iVisor AG for MacBook to the PTO. Defendant further contends that this omission was material and that the applicants and prosecuting attorneys committed the omission with the specific intent to deceive the PTO. Thus, Defendants assert that the omission of this reference renders the '942 Patent unenforceable. However, as discussed below, genuine issues of material fact still exist as to each element of Defendants' inequitable conduct claim, thus precluding summary judgment.

### A. Materiality

The party alleging inequitable conduct may prove the materiality prong in one of two ways. Most commonly, the party attempts to establish "but-for materiality" by providing

"proof that the patentee withheld or misrepresented information that, in the absence of the withholding or misrepresentation, would have prevented a patent claim from issuing." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1345 (Fed. Cir. 2013). Alternatively, the Court will presume materiality where the party alleging inequitable conduct proves that "the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit." *Therasense*, 649 F.3d at 1292.

### 1. But-for Materiality

To prevail on its motion, Defendants must first establish that no reasonable trier of fact could find that, from the perspective of the PTO, the withheld or misrepresented information would have blocked patentability. *Ohio Willow Wood*, 735 F.3d at 1345. Defendants attempt to carry this burden by first noting that the iVisor AG for MacBook was a commercial embodiment of a Taiwanese patent application that the applicants did disclose to the PTO during prosecution. Defendants further observe that the applicants filed a declaration pursuant to 37 C.F.R. § 1.131 ("131 Declaration"), in which they asserted that they invented the subject matter of the '942 Patent prior to the date of the Taiwanese patent application. Based on these facts, Defendants argue that the Court need not look any further than this declaration to conclude that the iVisor AG for MacBook is but-for material.

The Court disagrees. True enough, by filing the 131 Declaration, the applicants were attempting to establish an invention date prior to the Taiwanese patent application and prior to publication of several screen protector products on Plaintiff's website. (*See* Mot. for Summ. J. Ex. 33 ("Decl. of Inventors Under 37 C.F.R. § 1.131"), ¶¶ 3, 5, ECF No. 425-33.) However, a declaration *by the applicants* that refers to the Taiwanese patent application cannot conclusively establish that disclosure of the commercial embodiment of the disclosed Taiwanese patent application would have blocked patentability *from the perspective of the PTO*. At best, the 131 Declaration may be evidence that the applicants or the prosecuting

attorneys thought the subject matter of the Taiwanese patent application was material to patentability of the '942 Patent, but this alone is insufficient evidence of materiality from the PTO's perspective, such that summary judgment is proper.  Furthermore, the record lacks any evidence that the examiner actually relied on the 131 Declaration in order to issue the claims in the '942 Patent over the Taiwanese patent application.

Finally, Plaintiff submits evidence that the PTO previously rejected the materiality of an embodiment of the Taiwanese patent application by refusing to initiate reexamination proceedings based on theTaiwanese patent applications and commercial embodiments thereof. (App. to Bloch Decl. Ex. I, ECF No. 450-9.)  Specifically, when seeking to initiate reexamination proceedings, Defendants explicitly argued that the claims of the '942 Patent should not have issued because they are obvious in light of the Taiwanese patent application and commercial embodiments thereof. (*Id.* Ex. G, at 18–20, ECF No. 450-7.)  However, after reviewing Defendants' request, the PTO disagreed and found that Defendants failed to show a reasonable likelihood of prevailing with respect to any of the claims of the patent because "neither of [the iVisor for laptop products] mentions a use on a touch screen device." (*Id.* Ex. I, at 9, ECF No. 450-9.)  The PTO further concluded that "[i]n fact, each [iVisor reference] shows a protector being applied to the screen of a laptop having a keyboard, and each . . . identifies the laptop as a 'MacBook Pro,' which to this day does not appear to have been produced in a touch-screen version." (*Id.*)  The PTO's decision indicates that the PTO could have easily determined that the withheld reference was not material to the patentability of the claims in the '942 Patent because the inventors of the iVisor AG for MacBook did not intend the product for use on a touch screen device.

Although Defendants' comparison of claim 1 of the '942 Patent to the iVisor AG for MacBook could establish the materiality of this withheld reference, the PTO's decision that this reference was insufficient to warrant reexamination proceedings at least creates a genuine issue

of material fact. For these reasons, the Court finds that, when drawing all inferences in favor of Plaintiff, a reasonable jury could determine that the iVisor AG for MacBook was not material to patentability. If the jury found that Defendants failed to prove materiality by clear and convincing evidence, the jury would be required to return a verdict of no inequitable conduct. Because the Court cannot, on a motion for summary judgment, "weigh the evidence and determine the truth," Defendants' Motion for Summary Judgment (ECF No. 425) must be DENIED.

### 2. *Affirmative Egregious Misconduct*

Likewise, Defendants have not established that they are entitled to a presumption of materiality as a result of any "affirmative egregious misconduct." This presumption does not apply to "mere nondisclosure of prior art references to the PTO nor failure to mention prior art references in an affidavit." *Therasense*, 649 F.3d at 1292–93. Rather, this presumption is relevant only when the party attempting to prove inequitable conduct shows that the inventors or their attorneys "go to great lengths to deceive the PTO with a falsehood," such as manufacturing false evidence. *Id.* at 1292 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 247 (1944) overruled on other grounds by *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976)).

In their Motion for Summary Judgment, Defendants assert that the applicants' withholding the iVisor AG for MacBook was "not simply a non-disclosed prior art reference, the blatant misrepresentation was the knowledge of extensive sales of a product that was also known to be an embodiment of the Taiwanese application." (Mot. for Summ. J. 3:24–27, ECF No. 476.) This argument would essentially allow a limitless method for a party to recharacterize a nondisclosure into affirmative egregious misconduct, thus rendering this narrow exception meaningless. Permitting a simple recharacterization is inconsistent with the Federal Circuit's intent when it endeavored to create an exception that would incorporate

"sufficient flexibility to capture *extraordinary* circumstances." *Therasense*, 649 F.3d at 1293 (emphasis added).

Furthermore, the Court is not persuaded by Defendants' reliance on the Federal Circuit's pre-*Therasense* holding in *Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc.*, 984 F.2d 1182, 1192–93 (Fed. Cir. 1993).  In *Paragon*, the Federal Circuit affirmed the district court's inequitable conduct finding by relying primarily on the applicant's submission of affidavits that were authored by individuals that "held stock in Paragon," despite the fact that the applicants represented to the PTO that the individuals were "disinterested third part[ies]." *Id.* at 1191.  However, Defendants solely rely on a short passage at the end of the opinion in which the court also noted that "the patentee's failure to disclose to the examiner the pre-critical date commercial sales of the *patented device*" provided additional support for affirming the district court's inequitable conduct finding. *Id.* at 1192 (emphasis added).  Although the court observed that "[t]he concealment of sales information can be particularly egregious," the court also articulated that this was not the primary basis for finding materiality and was, instead, being discussed because of the possible "cumulative effect on the district court's determination of an exceptional case in connection with KLM's motion for attorney fees." *Id.* at 1192–93 n.9.

*Paragon* is distinguishable for several reasons and these distinctions preclude summary judgment.  First, in *Paragon*, the court applied the more lenient, pre-*Therasense* standard for materiality.  Even if the court had applied the *Therasense* standard, the court did not hold that the withheld sales information alone was sufficient to support an inequitable conduct finding. Rather, the court's primary basis for affirming the district court's inequitable conduct finding was the applicant's false statements about the interests of the supposedly disinterested affiants. Finally, the withheld sales information involved sales of the actual patented device, rather than, as in the instant case, a related or predecessor device.

For these reasons, Defendants have failed to convince the Court that summary judgment on this issue is proper. Given the narrow definition of this exception in *Therasense* and the numerous distinctions between this case and *Paragon*, the Court cannot conclude, on summary judgment, that withholding the sales information of the iVisor AG for MacBook amounted to affirmative egregious misconduct. As such, Defendants' Motion for Summary Judgment (ECF No. 425) must be DENIED.

### B.     Specific Intent to Deceive

Even if Defendants could establish their entitlement to summary judgment on the issue of materiality, their Motion would still fail because genuine issues of material fact remain as to whether the applicants or their attorneys withheld the iVisor AG for MacBook reference with the specific intent to deceive the PTO. "A finding that the . . . omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement." *Therasense*, 649 F.3d at 1290. Instead, Defendants must "prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* The Federal Circuit has recognized that "direct evidence of deceptive intent is rare" and, as a result, the court has authorized district courts to "infer intent from indirect and circumstantial evidence." *Id.* Nevertheless, the clear and convincing evidence standard is satisfied only when the specific intent to deceive is "the single most reasonable inference able to be drawn from the evidence." *Id.* (quotation marks omitted); *see also Ohio Willow Wood*, 735 F.3d at 1351 ("[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." (quotation marks omitted)); *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 873 (Fed. Cir. 1988) (holding that a defendant meets the intent element only when the evidence is sufficient to "*require* a finding of deceitful intent in the light of all the circumstances" (emphasis added)).

Even assuming that the applicants knew of the iVisor AG for MacBook reference,

genuine issues of material fact still exist as to whether the applicants knew this reference was material and whether the applicants made a deliberate decision to withhold it.

Defendants correctly note that the applicants' attempts to establish an invention date of its touch screen products before the effective date of the Taiwanese patent application serves as evidence that the applicants believed the subject matter of this reference to be material. Because this withheld reference is a commercial embodiment of the Taiwanese patent application, the reference to the Taiwanese patent application in the 131 Declaration also provides evidence that the applicants believed that the withheld reference was material to patentability. At the same time, Plaintiff provides deposition testimony that, if believed, establishes that the applicants knew that using the iVisor AG for MacBook would impede the functionality of a touch screen device. (*See, e.g.*, Czajkowski Decl. Ex. 3 (Huang Dep.) 33: 9–20, ECF No. 425-4 (testifying that the inventors tried to use the laptop screen protector on a touch screen device, "but it did not work").) Consequently, if the applicants knew that the iVisor AG for MacBook rendered the touchscreen inoperable, a reasonable juror could conclude that the applicants believed that this reference had no bearing on the patentability of a screen protector product that permitted the user to engage the touchscreen. Because summary judgment is not the appropriate stage to weigh competing testimony, the Court finds that a genuine issue of material fact still exists as to whether the applicants knew that the withheld reference was material.

In addition, Defendants appear to argue that summary judgment is appropriate because the Court should presume intent to deceive where the applicants submitted a declaration with a "blatant and known misrepresentation." (Mot. for Summ. J. 21:18–20, ECF No. 425 ("Submitting Rule 131 declarations containing a blatant and known misrepresentation, as the inventors did here, by itself evidences a specific intent to deceive the USPTO.").) The Court declines to rely on any such presumption because it lacks support in Federal Circuit precedent.

Defendants next assert that no issues of fact remain as to the applicants' intent because the applicants conducted an inadequate prior art search, as is required when filing an application under the PTO's Accelerated Examination procedure. This argument also fails to persuade the Court that summary judgment is appropriate. Defendants have not provided any authority that evidence of an applicant's failure to satisfy the requirements of this procedure warrants a finding, on summary judgment, of intent to deceive. Furthermore, Defendants' argument appears to sound in negligence, *i.e.*, the applicants conducted a negligent pre-examination prior art search. Even assuming that the applicant did conduct this search in a negligent manner, such negligence cannot conclusively establish intent to deceive. *See Therasense*, 649 F.3d at 1290 ("A finding that the . . . omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement.")

The Court is similarly unpersuaded by Defendants argument that Plaintiff's conduct during this litigation provides further support for the summary adjudication that Defendants request. Given that the disputed issues of fact discussed above, these types of inferences are insufficient to establish by clear and convincing evidence that the applicants acted with the specific intent to deceive the PTO. (*See, e.g.*, Mot. for Summ. J. 27:3–28:20, ECF No. 425 (drawing inferences based on the questions on which Mr. Lin could recall details and the question on which Mr. Lin's memory was less complete).) These comparisons are more appropriately raised as witness impeachment during a trial, which a jury can then weigh when determining the credibility of that witness. Similarly, a motion for summary judgment is an inappropriate mechanism to object to an opposing party's conduct during discovery and, specifically, to the completeness of an opposing party's discovery responses. (*See id.* at 28:21–29:24.)

Based on the evidence in the record, a reasonable juror could conclude, as Defendants have done, that the applicants intended to deceive the PTO by withholding the iVisor AG for

MacBook reference. However, Plaintiff has also provided plausible explanations for this nondisclosure such that genuine issues of material fact still exist. For these reasons, the Court concludes that Defendants have failed to establish by clear and convincing evidence that the applicants knew that the iVisor AG for MacBook was material to patentability of at least one claim of the '942 Patent and that, nevertheless, the applicants made a deliberate decision to withhold this reference from the PTO. Because it is not appropriate at this stage for the Court to make credibility determinations and resolve factual disputes, the Court must DENY Defendants' Motion for Summary Judgment (ECF No. 425).

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 425) filed by Defendants AE Tech Co., Ltd.; Greatshield Inc.; and S&F Corporation is **DENIED**.

**DATED** this __29__ day of ____July____, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge