UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP.,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>AE TECH. CO., et al.,<br><br>　　　　　Defendant(s). | Case No. 2:12-cv-00053-GMN-NJK<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL<br><br>(Docket No. 574) |

　　　　Pending before the Court is a motion to seal filed by the Morris Law Group in relation to its motion to withdraw. Docket No. 574. The Court finds this motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice. For the time being, the documents filed under seal at Docket No. 573 shall remain sealed. Nonetheless, a renewed motion to seal must be filed no later than August 15, 2014.

　　　　In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, *1 (D. Nev. May 24, 2013). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that

redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The Morris Law Group seeks to seal in their entirety two copies of its retention agreement with Defendant AE Tech Co. *See* Docket No. 574; *see also* Docket No. 573, Exhs. 1, 3 (sealed). It appears that good cause may exist to keep secret portions of the retention agreement. *See, e.g.*, *Herb Reed Enterps. v. Monroe Powell's Platters, LLC*, 2013 U.S. Dist. Lexis 96948, *2 (D. Nev. July 11, 2013) (finding good cause for sealing attorneys' hourly rates) (citing *Mine O'Mine, Inc. v. Calmese*, 2012 U.S. Dist. Lexis 53077, *10 (D. Nev. Apr. 16, 2012)). Nonetheless, as discussed above, sealing of entire documents is only permitted when redaction of the confidential material is not practicable. *See, e.g.*, *Foltz*, 331 F.3d at 1137.

The pending motion fails to identify with sufficient specificity which information contained in the retention agreement merits secrecy[1] and fails to explain why redaction of such information is not practicable. Accordingly, the motion to seal is **DENIED** without prejudice. A renewed motion to seal must be filed no later than August 15, 2014. To the extent a showing cannot be made that the entirety of the retention agreement should be sealed, the renewed motion to seal must also be accompanied by any redactions proposed by the Morris Law Group. The failure to timely file a renewed motion may result in the unsealing of the documents at Docket No. 573.

IT IS SO ORDERED.

DATED: August 8, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The motion also fails to provide any legal authority actually addressing the type of information for which sealing is sought here. *Cf.* Docket No. 574 at 3 (citing only to a case involving a request to seal contract for stars of reality television show).