UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AEVOE CORP., a California corporation, )
)
                Plaintiff, )  Case No.: 2:12-cv-00053-GMN-NJK
  vs. )
) ORDER
AE TECH CO., LTD., a Taiwan corporation; )
S&F Corporation dba SF PLANET )
CORPORATION, a Minnesota corporation, )
and GREATSHIELD INC., a Minnesota )
corporation, )
                Defendants. )
)

      Pending before the Court are two motions in limine filed by Plaintiff Aevoe Corp. ("Plaintiff").

      Plaintiff first filed a Motion in Limine to exclude the purported expert testimony of Feon Tan. (ECF No. 369.) Defendants AE Tech Co., Ltd, SF Planet Corporation, and Greatshield Inc. (collectively, "Defendants") filed a Response (ECF No. 385) and Plaintiff filed a Reply (ECF No. 390). Because Plaintiff improperly filed a Reply without first seeking leave of Court, as required by Rule 16-3(b), the Court granted Defendants leave to file a Surreply. (*See* ECF Nos. 531, 536.)

      Plaintiff also filed a Motion in Limine in which Plaintiff seeks to exclude the report and testimony of John White. (ECF No. 371.) Defendants filed a Response (ECF No. 386) and Plaintiff filed a Reply (ECF No. 391). Because Plaintiff improperly filed a Reply without first seeking leave of Court, as required by Rule 16-3(b), the Court granted Defendants leave to file a Surreply. (*See* ECF Nos. 531, 537.)

I.    **BACKGROUND**

      The Court has extensively discussed the factual background of this action in the Court's

numerous prior orders. (*See, e.g.*, Claim Construct Order, ECF No. 287; Order on Pl.'s Mot. for Summ. J., ECF No. 599.)  Plaintiff now seeks to exclude the testimony from two of Defendants' witnesses.  First, Plaintiff seeks to exclude the "purported expert testimony of Feon Tan." (ECF No. 369.)  Specifically, Plaintiff asserts that Defendants are effectively seeking to introduce Ms. Tan as an expert on the subject of infringement of the '942 Patent.  Plaintiff further asserts that Ms. Tan is unqualified as an expert on these subjects because she lacks the appropriate level of skill in the art of plastics product design.  Second, Plaintiff requests that the Court exclude the testimony of Defendants' inequitable conduct expert, John White, because Mr. White is purportedly unqualified to testify on the subjects discussed in his Report. (ECF No. 371.)

## II.    MOTION TO EXCLUDE PURPORTED EXPERT TESTIMONY OF FEON TAN

The Court first finds that Plaintiff's motion to exclude the testimony of Defendants' witness, Feon Tan, is MOOT.  First, it appears that neither party disputes that Ms. Tan is not qualified as an expert in the area of plastics product design. (*Compare* Pl.'s Mot. to Exclude 3:27–4:17, ECF No. 369 *with* Defs.' Resp. 2:1–2, ECF No. 385.)  Moreover, Plaintiff's objection to Ms. Tan's testimony relates solely to her opinions as they relate to Plaintiff's claim of infringement.  (*See generally* Pl.'s Mot. to Exclude, ECF No. 369 (characterizing Ms. Tan's testimony as "rebuttal to [Plaintiff's infringement expert,] Dr. Kazmer").)  Because the court has now entered judgment in favor of Plaintiff on its infringement claim, Plaintiff's objection to Ms. Tan's infringement testimony is now MOOT.

## III.   MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF JOHN WHITE

### A.    Legal Standard

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are met by a preponderance of

the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)).  *In limine* rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

Federal Rule of Evidence 702 provides for a qualified expert witness to testify in the form of an opinion if the Court finds that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  This rule incorporates the amendments made in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, including *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999).

**B.     Discussion**

Plaintiff's first argument relies on the Federal Circuit's purported disapproval of the use of "patent law experts." (Pl.'s Mot. to Exclude Testimony of John White 2:20, ECF No. 371 (asserting that the Federal Circuit holds "patent law experts . . . to an especially high level of scrutiny).)  The sole controlling authority for this argument appears to be a footnote in *Sundance, Inc. v. Demonte Fabricating Ltd.*, where the Federal Circuit stated that "[a] *technically unqualified* patent attorney can do much mischief by leading the jury to seemingly

sound conclusions without ever providing a well-grounded factual basis in the pertinent art." 550 F.3d 1356, 1365 n.8 (Fed. Cir. 2008) (emphasis added). However, in *Sundance*, the Federal Circuit was applying this potentially "high level of scrutiny" to an expert that was seeking to provide testimony on issues of infringement and validity. *Id.* at 1361. Because these issues are analyzed from the perspective of a person of ordinary skill in the art, the Federal Circuit concluded that the patent attorney, who lacked the appropriate level of skill in the relevant art, was inappropriate as an expert; she was "technically unqualified." *Id.* Thus, *Sundance* actually advises district courts to consider the perspective from which the relevant issue of patent law will be analyzed when the court determines whether an expert is qualified to testify as an expert on that issue. *Id.*

In contrast to inquiries into infringement and validity, the materiality prong of the inequitable conduct inquiry is analyzed from the perspective of the PTO. *See Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1345 (Fed. Cir. 2013) ("[T]he analysis of this *but-for* materiality requirement is from the perspective of the PTO."). Accordingly, an appropriate expert on this topic could be an individual who has knowledge of and experience with the procedures of the PTO. Often, such an individual will be an attorney with experience practicing before the PTO. As such, Plaintiff's assertion fails; the Court will not exclude Mr. White's testimony purely because he is an attorney-expert.

Plaintiff next argues that Mr. White is not competent to testify on the subject of inequitable conduct. The Court disagrees. A full understanding of inequitable conduct requires an understanding of the PTO procedures that govern the patent application process. Mr. White has been a practicing patent attorney for more than twenty-five years and is even a long time instructor of a study course for the PTO registration exam. (Czajkowski Decl. Ex. 1, ¶¶ 2–5.) Accordingly, there is certainly no indication that he is unqualified to testify as to

> the practices and procedures during prosecution of patent applications before the PTO, the underlying facts regarding the prosecution of the '942 patent, the duties

of good faith and candor owed to the USPTO, how a Patent Examiner would have understood the submissions made by the applicants and their attorneys at the time of the prosecution of the '942 patent, and why the USPTO would have wanted to consider the highly relevant prior art that was withheld.

(Defs.' Resp. 7:19–25, ECF No. 386.)  Thus, based on Mr. White's report and his curriculum vitae, the Court finds that Plaintiff has failed to carry its burden of showing that this testimony is inadmissible pursuant to Rule 702.  However, this does not mean that Mr. White is qualified to opine on all the subjects on which Defendants may seek his opinion.  The Court simply finds that Plaintiff has failed to carry its burden of showing that Mr. White is unqualified as an expert.  Plaintiff, of course, is free to raise any specific objections if and when Defendants attempt to elicit testimony from Mr. White at trial that is beyond the scope of his expertise.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude the Purported Expert Testimony of Feon Tan (ECF No. 369) is **DENIED as MOOT**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude the Report and Testimony of John White (ECF No. 371) is **DENIED**.

**DATED** this __20__ day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge