UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| AEVOE CORP., | ) | |
| Plaintiff(s), | ) ) ) | Case No. 2:12-cv-00053-GMN-NJK |
| vs. | ) ) | ORDER GRANTING MOTION TO SEAL |
| AE TECH. CO., et al., | ) ) | (Docket No. 596) |
| Defendant(s). | ) ) | |

Pending before the Court is a renewed motion to seal filed by the Morris Law Group in relation to its motion to withdraw. Docket No. 596. The Court finds this motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **GRANTED**.

In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, *1 (D. Nev. May 24, 2013). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*,

1    331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*,
2    661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the
3    sensitive material").

4        In the renewed motion to seal, the Morris Law Group seeks to file copies of its retention
5    agreement with Defendant AE Tech Co with minor redactions. *See* Docket No. 596; *see also* Docket
6    Nos. 596-1, 596-3 (redacted). The redacted information includes hourly rates and bank information.
7    The Court finds such information properly redacted. *See, e.g.*, *Herb Reed Enterps. v. Monroe Powell's*
8    *Platters, LLC*, 2013 U.S. Dist. Lexis 96948, *2 (D. Nev. July 11, 2013) (finding good cause for sealing
9    attorneys' hourly rates) (citing *Mine O'Mine, Inc. v. Calmese*, 2012 U.S. Dist. Lexis 53077, *10 (D.
10   Nev. Apr. 16, 2012)).

11       Accordingly, the proposed redactions sought through the renewed motion to seal are proper and
12   the motion to seal is therefore **GRANTED**.

13       IT IS SO ORDERED.
14       DATED: August 8, 2014

                                                      _____
                                                      NANCY J. KOPPE
                                                      United States Magistrate Judge