UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP.,<br><br>        Plaintiff(s),<br><br>vs.<br><br>AE TECH. CO., et al.,<br><br>        Defendant(s). | Case No. 2:12-cv-00053-GMN-NJK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL<br><br>(Docket No. 589) |

Pending before the Court is Plaintiff's motion to seal. Docket No. 589. Because the sole ground for the motion to seal is that Defendants designated the underlying information as confidential pursuant to the blanket stipulated protective order, Defendants filed a response in partial support of the motion to seal. Docket No. 594. The Court finds this motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **GRANTED** in part and **DENIED** as moot in part.

In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, *1 (D. Nev. May 24, 2013). To the extent any confidential information can be

easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

Exhibit A (Docket No. 591): This exhibit consists of excerpts from the deposition of Angie Fan. Defendants designated that transcript as highly confidential - attorneys' eyes only, but have now indicated that they have no objection to it being filed publicly. *See* Docket No. 594 at 2. To that end, Defendants publicly filed the transcript. *See* Docket No. 594-1. Accordingly, with respect to Exhibit A, the motion to seal is **DENIED** as moot.

Exhibit B (Docket No. 591): This exhibit consists of excerpts from the deposition of Tom Hsieh. Defendants designated that transcript as highly confidential - attorneys' eyes only, but have now indicated that they have no objection to it being filed publicly. *See* Docket No. 594 at 2. To that end, Defendants publicly filed the transcript. *See* Docket No. 594-2. Accordingly, with respect to Exhibit B, the motion to seal is **DENIED** as moot.

Exhibit C (Docket No. 591): This exhibit consists of excerpts from the deposition of Henry Hsieh. Defendants designated that transcript as highly confidential - attorneys' eyes only. Defendants now seek only limited redactions to the transcript, and have publicly filed a redacted version on the docket. *See* Docket No. 594-3. In particular, Defendants seek redaction of customer and sales information. The Court finds such redaction is proper. *See, e.g.*, *Aevoe Corp. v. AE Tech. Co.*, 2013 WL 6210648, *2 (D. Nev. Nov. 27, 2013). Accordingly, the motion to seal is hereby **GRANTED** as to the proposed redactions to Exhibit C.

Exhibit D (Docket No. 591): This exhibit consist of excerpts from the deposition of Henry Hsieh. Defendants designated that transcript as highly confidential - attorneys' eyes only. Defendants now seek only limited redactions to the transcript, and have publicly filed a redacted version on the docket. *See* Docket No. 594-4. In particular, Defendants seek redaction of customer information. The Court finds such redaction is proper. *See, e.g.*, *Aevoe Corp. v. AE Tech. Co.*, 2013 WL 6210648, *2 (D.

Nev. Nov. 27, 2013). Accordingly, the motion to seal is hereby **GRANTED** as to the proposed redactions to Exhibit D.

<u>Plaintiff's Response to Motion to Withdraw (Docket No. 590)</u>: Plaintiff filed its response to Buchanan Ingersoll's motion to withdraw with certain proposed redactions. *See* Docket No. 586 at 6-7; *see also* Docket No. 590 at 6-7. The redacted information relates to the financial relationship between Defendant AE Tech and certain of its agents and other companies. In short, the redacted information relates to Plaintiff's assertion that AE Tech is involved in an "elaborate shell game." Defendants seek to keep the redacted information secret, arguing that it constitutes financial information that merits secrecy. *See* Docket No. 594 at 3. Although Defendants' showing is less developed with respect to this information, the Court finds that good cause exists to maintain the secrecy of this information.[1] Accordingly, the motion to seal is hereby **GRANTED** as to the proposed redactions to Plaintiff's response to the motion to withdraw.

IT IS SO ORDERED.

DATED: August 26, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Of course, this order applies the "good cause" standard and nothing herein should be construed as expressing any opinion as to any later motion to seal this information in connection with a dispositive motion in which the "compelling reasons" standard applies.