# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., | |
|     Plaintiff(s), | Case No. 2:12-cv-00053-GMN-NJK |
| vs. | REPORT AND RECOMMENDATION |
| AE TECH CO., LTD., et al., | |
|     Defendant(s). | |

This matter comes to the Court on the order for Defendant AE Tech Co., Ltd. ("AE Tech") to show cause why case-dispositive sanctions should not be imposed against it for failing to comply with the Court's order to obtain counsel. *See* Docket No. 630. For the reasons stated below, the undersigned **RECOMMENDS** that default judgment be entered against AE Tech on Plaintiff's claims and that AE Tech's counterclaims be dismissed with prejudice.

Corporations may appear in federal court only through licensed counsel. *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (affirming as "perfectly appropriate" entry of default judgment against corporate defendant that failed to comply with an order to obtain counsel). On September 3, 2014, the Court ordered AE Tech to retain counsel and file with the Court, no later than September 24, 2014, a notice of appearance of the newly-retained counsel. *See, e.g.*, Docket Nos. 609, 611. The Court cautioned AE Tech that "**[t]he failure to comply with this order will result in the issuance of an order to show cause why case-dispositive sanctions should not be imposed**." *Id.* (emphasis in originals). Despite that warning, no such notice of appearance was filed.

As a result, on September 30, 2014, the Court issued an order for AE Tech to show cause, no later than October 30, 2014, why case-dispositive sanctions should not be imposed. Docket No. 630.[1] The Court warned that, "[i]f Defendant AE Tech fails to respond to this order, the Court will recommend case-dispositive sanctions." *Id.* Despite that warning, no response was filed.

AE Tech's willful failure to comply with the Court's Orders and to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's Orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because AE Tech has willfully refused to comply with Court Orders and to obtain counsel so that they may continue to participate in this case. Indeed, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation. *See, e.g., High Country Broadcasting*, 3 F.3d at 1245. Moreover, AE Tech has willfully refused to comply notwithstanding repeated warnings that non-compliance could result in the imposition of case-dispositive sanctions.

Accordingly, in light of the circumstances outlined above, the undersigned **RECOMMENDS** that default judgment be entered against AE Tech on Plaintiff's claims and that AE Tech's counterclaims be dismissed with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or

---

[1] On September 26, 2014, AE Tech's co-defendants filed a notice that Kelly Huang, owner of AE Tech, indicated that the company dissolved and no longer exists. Docket No. 624. The order to show cause was served on Ms. Huang. *See, e.g.*, Docket No. 630 (docket text, NEF).

1  appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
2  Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
3      IT IS SO ORDERED.
4      DATED:   November 3, 2014

                                                          _____
                                                        NANCY J. KOPPE
                                                        United States Magistrate Judge