1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11

12

13

14

15

AEVOE CORP.,                                   )
                    Plaintiff(s),              )      Case No. 2:12-cv-00053-GMN-NJK
                                               )
vs.                                            )      ORDER GRANTING IN PART AND
                                               )      DENYING IN PART MOTIONS TO
AE TECH CO., et al.,                           )      SEAL
                                               )
                    Defendant(s).              )      (Docket No. 632, 646)
                                               )

16    Pending before the Court are two motions to seal filed by Plaintiff related to the joint proposed

17   pretrial order ("JPTO") and the amended joint proposed pretrial order ("amended JPTO"). *See* Docket

18   No. 632, 646. The motions to seal seek redaction of information designated as confidential by Plaintiff

19   and information designated as confidential by Defendant AE Tech Co. ("AE Tech"). Both motions were

20   served on AE Tech. *See* Docket Nos. 644, 648. AE Tech did not submit any declaration in support of

21   the motions to redact the information it designated as confidential. The Court finds the pending motions

22   to seal properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more

23   fully below, the motions to seal are both **GRANTED** in part and **DENIED** in part.

24   **I.    STANDARDS**

25    In determining whether documents should be sealed in patent cases, the Court applies Ninth

26   Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth

27   Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana*

28   *v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins.*

1   *Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden

2   of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)

3   (quoting *Kamakana*, 447 F.3d at 1178).  Parties "who seek to maintain the secrecy of documents

4   attached to dispositive motions must meet the high threshold of showing that 'compelling reasons'

5   support secrecy."  *Kamakana*, 447 F.3d at 1180.  Those compelling reasons must outweigh the

6   competing interests of the public in having access to the judicial records and understanding the judicial

7   process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors,"

8   including the public's interest in understanding the judicial process).[1]

9        The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's

10  interest in disclosure and justify sealing court records exist when such 'court files might have become

11  a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

12  scandal, circulate libelous statements, or release trade secrets.'"  *Kamakana*, 447 F.3d at 1179 (citing

13  *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple*, 727 F.3d at 1221-22

14  (discussing competitive harm to business and the definition of "trade secret" adopted by the Ninth

15  Circuit).  On the other hand, "[t]he mere fact that the production of records may lead to a litigant's

16  embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court

17  to seal its records."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

18       A party's burden to show compelling reasons for sealing is not met by general assertions that the

19  information is "confidential" or a "trade secret," but rather the movant must "articulate compelling

20  reasons supported by specific factual findings."  *Id.* at 1178.  The Ninth Circuit has expressly rejected

21  efforts to seal documents under the "compelling reasons" standard where the movant makes "conclusory

22  statements about the contents of the documents–that they are confidential and that, in general," their

23  disclosure would be harmful to the movant.  *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC*

24

25

26      [1] To the extent any confidential information can be easily redacted while leaving meaningful
information available to the public, the Court must order that redacted versions be filed rather than sealing

27  entire documents.  *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in
Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting

28  the sensitive material")

1    *v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient

2    general assertions regarding confidential nature of documents).  Such "conclusory offerings do not rise

3    to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents."

4    *Kamakana*, 447 F.3d at 1182.  In allowing the sealing of a document, the Court must base its decision

5    on a compelling reason and must "articulate the basis for its ruling, without relying on hypothesis and

6    conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th

7    Cir. 1995)).

8    **II.    ANALYSIS**

9         As noted above, the motions to seal seek redaction of some information designated as

10    confidential by Plaintiff and some designated as confidential by AE Tech.  The Court will address the

11    information in turn below.

12         A.    Plaintiff's Information

13         Plaintiff argues that compelling reasons exist for redacting information in Proposed Fact No. 14

14    in Part III and Nos. 11-15 in Part V of the JPTO and amended JPTO.  *See* Docket No. 632 at 4-6; Docket

15    No. 646 at 4.[2]  Plaintiff relies on the declaration of Jonathan Lin in asserting that this type of

16    information is confidential and proprietary, and qualifies as a trade secret.  *See, e.g.*, Docket No. 646 at

17    4 (relying on declaration at Docket No. 507).  For example, Plaintiff points to sales, manufacturing, and

18    customer information.  *See, e.g.*, *id.*  Mr. Lin also explains that Plaintiff keeps the cited information

19    confidential and that its disclosure would be competitive disadvantageous.  *See, e.g., id.*  Plaintiff also

20    points to the Court's previous order sealing such information from the Cox Report. *See* Docket No. 511

21    at 3.  The Court finds that compelling reasons exist to seal this information that overcome the public's

22    interest in access.  Accordingly, as to the above information, the motions to seal are **GRANTED**.

23         B.    AE Tech's Information

24         The balance of the information at issue in the motions to seal was designated as confidential by

25    AE Tech.  When the sole reason for seeking to seal information is that the opposing party has designated

26

27

28         [2] The portions of the JPTO and amended JPTO for which redaction is sought are identical.  *See* Docket No. 646 at 2.

1  it as confidential, this Court has instructed that the designating party must submit a declaration

2  supporting the sealing request. *See, e.g.*, Docket No. 334. The Court has made clear that the failure to

3  file such a declaration may result in the Court ordering the information to be made public. *See, e.g.*, *id.*

4  The pending motions were both served on AE Tech, Docket Nos. 644, 648, but it failed to submit a

5  declaration in support of them. Accordingly, the motions to seal are **DENIED** with respect to the

6  information designated as confidential by AE Tech.

7  **III.     CONCLUSION**

8        For the reasons outlined above, the motions to seal are hereby **GRANTED** in part and **DENIED**

9  in part. Within 7 days of the issuance of this order, Plaintiff shall file on the public docket redacted

10  versions of the joint proposed pretrial order and the amended joint proposed pretrial order. Plaintiff

11  shall redact the confidential information contained in Proposed Fact No. 14 in Part III and Nos. 11-15

12  in Part V. Plaintiff shall not redact the information designated as confidential by AE Tech.

13        IT IS SO ORDERED.

14        DATED: November 12, 2014

15

16        _____
      NANCY J. KOPPE
      United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28