# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:12-cv-00053-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| AE TECH CO., LTD., a Taiwan corporation; S&F CORPORATION dba SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion to Reconsider (ECF No. 544) filed by Defendants S&F Corporation and GreatShield, Inc. (collectively "the S&F Defendants"). Plaintiff Aevoe Corp. ("Aevoe") filed a Response (ECF No. 558) and the S&F Defendants filed a Reply (ECF No. 564). For the reasons discussed below, the Motion to Reconsider is **DENIED**.

## I.   BACKGROUND[1]

On April 17, 2014, the Court issued an Order Granting Plaintiff's Motion to Reconsider. (ECF No. 532). In its Order, the Court held that Defendant AE Tech Co., Ltd. ("AE Tech") and the S&F Defendants were jointly and severally liable for the full payment of the sanctions award of $1,067,947.56 in lost profits and $60,941.75 in attorney's fees as compensation to Aevoe. (*Id.* 11:21–23). Subsequently, the S&F Defendants filed the instant motion, urging the Court to reconsider its previous order and modify the sanctions award against the S&F Defendants. (Defs.' Mot. to Recons., ECF No. 544).

---

[1] The facts underlying this action have been detailed extensively in previous orders by the Court. (*See, e.g.*, Order Pl.'s Mot. for Summ. J., ECF No. 599; Order Defs.' Mot. for Summ. J., ECF No. 582).

## II. LEGAL STANDARD

Fed. R. Civ. P. 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." Accordingly, "[w]here reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it." *Goodman v. Platinum Condo. Dev., LLC*, 2012 WL 1190827, at *1 (D. Nev. 2012); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.")

"Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Rich v. TASER Int'l, Inc.*, 917 F. Supp. 2d 1092, 1094 (D. Nev. 2013); *see also Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004); *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).

"While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to think about an issue again in the hope that it will come out the other way the second time." *Brown v. S. Nev. Adult Mental Health Servs.*, 2014 WL 2807688, at *2 (D. Nev. 2014) (internal quotation omitted); *see also Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

## III. DISCUSSION

The S&F Defendants do not base their arguments on clear error committed by the Court

or intervening changes in controlling law.  Rather, the S&F Defendants argue that it has newly discovered evidence to present to the Court. (Defs.' Mot. to Recons. 3:16–23).  Specifically, the S&F Defendants request the implementation of a payment plan because it is unlikely that AE Tech will pay any portion of the sanctions award, the S&F Defendants are unable to pay the entire amount of the sanctions award when payment of the full amount is due, the S&F Defendants are able to pay the sanctions award in its entirety under a reasonable payment plan, and if a reasonable payment plan is not approved, the S&F Defendants likely will be forced into bankruptcy. (*Id.* 2:10–19).  In support of these assertions, the S&F Defendants submit as its "newly discovered evidence," declarations, financial documents, balance sheets, profit calculations, and emails obtained from Aevoe during discovery. (*Id.* 2:27–3:4).  The S&F Defendants also request that the sanctions award against them be reduced to reflect only the units sold by the S&F Defendants. (*Id.* 2:20–26).

The Court finds that neither argument warrants reconsideration or modification of the Court's sanctions award.  First, the Court finds that the S&F Defendant's new evidence could have reasonably been discovered and raised at the time of the original motion.  The new evidence submitted by the S&F Defendants consists primarily of documentation demonstrating the finances of the S&F Defendants.  However, the S&F Defendants could have presented similar documentation at the time of the original motion, demonstrating its inability to comply with the Court's order.  Moreover, the S&F Defendants have not demonstrated significant changes in their financial status between the time of the original motion and the period represented in the new evidence.  Furthermore, the balance sheets strongly suggest that the S&F Defendants possess sufficient assets to comply with the Court's order. (*See* Exs. B–C to Declaration of Feon Tan, ECF No. 546–1).

Second, the Court finds that the arguments raised by the S&F Defendants in attempt to reduce the sanctions award against them could have been raised at the time of the original

motion. Nonetheless, the arguments are unavailing because, as the Court explained in its previous order, the S&F Defendants are jointly and severally liable for the full award because "[t]he evidence shows that the S&F Defendants were, in fact, in active concert or participation with AE Tech in connection with the resale of the 'redesigned' products—even after they were named as parties in this lawsuit."

Accordingly, the S&F Defendants' Motion to Reconsider does not present newly discovered evidence, demonstrate that the Court committed clear error, or show that there has been an intervening change in controlling law.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 544) is **DENIED**.

**DATED** this 16th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge