JEFFREY A. SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

DAVID S. BLOCH (appearing *pro hac vice*)
JENNIFER A. GOLINVEAUX (appearing *pro hac vice*)
K. JOON OH (appearing *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com

*Attorneys for Plaintiff AEVOE CORP.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AEVOE CORP., a California corporation, <br><br>Plaintiff, <br><br>vs. <br><br>AE TECH CO., LTD., a Taiwan corporation, S & F Corporation dba SF PLANET COMPANY and SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation, <br><br>Defendants. | **Case No. 2:12-cv-00053-GMN-NJK** <br><br>**PLAINTIFF AEVOE CORP.'S MOTION TO AMEND JUDGMENT TO STATE ACTUAL DAMAGES AND ENTER PERMANENT INJUNCTION - 35 U.S.C. § 284, FED. R. CIV. P. 52, 59; 35 U.S.C. § 283** |

Pursuant to Federal Rules of Civil Procedure 52(b) and 59(e), Aevoe respectfully requests that the Court amend the December 15, 2014, default judgment against defendant AE Tech Co., Ltd. (ECF 672) to state the amount of Aevoe's actual damages.  Under 35 U.S.C. § 284, "[u]pon finding

1

1   for the claimant the court shall award the claimant damages adequate to compensate for the
2   infringement, but in no event less than a reasonable royalty for the use made of the invention by the
3   infringer, together with interest and costs as fixed by the court.  When the damages are not found by
4   a jury, the court shall assess them."  The Court's default judgment, however, contains no damages
5   award.

6   It is undisputed that Aevoe suffered damages as a consequence of AE Tech's willful
7   infringement of the `942 patent.  Aevoe bears the burden of establishing the quantum of those
8   damages.  *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009).  "The
9   court may receive expert testimony as an aid to the determination of damages or of what royalty
10  would be reasonable under the circumstances."  35 U.S.C. § 284.  Here, Aevoe's actual damages are
11  quantified in the expert report of Dr. Alan Cox.  ECF 421-3 [Appx. 000082-176], 513 (public
12  version).  Dr. Cox calculates Aevoe's damages at $1,381,531 ($1,275,906 in lost profits plus
13  $22,612 in royalties attributable to AE Tech's sales to the S&F defendants; and $81,452 in lost
14  profits plus $1,561 in royalties attributable to AE Tech's sales to others), based on the detailed
15  analysis laid out in his report.  E.g., *id.* at Ex. 11(b) [Appx. 000149].  Dr. Cox's reasoning and
16  calculations are unrebutted: AE Tech did not engage a damages expert, and in opposing summary
17  judgment on damages argued that a jury must weigh his testimony and credibility at trial.  ECF 445
18  at 28:2-5, 7-9; ECF 599 at 18:16-17 (summary judgment order; "the determination of whether
19  Plaintiff is entitled to lost profits remains to be decided by the jury at trial").  But now that AE Tech
20  has defaulted, there will be no trial and there is no basis to controvert Dr. Cox's opinions.
21  Accordingly, Aevoe asks that the Court adopt Dr. Cox's calculation of Aevoe's actual damages and
22  amend the default judgment to reflect damages of $1,381,531 plus interest and statutory costs.

23  Additionally, the Court "may grant injunctions in accordance with the principles of equity to
24  prevent the violation of any right secured by patent, on such terms as the court deems reasonable."
25  35 U.S.C. § 283.  "[T]he decision whether to grant or deny injunctive relief rests within the equitable
26  discretion of the district courts, and that such discretion must be exercised consistent with traditional
27  principles of equity, in patent disputes no less than in other cases governed by such standards."  *eBay*
28  *Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006).  Here, particularly in light of AE Tech's

willful infringement and default [ECF 44 (First Amend. Compl.), ¶ 38; ECF 672 (default judgment)], knowing violation of the preliminary injunction [ECF 65], failing to comply to multiple court orders (including failing to pay a single dime of the sanctions award order [ECF 167; ECF 532]), and likelihood that it will never pay any amount of the judgment award against it (*see, e.g.*, ECF 580 at 2 [failing to pay counsel over $450,000 for services rendered), the equities weigh heavily in favor entering a permanent injunction against AE Tech.[1]  *E.g.*, *Deckers Outdoor Corp. v. Superstar Int'l, Inc.,* no. 13-cv-0566 (N.D. Cal. Aug. 18, 2014) (entering permanent injunction against defaulting infringers)).

RESPECTFULLY SUBMITTED this 29th day of December, 2014.

McDONALD CARANO WILSON LLP

By:   */s/ Josephine Binetti McPeak*
JEFF SILVESTRI (#5779)
JOSEPHINE BINETTI McPEAK (#7994)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

WINSTON & STRAWN LLP
David S. Bloch (pro hac vice)
Jennifer A. Golinveaux (pro hac vice)
K. Joon Oh (pro hac vice)
101 California Street
San Francisco, CA  94111-5894
dbloch@winston.com
jgolinveaux@winston.com
koh@winston.com

*Attorneys for Plaintiff AEVOE CORP.*

324079

---

[1] The current preliminary injunction against the defendants was entered on May 2, 2012.  ECF 66.

3

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 29th day of December, 2014, a true and correct copy of the foregoing **PLAINTIFF AEVOE CORP.'S MOTION TO AMEND JUDGMENT TO STATE ACTUAL DAMAGES AND ENTER PERMANENT INJUNCTION - 35 U.S.C. § 284, FED. R. CIV. P. 52, 59; 35 U.S.C. § 283** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Brian Grubb*
An employee of McDonald Carano Wilson LLP