JEFFREY A. SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

DAVID S. BLOCH (appearing *pro hac vice*)
JENNIFER A. GOLINVEAUX (appearing *pro hac vice*)
K. JOON OH (appearing *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400
Email: dbloch@winston.com
       jgolinveaux@winston.com
       koh@winston.com

*Attorneys for Plaintiff AEVOE CORP.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AE TECH CO., LTD., a Taiwan corporation, S & F Corporation dba SF PLANET COMPANY and SF PLANET CORPORATION, a Minnesota corporation, and GREATSHIELD INC., a Minnesota corporation,<br><br>Defendants. | **Case No. 2:12-cv-00053-GMN-NJK**<br><br>**PLAINTIFF AEVOE CORP.'S MOTION FOR TREBLE DAMAGES, ATTORNEYS' FEES, AND COSTS UNDER 35 U.S.C. § 284-285 AND FED. R. CIV. P. 54(d)** |

Pursuant to 35 U.S.C. §§ 284-285, Fed. R. Civ. P. 54(d), Local Rules 54-1 and 54-16, and the December 15, 2014 default judgment against defendant AE Tech Co., Ltd. (ECF 672), Aevoe seeks an award of costs, attorneys' fees, and treble damages from defendant AE Tech Co., Ltd.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. A default judgment has been entered against defendant AE Tech Co., Ltd., including a finding of willfulness following nearly three years of extraordinary but unsuccessful legal maneuvers. Aevoe respectfully requests that the Court determine that this case is such an exceptional case warranting an award of Aevoe's reasonable attorney fees in the amount of $2,491,004.25 (of which $2,294,356.75 is attributed to legal services performed by Winston & Strawn, and $196,647.50 to legal services performed by McDonald Carano Wilson). Aevoe also asks for an award of three times Aevoe's actual damages,[1] or $4,144,593. Additionally, Plaintiff Aevoe is entitled to costs as the prevailing party in the amount of $589,805.98 (of which $552,404.81 was incurred by Winston & Strawn, and $37,401.17 by McDonald Carano Wilson) under Federal Rule of Civil Procedure 52(d)(1).

## II.  THIS IS AN EXCEPTIONAL CASE UNDER THE PATENT ACT

### A.  Legal Standard.

An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. ___, 134 S.Ct., 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. "[T]here is no precise rule or formula for making those determinations," and "the district courts should exercise 'equitable discretion' in considering a nonexclusive list of factors that could include 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 Fed. Appx. 1002, 1004-05 (Fed. Cir. 2014) (quoting *Octane Fitness,* 134 S.Ct. at

---

[1] Aevoe's motion to amend the default judgment under Federal Rules of Civil Procedure 52(b) and 59(e) to fix an actual damages award under 35 U.S.C. § 284 was filed just before this motion. *See* ECF 678.

2

1756 n. 6 (additional citation and internal quotation marks omitted).  For example, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."  *Octane Fitness,* 134 S.Ct. at 1757.  An exceptional case determination is based on the preponderance of the evidence.  *Home Gambling Network, Inc. v. Piche*, no. 2:05-cv-610, 2014 WL 2170600, *4, *9 (D. Nev. May 22, 2014) (Ezra, Sen. D.J.) (citing *Octane Fitness,* 134 S.Ct. at at 1757) (granting attorneys' fees as an exceptional case).  The determination of whether a case is "exceptional" rests in the sound discretion of the trial court and will only be reversed for clear error.  *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. ___, 134 S. Ct. 1744 (2014).

### B. The Court Should Determine That This Is An Exceptional Case Warranting Attorney's Fees and Treble Damages Under the Patent Act.

Here, all the relevant considerations heavily weigh in favor of a finding that this is an exceptional case warranting attorney's fees and treble damages.

To begin with, the First Amended Complaint alleged willful infringement [ECF 44 ¶ 38] and the Court subsequently entered a default judgment against AE Tech.  ECF 672.  "In the context of default, when a complaint alleges willful infringement and the court subsequently enters default judgment, the court must find for the purpose of attorneys' fees that the infringement was willful." *Rubbermaid Commercial Products, LLC, V. Trust Commercial Products*, D. Nev. Case No. 2:13-cv-02144-GMN-GWF, 2014 WL 4987878, *6 (D. Nev. Aug. 22, 2014) (Foley, M.J.) (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008)) (internal quotation marks omitted).  Thus, the Court's default judgment mandates a finding of willfulness and Aevoe is therefore legally entitled to attorneys' fees and enhanced damages.  *Id*. (awarding attorney's fees as exceptional case under Patent Act in light of default judgment).

Even absent the entry of judgment on Aevoe's First Amended Complaint, the Court's prior findings amply support an award of attorneys' fees and treble damages.  *Rubbermaid,* 2014 WL 4987878  at * 6 ("generally a patent case is exceptional when the court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully") (citing *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003)).  From the beginning, the Court chastised AE Tech's

"decision to waste judicial resources" [ECF 43 at 5] and "scorched-earth approach to this litigation." *See* ECF 373 at 15 n.15. In granting summary judgment that Aevoe's patent was valid and infringed [ECF 599 at 18], the Court criticized AE Tech (and its co-defendants S&F Corp. and Greatshield) for regurgitating arguments that the Court previously "rejected" and "foreclose[d]" during claim construction [*id*. at 7:16-17, n.2, 12:8-15, n.3.] and for "fail[ing] to put forth any admissible [or competent] evidence" in opposition [*id*. at 14:1-2, n.4, 15:4-7, n.6, 16:4-6, n.7].

This Court already has held AE Tech in contempt and awarded contempt sanctions multiple times. ECFs 65 (first contempt order), 132 (order granting sanctions), 167 (order setting sanctions amount), 396 (order to show cause admonishing defendants for failing to file declarations supporting seal requests), 519 (granting second order to show cause re: contempt), 566 (second order to show cause admonishing defendants for failing to file declarations supporting seal requests). The Court also awarded discovery sanctions based on AE Tech's willful refusal to provide adequate interrogatory responses. ECFs 202 (order granting motion to compel), 373 (order awarding expenses).

AE Tech repeatedly either missed deadlines or lost motions, and then sought to relitigate already-decided issues by filing ill-considered requests for reconsideration. Ever since AE Tech ***did not oppose the Court's preliminary injunction*** and ***failed to attend the preliminary injunction hearing*** in January 2012 [ECF 16], it filed ***three*** motions to reconsider the Court's preliminary injunction [ECF 25, 145, 494]—and lost on the merits each time [ECF 43, 345, 518]. Filing unsolicited briefs and unnecessary reconsideration motions is a proper basis for awarding fees and costs. *Homeland Housewares, LLC v. Sorensen Research*, 581 Fed. Appx. 877, 879 (Fed. Cir. 2014) (affirming attorney's fees for exceptional case where totality of circumstances included "filing unsolicited briefs after issues were taken under submission, as well as for filing multiple motions for reconsideration that the court deemed were without merit"). At the same time, the Court denied AE Tech's purported "emergency" motions. *See* ECFs 230 (order denying emergency motion for protective order re: Taiwan depositions), 346 (order denying motion to stay). The Court also was forced to wade through a bogus false marking counterclaim (ultimately dismissed with prejudice, ECF 512) and equally specious defense that Aevoe lacked standing to assert the `942 patent (ECF

521).  *Cognex Corp. v. Microscan Systems, Inc.*, S.D. N.Y. Case No. 13–cv–2027, 2014 WL 2989975, *4 (S.D. N.Y. June 30, 2014) (ordering attorney's fees as exceptional case where "unreasonable litigation tactics that have wasted the Court's time and have required plaintiffs to expend significant resources on unreasonable litigation," including "motions [that] simply re-litigate issues that had already been decided by this Court").

Lastly, of course, there is the way that AE Tech exited this case—by refusing to pay its lawyers or respond to the Court, instead hiding behind a maze of shell corporations.  *See* ECFs 524, 526 (sanctions transcripts), 609, 611 (orders granting leave for counsel to withdraw), 630 (order to show cause re: default), 650 (report and recommendation re: default).  All of these findings provide strong support for an exceptional-case finding.

If, under *Octane*, the definition of "exceptional" under 35 U.S.C. § 282 is merely "one that stands out from others," surely this litany of sanctions, admonitions, and questionable motions must qualify.  *See generally Integrated Technology Corporation v. Rudolph Technologies, Inc.*, no. 2-06-cv-02182 (D. Ariz. August 8, 2014) (awarding $3,252,228.50 as exceptional case based on defendant "hid[ing] its infringement," "provid[ing] false discovery responses," the "striking weakness of [defendant's] position," "as well as the unreasonable manner in which it litigated the case through trial and post-trial motions").

## III.     CALCULATION OF ATTORNEY'S FEES

Courts typically follow a two-step process in calculating attorneys' fees.  *Carrillo v. B & J Andrews Enters., LLC*, No. 2:11-CV-01450-MMD, 2012 WL 4894561 (D. Nev. Oct. 15, 2012) (Hoffman, Mag. J.) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)).  First, the Court calculates the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Id.* (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). The relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether

5

1  the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the

2  amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10)

3  the undesirability of the case, (11) the nature and length of the professional relationship with the

4  client, and (12) awards in similar cases. *Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67,

5  69–70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976)); L.R. 54-16.  As an exceptional case under

6  Section 285 of the Patent Act, a district court may also "award fees for the entire case, including

7  subsequent appeals." *Falana v. Kent State Univ.*, no. 5:08-cv-720, 2014 WL 3788695, *23 (N.D.

8  Ohio July 31, 2014) (citing *Therasense, Inc. v. Becton, Disckinson and Co.*, 745 F.3d 513, 517 (Fed.

9  Cir. 2014);  *Comm'r, INS v. Jean*, 496 U.S. 154, 160, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), *Rohm*

10 *& Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 692 (Fed. Cir. 1984)).

11  **A.  <u>Aevoe's Attorneys' Fees</u>.**

12  Pursuant to Local Rule 54-16(b)(1), the accompanying Declaration of David S. Bloch

13  ("Bloch Dec.") contains a reasonable itemization and description of the legal work performed by

14  Winston & Strawn attorneys, and the accompanying Declaration of Josephine Binetti McPeak

15  ("McPeak Dec.") contains an itemization and description of the legal work performed by McDonald

16  Carano Wilson attorneys. Exhibit A to each declaration are bills and Exhibit B to the Bloch

17  Declaration is a pre-bill for December, 2014 (to date).  In the ordinary course of business, Winston

18  & Strawn and McDonald Carano Wilson have submitted these bills to Aevoe, Exhibits A to the

19  Bloch and McPeak Declarations, and Winston Strawn will submit a final bills reflecting the amounts

20  shown in the pre-bill, Exhibit B to the Bloch Declaration. Bloch Dec. ¶¶ 3, 4; McPeak Dec. ¶ 3.

21  In total, Aevoe's counsel spent more than 7,000 hours litigating this action since December,

22  2011 (including preparing this briefing), for a total of $2,491,004.25 ($2,294,356.75 from Winston

23  & Strawn and $196,647.50 from McDonald Carano Wilson) in fees actually incurred and charged

24  (or soon to be charged) to Aevoe.  These fees (and bills discussed above) do not include fees

25  previously awarded Aevoe during the course of this action.  Bloch Dec. ¶ 10, 13; McPeak Dec. ¶ 3;

26  ECF 167, 373.

27  Pursuant to Local Rule 54-16(b)(2), itemizations of additional costs and expenses sought to

28  be charged as part of the fee award and not otherwise taxable pursuant to Local Rules 54-1 through

6

54-15 are filed concurrently in Aevoe's Bill of Costs. Those costs total $589,805.98. The Bill of Costs does not include any costs previously awarded to Aevoe by the Court. *Id.*

### B. Hourly Rates and the *Kerr* Factors

In accordance with Local Rule 54-16(b)(3), Aevoe below addresses the factors articulated by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), specifically: (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. L.R. 54-16(b)(3).

#### (1) The time and labor required.

This action will be entering its fourth year as of January 2015, and has now only ended with respect to defendant AE Tech. The time and labor required in this case has been extensive, particularly in light of AE Tech's "scorched-earth approach to this litigation.". *See* ECF 373 at 15 n.15. In the course litigating this case, Aevoe sought and was granted a seizure order, a temporary restraining order, an order to show cause why a preliminary injunction should not issue [ECF 8], a preliminary injunction [ECF 16], a contempt order following an order to show cause why the defendants should not be held in contempt for violating the preliminary injunction [ECF 65], a sanction award order for violating the preliminary injunction for an amount in excess of $1 million dollars [ECF 167], a sanctions award against defendants for withholding discovery without substantial justification [ECF 373], dismissal of defendants' false marking counterclaim [ECF 512], and summary judgment for no invalidity and infringement [ECF 599], as well as prevailing on two appeals by defendants to the Federal Circuit [ECF 264, 348]. Additionally, Defendant AE Tech failed to comply with the temporary restraining order, order to show cause to appear at the hearing regarding why a preliminary injunction should not issue [ECF 16 at 2], the preliminary injunction order, the sanctions award order, the order to show cause for failing to comply with the sanctions

1  award order and the order setting a new deadline to pay the sanctions award in full [ECF 532], and
2  the order to retain new counsel and enter an appearance [ECF 609, 611, 630, 650, 671].

### (2) The novelty and the difficulty of the questions involved.

This patent case is relatively complex, and involves numerous complicated and novel legal issues, as well as involving both domestic and foreign defendants. Patent cases are, by their nature, novel and difficult. *See, e.g., Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.*, Nos. C–92–20643, C-93–20843, 1994 WL 16780779, *2 (N.D.Cal. 1994) ("patent cases are notoriously complex"); *Pactiv Corp. v. Multisorb Technologies, Inc.*, No. No. 10 C 461, 2011 WL 686813, *4 (N.D. Ill. Feb. 15, 2011) (noting "the complex nature of patent cases"); *Daiichi Pharmaceutical Co., Ltd. v. Apotex, Inc.*, No. 03-937, 2006 WL 2065049, *1 (D. N.J. July 21, 2006) ("Patent cases are complex suits").

### (3) The preclusion of other employment by the attorney due to the acceptance of the case.

A lawyer's time is by definition finite. Because Aevoe's attorneys were required to litigate the matters that culminated in the default judgment against AE Tech for nearly four years, they were precluded from taking other employment, for which they would have been paid at their usual and customary rates. *See, e.g.*, *Will v. U.S.*, 90 F.R.D. 336, 343 (N.D. Ill. 1981) ("These cases required a major, and, at times, a full-time commitment of counsel's time and resources often precluding other employment"); *see also Halliburton Energy Services, Inc. v. MI, LLC*, No. 05-CV-155, 2006 WL 1004929, *6 (E.D. Tex. 2006) ("Inevitably, the attorneys involved in this motion to compel were precluded from other employment in which they would have billed similar hours at a similar rate").

### (4) The customary fee.

The work was handled by the following Winston & Strawn and McDonald Carano Wilson attorneys. Winston & Strawn provides Aevoe with a courtesy 10% discount off its customary billing rates, so that the work performed in connection with this matter was billed at *less than* Winston & Strawn's customary billing rates:

| Attorney | 2011 billing rate (adjusted) | 2012 billing rate (adjusted) | 2013 billing rate (adjusted) | 2014 billing rate (adjusted) |
|---|---|---|---|---|
| **Partners and** | | | | |

8

| Attorney | 2011 billing rate (adjusted) | 2012 billing rate (adjusted) | 2013 billing rate (adjusted) | 2014 billing rate (adjusted) |
|---|---|---|---|---|
| **Of Counsel** | | | | |
| Allan Fanucci | N/A | $774.00 | $805.50 | $850.50 |
| Melinda L. Patterson | N/A | N/A | $697.50 | $733.50 |
| David S. Bloch | $680.00 | $643.50 | $670.50 | $724.50 |
| Steffen N. Johnson | N/A | N/A | $657.00 | $711.00 |
| Jennifer A. Golinveaux | N/A | $576.00 | $603.00 | $661.50 |
| Horng-Dar Lin | N/A | N/A | N/A | $585.00 |
| **Associates** | | | | |
| J. Ethan McComb | N/A | N/A | $562.50 | $598.50 |
| K. Joon Oh | $470.00 | $472.50 | $535.50 | $598.50 |
| Ian L. Papendick | N/A | N/A | $504.34 | $607.50 |
| Jinjian Huang | N/A | N/A | $504.00 | $580.50 |
| Scotia J. Hicks | N/A | $445.50 | $504.00 | $580.50 |
| Peter J. Corcoran | N/A | N/A | $472.50 | n/a |
| Thomas Kearney | $375.00 | $382.50 | $441.00 | $508.50 |
| Elisabeth A. Derby | N/A | $382.50 | $441.00 | n/a |
| Diana L. Hughes | N/A | N/A | $430.05 | $513.00 |
| James C. Lin | N/A | N/A | N/A | $477.00 |
| Philip Z. Kwok | $375.00 | N/A | N/A | $418.50 |
| Teresa Chen | N/A | $351.00 | $409.50 | n/a |
| Lucas T. Pendry | N/A | N/A | $351.00 | $409.50 |
| Navdeep K. Punia | N/A | N/A | $343.28 | $477.00 |
| Colin D. Wells | N/A | N/A | $333.00 | n/a |
| Alexander H. Pepper | N/A | N/A | $291.40 | $382.50 |
| Jeanifer E. Parsigian | N/A | N/A | $213.36 | $409.50 |
| **McDonald Carano Attorneys** | | | | |
| Jeffrey A. Silvestri (partner) | N/A | $450.00 (no adjustment) | $450.00 (no adjustment) | $450.00 (no adjustment) |
| Josephine B. McPeak (partner) | N/A | $375.00 (no adjustment) | $375.00 (no adjustment) | $390 (no adjustment) |
| Jacquelyn Leleu (partner) | N/A | $325.00 (no adjustment) | $325.00 (no adjustment) | $325.00 (no adjustment) |
| Kristen Gallagher (partner) | N/A | $325.00 (no adjustment) | $325.00 (no adjustment) | $325.00 (no adjustment) |
| Adam Hosmer-Henner (associate) | N/A | $265 (no adjustment) | $265 (no adjustment) | $275 (no adjustment) |
| Amanda Perach (associate) | N/A | $225.00 (no adjustment) | $225.00 (no adjustment) | $225.00 (no adjustment) |
| Jeff Riesenmy (associate) | N/A | $210 (no adjustment) | $210 (no adjustment) | $210 (no adjustment) |
| Karen Surowiec (paralegal) | N/A | $150 (no adjustment) | $165 (no adjustment) | $165 (no adjustment) |

9

Bloch Dec. ¶ 6; McPeak Dec. ¶ 4. This Court previously has held that rates of $250-350 for associates, and $425 and $750 for partners, are reasonable. *Crew-Jones v. State Farm Mut. Ins. Co.*, No. 2:11-cv-00203-GMN-RJT, 2012 WL 1947967 (D. Nev. May 30, 2012) (Navarro, J.). And this Court has previously accepted essentially identical declarations and documentation concerning fees and hours spent in connection with the Court's October 15, 2012 award of sanctions to Aevoe. Dkt. No. 167 at 11-12. The Court concluded that the rate charged by McDonald Wilson Carano "is a reasonable hourly rate in this forum." *Id.* The Court has also previously found, in a related case, that the rates charged by Winston & Strawn are "reasonable and customary in the forum in which the law firm practices, particularly in the intellectual property field." *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, No. 2:l2-cv-00054-GMN-PAL, 2012 WL 2244262, at *9 (D. Nev. June 15, 2012). The Court has previously determined in this case, however, that the "lodestar" rate for Winston & Strawn should be capped at $400 per hour, based on prevailing rates in the District of Nevada. Dkt. No. 167 at 11-12. The Court determined that the following rates were reasonable in this jurisdiction:

| D.Bloch | $400/hr |
| J.Golinveaux | $400/hr |
| K.Oh | $325/hr |
| T.Chen | $310/hr |
| T.Kearney | $275/hr |
| E.Derby | $275/hr |

*Id.* In light of the Court's previous determination, Winston & Strawn respectfully requests attorneys' fees based on the Court's previously-approved billing rates for Winston & Strawn attorneys.

**(5)     Whether the fee is fixed or contingent.**

The fees in this matter are calculated on an hourly basis.

**(6)     Time limitations imposed by the client or circumstances.**

As discussed above, Aevoe has litigated this case for nearly four years and in the face of AE

10

1 Tech's scorched earth litigation tactics.

### (7)  The amount involved and the results obtained.

Counsel's success is a particular factor the Court should consider in calculating fees and costs. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *amended*, 108 F.3d 981 (9th Cir. 1997). As discussed above, Aevoe's counsel has obtained favorable rulings on numerous issues over nearly four years, including obtaining a preliminary injunction, a sanctions awards in excess of $1 million, and summary judgment for no invalidity and infringement, which eventually lead to AE Tech abandoning its case and defaulting. Indeed, this case already has resulted in a published appellate decision that was covered in the intellectual property press. *Aevoe Corp. v. AE Tech Co. Ltd. et al.*, 727 F.3d 1375, 107 U.S.P.Q.2d 2141 (Fed. Cir. 2013), *reh'g and reh'g en banc denied* (12/17/13), *reported by* Tony Dutra, "Injunction Against 'Colorable Imitations' Of Infringing Product Need Not Be Explicit," BLOOMBERG BNA (August 30, 2013) *and* Ryan Davis, "Clarification Of Injunction Can't Be Appealed, Fed. Circ. Says," LAW360 (August 30, 2013) *available online at* http://www.law360.com/ip/articles/468829.

### (8)  The experience, reputation, and ability of the attorney.

Winston & Strawn's intellectual property litigation practice, including its patent litigation practice, is frequently listed in the first tier nationally. Bloch Dec. ¶ 16, Ex. D. In 2011, *Corporate Counsel* ranked Winston & Strawn among the top five patent litigation groups in the nation; in 2010, *American Lawyer* magazine named Winston & Strawn's IP litigation practice among the top four in the United States. *Id.* Lead counsel David Bloch is a capital partner at Winston & Strawn with approximately eighteen years of experience in the field of intellectual property litigation. In 2012, he was named one of the top 75 intellectual property litigators in California, and has been named a "Super Lawyer" in 2013 and 2014. *Id.* ¶ 17, Ex. E. Jennifer Golinveaux is a Winston & Strawn partner with nearly fourteen years of experience in intellectual property litigation. *Id.* ¶ 21, Ex. I. Other Winston & Strawn partners and of-counsel with particular specializations in areas such as patent law and appellate practice also billed time in this matter. *Id.* ¶¶ 18-20, 22-27, Exs. F-H, J-O.

These partners also supervised more junior attorneys at Winston & Strawn, each of whom has multiple years of experience, a substantial amount of which is in patent law, patent litigation, and intellectual property litigation. *See id.* ¶¶ 28-45, Exs. P-FF. Winston & Strawn's rates reflect the customary rate Winston & Strawn charges to its clients for similar patent litigation; are comparable to the rates charged by attorneys at similarly situated AmLaw 50 firms; and as of August 1, 2012, have already been discounted by 10% as a courtesy to Aevoe.

*Corporate Counsel* named McDonald Carano Wilson as a 2012 Go-To Law Firm for the Top 500 Companies, and in 2011, LexisNexis Martindale-Hubbell named McDonald Carano Wilson as one of just seven Nevada law firms in its Top Ranked Law Firms. McPeak Decl. ¶ 8. McDonald Carano Wilson LLP has been recognized as one of the country's leading firms in the "Best Law Firms" rankings for 2011-2012 from *U.S. News & World Report* and *The Best Lawyers in America*. *Id.* Jeff Silvestri has been an attorney with McDonald Carano Wilson for approximately seventeen years and is rated AV Preeminent by Martindale-Hubbell. *Id.* ¶ 9. Attorney Josephine McPeak has been an attorney with McDonald Carano Wilson for more than twelve years and is rated AV Preeminent by Martindale-Hubbell. *Id.* ¶ 10. Ms. McPeak was recognized in the 2012 edition of Mountain States Super Lawyers and Rising Stars. In 2008, the Nevada Business Journal recognized Ms. McPeak as "Best Up and Coming Attorney" in its Nevada Legal Elite edition." *Id.* ¶ 10. McDonald Carano Wilson's rates reflect its customary rate for similar litigation. *Id.* ¶ 7.

**(9)     The "undesirability" of the case.**

This factor is not relevant to this case.

**(10)     The nature and length of the professional relationship with the client.**

Aevoe has employed Winston & Strawn since 2008 in a variety of intellectual property matters, further indicating the reasonableness of the fees charged. Bloch Dec. ¶ 46. Courts have recognized that the existence of such a long-term relationship, and counsel's resulting familiarity with a client's business and litigation needs, may be a factor in determining the reasonableness of attorneys' fees. *See Playboy Enters., Inc. v. P.K. Sorren Export Co., Inc.*, S.D. Fla. Case No. 81–

1264–Civ–CA, 1983 WL 178, *2 (S.D. Fla. Jan. 5, 1983) (the prevailing party "found it more expeditious as well as to their ultimate advantage to utilize the services of counsel familiar with their corporation and their trademark needs rather than local attorneys. Therefore, their New York counsel is entitled to the rate of pay which is standard for their locale and expertise rather than the average scale for the [local] states").

### (11) Awards in similar cases.

As noted, this Court has already awarded attorney's fees against AE Tech in this case. And the amounts requested are similar to fees granted in other patent cases. *E.g.*, *Integrated Tech. Corp.*, *n*o. 2-06-cv-02182 (D. Ariz. August 8, 2014) (awarding $3,252,228.50 as exceptional case); *IPVX Patent Holdings, Inc. v. Voxernet LLC*, no. 5:13–cv–01708, 2014 WL 579554, *8 (N.D. Cal. Nov. 6, 2014) (granting $820,642.00 in attorneys' fees where judgment entered after claim construction and before conclusion of discovery); *Innovative Biometric Technology, LLC v. Toshiba America Information Systems, Inc.*, 556 Fed. App'x. 968 (Fed. Cir. May 15, 2014) (affirming $500,000 fee award); *Falana v. Kent St. Univ.*, no. 5:08-cv-720, 2014 WL 3788695 (N.D. Ohio Jul. 31, 2014) (awarding $205,268.41 as exceptional case in correction of inventorship action). *See also Logic Devices, Inc. v. Apple Inc.*, no. 13–cv-02943, 2014 WL 6844821 (N.D. Cal. December 04, 2014) (granting attorney's fees as exceptional case; request for $465,190 in fees to be set in separate procedure).

Based on the above factors, *and excluding fees already awarded by the Court in its prior orders*, Aevoe should recover a total of $2,491,004.25 in attorneys' fees ($2,294,356.75 attributable to Winston & Strawn and $196,647.50 attributable to McDonald Carano Wilson). Bloch Dec. ¶¶ 10-11, 13; McPeak Dec. ¶ 5.

## IV.  TREBLE DAMAGES

Under 35 U.S.C. § 284, "the court may increase the damages up to three times the amount found or assessed." The "exceptional case" standards articulated by the Supreme Court in *Octane* and *Highmark* inform this determination. *See Halo Elec.'s, Inc. v. Pulse Elec.'s, Inc.*, 769 F.3d

1371, 1384-85 (Fed. Cir. 2014) (O'Malley, J., concurring).  However, because enhanced damages under Section 284 "are punitive, the requisite conduct for imposing them must include some degree of culpability."  *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed. Cir. 1996).  Willful infringement satisfies the "culpability" requirement, *id*., and Aevoe's allegations of willfulness are accepted as true in the context of a default judgment.  *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).  Thus, the only question for the Court is whether Aevoe is entitled to a full trebling of damages or some lesser enhancement.  As discussed above, the Court has entered default judgment against AE Tech, including with respect to willful infringement.  In *TruSeal Tech.'s, Inc. v. Beijing Hulali Architecture*, no. 2:08-cv-1338-JCM-LRL, 2010 WL 5387585, *2 (D. Nev. Dec. 21, 2010) (Mahan, J.), another case ending in default, the Court noted that "the defendant's failure to comply with court orders" and "its willful infringement on plaintiff's patent" —just like AE Tech.  *Id.*, 2010 WL 5387585 at *2.  The court there found that a full enhancement of three times actual damages was warranted.  *Id.*; *see also Deckers Outdoor Corp. v. Superstar Int'l, Inc.,* no. 13-cv-0566 (C.D. Cal. Aug. 18, 2014) (awarding treble damages, attorneys' fees against defaulting infringer); *SDS Korea Co. Ltd. v. SDS USA, Inc.*, 2012 WL 3114753 (D. N.J., 2012) (same); *Air Vent, Inc. v. Vent Right Corp.*, no. 2:08–cv–00146, 2011 WL 1237923 (W.D. Pa. Apr., 4, 2011) *and* 2011 WL 2039106 (W.D. Pa. May, 24, 2011) (same).  So, too, here.  The Court has access to the unrebutted damages report of Dr. Alan Cox and should enter an award constituting three times Aevoe's actual damages as calculated by Dr. Cox, or $4,144,593.  Such an award will serve to underscore the seriousness of the offense as well as the importance of participating in the judicial process—even if the ultimate award may be uncollectable.[2]

## V.  TAXABLE COSTS UNDER FED. R. CIV. P. 54(d)

Aevoe is also entitled to taxable costs in the amount of $589,805.98 fully supported by a Bill of Costs. In connection with its representation by Winston & Strawn, Aevoe seeks costs of $161,224.95 for expert, consultation, and evaluation fees; $83,376.63 for local counsel fees and

---

[2] That is not to say Aevoe will not try to collect its judgment, fees, and costs: Winston & Strawn has Taiwan offices and Aevoe has an affiliate there.  Aevoe and its counsel will use all tools at their disposal to hold AE Tech to account.

expenses (which does not include McDonald Carano's fees), *see* Bloch Dec. ¶ 12 & Ex. A; $58,722.35 for court reporter fees; $6,928.92 for translation fees; $687.00 for court costs and fees; $70,927.02 for electronic discovery services; $59,391.42 for travel expenses; $4,395.90 for litigation support services; $3,832.34 for courier and messenger services; $45 for PTO document services and fees; $21,395.62 for business services; and $81,486.66 for legal research costs. Bloch Dec. ¶¶ 12, 14. Aevoe is also entitled to recover costs in the amount of $37,401.17 (which include $19,250 for bonds; $462.80 for telephone charges; $1,743.40 for Fed Ex delivery charges; $1,180 for court filing fees; $740 for third party process server charges; $7,727.43 for Westlaw research charges; $987.75 for photocopies; $898.65 for court reporter costs and $3,258.09 in court transcript charges) incurred in connection with its representation by McDonald Carano Wilson. McPeak Dec. ¶ 6, Ex. A. Such costs are recoverable. *See In re Media Vision Tech. Sec. Lit.*, 913 F. Supp. 2d 1362, 1370-71 (N.D. Cal. 1996) ("Given the complexity of the issues, this Court does not doubt that computerized research played an essential role in the litigation at hand. The request for computerized legal expenses should be granted in full") (citing cases); *see also Perdue v. City University of New York*, 13 F. Supp. 2d 326, 348 (E.D. N.Y. 1998) (granting "reimbursement of expenses for … legal research on LEXIS and Westlaw"). Aevoe will file its Bill of Costs and supporting documentation concurrently with this brief, in compliance with Local Rules 54-1 through 54-15.

## VI. CONCLUSION

Based on the evidence submitted and the explanations contained herein, Aevoe respectfully requests that the Court determines that this case is an exceptional case under the Patent Act; that the Court award Aevoe $2,491,004.25 for its reasonable attorneys' fees as provided for exceptional cases under Section 285 of the Patent Act, $4,144,593 in treble damages under Section 284 of the Patent Act, and $589,805.98 in costs; and that the entry of the Court's order does not impair or affect Aevoe's right or ability to seek a judgment against S&F Defendants for costs, attorney's fees, and treble damages, including as jointly or severally liable, as the case against them still continues.[3]

///

---

[3] Aevoe reserves the right to seek and hold the S&F Defendants, including without limitation as jointly and severally liable, for all appropriate costs, attorney's fees, and treble damages once a judgment has been entered against them.

15

RESPECTFULLY SUBMITTED this 29th day of December, 2014.

          McDONALD CARANO WILSON LLP

          By:   */s/ Josephine Binetti McPeak*
                JEFF SILVESTRI (#5779)
                JOSEPHINE BINETTI McPEAK (#7994)
                2300 West Sahara Avenue, Suite 1200
                Las Vegas, NV 89102
                jsilvestri@mcdonaldcarano.com
                jmcpeak@mcdonaldcarano.com

                WINSTON & STRAWN LLP
                David S. Bloch (pro hac vice)
                Jennifer A. Golinveaux (pro hac vice)
                K. Joon Oh (pro hac vice)
                101 California Street
                San Francisco, CA 94111-5894
                dbloch@winston.com
                jgolinveaux@winston.com
                koh@winston.com

                *Attorneys for Plaintiff AEVOE CORP.*

324104

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 29th day of December, 2014, a true and correct copy of the foregoing **PLAINTIFF AEVOE CORP.'S MOTION FOR TREBLE DAMAGES, ATTORNEYS' FEES, AND COSTS UNDER 35 U.S.C. § 284-285 AND FED. R. CIV. P. 54(d)** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Brian Grubb*
An employee of McDonald Carano Wilson LLP