UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., ) | |
| Plaintiff(s), ) | Case No. 2:12-cv-00053-GMN-NJK |
| ) | |
| vs. ) | CORRECTED REPORT AND RECOMMENDATION |
| ) | |
| AE TECH CO., LTD., et al., ) | (Docket No. 679) |
| ) | |
| Defendant(s). ) | |

Pending before the Court is Plaintiff's motion for treble damages, for attorney fees, and for costs. Docket No. 679. No response was filed by Defendant AE Tech ("Defendant"). For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

### I. Treble Damages

Plaintiff requests that its damages be trebled pursuant to 35 U.S.C. § 284. Although the Court could grant the request for trebled damages as unopposed, *see* Local Rule 7-2(d), the undersigned has reviewed the motion and record. Section 284 provides that "the court may increase the damages up to three times the amount found or assessed." Enhanced damages are punitive in nature and are based on the conduct and culpability of the infringer. *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed. Cir. 1996). Enhanced damages are only available upon a finding of willful infringement. *See, e.g., in re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc). Nonetheless, "a finding of willfulness does not require an award of enhanced damages; it merely permits it." *Id.* Instead, the enhancement of damages is within the discretion of the district court and is informed by the totality of the circumstances.

1   *See State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1576 (Fed. Cir. 1991); *see also Jurgens*,
2   80 F.3d at 1571 (a finding of bad faith litigation conduct standing alone is not sufficient to award
3   enhanced damages, but may be used as a factor in determining whether or how much to increase
4   damages once willful infringement is found).

5   Viewing the record and in light of the totality of the circumstances, the Court agrees with
6   Plaintiff that an award of treble damages is proper in this case based on, *inter alia*, (1) the entry of
7   default judgment against Defendant on a claim for willful infringement, *see* Docket No. 671; *see also*
8   Docket No. 44 at ¶ 38, (2) the imposition of case-dispositive sanctions for Defendant's willful failure
9   to comply with the Court's orders and to obtain counsel, Docket No. 650; *see also* Docket No. 671
10  (adopting report and recommendation), and (3) the order finding Defendant in contempt of the
11  preliminary injunction order, *see* Docket Nos. 65, 132. *Cf. TruSeal Techs., Inc. v. Beijing Hulali*
12  *Architecture Decoration Co.*, 2010 WL 5387585, *2 (D. Nev. Dec. 21, 2010) (awarding treble damages
13  in context of a defaulting defendant based on allegations of willful infringement and bad faith litigation
14  conduct). Accordingly, the undersigned **RECOMMENDS** that Plaintiff be awarded treble damages
15  pursuant to 35 U.S.C. § 284.

16  **II.     Attorney Fees**

17  Plaintiff next requests an award of attorney fees pursuant to 35 U.S.C. § 285. Although the Court
18  could grant the request for attorney fees as unopposed, *see* Local Rule 54-16(e), the undersigned has
19  reviewed the motion and record. Section 285 permits the awarding of reasonable attorney fees in
20  "exceptional cases." Courts determine whether a case is "exceptional" based on the totality of the
21  circumstances. *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, ___ U.S. ____, 134 S.Ct. 1749,
22  1756 (2014). An exceptional case is one that "stands out from others." *Id.* In making that
23  determination, the Court may look to whether the case was litigated in an unreasonable manner. *Id.*
24  Furthermore, "a case presenting either subjective bad faith or exceptionally meritless claims may be
25  sufficient" to be deemed exceptional. *Id.* at 1757.

26  The Court agrees with Plaintiff that this case qualifies as "exceptional" for purposes of Section
27  285 based on, *inter alia*, (1) the entry of default judgment against Defendant on a claim for willful
28  infringement, *see* Docket No. 671; *see also* Docket No. 44 at ¶ 38, (2) the imposition of case-dispositive

sanctions for Defendant's willful failure to comply with the Court's orders and to obtain counsel, Docket No. 650; *see also* Docket No. 671 (adopting report and recommendation), and (3) the order finding Defendant in contempt of the preliminary injunction order, *see* Docket Nos. 65, 132. Considering the totality of the circumstances, a finding that this is an exceptional case is appropriate. Accordingly, the undersigned **RECOMMENDS** that Plaintiff be found to be entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

As to the amount of attorney fees to be awarded, Plaintiff submitted evidence of its counsel's time spent and hourly rates. *See* Docket Nos. 684-690. Defendant failed to object to any of the time claimed or rates sought. Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiff be awarded $2,491,004.25 in attorney fees as requested. *See* Local Rule 54-16(e).

### III.  Costs

The pending motion seeks an award of $589,805.98 in costs pursuant to Fed. R. Civ. P. 54(d). *See* Docket No. 679 at 14-15. Plaintiff submitted a bill of costs and evidence supporting the costs sought. Docket Nos. 680-683. Defendant failed to object to either Plaintiff's entitlement to costs or to the amount or types of costs claimed. Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiff be awarded  $589,805.98 in attorney fees as requested. *See* Local Rule 54-13(b).

### IV.  Conclusion

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that Plaintiff's motion for treble damages, for attorney fees, and for costs be **GRANTED**.

IT IS SO ORDERED

DATED: April 20, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to

the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).